1   ELECTRONIC FRONTIER FOUNDATION
    CINDY COHN (145997)
2   cindy@eff.org
    LEE TIEN (148216)
3   KURT OPSAHL (191303)
    KEVIN S. BANKSTON (217026)
4   JAMES S. TYRE (083117)
    454 Shotwell Street
5   San Francisco, CA 94110
    Telephone: 415/436-9333; Fax: 415/436-9993
6
    RICHARD R. WIEBE (121156)
7   wiebe@pacbell.net
    LAW OFFICE OF RICHARD R. WIEBE
8   425 California Street, Suite 2025
    San Francisco, CA 94104
9   Telephone: 415/433-3200; Fax: 415/433-6382

10  THOMAS E. MOORE III (115107)
    tmoore@moorelawteam.com
11  THE MOORE LAW GROUP
    228 Hamilton Avenue, 3rd Floor
12  Palo Alto, CA 94301
    Telephone: 650/798-5352; Fax: 650/798-5001

13

    Attorneys for Plaintiffs
14                          UNITED STATES DISTRICT COURT

15                          NORTHERN DISTRICT OF CALIFORNIA

16  CAROLYN JEWEL, TASH HEPTING, GREGORY HICKS,   )   CASE NO:
    ERIK KNUTZEN and JOICE WALTON, on behalf of   )
17  themselves and all others similarly situated,   )
                                                    )
18                    Plaintiffs,                   )   CLASS ACTION
                                                    )
19            vs.                                   )   COMPLAINT FOR
                                                    )   CONSTITUTIONAL AND
20  NATIONAL SECURITY AGENCY and KEITH B.          )   STATUTORY
    ALEXANDER, its Director, in his official and personal )   VIOLATIONS, SEEKING
21  capacities; MICHAEL V. HAYDEN, in his personal capacity; )   DAMAGES,
    the UNITED STATES OF AMERICA; GEORGE W. BUSH,  )   DECLARATORY, AND
22  President of the United States, in his official and personal )   INJUNCTIVE RELIEF
    capacities; RICHARD B. CHENEY, in his personal capacity; )
23  DAVID S. ADDINGTON, in his personal capacity;  )
    DEPARTMENT OF JUSTICE and MICHAEL B.           )
24  MUKASEY, its Attorney General, in his official and personal )
    capacities; ALBERTO R. GONZALES, in his personal )
25  capacity; JOHN D. ASHCROFT, in his personal capacity; )   DEMAND FOR JURY
    JOHN M. MCCONNELL, Director of National Intelligence, in )   TRIAL
26  his official and personal capacities; JOHN D. NEGROPONTE, )
    in his personal capacity; and DOES #1-100, inclusive,  )
27                                                  )
                      Defendants.                   )
28  _____)

                                    COMPLAINT

1.   Plaintiffs, on behalf of themselves and a class of similarly situated persons, bring this action and allege upon personal knowledge and belief as to their own acts, and upon information and belief (based on the investigation of counsel) as to all other matters, as to which allegations Plaintiffs believe substantial evidentiary support exists or will exist after a reasonable opportunity for further investigation and discovery, as follows:

## PRELIMINARY STATEMENT

2.   This case challenges an illegal and unconstitutional program of dragnet communications surveillance conducted by the National Security Agency (the "NSA") and other Defendants in concert with major telecommunications companies ("Defendants" is defined collectively as the named defendants and the Doe defendants as set forth in paragraphs 25 through 38 below).

3.   This program of dragnet surveillance (the "Program"), first authorized by Executive Order of the President in October of 2001 (the "Program Order") and first revealed to the public in December of 2005, continues to this day.

4.   Some aspects of the Program were publicly acknowledged by the President in December 2005 and later described as the "terrorist surveillance program" ("TSP").

5.   The President and other executive officials have described the TSP's activities, which were conducted outside the procedures of the Foreign Intelligence Surveillance Act ("FISA") and without authorization by the Foreign Intelligence Surveillance Court ("FISC"), as narrowly targeting for interception the international communications of persons linked to Al Qaeda.

6.   The Attorney General and the Director of National Intelligence have since publicly admitted that the TSP was only one particular aspect of the surveillance activities authorized by the Program Order.

7.     In addition to eavesdropping on or reading specific communications, Defendants have indiscriminately intercepted the communications content and obtained the communications records of millions of ordinary Americans as part of the Program authorized by the President.

8.     The core component of the Program is Defendants' nationwide network of sophisticated communications surveillance devices, attached to the key facilities of telecommunications companies such as AT&T that carry Americans' Internet and telephone communications.

9.     Using this shadow network of surveillance devices, Defendants have acquired and continue to acquire the content of a significant portion of the phone calls, emails, instant messages, text messages, web communications and other communications, both international and domestic, of practically every American who uses the phone system or the Internet, including Plaintiffs and class members, in an unprecedented suspicionless general search through the nation's communications networks.

10.    In addition to using surveillance devices to acquire the domestic and international communications content of millions of ordinary Americans, Defendants have unlawfully solicited and obtained from telecommunications companies such as AT&T the complete and ongoing disclosure of the private telephone and Internet transactional records of those companies' millions of customers (including communications records pertaining to Plaintiffs and class members), communications records indicating who the customers communicated with, when and for how long, among other sensitive information.

11.    This non-content transactional information is analyzed by computers in conjunction with the vast quantity of communications content acquired by Defendants' network of surveillance devices, in order to select which communications are subjected to personal analysis by staff of the NSA and other Defendants, in what has been described as a vast "data-mining" operation.

12. Plaintiffs and class members are ordinary Americans who are current or former subscribers to AT&T's telephone and/or Internet services.

13. Communications of Plaintiffs and class members have been and continue to be illegally acquired by Defendants using surveillance devices attached to AT&T's network, and Defendants have illegally solicited and obtained from AT&T the continuing disclosure of private communications records pertaining to Plaintiffs and class members. Plaintiffs' communications or activities have been and continue to be subject to electronic surveillance.

14. Plaintiffs are suing Defendants to enjoin their unlawful acquisition of the communications and records of Plaintiffs and class members, to require the inventory and destruction of those that have already been seized, and to obtain appropriate statutory, actual, and punitive damages to deter future illegal surveillance.

## JURISDICTION AND VENUE

15. This court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, 18 U.S.C. § 2712, and 5 U.S.C. § 702.

16. Plaintiffs are informed, believe and thereon allege that Defendants have sufficient contacts with this district generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this court over the person of such Defendants and that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

17. Plaintiffs are informed, believe and thereon allege that a substantial part of the events giving rise to the claims herein alleged occurred in this district and that Defendants and/or agents of Defendants may be found in this district.

18. **Intradistrict Assignment**: Assignment to the San Francisco/Oakland division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events and omissions giving rise to this lawsuit occurred in this district and division.

19. Plaintiffs have fully complied with the presentment of claim provisions of 28 U.S.C. § 2675, as required for their claims under 18 U.S.C. § 2712. Plaintiffs timely served notice of their

1  claims on the NSA and the Department of Justice on December 19, 2007, and over six months have

2  passed since the filing of that notice.

3                                           **PARTIES**

4        20.    Plaintiff Tash Hepting, a senior systems architect, is an individual residing in

5  Livermore, California. Hepting has been a subscriber and user of AT&T's residential long distance

6  telephone service since at least June 2004.

7

8        21.    Plaintiff Gregory Hicks is an individual residing in San Jose, California. Hicks, a

9  retired Naval Officer and systems engineer, has been a subscriber and user of AT&T's residential

10 long distance telephone service since February 1995.

11       22.    Plaintiff Carolyn Jewel is an individual residing in Petaluma, California. Jewel, a

12 database administrator and author, has been a subscriber and user of AT&T's WorldNet dial-up

13 Internet service since approximately June 2000.

14

15       23.    Plaintiff Erik Knutzen is an individual residing in Los Angeles, California. Knutzen,

16 a photographer and land use researcher, was a subscriber and user of AT&T's WorldNet dial-up

17 Internet service from at least October 2003 until May 2005. Knutzen is currently a subscriber and

18 user of AT&T's High Speed Internet DSL service.

19       24.    Plaintiff Joice Walton is an individual residing in San Jose, California. Walton, a

20 high technology purchasing agent, is a current subscriber and user of AT&T's WorldNet dial-up

21 Internet service. She has subscribed to and used this service since around April 2003.

22       25.    Defendant National Security Agency (NSA) is an agency under the direction and

23 control of the Department of Defense that collects, processes and disseminates foreign signals

24 intelligence. It is responsible for carrying out the Program challenged herein.

25       26.    Defendant Lieutenant General Keith B. Alexander is the current Director of the NSA,

26 in office since April 2005. As NSA Director, defendant Alexander has ultimate authority for

27 supervising and implementing all operations and functions of the NSA, including the Program.

28

27.     Defendant Lieutenant General (Ret.) Michael V. Hayden is the former Director of the NSA, in office from March 1999 to April 2005.  While Director, Defendant Hayden had ultimate authority for supervising and implementing all operations and functions of the NSA, including the Program.

28.     Defendant United States is the United States of America, its departments, agencies, and entities.

29.      Defendant George W. Bush is the current President of the United States, in office since January 2001.  Mr. Bush authorized and continues to authorize the Program.

30.     Defendant Richard B. Cheney is the current Vice President of the United States, in office since January 2001.  Defendant Cheney was personally involved in the creation, development and implementation of the Program.

31.     Defendant David S. Addington is currently the chief of staff to Defendant Cheney, in office since October 2005.  Previously, Defendant Addington served as legal counsel to the Office of the Vice President.  Defendant Addington was personally involved in the creation, development and implementation of the Program.  On information and belief, Defendant Addington drafted the documents that purportedly authorized the Program.

32.     Defendant Department of Justice is a Cabinet-level executive department in the United States government charged with law enforcement, defending the interests of the United States according to the law, and ensuring fair and impartial administration of justice for all Americans.

