1  JAMES R. WHITMAN (Wis. Bar No. 1036757)
   Trial Attorney
2  United States Department of Justice
   Civil Division, Torts Branch
3  P.O. Box 7146, Ben Franklin Station
   Washington, DC  20044-7146
4  Tel:  (202) 616-4169
   Fax:  (202) 616-4314
5  james.whitman@usdoj.gov

6  *Attorney for the Defendants Listed on the Signature Page*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, et al., | No. 08-4373 VRW |
| Plaintiffs, | **INDIVIDUAL CAPACITY DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO ENLARGE THE TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT** |
| v. | |
| NATIONAL SECURITY AGENCY, et al., | |
| Defendants. | |

Pursuant to Civil Local Rules 6-3 and 7-11, all Government defendants sued in their individual capacity (George W. Bush, Richard B. Cheney, David S. Addington, Keith B. Alexander, Michael V. Hayden, John D. McConnell, John D. Negroponte, Michael B. Mukasey, Alberto R. Gonzales, and John D. Ashcroft) respectfully request that the Court enter an order that they not be required to answer or otherwise respond to plaintiffs' complaint until after there is a determination that plaintiffs have standing to proceed in this action.[1]

On September 18, 2008, plaintiffs filed a complaint alleging violations of the Constitution and various federal statutes arising out of alleged warrantless surveillance and raising claims against the National Security Agency ("NSA"), the Department of Justice ("DOJ"), and numerous Government officials in their official and individual capacities.  See Doc

---

[1]  By filing this motion, the individual capacity defendants do not waive, and expressly reserve, all defenses available to them relating to all aspects of this action.

*Jewel v. NSA*, No. 08-4373 VRW, Individual Capacity Defendants' Motion for Administrative Relief to Enlarge the Time to Answer or Otherwise Respond to Plaintiffs' Complaint

# 1.  Upon plaintiffs' unopposed motion, the Court entered an order finding this case is related to Hepting v. AT&T Corp., No. 06-0672 VRW (N.D. Cal.), see Doc # 9, which itself is consolidated with other actions before this Court by Order of the Judicial Panel on Multidistrict Litigation, see In re Nat'l Sec. Agency Telecomm. Records Litig., MDL No. 06-1791 VRW (N.D. Cal.).

The individual capacity defendants originally were required to answer or otherwise respond to plaintiffs' complaint by February 2, 2009, based on the date plaintiffs effected service on those defendants.  On January 30, 2009, however, the Court granted an unopposed motion filed by all defendants (in all capacities) for an extension of time to answer or otherwise respond to plaintiffs' complaint no later than today, April 3, 2009.  See Doc # 17.

On this same date the federal agency and official capacity defendants (collectively referred to as the "United States") have filed the "Government Defendants' Motion to Dismiss and for Summary Judgment."  In that motion the United States argues, among other things, that the state secrets and related statutory privileges require the exclusion of information necessary to litigate this case, including information necessary to litigate whether or not plaintiffs can establish their standing.  If the Court grants the United States' motion, then plaintiffs will be unable to proceed with any of their claims against any of the defendants, including the individual capacity defendants.  The Court therefore should not require the individual capacity defendants to answer or otherwise respond to plaintiffs' complaint until the issues identified in the United States' motion, including plaintiffs' standing to bring suit, have been resolved.  Cf. El-Masri v. United States, 479 F.3d 296, 300-01, 304-13 (4th Cir. 2007) (finding that United States properly asserted state secrets privilege after intervening in case solely for that purpose and that all of plaintiff's claims, including individual capacity claim against the Director of the Central Intelligence Agency, should be dismissed on that basis without considering whether plaintiff had adequately pled his underlying claims).

That is in fact precisely the procedure being followed in Al-Haramain Islamic Found., Inc. v. Bush, No. 07-109 VRW (N.D. Cal.), another case that has been consolidated with cases

related to this one.  In Al-Haramain, the parties entered into a stipulation that the individual capacity defendant in that case (Robert S. Mueller III, the Director of the Federal Bureau of Investigation) would not be required to answer or otherwise respond to the plaintiffs' complaint "until after there is a determination that Plaintiffs have standing to proceed in [that] action."  See Al-Haramain, No. 07-109 VRW Doc # 39 at 1.

As in Al-Haramain, the United States' assertion of the state secrets privilege poses unique challenges to the individual capacity defendants in this case.  Because the United States has invoked that privilege, the individual capacity defendants have no access to information that is central to plaintiffs' allegations.  Requiring these defendants, most of whom are no longer even in government service, to respond to plaintiffs' complaint without access to that evidence and before it is determined whether the United States has properly asserted the state secrets privilege over that evidence, would be extremely prejudicial to the individual capacity defendants and their ability to mount a complete defense.  See El-Masri, 479 F.3d at 309-10 (dismissing individual capacity claims where United States asserted state secrets privilege in part because the individual capacity "defendants could not properly defend themselves without using privileged evidence").

Counsel for the individual capacity defendants has consulted with plaintiffs' counsel regarding the instant motion, and the latter indicated that plaintiffs would not agree to a stipulation in this case similar to the one entered in Al-Haramain and likely would oppose the motion at hand.  The Court nevertheless should, for all of the reasons discussed above, enter an order with similar effect, to wit, that the individual capacity defendants need not answer or otherwise respond to plaintiffs' complaint until after it has been determined that plaintiffs have standing to bring suit.

1  Respectfully submitted this 3rd day of April, 2009,

2  MICHAEL F. HERTZ
   Acting Assistant Attorney General, Civil Division

3

   TIMOTHY P. GARREN
4  Director, Torts Branch

5  ANDREA W. MCCARTHY
   Senior Trial Counsel, Torts Branch

6
   /s/ James R. Whitman
7  JAMES R. WHITMAN (Wis. Bar No. 1036757)
   Trial Attorney
8  United States Department of Justice
   Civil Division, Torts Branch

9
   Attorneys for George W. Bush, Richard B. Cheney, David S. Addington, Keith B. Alexander,
10 Michael V. Hayden, John D. McConnell, John D. Negroponte, Michael B. Mukasey, Alberto R.
   Gonzales, and John D. Ashcroft, in their individual capacity