ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (SBN 145997)
cindy@eff.org
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
KEVIN S. BANKSTON (SBN 217026)
JAMES S. TYRE (SBN 083117)
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333; Facsimile: (415) 436-9993

KEKER & VAN NEST, LLP
RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
PAULA L. BLIZZARD (207920)
MICHAEL S. KWUN (198945)
AUDREY WALTON-HADLOCK (250574)
710 Sansome Street
San Francisco, California 94111-1704
Telephone: (415) 391-5400; Facsimile: (415) 397-7188

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
425 California Street, Suite 2025
San Francisco, California 94104
Telephone: (415) 433-3200; Facsimile: (415) 433-6382

THE MOORE LAW GROUP
THOMAS E. MOORE III (SBN 115107)
tmoore@moorelawteam.com
228 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
Telephone: (650) 798-5352; Facsimile: (650) 798-5001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, et al.,<br><br>Defendants. | Case No. C-08-4373-VRW<br><br>CLASS ACTION<br><br>**DECLARATION OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(f) IN OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**<br><br>Date: July 15, 2009<br>Time: 10:30 a.m.<br>Dept: 6, 17th Floor<br>Judge: Vaughn R. Walker<br><br>Date Comp. Filed: September 18, 2008 |

DECLARATION OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(f) IN OPPOSITION TO
GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT
CASE NO. C-08-4373-VRW

442718.02

I, CINDY COHN, declare and state:

1. I am an attorney duly licensed to practice law in the courts of the State of California, and I am a member of the bar of this district. I am also Legal Director for the Electronic Frontier Foundation, counsel of record to the Plaintiffs in this action. I am familiar with the records and proceedings in this action as well as the records and proceedings (with the exception of the *in camera, ex parte* materials submitted by the Government) in *In Re National Security Agency Telecommunications Records Litigation*, MDL No. 06-1791 VRW ("the MDL").

2. In *Mohamed v. Jeppesen Dataplan, Inc.*, 563 F.3d 992, (9th Cir. 2009), the Ninth Circuit held that neither the Federal Rules of Civil Procedure nor the state secrets evidentiary privilege established in *United States v. Reynolds*, 345 U.S. 1, 9-10 (1953) would permit a district court to dismiss a well-pleaded complaint at the pleadings stage on the basis of an evidentiary privilege that must be invoked during discovery or at trial. 563 F.3d at 1009. As in *Jeppesen*, the Government here has not filed an answer to the complaint in this case, and discovery has not begun. However, because the Government has styled its motion as a motion to dismiss or alternatively for summary judgment, Plaintiffs are compelled to invoke their rights under Rule 56(f) to have an opportunity to conduct discovery to obtain "facts essential to justify its opposition" to summary judgment.

3. During the course of opposing the Government's motion to dismiss and/or for summary judgment in the MDL, on October 16, 2008, Plaintiffs filed an extensive factual record that establishes the genuine issues as to the material facts surrounding the Government's unlawful surveillance of millions of ordinary Americans. MDL Docket Nos. 479, 486-495. This Court may take judicial notice of the existence of that factual record under Federal Rule of Evidence 201. Plaintiffs summarized that factual record in their Summary of Voluminous Evidence filed under Federal Rule of Evidence 1006, a true and correct copy of which is attached hereto as Exhibit A.[1] Plaintiffs have also filed several Notices of Additional Authorities

---

[1] The Summary of Voluminous Evidence was filed electronically as MDL Docket No. 481. The evidence itself was filed manually, see MDL Docket No. 484, because it was too voluminous to

1

containing additional information that has been discovered since the Summary of Voluminous Evidence was filed. MDL Docket Nos. 535, 627 ("Additional Authorities").

4. In addition to the evidence Plaintiffs have already presented, Plaintiffs are entitled under Rule 56(f) to conduct discovery before the Court decides the Government's motion. Plaintiffs respectfully submit that further information supporting their opposition is in the hands of other parties and witnesses, including the Government and its agents and employees and the telecommunications companies and their agents and employees. Discovery is likely to reveal additional facts that will help demonstrate that there are genuine issues of material fact that preclude granting the Government's motion.

5. As the Court ordered in *Al Haramain* (MDL Docket No. 537), if necessary, at least some of Plaintiffs' attorneys would seek a security clearance in order to allow them to conduct discovery.

6. The evidence that Plaintiffs intend to uncover through discovery is available through several channels, as outlined below.

7. Plaintiffs would take the deposition of former government officials who have spoken publicly about the communications carriers' involvement in the NSA's warrantless surveillance, including Defendants Richard B. Cheney, Michael B. Mukasey, John M. McConnell, David S. Addington, Alberto R. Gonzales, John D. Ashcroft and John D. Negroponte, and nonparties Michael Chertoff, Keith B. Alexander, Michael V. Hayden, James Comey, Andrew Card, Jack Goldsmith, John Yoo, Patrick Philbin, Robert S. Mueller III, Thomas M. Tamm, Royce C. Lamberth and Russell Tice. As noted above, if needed Plaintiffs would seek a security clearance to enable them to conduct this discovery in a manner that protects national security.

8. Plaintiffs would seek further written and deposition discovery arising out of the documents summarized in the accompanying Summary of Voluminous Evidence and in the Additional Authorities filed in part to address any claims that any of the information in those documents requires authentication, is hearsay, or is otherwise inadmissible.

be filed electronically.

