1    ELECTRONIC FRONTIER FOUNDATION          THOMAS E. MOORE III (115107)
     CINDY COHN (145997)                     tmoore@moorelawteam.com
2    cindy@eff.org                           THE MOORE LAW GROUP
     LEE TIEN (148216)                       228 Hamilton Avenue, 3rd Floor
3    KURT OPSAHL (191303)                    Palo Alto, CA 94301
     KEVIN S. BANKSTON (217026)              Telephone:  650/798-5352; Fax:  650/798-5001
4    JAMES S. TYRE (083117)
     454 Shotwell Street                     KEKER & VAN NEST, LLP
5    San Francisco, CA  94110                RACHAEL E. MENY (178514)
     Telephone:  415/436-9333; Fax:  415/436-9993   rmeny@kvn.com
6                                            PAUL L. BLIZZARD (207920)
     RICHARD R. WIEBE (121156)               MICHAEL S. KWUN (198945)
7    wiebe@pacbell.net                       AUDREY WALTON-HADLOCK (250574)
     LAW OFFICE OF RICHARD R. WIEBE          710 Sansome Street
8    425 California Street, Suite 2025       San Francisco, CA 94111-1704
     San Francisco, CA 94104                 Telephone: 415/391-5400; Fax: 415/397-7188
9    Telephone:  415/433-3200; Fax:  415/433-6382

10   Attorneys for Plaintiffs

11                      UNITED STATES DISTRICT COURT

12               FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14   CAROLYN JEWEL, et al.,                  )   CASE NO. C-08-4373-VRW
                                             )
15                                           )
                          Plaintiffs,        )   **PLAINTIFFS' MOTION FOR**
16                                           )   **ADMINISTRATIVE RELIEF FROM**
        v.                                   )   **IMPROPER MOTION FOR**
17                                           )   **RECONSIDERATION BY INDIVIDUAL**
     NATIONAL SECURITY AGENCY, et al.,       )   **CAPACITY DEFENDANTS**
18                                           )
                          Defendants.        )   **REQUEST FOR IMMEDIATE STATUS**
19                                           )   **CONFERENCE ON JULY 15, 2009**
                                             )
20                                           )   **Local Rule 7-11**
                                             )
21   _____)

22

23

24

25

26

27

28   439395.01
     Case No. C-08-4373-VRW
                          **PLAINTIFFS' MOTION FOR ADMINISTRATIVE**
                          **RELIEF FROM IMPROPER MOTION FOR**
                          **RECONSIDERATION**

Dockets.Justia.com

1    Pursuant to Civil Local Rule 7-11, Plaintiffs hereby move for administrative relief from the

2    Individual Capacity Defendants' improperly filed Motion for Relief from this Court's April 28 and

3    May 8 Orders (Dkt. No. 32), filed on the afternoon of Friday, July 10, 2009. Plaintiffs respectfully

4    request that Defendants' motion be treated as a motion for reconsideration, denied as such, and

5    Defendants be held to the requirement that they answer or otherwise respond to the Complaint by

6    the date ordered by this Court: July 15, 2009. Alternatively, Plaintiffs seek a status conference after

7    the hearing on the Motion to Dismiss on July 15, 2009 to discuss the procedure for moving forward

8    this portion of the case.  Plaintiffs' counsel contacted defense counsel on the morning of July 13,

9    2009 to request that the motion be withdrawn. Defense counsel declined. Plaintiffs' counsel and

10   defense counsel agree, however, that if a status conference is to be held it would be most efficient

11   for the court and all parties if it was held on July 15, 2009 after the hearing on the Motion to

12   Dismiss brought by the other defendants in this action. Cohn Decl, paras. 3-5.

13   The Individual Capacity Defendants previously moved this Court for a stay such that they

14   did not have to respond to the Complaint until after the government's motion to dismiss was

15   resolved. (Dkt. No. 22). That motion was filed on the day that the government's response was due.

