ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (SBN 145997)
cindy@eff.org
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
KEVIN S. BANKSTON (SBN 217026)
JAMES S. TYRE (SBN 083117)
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333; Facsimile: (415) 436-9993

KEKER & VAN NEST, LLP
RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
PAULA L. BLIZZARD (SBN 207920)
pblizzard@kvn.com
MICHAEL S. KWUN (SBN 198945)
mkwun@kvn.com
AUDREY WALTON-HADLOCK (SBN 250574)
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, California 94111-1704
Telephone: (415) 391-5400; Facsimile: (415) 397-7188

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
425 California Street, Suite 2025
San Francisco, California 94104
Telephone: (415) 433-3200; Facsimile: (415) 433-6382

THE MOORE LAW GROUP
THOMAS E. MOORE III (SBN 115107)
tmoore@moorelawteam.com
228 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
Telephone: (650) 798-5352; Facsimile: (650) 798-5001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, et al.,<br><br>Defendants. | Case No. C-08-4373-VRW<br><br>CLASS ACTION<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF ON THE SCOPE OF FISA ACT PREEMPTION**<br><br>**Local Rule 7-11**<br>Judge:   Vaughn R. Walker<br>Date Comp. Filed:   September 18, 2008 |

446553.02

PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF ON THE SCOPE OF FISA ACT PREEMPTION
CASE NO. C-08-4373-VRW

Dockets.Justia.com

1   Pursuant to Civil Local Rule 7-11, Plaintiffs hereby seek leave to file a supplemental
2   brief on the scope of the FISA Act's preemption of the State Secrets Privilege, especially in light
3   of the Court's questioning on that subject during the hearing on July 15, 2009.
4   Plaintiffs' counsel left a message for defense counsel Mr. Coppolino on July 30,
5   informing him of this motion and request and offering that plaintiffs would agree that the
6   government could have 10 court days to respond with a brief of comparable length. Cohn Decl.,
7   ¶ 2. Counsel said that he would prefer to reserve the government's position until he sees the
8   motion and brief. He also indicated that given his current schedule, if the Court were to grant
9   Plaintiffs motion he would seek at least thirty days to respond to the brief from the date that the
10  motion was granted. Cohn Decl., ¶ 3.
11  The Court has previously held that "FISA preempts the state secrets privilege in
12  connection with electronic surveillance for intelligence purposes." *In re NSA Telecomm. Litig.*,
13  564 F. Supp. 2d 1109, 1111 (N.D.Cal. 2008). Moreover, "Section 1806(f) is … how courts
14  should handle claims by the government that the disclosure of materials relating to or derived
15  from electronic surveillance would harm national security." *Id.* at 1119. However, the Court has
16  also held that "FISA preempts or displaces the state secrets privilege, but only in cases within the
17  reach of its provisions." *Id.* at 1124.
18  The issue raised by the Court at oral argument for the first time was whether Section
19  1806(f)'s procedure for determining the legality of electronic surveillance reaches all claims to
20  enforce the "exclusive means" of regulating electronic surveillance that Congress established
21  with the FISA Act—which now includes the Wiretap Act and the SCA in addition to title 50—or
22  merely the subset of those claims placed in title 50. Plaintiffs believe that 1806(f)'s procedures
23  apply to all aspects of Congress's "exclusive means" for regulating electronic surveillance,
24  wherever the court must decide whether surveillance is legal and the government claims that
25  disclosure of related material would harm national security.
26  Plaintiffs' supplemental brief presents new information from the legislative history of the
27  FISA Act and addresses the plain language and context of section 1806(f) more fully than
28  counsel was able to do at oral argument. It also articulates the clear limiting principles within

1
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF ON THE
SCOPE OF FISA ACT PREEMPTION
CASE NO. C-08-4373-VRW

446553.02

section 1806(f) that restrict its scope to the problem Congress was attempting to solve—ensuring justiciability of surveillance hidden behind a claim of national security, regardless of the statutory footing for either the surveillance or the challenge brought to the surveillance.  We believe that the supplemental brief will assist the Court as it considers the currently pending motion to dismiss.

Dated:  August 3, 2009

Respectfully submitted,

By: _____/s/_____

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (SBN 145997)
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
KEVIN S. BANKSTON (SBN 217026)
JAMES S. TYRE (SBN 083117)
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

KEKER & VAN NEST, LLP
RACHAEL E. MENY (SBN 178514)
PAULA L. BLIZZARD (SBN 207920)
MICHAEL S. KWUN (SBN 198945)
AUDREY WALTON-HADLOCK (SBN 250574)
710 Sansome Street
San Francisco, California  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

RICHARD R. WIEBE (SBN 121156)
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, California 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

THOMAS E. MOORE III (SBN 115107)
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
Telephone: (650) 798-5352
Facsimile: (650) 798-5001

Attorneys for Plaintiffs

2
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF ON THE SCOPE OF FISA ACT PREEMPTION
CASE NO. C-08-4373-VRW

446553.02