# Exhibit A

95TH CONGRESS
2D SESSION

# S. 1566

## IN THE HOUSE OF REPRESENTATIVES

APRIL 24, 1978

Referred to the Committee on the Judiciary

# AN ACT

To amend title 18, United States Code, to authorize applications for a court order approving the use of electronic surveillance to obtain foreign intelligence information.

1  *Be it enacted by the Senate and House of Representa-*
2  *tives of the United States of America in Congress assembled,*
3  That this Act may be cited as the "Foreign Intelligence
4  Surveillance Act of 1978".
5      SEC. 2. Title 18, United States Code, is amended by
6  adding a new chapter after chapter 119 as follows:

   I

2

1 "Chapter 120.—ELECTRONIC SURVEILLANCE WITH-
2 IN THE UNITED STATES FOR FOREIGN INTEL-
3 LIGENCE PURPOSES

"Sec.
"2521. Definitions.
"2522. Authorization for electronic surveillance for foreign intelligence purposes.
"2523. Designation of judges authorized to grant orders for electronic surveillance.
"2524. Application for an order.
"2525. Issuance of an order.
"2526. Use of information.
"2527. Report of electronic surveillance.
"2528. Congressional oversight.

4 "§ 2521. Definitions

5 "(a) Except as otherwise provided in this section the
6 definitions of section 2510 of this title shall apply to this
7 chapter.

8 "(b) As used in this chapter—

9     "(1) 'Foreign power' means—

10         "(A) a foreign government or any component
11         thereof, whether or not recognized by the United
12         States;

13         "(B) a faction of a foreign nation or nations,
14         not substantially composed of United States
15         persons;

16         "(C) an entity, which is openly acknowledged
17         by a foreign government or governments to be
18         directed and controlled by such foreign government
19         or governments;

6

1  "(ii) the successful conduct of the foreign
2  affairs of the United States; or
3  "(C) information which relates to, and if con-
4  cerning a United States person is necessary to, the
5  ability of the United States to protect against—
6  "(i) sabotage or terrorism by a foreign
7  power or an agent of a foreign power, or
8  "(ii) the clandestine intelligence activities
9  of an intelligence service or network of a foreign
10  power or an agent of a foreign power.
11  "(6) 'Electronic surveillance' means—
12  "(A) the acquisition by an electronic, mechan-
13  ical, or other surveillance device of the contents of
14  any wire or radio communication sent by or intended
15  to be received by a particular, known United States
16  person who is in the United States, where the con-
17  tents are acquired by intentionally targeting that
18  United States person, under circumstances in which
19  a person has a reasonable expectation of privacy and
20  a warrant would be required for law enforcement
21  purposes;
22  "(B) the acquisition by an electronic, mechan-
23  ical, or other surveillance device, of the contents of
24  any wire communication to or from a person in the
25  United States, without the consent of any party

7

thereto, where such acquisition occurs in the United States while the communication is being transmitted by wire;

"(C) the intentional acquisition, by an electronic, mechanical, or other surveillance device, of the contents of any radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes, and where both the sender and all intended recipients are located within the United States; or

"(D) the installation or use of an electronic, mechanical, or other surveillance device in the United States for monitoring to acquire information, other than from a wire or radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes.

"(7) 'Attorney General' means the Attorney General of the United States (or Acting Attorney General) or the Deputy Attorney General.

"(8) 'Minimization procedures' means procedures which are reasonably designed to minimize the acquisition and retention, and prohibit the dissemination, except as provided for in subsections 2526 (a) and (b), of

1 the surveillance, no information obtained or evidence
2 derived from such surveillance shall be received in
3 evidence or otherwise disclosed in any trial, hearing,
4 or other proceeding in or before any court, grand jury,
5 department, office, agency, regulatory body, legislative
6 committee, or other authority of the United States, a
7 State, or political subdivision thereof; and no informa-
8 tion concerning any United States person acquired from
9 such surveillance shall subsequently be used or dis-
10 closed in any other manner by Federal officers or
11 employees without the consent of such person, except
12 with the approval of the Attorney General where the
13 information indicates a threat of death or serious bodily
14 harm to any person. A denial of the application made
15 under this subsection may be reviewed as provided
16 in section 2523.

