# Exhibit E

LEGISLATIVE HISTORY
P.L. 95-511
[page 63]

sequent trial testimony, a Government witness provides evidence that the electronic surveillance may have been authorized or conducted in violation of the court order. The most common circumstance in which such a motion might be appropriate would be a situation in which a defendant queries the Government under 18 U.S.C. 3504 and discovers that he has been intercepted by electronic surveillance even before the Government has decided whether evidence derived from that surveillance will be used in the presentation of its case. In this instance, under the appropriate factual circumstances, the defendant might move to suppress such evidence under this subsection even without having seen any of the underlying documentation.

A motion under this subsection shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the movant was not aware of the grounds for the motion. The only change in subsection (d) from S. 3197 is to remove as a separate, independent basis for suppression the fact that the order was insufficient on its face. This is not a substantive change, however, since communications acquired pursuant to an order insufficient on its face would be unlawfully acquired and therefore subject to suppression under paragraph (1).

Subsection (e) states in detail the procedure the court shall follow when it receives a notification under subsection (c) or a suppression motion is filed under subsection (d). This procedure applies, for example, whenever an individual makes a motion pursuant to subsection (d) or 18 U.S.C. 3504, or any other statute or rule of the United States to discover, obtain or suppress evidence or information obtained or derived from electronic surveillance conducted pursuant to this chapter (for example, Rule 12 of the Federal Rules of Criminal Procedure). Although a number of different procedures might be used to attack the legality of the surveillance, it is this procedure "notwithstanding any other law" that must be used to resolve the question. The committee wishes to make very clear that the procedures set out in subsection (e) apply whatever the underlying rule or statute refered to in the motion. This is necessary to prevent the carefully drawn procedures in subsection (e) from being bypassed by the inventive litigant using a new statute, rule or judicial construction.

The special procedures in subsection (e) cannot be invoked until they are triggered by a Government affidavit that disclosure or an adversary hearing would harm the national security of the United States. If no such assertion is made, the committee envisions that mandatory disclosure of the application and order, and discretionary disclosure of other surveillance materials, would be available to the defendant, as is required under title III. When the procedure is so triggered, however, the Government must make available to the court a copy of the court order and accompanying application upon which the surveillance was based.

The court must then conduct an ex parte, in camera inspection of these materials as well as any other documents relation to the surveillance which the Government may be ordered to provide, to determine whether the surveillance was authorized and conducted in a manner which did not violate any constitutional or statutory right of the person against whom the evidence is sought to be introduced. The sub-

4032