33.     Defendant Michael B. Mukasey is the current Attorney General of the United States, in office since November 2007.  As Attorney General, Defendant Mukasey approves and authorizes the Program on behalf of the Department of Justice.

34.     Defendant Alberto R. Gonzales is the former Attorney General of the United States, in office from February 2005 to September 2007, and also served as White House Counsel to President George W. Bush from January 2001 to February 2005.  Defendant Gonzales was personally involved in the creation, development and implementation of the Program.  As Attorney

General, Defendant Gonzales authorized and approved the Program on behalf of the Department of Justice.

35.     Defendant John D. Ashcroft is the former Attorney General of the United States, in office from January 2001 to February 2005. As Attorney General, Defendant Ashcroft authorized and approved the Program on behalf of the Department of Justice.

36.     Defendant Vice Admiral (Ret.) John M. McConnell is the Director of National Intelligence ("DNI"), in office since February 2007. Defendant McConnell has authority over the activities of the U.S. intelligence community, including the Program.

37.     Defendant John D. Negroponte was the first Director of National Intelligence, in office from April 2005 to February 2007. As DNI, Defendant Negroponte had authority over the activities of the U.S. intelligence community, including the Program.

38.     At all times relevant hereto, Defendants Doe Nos. 1-100, inclusive (the "Doe defendants"), whose actual names Plaintiffs have been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "Doe # 1" through "Doe # 100," were agents or employees of the NSA, the DOJ, the White House, or were other government agencies or entities or the agents or employees of such agencies or entities, who authorized or participated in the Program. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Upon information and belief each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged and the injuries to Plaintiffs and class members herein alleged were proximately caused in relation to the conduct of Does 1-100 as well as the named Defendants.

## FACTUAL ALLEGATIONS RELATED TO ALL COUNTS

### THE PRESIDENT'S AUTHORIZATION OF THE PROGRAM

39.     On October 4, 2001, President Bush, in concert with White House Counsel Gonzales, NSA Director Hayden, Attorney General Ashcroft and other Defendants, issued a secret presidential order (the "Program Order") authorizing a range of surveillance activities inside of the United States

1  without statutory authorization or court approval, including electronic surveillance of Americans'

2  telephone and Internet communications (the "Program").

3      40.    This Program of surveillance inside the United States began at least by October 6,

4  2001, and continues to this day.

5      41.    The President renewed and, on information and belief, renews his October 4, 2001

6  order approximately every 45 days.

7      42.    The Program of domestic surveillance authorized by the President and conducted by

8  Defendants required and requires the assistance of major telecommunications companies such as

9  AT&T, whose cooperation in the Program was and on information and belief is obtained based on

10  periodic written requests from Defendants and/or other government agents indicating that the

11  President has authorized the Program's activities, and/or based on oral requests from Defendants

12  and/or other government agents.

13      43.    The periodic written requests issued to colluding telecommunications companies,

14  including AT&T, have stated and on information and belief do state that the Program's activities

15  have been determined to be lawful by the Attorney General, except for one period of less than sixty

16  days.

17      44.    On information and belief, at some point prior to March 9, 2004, the Department of

18  Justice concluded that certain aspects of the Program were in excess of the President's authority and

19  in violation of criminal law.

20      45.    On Tuesday, March 9, 2004, Acting Attorney General James Comey advised the

21  Administration that he saw no legal basis for certain aspects of the Program.  The then-current

22  Program authorization was set to expire March 11, 2004.

23      46.    On Thursday, March 11, 2004, the President renewed the Program Order without a

24  certification from the Attorney General that the conduct it authorized was lawful.

25      47.    On information and belief, the March 11 Program Order instead contained a statement

26  that the Program's activities had been determined to be lawful by Counsel to the President Alberto

27  Gonzales, and expressly claimed to override the Department of Justice's conclusion that the Program

28

was unlawful as well as any act of Congress or judicial decision purporting to constrain the President's power as commander in chief.

48.    For a period of less than sixty days, beginning on or around March 11, 2004, written requests to the telecommunications companies asking for cooperation in the Program stated that the Counsel to the President, rather than the Attorney General, had determined the Program's activities to be legal.

49.    By their conduct in authorizing, supervising, and implementing the Program, Defendants, including the President, the Vice-President, the Attorneys General and the Directors of NSA since October 2001, the Directors of National Intelligence since 2005 and the Doe defendants, have aided, abetted, counseled, commanded, induced or procured the commission of all Program activities herein alleged, and proximately caused all injuries to Plaintiffs herein alleged.

## THE NSA'S DRAGNET INTERCEPTION OF COMMUNICATIONS TRANSMITTED THROUGH AT&T FACILITIES

50.    AT&T is a provider of electronic communications services, providing to the public the ability to send or receive wire or electronic communications.

51.    AT&T is also a provider of remote computing services, providing to the public computer storage or processing services by means of an electronic communications system.

52.    Plaintiffs and class members are, or at pertinent times were, subscribers to and/or customers of AT&T's electronic communications services and/or computer storage or processing services.

53.    AT&T maintains domestic telecommunications facilities over which millions of Americans' telephone and Internet communications pass every day.

54.    These facilities allow for the transmission of interstate and/or foreign electronic voice and data communications by the aid of wire, fiber optic cable, or other like connection between the point of origin and the point of reception.

55.    One of these AT&T facilities is located at on Folsom Street in San Francisco, CA (the "Folsom Street Facility").

56. The Folsom Street Facility contains a "4ESS Switch Room." A 4ESS switch is a type of electronic switching system used to route long-distance telephone communications transiting through the facility.

57. The Folsom Street Facility also contains a "WorldNet Internet Room" containing large routers, racks of modems for AT&T customers' WorldNet dial-up services, and other telecommunications equipment through which wire and electronic communications to and from AT&T's dial-up and DSL Internet service subscribers, including emails, instant messages, Voice-Over-Internet-Protocol ("VOIP") conversations and web browsing requests, are transmitted.

58. The communications transmitted through the WorldNet Internet room are carried as light signals on fiber-optic cables that are connected to routers for AT&T's WorldNet Internet service and are a part of AT&T's Common Backbone Internet network ("CBB"), which comprises a number of major hub facilities such as the Folsom Street Facility that are connected by a mesh of high-speed fiber optic cables and that are used for the transmission of interstate and foreign communications.

59. The WorldNet Internet Room is designed to route and transmit vast amounts of Internet communications that are "peered" by AT&T between AT&T's CBB and the networks of other carriers, such as ConXion, Verio, XO, Genuity, Qwest, PAIX, Allegieance, Abovenet, Global Crossing, C&W, UUNET, Level 3, Sprint, Telia, PSINet, and MAE-West. "Peering" is the process whereby Internet providers interchange traffic destined for their respective customers, and for customers of their customers.

60. Around January 2003, the NSA designed and implemented a program in collaboration with AT&T to build a surveillance operation at AT&T's Folsom Street Facility, inside a secret room known as the "SG3 Secure Room".

61. The SG3 Secure Room was built adjacent to the Folsom Street Facility's 4ESS switch room.

62. An AT&T employee cleared and approved by the NSA was charged with setting up and maintaining the equipment in the SG3 Secure Room, and access to the room was likewise controlled by those NSA-approved AT&T employees.

1    63.    The SG3 Secure Room contains sophisticated computer equipment, including a

2  device know as a Narus Semantic Traffic Analyzer (the "Narus STA"), which is designed to analyze

3  large volumes of communications at high speed, and can be programmed to analyze the contents and

4  traffic patterns of communications according to user-defined rules.

5    64.    By early 2003, AT&T—under the instruction and supervision of the NSA—had

6  connected the fiber-optic cables used to transmit electronic and wire communications through the

7  WorldNet Internet Room to a "splitter cabinet" that intercepts a copy of all communications

8  transmitted through the WorldNet Internet Room and diverts copies of those communications to the

9  equipment in the SG3 Secure Room.  (Hereafter, the technical means used to receive the diverted

10  communications will be referred to as the "Surveillance Configuration.")

11    65.    The equipment in the SG3 Secure Room is in turn connected to a private high-speed

12  backbone network separate from the CBB (the "SG3 Network").

13    66.    NSA analysts communicate instructions to the SG3 Secure Room's equipment,

14  including the Narus STA, using the SG3 Network, and the SG3 Secure Room's equipment transmits

15  communications based on those rules back to NSA personnel using the SG3 Network.

16    67.    The NSA in cooperation with AT&T has installed and is operating a nationwide

17  network of Surveillance Configurations in AT&T facilities across the country, connected to the SG3

18  Network.

19    68.    This network of Surveillance Configurations includes surveillance devices installed at

20  AT&T facilities in Atlanta, GA; Bridgeton, MO; Los Angeles, CA; San Diego, CA; San Jose CA;

21  and/or Seattle, WA.

22    69.    Those Surveillance Configurations divert all peered Internet traffic transiting those

23  facilities into SG3 Secure Rooms connected to the secure SG3 Network used by the NSA, and

24  information of interest is transmitted from the equipment in the SG3 Secure Rooms to the NSA

25  based on rules programmed by the NSA.

26    70.    This network of Surveillance Configurations indiscriminately acquires domestic

27  communications as well as international and foreign communications.

28

1   71.   This network of Surveillance Configurations involves considerably more locations

2   than would be required to capture the majority of international traffic.

3   72.   This network of Surveillance Configurations acquires over half of AT&T's purely

4   domestic Internet traffic, representing almost all of the AT&T traffic to and from other providers,

5   and comprising approximately 10% of all purely domestic Internet communications in the United

6   States, including those of non-AT&T customers.

7   73.   Through this network of Surveillance Configurations and/or by other means,

8   Defendants have acquired and continue to acquire the contents of domestic and international wire

9   and/or electronic communications sent and/or received by Plaintiffs and class members, as well as

10  non-content dialing, routing, addressing and/or signaling information pertaining to those

11  communications.