2

DECLARATION OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(f) IN OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT
CASE NO. C-08-4373-VRW

442718.02

9. For instance, the Summary of Voluminous Evidence references the unclassified nature of 17 paragraphs of notes of then White House Counsel Alberto Gonzales' March 10, 2004 meeting with certain members of Congress known as the "Gang of Eight." The notes discuss legal concerns about the program. As the Inspector General of the Department of Justice reported: "The NSA officials determined that 3 of 21 paragraphs in the notes contains SCI information about the NSA surveillance program [and] 1 paragraph contains SCI information about signals intelligence." Declaration of Kurt Opsahl ("Opsahl Decl.," MDL Docket No. 479) Ex. 7 (Office of the Inspector General, *U.S. Dept. of Justice, Report of Investigation Regarding Allegations of Mishandling of Classified Documents by Att'y Gen. Alberto Gonzales* (Sep. 2, 2008), at p. 10, n.14). Those notes themselves are evidence, or at a minimum are likely to lead to the discovery of admissible evidence, about the scope and legal justification for some portion of the alleged surveillance.

10. Similarly, testimony regarding issues discussed at the March 10, 2004 meeting in Attorney General Ashcroft's hospital room is not classified, since non-cleared personnel were present. *See* Opsahl Decl. Ex. 11 (*Dept. of Justice Oversight*: Hearing before the S. Judiciary Comm. 110th Cong. (Jan 18, 2007)).[2] Again, those issues are either directly relevant to the surveillance alleged in this case or are likely to lead to the discovery of admissible evidence about the facts of the surveillance that led to legal concerns about it at the Department of Justice.

11. Plaintiffs would take depositions of and seek documents from the named sources in the published reports included in the Summary of Voluminous Evidence (Exhibit A hereto) and in the Additional Authorities, regarding those sources' personal knowledge of published or unpublished information or their discussions with or knowledge of other sources of information.

12. To the extent Plaintiffs are able independently to identify any additional sources of evidence, Plaintiffs would seek to obtain declarations from, or propound depositions on written questions to, any unnamed sources, including those quoted in news reports.

13. Plaintiffs would seek discovery regarding the fact of the carriers' interception and

---

[2] *Available at* http://www.washingtonpost.com/wp-srv/politics/documents/gonzalez_transcript_072407.html.

3
DECLARATION OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(f) IN OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT
CASE NO. C-08-4373-VRW

442718.02

disclosure of the communications and communications records of the telecommunications companies' customers, including those of the named Plaintiffs and class members.

14. Plaintiffs would take the depositions of Qwest executives including Joseph Nacchio regarding non-privileged discussions with the NSA pertaining to warrantless wiretapping, including content data acquisition. Published accounts note that unlike AT&T, Qwest publicly disclosed that it received a request from the NSA to intercept and disclose customer communications and data, and that it rejected the request.

15. Plaintiffs would take the depositions of Verizon executives regarding non-privileged discussions with the NSA pertaining to warrantless surveillance, including content data acquisition, among other things. For instance, a Verizon Wireless spokeswoman has publicly disclosed that Verizon Wireless received but rejected requests by the NSA that Verizon Wireless intercept and disclose customer communications and data.

16. Plaintiffs would request an inspection of the premises of AT&T's Folsom Street facility under Fed. R. Civ. P. 34, including the WorldNet Internet room, the splitter cable, the inside and outside of the splitter cabinet, and the area outside the SG3 Secure Room. Plaintiffs would also request an inspection of the premises outside of other of AT&T's SG3 rooms, which the record indicates exist in Atlanta, Seattle, San Jose, San Diego, and Los Angeles. Declaration of Mark Klein ¶ 36 (*Hepting v. AT&T*, No. C-06-672 VRW, Docket No. 31 [Vol. 5, Ex. 78, p. 02041]).

17. Plaintiffs would take the depositions (or obtain the sworn declarations) of current or former AT&T employees with knowledge of, and who worked in, the SG3 Secure Room, doing so in a manner that would protect the identities of these witnesses, as needed. Such persons would include, but are not limited to: (1) James W. Russell, who filed a Declaration dated April 10, 2006, under seal due to AT&T trade secret concerns, *see* Notice of Manual Filing, *Hepting* Docket No 42; and (2) the named author of certain exhibits to the Klein Declaration that were also filed under seal. *See* Notice of Manual Filing, *Hepting* Docket No. 31.

18. Plaintiffs would request an inspection of AT&T's facilities housing the Daytona

4
DECLARATION OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(f) IN OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT
CASE NO. C-08-4373-VRW

442718.02

database and databases used for similar purposes at AT&T and other carriers.

19. Plaintiffs would take depositions of the persons most knowledgeable about AT&T's Daytona database and databases used for similar purposes at AT&T and other carriers.

20. Each of the topics of specific discovery outlined above is highly likely to yield further evidence of genuinely disputed material facts relating to all of Plaintiffs' claims. Specifically, the discovery would lead to evidence regarding the nature and scope of the Government's surveillance program, the timing of efforts to concoct a legal justification for the program, the efforts to mislead Congress and the FISA court about the illegal aspects of the program, and the intention on the part of the individual defendants to violate the Wiretap Act, ECPA, FISA and the Fourth Amendment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 3rd day of June 2009.

                                        /s/ per General Order 45X.B
                                        CINDY COHN

5
DECLARATION OF CINDY COHN PURSUANT TO FED. R. CIV. P. 56(f) IN OPPOSITION TO GOVERNMENT DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT
CASE NO. C-08-4373-VRW

442718.02