16   This Court denied their administrative motion and ordered them to respond on July 15, 2009. (Dkt.

17   Nos. 25, 27). Now, the Individual Capacity Defendants have effectively moved for reconsideration

18   of the Court's Order, and have filed a motion noticed for September 17, 2009 (Dkt. No. 32).

19   Effectively, said Defendants have unilaterally given themselves at least an additional two-month

20   stay. This is unacceptable.

21   While styled as a "Motion for Relief from Court's Orders," Defendants' motion plainly

22   seeks reconsideration of this Court's Orders, and should be treated as a Motion for

23   Reconsideration. *See Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 635 (9th Cir.1989) ("nomenclature

24   is not controlling," courts will decide "whether a motion, however styled, is appropriate for the

25   relief request."); *see also e.g. Sodipo v. Caymas Systems, Inc.*, 2006 WL 2850056 (N.D. Cal.

26   2006); *Saini v. I.N.S.*, 64 F. Supp. 2d 923 (D. Ariz. 1999); *Puckett v. Dyer*, 2007 WL 4180686

27   (E.D. Cal. 2007). In the Northern District, a motion for reconsideration is governed by Civil Local

28

439395.01
Case No. C-08-4373-VRW

-1-

1   Rule 7-9. The Individual Capacity Defendants failed to follow the requirements of Local Rule 7-9

2   or meet the standard set therein. Under Local Rule 7-9, a Motion for Reconsideration requires

3   leave of court. *See* Civil L.R. 7-9(a); *Avery v. Thompson*, 2009 WL 765105 (N.D. Cal. 2009).

4   Defendants plainly did not seek leave of Court before filing this motion,[1] and "for this reason

5   alone, the motion could be denied." *Flotsam of Cal. v. Huntington Beach Conf. and Visitors Bur.*,

6   2007 WL 1152682 (N.D. Cal. 2007). Nor are Defendants excused from this requirement because

7   this Court's April 27 Order (Dkt. No. 25) was "without prejudice." Mot. For Relief at 1-2; *see e.g.*

8   *County of Santa Clara v. Astra USA, Inc.*, 2009 WL 1765811 (N.D. Cal. 2009) (considering motion

9   for leave to file motion for reconsideration of prior motion decided without prejudice); *Newman v.*

10  *McGrath*, 2008 WL 512726 (N.D. Cal. 2008) (same).

11       Nor do Defendants satisfy any of the requirements for a motion for reconsideration. *See*

12  Civil L.R. 7-9(b) (listing requirements for a motion for reconsideration). Indeed, the motion largely

13  restates the arguments that were properly rejected by this Court in its Order of April 27, 2009 (Dkt.

14  No. 25). Local Rule 7-9(c) explicitly prohibits such re-argument.

15       Plaintiffs have already explained why the Individual Capacity Defendants have not met the

16  standard for a stay of the claims against them, in response to Defendants' first Motion to Enlarge

17  Time, filed on the last deadline for their responsive pleading, April 3, 2009 (Dkt. No. 22). Three

18  more months have now passed, making it nearly ten months since this case was filed, and these

19  Defendants still refuse to provide a responsive pleading.

20       The only portion of the Individual Capacity Defendants' motion that is arguably new is the

21  dubious and unsupported claim that the individual Defendants have an "absolute right" to file a

22  motion for summary judgment on their qualified immunity defenses prior to discovery, a "right"

23  the Defendants claim they cannot yet exercise due to the government's assertion of the state secrets

24  privilege. Defendants make no effort to explain why they could not have reasonably raised this

25  argument in their original motion (or more than three court days prior to the due date), but more

26  importantly it is meritless.

27

_____

[1] Nor did Defendants meet and confer with Plaintiffs.