17 "§ 2526. Use of information

18 "(a) Information concerning United States persons
19 acquired from an electronic surveillance conducted pursuant
20 to this chapter may be used and disclosed by Federal officers
21 and employees without the consent of the United States per-
22 son only for purposes specified in section 2521 (b) (8) (A)
23 through (F) and in accordance with the minimization pro-
24 cedures required by this chapter, or for the enforcement of
25 the criminal law if its use outweighs the possible harm to

22

1  the national security. No otherwise privileged communica-
2  tion obtained in accordance with, or in violation of, the
3  provisions of this chapter shall lose its privileged character.
4  No information acquired from an electronic surveillance
5  conducted pursuant to this chapter may be used or disclosed
6  by Federal officers or employees except for lawful purposes.
7  "(b) The minimization procedures required under this
8  chapter shall not preclude the retention and disclosure, for
9  law enforcement purposes, of any information which consti-
10 tutes evidence of a crime if such disclosure is accompanied
11 by a statement that such evidence, or any information de-
12 rived therefrom, may only be used in a criminal proceeding
13 with the advance authorization of the Attorney General.
14 "(c) Whenever the Government of the United States,
15 of a State, or of a political subdivision thereof intends to
16 enter into evidence or otherwise use or disclose in any trial,
17 hearing, or other proceeding in or before any court, depart-
18 ment, officer, agency, or other authority of the United
19 States, a State, or a political subdivision thereof, any infor-
20 mation obtained or derived from an electronic surveillance,
21 the Government shall prior to the trial, hearing, or other
22 proceeding or at a reasonable time prior to an effort to so
23 disclose or so use the information or submit it in evidence
24 notify the court in which the information is to be disclosed or
25 used or, if the information is to be disclosed or used in or

1 before another authority, shall notify a court in the district
2 wherein the information is to be so disclosed or so used that
3 the Government intends to so disclose or so use such infor-
4 mation.

5 "(d) Any person who has been the target of electronic
6 surveillance or whose communications or activities have been
7 subject to electronic surveillance and against whom evidence
8 derived from such electronic surveillance is to be, or has
9 been, introduced or otherwise used or disclosed in any trial,
10 hearing, or proceeding in or before any court, department
11 officer, agency, regulatory body or other authority of the
12 United States, a State, or a political subdivision thereof,
13 may move to suppress the contents of any communication
14 acquired by electronic surveillance, or evidence derived
15 therefrom, on the grounds that—

16     "(1) the communication was unlawfully acquired;
17     or

18     "(2) the surveillance was not made in conformity
19     with the order of authorization or approval.

20 Such motion shall be made before the trial, hearing, or pro-
21 ceeding unless there was no opportunity to make such
22 motion or the person was not aware of the grounds of the
23 motion.

24 "(e) Whenever any court is notified in accordance with
25 subsection (c), or whenever a motion is made by an ag-

24

1 grieved person pursuant to subsection (d), to suppress evi-
2 dence on the grounds that it was obtained or derived from an
3 unlawful electronic surveillance, or whenever any motion or
4 request is made by an aggrieved person pursuant to section
5 3504 of this title or any other statute or rule of the United
6 States, to discover, obtain, or suppress evidence or informa-
7 tion obtained or derived from electronic surveillance, the
8 Federal court, or where the motion is made before another
9 authority, a Federal court in the same district as the author-
10 ity, shall, notwithstanding any other law, if the Government
11 by affidavit asserts that disclosure or an adversary hearing
12 would harm the national security of the United States, re-
13 view in camera and ex parte the application, order, and other
14 materials relating to the surveillance as may be necessary to
15 determine whether the surveillance was authorized and con-
16 ducted in a manner that did not violate any right afforded by
17 the Constitution and statutes of the United States to the ag-
18 grieved person. In making this determination, the court shall
19 disclose to the aggrieved person portions of the application,
20 order, or other materials relating to the surveillance only
21 where such disclosure is necessary to make an accurate deter-
22 mination of the legality of the surveillance. If the court de-
23 termines that the electronic surveillance of the aggrieved
24 person was not lawfully authorized or conducted, the court
25 shall in accordance with the requirements of law suppress the

1 information obtained or evidence derived from the unlawful
2 electronic surveillance. If the court determines that the sur-
3 veillance was lawfully authorized and conducted, the court
4 shall deny any motion for disclosure or discovery unless re-
5 quired by due process.
6 "(f) If an emergency employment of the electronic
7 surveillance is authorized under section 2525(d) and a sub-
8 sequent order approving the surveillance is not obtained, the
9 judge shall cause to be served on any United States person
10 named in the application and on such other United States
11 persons subject to electronic surveillance as the judge may
12 determine in his discretion it is in the interest of justice to
13 serve, notice of—
14     "(1) the fact of the application;
15     "(2) the period of the surveillance; and
16     "(3) the fact that during the period information
17 was or was not obtained.
18 On an ex parte showing of good cause to the judge the serv-
19 ing of the notice required by this subsection may be post-
20 poned or suspended for a period not to exceed ninety days.
21 Thereafter, on a further ex parte showing of good cause, the
22 court shall forego ordering the serving of the notice required
23 under this subsection.
24 "(g) In circumstances involving the unintentional
25 acquisition, by an electronic, mechanical, or other surveil-

lance device of the contents of any radio communication, under circumstances in which a person has a reasonable expectation of privacy and a warrant would be required for law enforcement purposes, and where both the sender and all intended recipients are located within the United States, such contents shall be destroyed upon recognition, except with the approval of the Attorney General where the contents indicate a threat of death or serious bodily harm to any person.