12  74.   In addition to acquiring all of the Internet communications passing through a number

13  of key AT&T facilities, Defendants and AT&T acquire all or most long-distance domestic and

14  international phone calls to or from AT&T long-distance customers, including both the content of

15  those calls and dialing, routing, addressing and/or signaling information pertaining to those calls, by

16  using a similarly nationwide network of surveillance devices attached to AT&T's long-distance

17  telephone switching facilities, and/or by other means.

18  75.   The contents of communications to which Plaintiffs and class members were a party,

19  and dialing, routing, addressing, and/or signaling information pertaining to those communications,

20  were and are acquired by Defendants in cooperation with AT&T by using the nationwide network of

21  Surveillance Configurations, and/or by other means.

22

23  76.   Defendants' above-described acquisition in cooperation with AT&T of Plaintiffs' and

24  class members' communications contents and non-content information is done without judicial,

25  statutory, or other lawful authorization, in violation of statutory and constitutional limitations, and in

26  excess of statutory and constitutional authority.

27  77.   Defendants' above-described acquisition in cooperation with AT&T of Plaintiffs'

28  and class members' communications contents and non-content information is done without

probable cause or reasonable suspicion to believe that Plaintiffs or class members have committed or are about to commit any crime or engage in any terrorist activity.

78.     Defendants' above-described acquisition in cooperation with AT&T of Plaintiffs' and class members' communications contents and non-content information is done without probable cause or reasonable suspicion to believe that Plaintiffs or class members are foreign powers or agents thereof.

79.     Defendants' above-described acquisition in cooperation with AT&T of Plaintiffs' and class members' communications contents and non-content information is done without any reason to believe that the information is relevant to an authorized criminal investigation or to an authorized investigation to protect against international terrorism or clandestine intelligence activities.

80.     Defendants' above-described acquisition in cooperation with AT&T of Plaintiffs' and class members' communications contents and non-content information was directly performed, and/or aided, abetted, counseled, commanded, induced or procured, by Defendants.

81.     On information and belief, Defendants will continue to directly acquire, and/or aid, abet, counsel, command, induce or procure the above-described acquisition in cooperation with AT&T, the communications contents and non-content information of Plaintiffs and class members.

## THE NSA'S DRAGNET COLLECTION OF COMMUNICATIONS RECORDS FROM AT&T DATABASES

82.     Defendants have since October 2001 continuously solicited and obtained the disclosure of all information in AT&T's major databases of stored telephone and Internet records, including up-to-the-minute updates to the databases that are disclosed in or near real-time.

83.     Defendants have solicited and obtained from AT&T records concerning communications to which Plaintiffs and class members were a party, and continue to do so.

84.     In particular, Defendants have solicited and obtained the disclosure of information managed by AT&T's "Daytona" database management technology, which includes records concerning both telephone and Internet communications, and continues to do so.

85. Daytona is a database management technology designed to handle very large databases and is used to manage "Hawkeye," AT&T's call detail record ("CDR") database, which contains records of nearly every telephone communication carried over its domestic network since approximately 2001, records that include the originating and terminating telephone numbers and the time and length for each call.

86. The Hawkeye CDR database contains records or other information pertaining to Plaintiffs' and class members' use of AT&T's long distance telephone service and dial-up Internet service.

87. As of September 2005, all of the CDR data managed by Daytona, when uncompressed, totaled more than 312 terabytes.

88. Daytona is also used to manage AT&T's huge network-security database, known as "Aurora," which has been used to store Internet traffic data since approximately 2003. The Aurora database contains huge amounts of data acquired by firewalls, routers, honeypots and other devices on AT&T's global IP (Internet Protocol) network and other networks connected to AT&T's network.

89. The Aurora database managed by Daytona contains records or other information pertaining to Plaintiffs' and class members' use of AT&T's Internet services.

90. Since October 6, 2001 or shortly thereafter, Defendants have continually solicited and obtained from AT&T disclosure of the contents of the Hawkeye and Aurora communications records databases and/or other AT&T communications records, including records or other information pertaining to Plaintiffs' and class members' use of AT&T's telephone and Internet services.

91. The NSA and/or other Defendants maintain the communications records disclosed by AT&T in their own database or databases of such records.

92. Defendants' above-described solicitation of the disclosure by AT&T of Plaintiffs' and class members' communications records, and its receipt of such disclosure, is done without judicial,

statutory, or other lawful authorization, in violation of statutory and constitutional limitations, and in excess of statutory and constitutional authority.

93. Defendants' above-described solicitation of the disclosure by AT&T of Plaintiffs' and class members' communications records, and its receipt of such disclosure, is done without probable cause or reasonable suspicion to believe that Plaintiffs' or class members have committed or are about to commit any crime or engage in any terrorist activity.

94. Defendants' above-described solicitation of the disclosure by AT&T of Plaintiffs' and class members' communications records, and its receipt of such disclosure, is done without probable cause or reasonable suspicion to believe that Plaintiffs' or class members are foreign powers or agents thereof.

95. Defendants' above-described solicitation of the disclosure by AT&T of Plaintiffs' and class members' communications records, and its receipt of such disclosure, is done without any reason to believe that the information is relevant to an authorized criminal investigation or to an authorized investigation to protect against international terrorism or clandestine intelligence activities.

96. Defendants' above-described solicitation of the disclosure by AT&T of Plaintiffs' and class members' communications records, and its receipt of such disclosure, is directly performed, and/or aided, abetted, counseled, commanded, induced or procured, by Defendants.

97. On information and belief, Defendants will continue to directly solicit and obtain AT&T's disclosure of its communications records, including records pertaining to Plaintiffs and class members, and/or will continue to aid, abet, counsel, command, induce or procure that conduct.

## CLASS ACTION ALLEGATIONS

98. Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2), Plaintiffs Hepting, Hicks, Jewel, Knutzen, and Walton bring this action on behalf of themselves and a class of similarly situated persons defined as:

> All individuals in the United States that are current residential subscribers or customers of AT&T's telephone services or Internet services, or that were residential telephone or Internet subscribers or customers at any time after September 2001.

99.    The class seeks certification of claims for declaratory, injunctive and other equitable relief pursuant to 18 U.S.C. §2520, 18 U.S.C. §2707 and 5 U.S.C. § 702, in addition to declaratory and injunctive relief for violations of the First and Fourth Amendments.   Members of the class expressly and personally retain any and all damages claims they individually may possess arising out of or relating to the acts, events, and transactions that form the basis of this action.   The individual damages claims of the class members are outside the scope of this class action.

100.    Excluded from the class are the individual Defendants, all who have acted in active concert and participation with the individual Defendants, and the legal representatives, heirs, successors, and assigns of the individual Defendants.

101.    Also excluded from the class are any foreign powers, as defined by 50 U.S.C. § 1801(a), or any agents of foreign powers, as defined by 50 U.S.C. § 1801(b)(1)(A), including without limitation anyone who knowingly engages in sabotage or international terrorism, or activities that are in preparation therefore.

102.    This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure, Rule 23.   Plaintiffs reserve the right to modify the class definition and the class period based on the results of discovery.

103.    **Numerosity of the Class**:  Members of the class are so numerous that their individual joinder is impracticable.  The precise numbers and addresses of members of the class are unknown to the Plaintiffs.  Plaintiffs estimate that the class consists of millions of members.  The precise number of persons in the class and their identities and addresses may be ascertained from Defendants' and AT&T's records.

104.    **Existence of Common Questions of Fact and Law**:   There is a well-defined community of interest in the questions of law and fact involved affecting the members of the class. These common legal and factual questions include:

(a)    Whether Defendants have violated the First and Fourth Amendment rights of class members, or are currently doing so;

(b)    Whether Defendants have subjected class members to electronic surveillance, or have disclosed or used information obtained by electronic surveillance of the class members, in violation of 50 U.S.C. § 1809, or are currently doing so;

(c)    Whether Defendants have intercepted, used or disclosed class members' communications in violation of 18 U.S.C. § 2511, or are currently doing so;

(d)    Whether Defendants have solicited and obtained the disclosure of the contents of class members' communications in violation of 18 U.S.C. § 2703(a) or (b), or are currently doing so;

(e)    Whether Defendants have solicited or obtained the disclosure of non-content records or other information pertaining to class members in violation of 18 U.S.C. § 2703(c), or are currently doing so;

(f)    Whether Defendants have violated the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.*, or are currently doing so;

(g)    Whether the Defendants have violated the constitutional principle of separation of powers, or are currently doing so;

(h)    Whether Plaintiffs and class members are entitled to injunctive, declaratory, and other equitable relief against Defendants;

(i)    Whether Plaintiffs and class members are entitled to an award of reasonable attorneys' fees and costs of this suit.

105.    **Typicality**: Plaintiffs' claims are typical of the claims of the members of the class because Plaintiffs are or were subscribers to the Internet and telephone services of Defendants. Plaintiffs and all members of the class have similarly suffered harm arising from Defendants' violations of law, as alleged herein.

106.    **Adequacy**: Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the members of the class they seek to represent.  Plaintiffs have

retained counsel competent and experienced in complex class action litigation and Plaintiffs intends to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class.

107. This suit may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2) because Plaintiffs and the class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present. Moreover, Defendants have acted on grounds generally applicable to Plaintiffs and the class as a whole, thereby making declaratory and/or injunctive relief proper.

### COUNT I

**Violation of Fourth Amendment—Declaratory, Injunctive, and Equitable Relief**

**(Named Plaintiffs and Class vs. Defendants United States, National Security Agency, Department of Justice, Bush (in his official and personal capacities), Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

108. Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

109. Plaintiffs and class members have a reasonable expectation of privacy in their communications, contents of communications, and/or records pertaining to their communications transmitted, collected, and/or stored by AT&T.

110. Defendants have directly performed, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of the above-described acts of acquisition, interception, disclosure, divulgence and/or use of Plaintiffs' and class members' communications, contents of communications, and records pertaining to their communications transmitted, collected, and/or stored by AT&T, without judicial or other

lawful authorization, probable cause, and/or individualized suspicion, in violation of statutory and constitutional limitations, and in excess of statutory and constitutional authority.