28
-2-
PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF
FROM IMPROPER MOTION FOR RECONSIDERATION

1   Even if the governments' state secrets argument was likely to succeed,[2] at this stage the

2   Individual Defendants are only entitled to bring a Motion to Dismiss for qualified immunity, not a

3   motion for summary judgment. As Plaintiffs explained in April, nothing about the pendency of the

4   government's state secrets motion impairs them from bringing such a motion to dismiss, because it

5   would be based on and limited to Plaintiffs' allegations.[3]

6   It is finally time for the claims against these Defendants to get underway. Defendants'

7   Motion for Relief from the April 7 and May 8 Orders is procedurally improper and borders on

8   frivolous. As with its first motion, this was brought so close to the deadline as to create a *de facto*

9   extension of time and was brought without appropriate efforts to meet and confer with Plaintiffs.

10  Plaintiffs respectfully request that Defendants' Motion be treated as a motion for

11  reconsideration, denied on that basis and that the individual capacity Defendants be held to respond

12  to the Complaint by the date previously set by this Court, July 15, 2009. Alternatively, Plaintiffs

13  request a status conference on July 16, 2009, or as soon thereafter as this matter may be heard so

14  that the parties and the Court may jointly discuss how these claims can proceed.

15

16  DATED:  July 13, 2009

17                              By _____/s/Cindy A. Cohn_____

18                                 ELECTRONIC FRONTIER FOUNDATION
                                   CINDY COHN
                                   LEE TIEN
19                                 KURT OPSAHL

20  _____
    [2] As explained in Plaintiffs' Opposition to Motion to Enlarge Time (Dkt. No. 23), the government's
21  state secrets argument is not likely to succeed. *See also* Plaintiffs' Opposition to Motion to Dismiss
    (Dkt. No. 29).
22
    [3] Regardless, as Plaintiffs also explained in April, to the extent that the individual Defendants
23  intend to file an answer to the Complaint or a motion requiring supporting evidence that they
    believe may be subject to national security concerns, Plaintiffs have no objection to the individual
24  Defendants initially filing a sealed answer or declaration (along with an appropriately redacted
    public version) that would be treated pursuant to Section 1806(f) until such time as the Court could
25  determine if the stated concerns are valid. Such a procedure would also be permissible under the
    state secret privilege doctrine. *Fitzgerald v. Penthouse Intern, Ltd.*, 776 F.2d 1236, 1238, n.312
26  (4th Cir. 1985) (advising courts to use "creativity and care" in devising procedures to promote the
    ultimate resolution on the merits); *see also Halpern v. U.S.*, 258 F.2d 36, 43 (2nd Cir. 1958); *Loral
27  Corp. v. McDonnell Douglas Corp.*, 558 F.2d 1130 (2nd Cir. 1977); *Spock v. U.S.,* 464 F. Supp.
    510, 520 (S.D.N.Y. 1978) (endorsing creative solutions to manage state secret privilege issues).
28
    439395.01                          -3-
    Case No. C-08-4373-VRW

1    KEVIN S. BANKSTON
     JAMES S. TYRE
2    454 Shotwell Street
     San Francisco, CA  94110
3    Telephone:  415/436-9333
     415/436-9993 (fax)
4
     RICHARD R. WIEBE
5    LAW OFFICE OF RICHARD R. WIEBE
     425 California Street, Suite 2025
6    San Francisco, CA 94104
     Telephone:  (415) 433-3200
7    Facsimile:  (415) 433-6382

8    THOMAS E. MOORE III
     THE MOORE LAW GROUP
9    228 Hamilton Avenue, 3rd Floor
     Palo Alto, CA 94301
10   Telephone: (650) 798-5352
     Facsimile: (650) 798-5001
11
     KEKER & VAN NEST, LLP
12   RACHAEL E. MENY
     PAUL L. BLIZZARD
13   MICHAEL S. KWUN
     AUDREY WALTON-HADLOCK
14   710 Sansome Street
     San Francisco, CA 94111-1704
15   Telephone: 415/391-5400; Fax: 415/397-7188

16
     Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28
     439395.01                          -4-
     Case No. C-08-4373-VRW
     ─────────────────────────────────────────
     PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF
     FROM IMPROPER MOTION FOR RECONSIDERATION