"**§ 2527. Report of electronic surveillance**

"In April of each year, the Attorney General shall report to the Administrative Office of the United States Courts and shall transmit to Congress with respect to the preceding calendar year—

"(1) the total number of applications made for orders and extensions of orders approving electronic surveillance; and

"(2) the total number of such orders and extensions either granted, modified, or denied.

"**§ 2528. Congressional oversight**

"(a) On a semiannual basis the Attorney General shall fully inform the House Permanent Select Committee on Intelligence and the Senate Select Committee on Intelligence concerning all electronic surveillance under this chapter. Nothing in this chapter shall be deemed to limit the author-

ity and responsibility of the appropriate committees of each House of Congress to obtain such additional information as they may need to carry out their respective functions and duties.

"(b) On or before one year after the effective date of this chapter, and on the same day each year thereafter, the Select Committee on Intelligence of the United States Senate shall report to the Senate, concerning the implementation of this chapter. Said reports shall include but not be limited to an analysis and recommendations concerning whether this chapter should be (1) amended, (2) repealed, or (3) permitted to continue in effect without amendment.".

SEC. 3. The provisions of this Act and the amendment made hereby shall become effective upon enactment: *Provided*, That any electronic surveillance approved by the Attorney General to gather foreign intelligence information shall not be deemed unlawful for failure to follow the procedures of chapter 120, title 18, United States Code, if that surveillance is terminated or an order approving that surveillance is obtained under this chapter within ninety days following the designation of the first judge pursuant to section 2523 of chapter 120, title 18, United States Code.

SEC. 4. Chapter 119 of title 18, United States Code, is amended as follows:

(a) Section 2511 (1) is amended—

1     (1) by inserting "or chapter 120 or with respect to
2 techniques used by law enforcement officers not involv-
3 ing the interception of wire or oral communications
4 as otherwise authorized by a search warrant or order of
5 a court of competent jurisdiction," immediately after
6 "chapter" in the first sentence;

7     (2) by inserting a comma and "or, under color of
8 law, willfully engages in any other form of electronic
9 surveillance as defined in chapter 120" immediately
10 before the semicolon in paragraph (a);

11     (3) by inserting "or information obtained under
12 color of law by any other form of electronic surveillance
13 as defined in chapter 120" immediately after "contents
14 of any wire or oral communication" in paragraph (c);

15     (4) by inserting "or any other form of electronic
16 surveillance, as defined in chapter 120," immediately
17 before "in violation" in paragraph (c);

18     "(5) by inserting "or information obtained under
19 color of law by any other form of electronic surveillance
20 as defined in chapter 120" immediately after "any wire
21 or oral communication" in paragraph (d); and

22     (6) by inserting "or any other form of electronic
23 surveillance, as defined in chapter 120," immediately
24 before "in violation" in paragraph (d).

25     (b) (1) Section 2511 (2) (a) (i) is amended by insert-

29

ing the words "or radio communication" after the words "wire communication" and by inserting the words "or otherwise acquire" after the word "intercept".

(2) Section 2511(2)(a)(ii) is amended by inserting the words "or chapter 120" after the second appearance of the word "chapter," and by striking the period at the end thereof and adding the following: "or engage in electronic surveillance, as defined in chapter 120: *Provided, however,* That before the information, facilities, or technical assistance may be provided, the investigative or law enforcement officer shall furnish to the officer, employee, or agent of the carrier either—

"(1) an order signed by the authorizing judge certifying that a court order directing such assistance has been issued; or

"(2) in the case of an emergency interception or electronic surveillance as provided for in section 2518(7) of this chapter or section 2525(d) of chapter 120, a certification under oath by the investigative or law enforcement officer that the applicable statutory requirements have been met,

and setting forth the period of time for which the electronic surveillance is authorized and describing the facilities from which the communication is to be acquired. Any violation of this subsection by a communication common carrier or an