111.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of the above-described acts of acquisition, interception, disclosure, divulgence and/or use of Plaintiffs' and class members' communications, contents of communications, and records pertaining to their communications transmitted, collected, and/or stored by AT&T, without judicial or other lawful authorization, probable cause, and/or individualized suspicion.

112.    At all relevant times, Defendants committed, knew of and/or acquiesced in all of the above-described acts, and failed to respect the Fourth Amendment rights of Plaintiffs and class members by obtaining judicial or other lawful authorization and by conforming their conduct to the requirements of the Fourth Amendment.

113.    By the acts alleged herein, Defendants have violated Plaintiffs' and class members' reasonable expectations of privacy and denied Plaintiffs and class members their right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the Constitution of the United States.

114.    By the acts alleged herein, Defendants' conduct has proximately caused harm to Plaintiffs and class members.

115.    Defendants' conduct was done intentionally, with deliberate indifference, or with reckless disregard of, Plaintiffs' and class members' constitutional rights.

116.    On information and belief, the Count I Defendants are now engaging in and will continue to engage in the above-described violations of Plaintiffs' and class members' constitutional rights, and are thereby irreparably harming Plaintiffs and class members.  Plaintiffs and class members have no adequate remedy at law for the Count I Defendants' continuing unlawful conduct,

1  and the Count I Defendants will continue to violate Plaintiffs' and class members' legal rights unless

2  enjoined and restrained by this Court.

3      117.    Plaintiffs seek that this Court declare that Defendants have violated their rights and

4  the rights of the class; enjoin the Count I Defendants, their agents, successors, and assigns, and all

5  those in active concert and participation with them from violating the Plaintiffs' and class members'

6  rights under the Fourth Amendment to the United States Constitution; and award such other and

7
8  further equitable relief as is proper.

9                                  **COUNT II**

10                   **Violation of Fourth Amendment—Damages**

11  **(Named Plaintiffs vs. Defendants Alexander (in his personal capacity), Hayden (in his personal capacity), Cheney (in his personal capacity), Addington (in his personal capacity), Mukasey (in his personal capacity), Gonzales (in his personal capacity), Ashcroft (in his personal capacity), McConnell (in his personal capacity), Negroponte (in his personal capacity), and one or more of the Doe Defendants)**
12
13
14      118.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding
15
16  paragraphs of this complaint, as if set forth fully herein.

17      119.    Plaintiffs have a reasonable expectation of privacy in their communications, contents

18  of communications, and/or records pertaining to their communications transmitted, collected, and/or

19  stored by AT&T.

20      120.    Defendants have directly performed, or aided, abetted, counseled, commanded,

21  induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in,

22
23  enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission

24  of the above-described acts of acquisition, interception, disclosure, divulgence and/or use of

25  Plaintiffs' communications, contents of communications, and records pertaining to their

26  communications transmitted, collected, and/or stored by AT&T without judicial or other lawful

27
28

authorization, probable cause, and/or individualized suspicion, in violation of statutory and constitutional limitations, and in excess of statutory and constitutional authority.

121.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of the above-described acts of acquisition, interception, disclosure, divulgence and/or use of Plaintiffs' communications, contents of communications, and records pertaining to their communications transmitted, collected, and/or stored by AT&T without judicial or other lawful authorization, probable cause, and/or individualized suspicion.

122.    At all relevant times, Defendants committed, knew of and/or acquiesced in all of the above-described acts, and failed to respect the Fourth Amendment rights of Plaintiffs by obtaining judicial or other lawful authorization and conforming their conduct to the requirements of the Fourth Amendment.

123.    By the acts alleged herein, Defendants have violated Plaintiffs' reasonable expectations of privacy and denied Plaintiffs their right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the Constitution of the United States.

124.    By the acts alleged herein, Defendants' conduct has proximately caused harm to Plaintiffs.

125.    Defendants' conduct was done intentionally, with deliberate indifference, or with reckless disregard of, Plaintiffs' constitutional rights.

126.    Plaintiffs seek an award of their actual damages and punitive damages against the Count II Defendants, and such other or further relief as is proper.

## COUNT III

**Violation of First Amendment—Declaratory, Injunctive, and Other Equitable Relief**

**(Named Plaintiffs and Class vs. Defendants United States, National Security Agency, Department of Justice, Bush (in his official and personal capacities), Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), and McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

127.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

128.   Plaintiffs and class members use AT&T's services to speak or receive speech anonymously and to associate privately.

129.   Defendants directly performed, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of the above-described acts of acquisition, interception, disclosure, divulgence and/or use of Plaintiffs' and class members' communications, contents of communications, and records pertaining to their communications without judicial or other lawful authorization, probable cause, and/or individualized suspicion, in violation of statutory and constitutional limitations, and in excess of statutory and constitutional authority.

130.   AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of the above-described acts of acquisition, interception, disclosure, divulgence and/or use of Plaintiffs' communications, contents of communications, and records pertaining to their communications transmitted, collected, and/or stored by AT&T without judicial or other lawful authorization, probable cause, and/or individualized suspicion.

131.   By the acts alleged herein, Defendants violated Plaintiffs' and class members' rights to speak and to receive speech anonymously and associate privately under the First Amendment.

132.   By the acts alleged herein, Defendants' conduct proximately caused harm to Plaintiffs and class members.

133.   Defendants' conduct was done intentionally, with deliberate indifference, or with reckless disregard of, Plaintiffs' and class members' constitutional rights.

134.   On information and belief, the Count III Defendants are now engaging in and will continue to engage in the above-described violations of Plaintiffs' and class members' constitutional rights, and are thereby irreparably harming Plaintiffs and class members.   Plaintiffs and class members have no adequate remedy at law for the Count III Defendants' continuing unlawful conduct, and the Count III Defendants will continue to violate Plaintiffs' and class members' legal rights unless enjoined and restrained by this Court.

135.   Plaintiffs seek that this Court declare that Defendants have violated their rights and the rights of the class; enjoin the Count III Defendants, their agents, successors, and assigns, and all those in active concert and participation with them from violating the Plaintiffs' and class members' rights under the First Amendment to the United States Constitution; and award such other and further equitable relief as is proper.

## COUNT IV

### Violation of First Amendment—Damages

**(Named Plaintiffs vs. Defendants Alexander (in his personal capacity), Hayden (in his personal capacity), Cheney (in his personal capacity), Addington (in his personal capacity), Mukasey (in his personal capacity), Gonzales (in his personal capacity), Ashcroft (in his personal capacity), McConnell (in his personal capacity), and Negroponte (in his personal capacity), and one or more of the Doe Defendants)**

136.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

137.   Plaintiffs use AT&T's services to speak or receive speech anonymously and to associate privately.

138.    Defendants directly performed, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of the above-described acts of acquisition, interception, disclosure, divulgence and/or use of Plaintiffs' communications, contents of communications, and records pertaining to their communications without judicial or other lawful authorization, probable cause, and/or individualized suspicion, in violation of statutory and constitutional limitations, and in excess of statutory and constitutional authority.

139.    By the acts alleged herein, Defendants violated Plaintiffs' rights to speak and receive speech anonymously and associate privately under the First Amendment.

140.    By the acts alleged herein, Defendants' conduct proximately caused harm to Plaintiffs.

141.    Defendants' conduct was done intentionally, with deliberate indifference, or with reckless disregard of, Plaintiffs' constitutional rights.

142.    Plaintiffs seek an award of their actual damages and punitive damages against the Count IV Defendants, and for such other or further relief as is proper.

## COUNT V

**Violation of Foreign Intelligence Surveillance Act—Declaratory, Injunctive and Other Equitable Relief**

**(Named Plaintiffs and Class vs. Defendants Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), and McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

143.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

144.    In relevant part, 50 U.S.C. § 1809 provides that:

(a)  Prohibited  activities—A  person  is  guilty  of  an  offense  if  he intentionally—(1) engages in electronic surveillance under color of law

except as authorized by this chapter, chapter 119, 121, or 206 of Title 18 or any express statutory authorization that is an additional exclusive means for conducting electronic surveillance under section 1812 of this title; or (2) discloses or uses information obtained under color of law by electronic surveillance, knowing or having reason to know that the information was obtained through electronic surveillance not authorized by this chapter, chapter 119, 121, or 206 of Title 18 or any express statutory authorization that is an additional exclusive means for conducting electronic surveillance under section 1812 of this title.

145.   In relevant part 50 U.S.C. § 1801 provides that:

(f) "Electronic surveillance" means – (1) the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire or radio communication sent by or intended to be received by a particular, known United States person who is in the United States, if the contents are acquired by intentionally targeting that United States person, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes; (2) the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire communication to or from a person in the United States, without the consent of any party thereto, if such acquisition occurs in the United States, but does not include the acquisition of those communications of computer trespassers that would be permissible under section 2511(2)(i) of Title 18; (3) the intentional acquisition by an electronic, mechanical, or other surveillance device of the contents of any radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes, and if both the sender and all intended recipients are located within the United States; or (4) the installation or use of an electronic, mechanical, or other surveillance device in the United States for monitoring to acquire information, other than from a wire or radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes.

146.   18 U.S.C. § 2511(2)(f) further provides in relevant part that "procedures in this chapter or chapter 121 and the Foreign Intelligence Surveillance Act of 1978 shall be the *exclusive means* by which electronic surveillance, as defined in section 101 [50 U.S.C. § 1801] of such Act, and the interception of domestic wire, oral, and electronic communications may be conducted." (Emphasis added.)

147.   50 U.S.C. § 1812 further provides in relevant part that:

(a) Except as provided in subsection (b), the procedures of chapters 119, 121, and 206 of Title 18 and this chapter shall be the *exclusive means* by which

electronic surveillance and the interception of domestic wire, oral, or electronic communications may be conducted.