1 officer, employee, or agency thereof, shall render the carrier
2 liable for the civil damages provided for in section 2520. No
3 communication common carrier or officer, employee, or
4 agent thereof shall disclose the existence of any interception
5 under this chapter or electronic surveillance, as defined in
6 chapter 120, with respect to which the common carrier
7 has been furnished either an order or certification under
8 this subparagraph, except as may otherwise be lawfully
9 ordered.".
10     (c) (1) Section 2511(2)(b) is amended by inserting
11 the words "or otherwise engage in electronic surveillance, as
12 defined in chapter 120," after the word "radio".
13     (2) Section 2511(2)(c) is amended by inserting the
14 words "or engage in electronic surveillance, as defined in
15 chapter 120," after the words "oral communication" and by
16 inserting the words "or such surveillance" after the last word
17 in the paragraph and before the period.
18     (3) Section 2511(2) is amended by adding at the end
19 of the section the following provisions:
20     "(e) Notwithstanding any other provision of this title
21 or section 605 or 606 of the Communications Act of 1934,
22 it shall not be unlawful for an officer, employee, or agent of
23 the United States in the normal course of his official duty
24 under procedures approved by the Attorney General to

conduct electronic surveillance as defined in section 2521 (b) (6) of chapter 120 without a court order for the sole purpose of:

"(i) testing the capability of electronic equipment, provided that no particular United States person shall be intentionally targeted for testing purposes without his consent, the test period shall be limited in extent and duration to that necessary to determine the capability of the equipment, that the content of any communication acquired under this paragraph shall be retained and used only for the purpose of determining the capability of such equipment, shall be disclosed only to the persons conducting the test, and shall be destroyed upon completion of the testing, and that the test may exceed ninety days only with the prior approval of the Attorney General; or

"(ii) determining the existence and capability of electronic surveillance equipment being used unlawfully, provided that no particular United States person shall be intentionally targeted for such purposes without his consent, that such electronic surveillance shall be limited in extent and duration to that necessary to determine the existence and capability of such equipment, and that any information acquired by such surveillance shall be

1 used only to enforce this chapter or section 605 of the
2 Communications Act of 1934 or to protect information
3 from unlawful electronic surveillance.

4 "(f) Nothing contained in this chapter, or section 605
5 of the Communications Act of 1934 (47 U.S.C. 605) shall
6 be deemed to affect the acquisition by the United States
7 Government of foreign intelligence information from inter-
8 national or foreign communications by a means other than
9 electronic surveillance as defined in section 2521(b)(6)
10 of this title; and the procedures in this chapter and chapter
11 120 of this title, shall be the exclusive means by which
12 electronic surveillance, as defined in section 2521(b)(6)
13 of chapter 120, and the interception of domestic wire and
14 oral communications may be conducted.".

15 (d) Section 2511(3) is repealed.

16 (e) Section 2515 is amended by inserting the words
17 "or electronic surveillance, as defined in chapter 120, has
18 been conducted" after the word "intercepted", by inserting
19 the words "or other information obtained from electronic
20 surveillance, as defined in chapter 120," after the second
21 appearance of the word "communication", and by inserting
22 "or chapter 120" after the final appearance of the word
23 "chapter".

33

1     (f) Section 2518(1) is amended by inserting the words
2 "under this chapter" after the word "communication".

3     (g) Section 2518(4) is amended by inserting the
4 words "under this chapter" after both appearances of the
5 words "wire or oral communication".

6     (h) Section 2518(9) is amended by striking the word
7 "intercepted" and inserting the words "intercepted pursuant
8 to this chapter" after the word "communication".

9     (i) Section 2518(10) is amended by striking the word
10 "intercepted" and inserting the words "intercepted pursuant
11 to this chapter" after the first appearance of the word "com-
12 munication".

13     (j) Section 2519(3) is amended by inserting the
14 words "pursuant to this chapter" after the words "wire or
15 oral communications" and after the words "granted or
16 denied".

17     (k) Section 2520 is amended by deleting all below
18 subsection (2) and inserting in lieu thereof: "Any person
19 other than a foreign power or an agent of a foreign power
20 as defined in sections 2521(b)(1) and 2521(b)(2)(A)
21 of chapter 120, who has been subject to electronic surveil-
22 lance, as defined in chapter 120, or whose wire or oral com-

34

1 munciation has been intercepted, or about whom information
2 has been disclosed or used, in violation of this chapter, shall
3 (1) have a civil cause of action against any person who so
4 acted in violation of this chapter and".

Passed the Senate April 20 (legislative day, February 6), 1978.

Attest: J. S. KIMMITT,
*Secretary.*