(b) Only an express statutory authorization for electronic surveillance or the interception of domestic wire, oral, or electronic communications, other than as an amendment to this chapter or chapters 119, 121, or 206 of Title 18 shall constitute an additional exclusive means for the purpose of subsection (a).

(Emphasis added.)

148. Defendants intentionally acquired, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of such acquisition, by means of a surveillance device, the contents of one or more wire communications to or from Plaintiffs and class members or other information in which Plaintiffs or class members have a reasonable expectation of privacy, without the consent of any party thereto, and such acquisition occurred in the United States.

149. AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of the above-described acts of acquisition of Plaintiffs' communications.

150. By the acts alleged herein, Defendants acting in excess of their statutory authority and in violation of statutory limitations have intentionally engaged in, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of, electronic surveillance (as defined by 50 U.S.C. § 1801(f)) under color of law, not authorized by any statute, to which Plaintiffs and class members were subjected in violation of 50 U.S.C. § 1809.

151. Additionally or in the alternative, by the acts alleged herein, Defendants acting in excess of their statutory authority and in violation of statutory limitations have intentionally disclosed or used information obtained under color of law by electronic surveillance, knowing or

having reason to know that the information was obtained through electronic surveillance not authorized by statute, including information pertaining to Plaintiffs and class members, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of such acts.

152.   Defendants did not notify Plaintiffs or class members of the above-described electronic surveillance, disclosure, and/or use, nor did Plaintiffs or class members consent to such.

153.   Plaintiffs and class members have been and are aggrieved by Defendants' electronic surveillance, disclosure, and/or use of their wire communications.

154.   On information and belief, the Count V Defendants are now engaging in and will continue to engage in the above-described acts resulting in the electronic surveillance, disclosure, and/or use of Plaintiffs' and class members' wire communications, acting in excess of the Count V Defendants' statutory authority and in violation of statutory limitations, including 50 U.S.C. § 1809 and 18 U.S.C. § 2511(2)(f), and are thereby irreparably harming Plaintiffs and class members. Plaintiffs and class members have no adequate remedy at law for the Count V Defendants' continuing unlawful conduct, and the Count V Defendants will continue to violate Plaintiffs' and class members' legal rights unless enjoined and restrained by this Court.

155.   Pursuant to *Larson v. United States*, 337 U.S. 682 (1949) and to 5 U.S.C. § 702, Plaintiffs seek that this Court declare that Defendants have violated their rights and the rights of the class; enjoin the Count V Defendants, their agents, successors, and assigns, and all those in active concert and participation with them from violating the Plaintiffs' and class members' statutory rights, including their rights under 50 U.S.C. §§ 1801 *et seq.*; and award such other and further equitable relief as is proper.

## COUNT VI

**Violation of 50 U.S.C. § 1809, actionable under 50 U.S.C. § 1810—Damages**

**(Named Plaintiffs vs. Defendants United States, National Security Agency, Department of Justice, Alexander (in his official and personal capacities), Hayden (in his personal capacity), Cheney (in his personal capacity), Addington (in his personal capacity), Mukasey (in his official and personal capacities), Gonzales (in his personal capacity), Ashcroft (in his personal capacity), McConnell (in his official and personal capacities), and Negroponte (in his personal capacity), and one or more of the Doe Defendants)**

156.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

157.     In relevant part, 50 U.S.C. § 1809 provides that:

> (a) Prohibited activities—A person is guilty of an offense if he intentionally—(1) engages in electronic surveillance under color of law except as authorized by this chapter, chapter 119, 121, or 206 of Title 18 or any express statutory authorization that is an additional exclusive means for conducting electronic surveillance under section 1812 of this title; or (2) discloses or uses information obtained under color of law by electronic surveillance, knowing or having reason to know that the information was obtained through electronic surveillance not authorized by this chapter, chapter 119, 121, or 206 of Title 18 or any express statutory authorization that is an additional exclusive means for conducting electronic surveillance under section 1812 of this title.

158.     In relevant part 50 U.S.C. § 1801 provides that:

> (f) "Electronic surveillance" means – (1) the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire or radio communication sent by or intended to be received by a particular, known United States person who is in the United States, if the contents are acquired by intentionally targeting that United States person, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes; (2) the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire communication to or from a person in the United States, without the consent of any party thereto, if such acquisition occurs in the United States, but does not include the acquisition of those communications of computer trespassers that would be permissible under section 2511(2)(i) of Title 18; (3) the intentional acquisition by an electronic, mechanical, or other surveillance device of the contents of any radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes, and if both the sender and all intended recipients are located within the United States; or (4) the installation or use of an electronic, mechanical, or other surveillance device in the United States for monitoring to acquire information, other than from a wire or radio

communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes.

159.    18 U.S.C. § 2511(2)(f) further provides in relevant part that "procedures in this chapter or chapter 121 and the Foreign Intelligence Surveillance Act of 1978 shall be the *exclusive means* by which electronic surveillance, as defined in section 101 [50 U.S.C. § 1801] of such Act, and the interception of domestic wire, oral, and electronic communications may be conducted." (Emphasis added.)

160.    50 U.S.C. § 1812 further provides in relevant part that:

(a) Except as provided in subsection (b), the procedures of chapters 119, 121, and 206 of Title 18 and this chapter shall be the *exclusive means* by which electronic surveillance and the interception of domestic wire, oral, or electronic communications may be conducted.

(b) Only an express statutory authorization for electronic surveillance or the interception of domestic wire, oral, or electronic communications, other than as an amendment to this chapter or chapters 119, 121, or 206 of Title 18 shall constitute an additional exclusive means for the purpose of subsection (a).

(Emphasis added.)

161.    Defendants intentionally acquired, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of such acquisition, by means of a surveillance device, the contents of one or more wire communications to or from Plaintiffs or other information in which Plaintiffs have a reasonable expectation of privacy, without the consent of any party thereto, and such acquisition occurred in the United States.

162.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of the above-described acts of acquisition of Plaintiffs' communications.

163.    By the acts alleged herein, Defendants have intentionally engaged in, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised,

willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of, electronic surveillance (as defined by 50 U.S.C. § 1801(f)) under color of law, not authorized by any statute, to which Plaintiffs were subjected in violation of 50 U.S.C. § 1809.

164.   Additionally or in the alternative, by the acts alleged herein, Defendants have intentionally disclosed or used information obtained under color of law by electronic surveillance, knowing or having reason to know that the information was obtained through electronic surveillance not authorized by statute, including information pertaining to Plaintiffs, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the commission of such acts.

165.   Defendants did not notify Plaintiffs of the above-described electronic surveillance, disclosure, and/or use, nor did Plaintiffs consent to such.

166.   Plaintiffs have been and are aggrieved by Defendants' electronic surveillance, disclosure, and/or use of their wire communications.

167.   Pursuant to 50 U.S.C. § 1810, which provides a civil action for any person who has been subjected to an electronic surveillance or about whom information obtained by electronic surveillance of such person has been disclosed or used in violation of 50 U.S.C. § 1809, Plaintiffs seek from the Count VI Defendants for each Plaintiff their statutory damages or actual damages; punitive damages as appropriate; and such other and further relief as is proper.

1

## **COUNT VII**

2

**Violation of 18 U.S.C. § 2511—Declaratory, Injunctive, and Other Equitable Relief**

3

**(Named Plaintiffs and Class vs. Defendants Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), and McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

4

5

168.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding

6

paragraphs of this complaint, as if set forth fully herein.

7

169.    In relevant part, 18 U.S.C. § 2511 provides that:

8

9

(1) Except as otherwise specifically provided in this chapter any person who – (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . . [or](d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

10

11

12

13

14

15

16

17

170.    18 U.S.C. § 2511 further provides that:

18

(3)(a) Except as provided in paragraph (b) of this subsection, a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication (other than one to such person or entity, or an agent thereof) while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient.

19

20

21

22

171.    18 U.S.C. § 2511(2)(f) further provides in relevant part that "procedures in this

23

chapter or chapter 121 and the Foreign Intelligence Surveillance Act of 1978 shall be the *exclusive*

24

*means* by which electronic surveillance, as defined in section 101 [50 U.S.C. § 1801] of such Act,

25

and the interception of domestic wire, oral, and electronic communications may be conducted."

26

(Emphasis added.)

27

172.    50 U.S.C. § 1812 further provides in relevant part that:

28

(a) Except as provided in subsection (b), the procedures of chapters 119, 121, and 206 of Title 18 and this chapter shall be the *exclusive means* by which electronic surveillance and the interception of domestic wire, oral, or electronic communications may be conducted.

(b) Only an express statutory authorization for electronic surveillance or the interception of domestic wire, oral, or electronic communications, other than as an amendment to this chapter or chapters 119, 121, or 206 of Title 18 shall constitute an additional exclusive means for the purpose of subsection (a).

(Emphasis added.)

173.    By the acts alleged herein, Defendants have intentionally and willfully intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' and class members' wire or electronic communications in violation of 18 U.S.C. § 2511(1)(a); and/or

174.    By the acts alleged herein, Defendants have intentionally and willfully disclosed, or endeavored to disclose, to another person the contents of Plaintiffs' and class members' wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(c); and/or

175.    By the acts alleged herein, Defendants have intentionally and willfully used, or endeavored to use, the contents of Plaintiffs' and class members' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(d).

176.    By the acts alleged herein, Defendants have intentionally and willfully caused, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, participated in, contributed to, facilitated, directed, controlled, assisted in, or conspired to cause AT&T's divulgence of Plaintiffs' and class members' wire or electronic communications to Defendants while in transmission by AT&T, in violation of 18 U.S.C. § 2511(3)(a).

177.    Defendants have committed these acts of interception, disclosure, divulgence and/or use of Plaintiffs' and class members' communications directly or by aiding, abetting, counseling,

commanding, inducing, procuring, encouraging, promoting, instigating, advising, willfully causing, participating in, enabling, contributing to, facilitating, directing, controlling, assisting in, or conspiring in their commission.  In doing so, Defendants have acted in excess of their statutory authority and in violation of statutory limitations.

178.   AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of interception, disclosure, divulgence and/or use of Plaintiffs' and class members' communications.

179.   Defendants did not notify Plaintiffs or class members of the above-described intentional interception, disclosure, divulgence and/or use of their wire or electronic communications, nor did Plaintiffs or class members consent to such.

180.   Plaintiffs and class members have been and are aggrieved by Defendants' intentional and willful interception, disclosure, divulgence and/or use of their wire or electronic communications.

181.   On information and belief, the Count VII Defendants are now engaging in and will continue to engage in the above-described acts resulting in the intentional and willful interception, disclosure, divulgence and/or use of Plaintiffs' and class members' wire or electronic communications, acting in excess of the Count VII Defendants' statutory authority and in violation of statutory limitations, including 18 U.S.C. § 2511, and are thereby irreparably harming Plaintiffs and class members.  Plaintiffs and class members have no adequate remedy at law for the Count VII Defendants' continuing unlawful conduct, and the Count VII Defendants will continue to violate Plaintiffs' and class members' legal rights unless enjoined and restrained by this Court.

182.   Pursuant to 18 U.S.C. § 2520, which provides a civil action for any person whose wire or electronic communications have been intercepted, disclosed, divulged or intentionally used in violation of 18 U.S.C. § 2511, to *Larson v. United States*, 337 U.S. 682 (1949), and to 5 U.S.C. §

702, Plaintiffs and class members seek equitable and declaratory relief against the Count VII

Defendants.

183.     Plaintiffs seek that this Court declare that Defendants have violated their rights and

the rights of the class; enjoin the Count VII Defendants, their agents, successors, and assigns, and all

those in active concert and participation with them from violating the Plaintiffs' and class members'

statutory rights, including their rights under 18 U.S.C. § 2511; and award such other and further

equitable relief as is proper.

**COUNT VIII**

**Violation of 18 U.S.C. § 2511, actionable under 18 U.S.C. § 2520—Damages**

**(Named Plaintiffs vs. Defendants Alexander (in his personal capacity), Hayden (in his personal capacity), Cheney (in his personal capacity), Addington (in his personal capacity), Mukasey (in his personal capacity), Gonzales (in his personal capacity), Ashcroft (in his personal capacity), McConnell (in his personal capacity), and Negroponte (in his personal capacity), and one or more of the Doe Defendants)**

184.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding

paragraphs of this complaint, as if set forth fully herein.

185.     In relevant part, 18 U.S.C. § 2511 provides that:

> (1) Except as otherwise specifically provided in this chapter any person who – (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . . [or](d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

186.     18 U.S.C. § 2511 further provides that:

> (3)(a) Except as provided in paragraph (b) of this subsection, a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication (other than one to

COMPLAINT                                    -33-

such person or entity, or an agent thereof) while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient.

187.    18 U.S.C. § 2511(2)(f) further provides in relevant part that "procedures in this chapter or chapter 121 and the Foreign Intelligence Surveillance Act of 1978 shall be the *exclusive means* by which electronic surveillance, as defined in section 101 [50 U.S.C. § 1801] of such Act, and the interception of domestic wire, oral, and electronic communications may be conducted." (Emphasis added.)

188.    50 U.S.C. § 1812 further provides in relevant part that:

(a) Except as provided in subsection (b), the procedures of chapters 119, 121, and 206 of Title 18 and this chapter shall be the *exclusive means* by which electronic surveillance and the interception of domestic wire, oral, or electronic communications may be conducted.

(b) Only an express statutory authorization for electronic surveillance or the interception of domestic wire, oral, or electronic communications, other than as an amendment to this chapter or chapters 119, 121, or 206 of Title 18 shall constitute an additional exclusive means for the purpose of subsection (a).

(Emphasis added.)

189.    By the acts alleged herein, Defendants have intentionally and willfully intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' wire or electronic communications in violation of 18 U.S.C. § 2511(1)(a); and/or

190.    By the acts alleged herein, Defendants have intentionally and willfully disclosed, or endeavored to disclose, to another person the contents of Plaintiffs' wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(c); and/or

191.    By the acts alleged herein, Defendants have intentionally and willfully used, or endeavored to use, the contents of Plaintiffs' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(d).

192.    By the acts alleged herein, Defendants have intentionally and willfully caused, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, participated in, contributed to, facilitated, directed, controlled, assisted in, or conspired to cause AT&T's divulgence of Plaintiffs' and class members' wire or electronic communications to Defendants while in transmission by AT&T, in violation of 18 U.S.C. § 2511(3)(a).

193.    Defendants have committed these acts of interception, disclosure, divulgence and/or use of Plaintiffs' communications directly or by aiding, abetting, counseling, commanding, inducing, procuring, encouraging, promoting, instigating, advising, willfully causing, participating in, enabling, contributing to, facilitating, directing, controlling, assisting in, or conspiring in their commission.

194.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of interception, disclosure, divulgence and/or use of Plaintiffs' communications.

195.    Defendants did not notify Plaintiffs of the above-described intentional interception, disclosure, divulgence and/or use of their wire or electronic communications, nor did Plaintiffs or class members consent to such.

196.    Plaintiffs have been and are aggrieved by Defendants' intentional and willful interception, disclosure, divulgence and/or use of their wire or electronic communications.

197.    Pursuant to 18 U.S.C. § 2520, which provides a civil action for any person whose wire or electronic communications have been intercepted, disclosed, divulged or intentionally used in violation of 18 U.S.C. § 2511, Plaintiffs seek from the Count VIII Defendants for each Plaintiff their statutory damages or actual damages; punitive damages as appropriate; and such other and further relief as is proper.

**COUNT IX**

**Violation of 18 U.S.C. § 2511, actionable under 18 U.S.C. § 2712—Damages Against The United States**

**(Named Plaintiffs vs. Defendants United States, Department of Justice, and National Security Agency)**

198.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

199.    In relevant part, 18 U.S.C. § 2511 provides that:

> (1) Except as otherwise specifically provided in this chapter any person who – (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . . [or](d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection . . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

200.    18 U.S.C. § 2511 further provides that:

> (3)(a) Except as provided in paragraph (b) of this subsection, a person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication (other than one to such person or entity, or an agent thereof) while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient.

201.    18 U.S.C. § 2511(2)(f) further provides in relevant part that "procedures in this chapter or chapter 121 and the Foreign Intelligence Surveillance Act of 1978 shall be the *exclusive means* by which electronic surveillance, as defined in section 101 [50 U.S.C. § 1801] of such Act, and the interception of domestic wire, oral, and electronic communications may be conducted." (Emphasis added.)

202.    50 U.S.C. § 1812 further provides in relevant part that:

(a) Except as provided in subsection (b), the procedures of chapters 119, 121, and 206 of Title 18 and this chapter shall be the *exclusive means* by which electronic surveillance and the interception of domestic wire, oral, or electronic communications may be conducted.

(b) Only an express statutory authorization for electronic surveillance or the interception of domestic wire, oral, or electronic communications, other than as an amendment to this chapter or chapters 119, 121, or 206 of Title 18 shall constitute an additional exclusive means for the purpose of subsection (a).

(Emphasis added.)

203.    By the acts alleged herein, Defendants have intentionally and willfully intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept, Plaintiffs' wire or electronic communications in violation of 18 U.S.C. § 2511(1)(a); and/or

204.    By the acts alleged herein, Defendants have intentionally and willfully disclosed, or endeavored to disclose, to another person the contents of Plaintiffs' wire or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(c); and/or

205.    By the acts alleged herein, Defendants have intentionally and willfully used, or endeavored to use, the contents of Plaintiffs' wire or electronic communications, while knowing or having reason to know that the information was obtained through the interception of wire or electronic communications in violation of 18 U.S.C. § 2511(1)(d).

206.    By the acts alleged herein, Defendants have intentionally and willfully caused, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, participated in, contributed to, facilitated, directed, controlled, assisted in, or conspired to cause AT&T's divulgence of Plaintiffs' and class members' wire or electronic communications to Defendants while in transmission by AT&T, in violation of 18 U.S.C. § 2511(3)(a).

207.    Defendants have committed these acts of interception, disclosure, divulgence and/or use of Plaintiffs' communications directly or by aiding, abetting, counseling, commanding, inducing, procuring, encouraging, promoting, instigating, advising, willfully causing, participating in,

enabling, contributing to, facilitating, directing, controlling, assisting in, or conspiring in their commission.

208.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of interception, disclosure, divulgence and/or use of Plaintiffs' communications.

209.    Defendants did not notify Plaintiffs of the above-described intentional interception, disclosure, divulgence and/or use of their wire or electronic communications, nor did Plaintiffs or class members consent to such.

210.    Plaintiffs have been and are aggrieved by Defendants' intentional and willful interception, disclosure, divulgence and/or use of their wire or electronic communications.

211.    Title 18 U.S.C. § 2712 provides a civil action against the United States and its agencies and departments for any person whose wire or electronic communications have been intercepted, disclosed, divulged or intentionally used in willful violation of 18 U.S.C. § 2511. Plaintiffs have complied fully with the claim presentment procedure of 18 U.S.C. § 2712. Pursuant to 18 U.S.C. § 2712, Plaintiffs seek from the Count IX Defendants for each Plaintiff their statutory damages or actual damages, and such other and further relief as is proper.

## COUNT X

**Violation of 18 U.S.C. § 2703(a) & (b)—Declaratory, Injunctive, and Other Equitable Relief**

**(Named Plaintiffs and Class vs. Defendants Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), and McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

212.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

213.    In relevant part, 18 U.S.C. § 2703 provides that:

(a) Contents of Wire or Electronic Communications in Electronic Storage.— A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

(b) Contents of Wire or Electronic Communications in a Remote Computing Service.—

(1) A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection—

(A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant; or

(B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity—

(i) uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena; or

(ii) obtains a court order for such disclosure under subsection (d) of this section;

except that delayed notice may be given pursuant to section 2705 of this title.

(2) Paragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service—

(A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

(B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

214.     Defendants intentionally and willfully solicited and obtained from AT&T, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in soliciting and obtaining from AT&T, the disclosure to Defendants of the contents of

Plaintiffs' and class members' communications while in electronic storage by an AT&T electronic communication service, and/or while carried or maintained by an AT&T remote computing service, in violation of 18 U.S.C. §§ 2703(a) and/or (b). In doing so, Defendants have acted in excess of their statutory authority and in violation of statutory limitations.

215. AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of disclosure of Plaintiffs' and class members' communications.

216. Defendants did not notify Plaintiffs or class members of the disclosure of their communications, nor did Plaintiffs or class members consent to such.

217. Plaintiffs and class members have been and are aggrieved by Defendants' above-described soliciting and obtaining of disclosure of the contents of communications.

218. On information and belief, the Count X Defendants are now engaging in and will continue to engage in the above-described soliciting and obtaining of disclosure of the contents of class members' communications while in electronic storage by AT&T's electronic communication service(s), and/or while carried or maintained by AT&T's remote computing service(s), acting in excess of the Count X Defendants' statutory authority and in violation of statutory limitations, including 18 U.S.C. § 2703(a) and (b), and are thereby irreparably harming Plaintiffs and class members. Plaintiffs and class members have no adequate remedy at law for the Count X Defendants' continuing unlawful conduct, and the Count X Defendants will continue to violate Plaintiffs' and class members' legal rights unless enjoined and restrained by this Court.

219. Pursuant to 18 U.S.C. § 2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. § 2703, to *Larson v. United States*, 337 U.S. 682 (1949), and to 5 U.S.C. § 702, Plaintiffs and class members seek equitable and declaratory relief against the Count X Defendants.

220. Plaintiffs seek that this Court declare that Defendants have violated their rights and the rights of the class; enjoin the Count X Defendants, their agents, successors, and assigns, and all those in active concert and participation with them from violating the Plaintiffs' and class members' statutory rights, including their rights under 18 U.S.C. § 2703; and award such other and further equitable relief as is proper.

## COUNT XI

**Violation of 18 U.S.C. § 2703(a) & (b), actionable under 18 U.S.C. § 2707—Damages**

**(Named Plaintiffs vs. Defendants Alexander (in his personal capacity), Hayden (in his personal capacity), Cheney (in his personal capacity), Addington (in his personal capacity), Mukasey (in his personal capacity), Gonzales (in his personal capacity), Ashcroft (in his personal capacity), McConnell (in his personal capacity), and Negroponte (in his personal capacity), and one or more of the Doe Defendants)**

221. Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

222. In relevant part, 18 U.S.C. § 2703 provides that:

(a) Contents of Wire or Electronic Communications in Electronic Storage.— A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

(b) Contents of Wire or Electronic Communications in a Remote Computing Service.—

(1) A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection—

(A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant; or

COMPLAINT                                                          -41-

(B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity—

    (i) uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena; or

    (ii) obtains a court order for such disclosure under subsection (d) of this section;

except that delayed notice may be given pursuant to section 2705 of this title.

(2) Paragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service—

    (A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

    (B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

223.    Defendants intentionally and willfully solicited and obtained from AT&T, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the soliciting and obtaining from AT&T the disclosure to Defendants of the contents of Plaintiffs' communications while in electronic storage by an AT&T electronic communication service, and/or while carried or maintained by an AT&T remote computing service, in violation of 18 U.S.C. §§ 2703(a) and/or (b).

224.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of disclosure of Plaintiffs' communications.

225.    Defendants did not notify Plaintiffs of the disclosure of their communications, nor did Plaintiffs consent to such.

226.    Plaintiffs have been and are aggrieved by Defendants' above-described soliciting and obtaining of disclosure of the contents of communications.

227.    Pursuant to 18 U.S.C. § 2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. § 2703, Plaintiffs seek from the Count XI Defendants for each Plaintiff their statutory damages or actual damages; punitive damages as appropriate; and such other and further relief as may be proper.

## COUNT XII

**Violation of 18 U.S.C. § 2703(a) & (b), actionable under 18 U.S.C. § 2712—Damages Against The United States**

**(Named Plaintiffs vs. Defendants United States, Department of Justice, and National Security Agency)**

228.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

229.    In relevant part, 18 U.S.C. § 2703 provides that:

(a) Contents of Wire or Electronic Communications in Electronic Storage.— A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.
(b) Contents of Wire or Electronic Communications in a Remote Computing Service.—
    (1) A governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection—
        (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant; or
        (B) with prior notice from the governmental entity to the subscriber or customer if the governmental entity—
            (i) uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena; or

(ii) obtains a court order for such disclosure under subsection (d) of this section;

except that delayed notice may be given pursuant to section 2705 of this title.

(2) Paragraph (1) is applicable with respect to any wire or electronic communication that is held or maintained on that service—

(A) on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

(B) solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

230.   Defendants intentionally and willfully solicited and obtained from AT&T, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the soliciting and obtaining from AT&T the disclosure to the NSA of the contents of Plaintiffs' communications while in electronic storage by an AT&T electronic communication service, and/or while carried or maintained by an AT&T remote computing service, in violation of 18 U.S.C. §§ 2703(a) and/or (b).

231.   AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of disclosure of Plaintiffs' communications.

232.   Defendants did not notify Plaintiffs of the disclosure of their communications, nor did Plaintiffs consent to such.

233.   Plaintiffs have been and are aggrieved by Defendants' above-described soliciting and obtaining of disclosure of the contents of communications.

234.   Title 18 U.S.C. § 2712 provides a civil action against the United States and its agencies and departments for any person whose communications have been disclosed in willful

1 violation of 18 U.S.C. § 2703. Plaintiffs have complied fully with the claim presentment procedure

2 of 18 U.S.C. § 2712. Pursuant to 18 U.S.C. § 2712, Plaintiffs seek from the Count XII Defendants

3 for each Plaintiff their statutory damages or actual damages, and such other and further relief as is

4 proper.

### COUNT XIII

**Violation of 18 U.S.C. § 2703(c)—Declaratory, Injunctive, and Other Equitable Relief**

**(Named Plaintiffs and Class vs. Defendants Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), and McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

235.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding

paragraphs of this complaint, as if set forth fully herein.

236.    In relevant part, 18 U.S.C. § 2703(c) provides that:

(c) Records Concerning Electronic Communication Service or Remote
Computing Service.—
    (1) A governmental entity may require a provider of electronic
communication service or remote computing service to disclose a record or
other information pertaining to a subscriber to or customer of such service
(not including the contents of communications) only when the governmental
entity—
        (A) obtains a warrant issued using the procedures described in the Federal
Rules of Criminal Procedure by a court with jurisdiction over the offense
under investigation or equivalent State warrant;
        (B) obtains a court order for such disclosure under subsection (d) of this
section;
        (C) has the consent of the subscriber or customer to such disclosure;
        (D) submits a formal written request relevant to a law enforcement
investigation concerning telemarketing fraud for the name, address, and
place of business of a subscriber or customer of such provider, which
subscriber or customer is engaged in telemarketing (as such term is
defined in section 2325 of this title); or
        (E) seeks information under paragraph (2).
    (2) A provider of electronic communication service or remote computing
service shall disclose to a governmental entity the—
        (A) name;
        (B) address;
        (C) local and long distance telephone connection records, or records of
session times and durations;
        (D) length of service (including start date) and types of service utilized;

(E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
(F) means and source of payment for such service (including any credit card or bank account number),
of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).
(3) A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer.

237.    Defendants intentionally and willfully solicited and obtained from AT&T, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the soliciting and obtaining from AT&T the disclosure to Defendants of records or other information pertaining to Plaintiffs' and class members' use of electronic communication services and/or remote computing services offered to the public by AT&T, in violation of 18 U.S.C. § 2703(c). In doing so, Defendants have acted in excess of their statutory authority and in violation of statutory limitations.

238.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of disclosure of Plaintiffs' and class members' records or other information.

239.    Defendants did not notify Plaintiffs or class members of the disclosure of these records or other information pertaining to them and their use of AT&T services, nor did Plaintiffs or class members consent to such.

240.    Plaintiffs and class members have been and are aggrieved by Defendants' above-described acts of soliciting and obtaining disclosure by AT&T of records or other information pertaining to Plaintiffs and class members.

241.    On information and belief, the Count XIII Defendants are now engaging in and will continue to engage in the above-described soliciting and obtaining disclosure by AT&T of records or other information pertaining to Plaintiffs and class members, acting in excess of the Count XIII

Defendants' statutory authority and in violation of statutory limitations, including 18 U.S.C. § 2703(c), and are thereby irreparably harming Plaintiffs and class members. Plaintiffs and class members have no adequate remedy at law for the Count XIII Defendants' continuing unlawful conduct, and the Count XIII Defendants will continue to violate Plaintiffs' and class members' legal rights unless enjoined and restrained by this Court.

242. Pursuant to 18 U.S.C. § 2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. § 2703, to *Larson v. United States*, 337 U.S. 682 (1949), and to 5 U.S.C. § 702, Plaintiffs and class members seek equitable and declaratory relief against the Count XIII Defendants.

243. Plaintiffs seek that the Court declare that Defendants have violated their rights and the rights of the class; enjoin the Count XIII Defendants, their agents, successors, and assigns, and all those in active concert and participation with them from violating the Plaintiffs' and class members' statutory rights, including their rights under 18 U.S.C. § 2703; and award such other and further equitable relief as is proper.

## COUNT XIV

**Violation of 18 U.S.C. § 2703(c), actionable under 18 U.S.C. § 2707—Damages**

**(Named Plaintiffs vs. Defendants Alexander (in his personal capacity), Hayden (in his personal capacity), Cheney (in his personal capacity), Addington (in his personal capacity), Mukasey (in his personal capacity), Gonzales (in his personal capacity), Ashcroft (in his personal capacity), McConnell (in his personal capacity), and Negroponte (in his personal capacity), and one or more of the Doe Defendants)**

244. Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

245. In relevant part, 18 U.S.C. § 2703(c) provides that:

> (c) Records Concerning Electronic Communication Service or Remote Computing Service.—
> (1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or

other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity—

(A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant;

(B) obtains a court order for such disclosure under subsection (d) of this section;

(C) has the consent of the subscriber or customer to such disclosure;

(D) submits a formal written request relevant to a law enforcement investigation concerning telemarketing fraud for the name, address, and place of business of a subscriber or customer of such provider, which subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this title); or

(E) seeks information under paragraph (2).

(2) A provider of electronic communication service or remote computing service shall disclose to a governmental entity the—

(A) name;

(B) address;

(C) local and long distance telephone connection records, or records of session times and durations;

(D) length of service (including start date) and types of service utilized;

(E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

(F) means and source of payment for such service (including any credit card or bank account number),

of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).

(3) A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer.

246.    Defendants intentionally and willfully solicited and obtained from AT&T, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the soliciting and obtaining from AT&T the disclosure to Defendants of records or other information pertaining to Plaintiffs' use of electronic communication services and/or remote computing services offered to the public by AT&T, in violation of 18 U.S.C. § 2703(c).

247.    AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of disclosure of Plaintiffs' records or other information.

248.    Defendants did not notify Plaintiffs of the disclosure of these records or other information pertaining to them and their use of AT&T services, nor did Plaintiffs consent to such.

249.    Plaintiffs have been and are aggrieved by Defendants' above-described acts of soliciting and obtaining disclosure by AT&T of records or other information pertaining to Plaintiffs.

250.    Pursuant to 18 U.S.C. § 2707, which provides a civil action for any person aggrieved by knowing or intentional violation of 18 U.S.C. § 2703, Plaintiffs seek from the Count XIV Defendants for each Plaintiff their statutory damages or actual damages; punitive damages as appropriate; and such other and further relief as may be proper.

## COUNT XV

### Violation of 18 U.S.C. § 2703(c), actionable under 18 U.S.C. § 2712—Damages Against The United States

### (Named Plaintiffs vs. Defendants United States, Department of Justice, and National Security Agency)

251.    Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

252.    In relevant part, 18 U.S.C. § 2703(c) provides that:

(c) Records Concerning Electronic Communication Service or Remote Computing Service.—
(1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity—
(A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant;
(B) obtains a court order for such disclosure under subsection (d) of this section;

(C) has the consent of the subscriber or customer to such disclosure;

(D) submits a formal written request relevant to a law enforcement investigation concerning telemarketing fraud for the name, address, and place of business of a subscriber or customer of such provider, which subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this title); or

(E) seeks information under paragraph (2).

(2) A provider of electronic communication service or remote computing service shall disclose to a governmental entity the—

(A) name;

(B) address;

(C) local and long distance telephone connection records, or records of session times and durations;

(D) length of service (including start date) and types of service utilized;

(E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and

(F) means and source of payment for such service (including any credit card or bank account number),

of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).

(3) A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer.

253. Defendants intentionally and willfully solicited and obtained from AT&T, or aided, abetted, counseled, commanded, induced, procured, encouraged, promoted, instigated, advised, willfully caused, participated in, enabled, contributed to, facilitated, directed, controlled, assisted in, or conspired in the soliciting and obtaining from AT&T the disclosure to Defendants of records or other information pertaining to Plaintiffs' use of electronic communication services and/or remote computing services offered to the public by AT&T, in violation of 18 U.S.C. § 2703(c).

254. AT&T acted as the agent of Defendants in performing, participating in, enabling, contributing to, facilitating, or assisting in the commission of these acts of disclosure of Plaintiffs' records or other information.

255. Defendants did not notify Plaintiffs of the disclosure of these records or other information pertaining to them and their use of AT&T services, nor did Plaintiffs consent to such.

256.   Plaintiffs have been and are aggrieved by Defendants' above-described acts of soliciting and obtaining disclosure by AT&T of records or other information pertaining to Plaintiffs.

257.   Title 18 U.S.C. § 2712 provides a civil action against the United States and its agencies and departments for any person aggrieved by willful violation of 18 U.S.C. § 2703. Plaintiffs have complied fully with the claim presentment procedure of 18 U.S.C. § 2712.  Pursuant to 18 U.S.C. § 2712, Plaintiffs seek from the Count XV Defendants for each Plaintiff their statutory damages or actual damages and such other and further relief as is proper.

## COUNT XVI

**Violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* - Declaratory, Injunctive, and Other Equitable Relief**

**(Named Plaintiffs and Class vs. Defendants United States, Department of Justice, National Security Agency, Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), and McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

258.   Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

259.   The Program violates the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, because Defendants' actions under the Program exceed statutory authority and limitations imposed by Congress through FISA, and through Chapters 119, 121 and 206 of Title 18 of the U.S. Code (the Wiretap Act, the Stored Communications Act, and the Pen Register Statute, respectively) and in violation of statutory rights under those laws; are not otherwise in accordance with law; are contrary to constitutional rights, including the Fourth Amendment, First Amendment, and separation of powers principles; and are taken without observance of procedures required by law.

260.   Plaintiffs and class members are aggrieved by these violations because, as described previously in this Complaint, Defendants' actions under the Program has resulted in the interception, acquisition, disclosure, divulgence and/or use of the contents of their wire and electronic

communications, communications records, and other information in violation of their constitutional and statutory rights.

261.     Plaintiffs seek nonmonetary relief against the Count XVI Defendants, including a declaration that Defendants have violated their rights and the rights of the class; an injunction enjoining the Count XVI Defendants, their agents, successors, and assigns, and all those in active concert and participation with them from violating the Plaintiffs' and class members' rights; and such other and further nonmonetary relief as is proper.

## COUNT XVII

**Violation of Separation of Powers - Declaratory, Injunctive, and Other Equitable Relief**

**(Named Plaintiffs and Class vs. Defendants United States, Department of Justice, National Security Agency, Bush (in his official and personal capacities), Alexander (in his official and personal capacities), Mukasey (in his official and personal capacities), and McConnell (in his official and personal capacities), and one or more of the Doe Defendants)**

262.     Plaintiffs repeat and incorporate herein by reference the allegations in the preceding paragraphs of this complaint, as if set forth fully herein.

263.     The Program violates the principles of separation of powers because it was authorized by the Executive in excess of the Executive's authority under Article II of the United States Constitution, in excess of statutory authority granted the Executive under FISA and under Chapters 119, 121 and 206 of Title 18 of the U.S. Code (the Wiretap Act, the Stored Communications Act, and the Pen Register Statute, respectively) and exceeds the statutory limits imposed on the Executive by Congress.

264.     Plaintiffs and class members are aggrieved by these violations because, as described previously in this Complaint, Defendants' actions under the Program has resulted in the interception, acquisition, disclosure, divulgence and/or use of the contents of their wire and electronic communications, communications records, and other information in violation of their constitutional and statutory rights.

265.   Plaintiffs seek nonmonetary relief against the Count XVII Defendants, including a declaration that Defendants have violated their rights and the rights of the class; an injunction enjoining the Count XVII Defendants, their agents, successors, and assigns, and all those in active concert and participation with them from violating the Plaintiffs' and class members' rights; and for such other and further nonmonetary relief as is proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.   Declare that the Program as alleged herein violates without limitation Plaintiffs' and class members' rights under the First and Fourth Amendments to the Constitution; their statutory rights, including their rights under 18 U.S.C. § 2511, 18 U.S.C. § 2703, 50 US.C. § 1809, and the Administrative Procedures Act; and their rights under the constitutional principle of Separation of Powers.

B.   Award Plaintiffs and the class equitable relief, including without limitation, a preliminary and permanent injunction pursuant to the First and Fourth Amendments to the United States Constitution prohibiting Defendants' continued use of the Program, and a preliminary and permanent injunction pursuant to the Fourth Amendment requiring Defendants to provide to Plaintiffs and the class an inventory of their communications, records, or other information that was seized in violation of the Fourth Amendment, and further requiring the destruction of all copies of those communications, records, or other information within the possession, custody, or control of Defendants.

C.   Award Plaintiffs their statutory, actual, and punitive damages to the extent permitted by law and according to proof.

D.   Award to Plaintiffs reasonable attorneys' fees and other costs of suit to the extent permitted by law.

G.   Grant such other and further relief as the Court deems just and proper.

//

//

COMPLAINT                                        -53-

1

## JURY DEMAND

2      Plaintiffs hereby request a jury trial for all issues triable by jury including, but not limited to,

3   those issues and claims set forth in any amended complaint or consolidated action.

4   DATED:  September 17, 2008

5

6                                         ELECTRONIC FRONTIER FOUNDATION
                                          CINDY COHN (1455997)
7                                         LEE TIEN (148216)
                                          KURT OPSAHL (191303)
8                                         KEVIN S. BANKSTON (217026)
                                          JAMES S. TYRE (083117)
9                                         454 Shotwell Street
                                          San Francisco, CA  94110
10                                        Telephone:  415/436-9333
                                          415/436-9993 (fax)

11                                        RICHARD R. WIEBE (121156)
                                          LAW OFFICE OF RICHARD R. WIEBE
12                                        425 California Street, Suite 2025
                                          San Francisco, CA 94104
13                                        Telephone:  (415) 433-3200
                                          Facsimile:  (415) 433-6382
14
                                          THOMAS E. MOORE III (115107)
15                                        THE MOORE LAW GROUP
                                          228 Hamilton Avenue, 3rd Floor
16                                        Palo Alto, CA 94301
                                          Telephone: (650) 798-5352
17                                        Facsimile: (650) 798-5001

18
                                          Attorneys for Plaintiffs
19

20

21

22

23

24

25

26

27

28