ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
KURT OPSAHL (191303)
KEVIN S. BANKSTON (217026)
JAMES S. TYRE (083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: 415/436-9333; Fax: 415/436-9993

RICHARD R. WIEBE (121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: 415/433-3200; Fax: 415/433-6382

THOMAS E. MOORE III (115107)
tmoore@moorelawteam.com
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301
Telephone: 650/798-5352; Fax: 650/798-5001

KEKER & VAN NEST, LLP
RACHAEL E. MENY (178514)
rmeny@kvn.com
PAULA L. BLIZZARD (207920)
MICHAEL S. KWUN (198945)
AUDREY WALTON-HADLOCK (250574)
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: 415/391-5400; Fax: 415/397-7188

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROLYN JEWEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, et al., <br><br> Defendants. | CASE NO. C-08-4373-VRW <br><br> **PLAINTIFFS' OPPOSITION TO INDIVIDUAL CAPACITY DEFENDANTS' MOTION FOR RELIEF FROM THE COURT'S ORDERS OF APRIL 27, 2009, AND MAY 8, 2009** <br><br> Date: September 17, 2009 <br> Time: 10:00 a.m. <br> Courtroom: 6, 17th Floor <br> Judge: The Hon. Vaughn R. Walker |

Case No. C-08-4373-VRW
**PLAINTIFFS' OPPOSITION TO INDIVIDUAL CAPACITY DEFENDANTS' MOTION FOR RELIEF FROM THE COURT'S ORDERS OF APRIL 27, 2009, AND MAY 8, 2009**

I.      Introduction

The Individual Capacity Defendants (IC Defendants) once again ask the Court to order that they "not be required to answer or otherwise respond to plaintiffs' complaint until there is a final resolution of whether information subject to the state secrets and related statutory privileges is necessary to litigate plaintiffs claims." (Dkt. No. 32-1, Proposed Order).  Quite plainly, this is a renewed request for an indefinite stay.  Plaintiffs ask that this renewed request again be denied. There is no reason why the IC Defendants cannot and should not bring at this time any dispositive motion they wish to make based on the pleadings, including any qualified immunity motion. Plaintiffs would agree to a stay extending only until this Court's decision on the Government's pending Motion to Dismiss or in the Alternative for Summary Judgment (Dkt. No. 18), only if the IC Defendants agree to forego any motion to end the litigation based solely on the allegations of the pleadings.

While the NSA's program of wholesale warrantless surveillance of millions of Americans has been ongoing for at least eight years, this case, along with multiple others seeking judicial review of the serious underlying legal and constitutional questions, has essentially languished in preliminary procedural challenges.  Plaintiffs started with a case against AT&T in this Court three and a half years ago.  When Congress created an obstacle to claims against the telecommunications companies, these same plaintiffs (plus an additional one) brought this case against the Government and government employees nearly a year ago.  In the over three years that these cases have been pending, despite the ongoing nature of the harms and the accumulation of a mountain of pleadings and boxes of evidence in support of Plaintiffs' claims, the Government's strategy of raising and re-raising the same arguments based on the state secrets privilege and other governmental privileges has successfully limited forward motion toward the merits.  This, despite repeated rejection of those arguments by both this Court and the Ninth Circuit.

Now the IC Defendants seek, for a second time, to rely on those same rejected arguments to gain an indefinite stay of the claims against them.  In doing so they ignore the actual standards for

Case No. C-08-4373-VRW                                -1-
**PLAINTIFFS' OPPOSITION TO INDIVIDUAL
CAPACITY DEFENDANTS' MOTION FOR RELIEF
FROM THE COURT'S ORDERS OF APRIL 27, 2009,
AND MAY 8, 2009**

granting a stay, and for reconsideration of a previously denied motion, neither of which they can meet.

In short, it is long past time to move this case along and allow judicial consideration of the warrantless surveillance of ordinary Americans, as the surveillance program approaches its ninth year. The motion should be denied.

## II.     Background

The IC Defendants previously moved this Court for the same stay they seek here on the date their original response was due, in April 2009. (Dkt. No. 22). This Court denied their administrative motion and ordered them to respond, with the date ultimately set for July 15, 2009. (Dkt. Nos. 25, 27). On July 10, 2009, just five days before the new deadline for them to respond, the IC Defendants moved for "relief from the court's orders of April 27, 2009 and May 8, 2009," setting their motion for hearing on September 17, 2009. (Dkt. No. 32). Effectively, the IC Defendants unilaterally gave themselves an additional two-month stay. On July 13, 2009, Plaintiffs brought an administrative motion seeking relief from the improper motion for reconsideration (Dkt. No. 33) and the matter was discussed during the hearing on July 15, 2009. (Dkt. No. 37). Plaintiffs' July administrative motion details why the IC Defendants' motion fails to meet the standard for a motion for reconsideration set by Local Rule 7-9 and those arguments are incorporated herein by reference.

## III.    Argument

A request for an indefinite extension of time to respond is a request for an indefinite stay. Yet the IC Defendants fail to set out, much less satisfy, the standards they must meet to justify such a stay, whether their request is construed as a request for a stay pending appeal of the Government's motion to dismiss or as a request for an even lengthier stay pending resolution of all issues related to the state secrets privilege.

The standard for evaluating a request for a stay pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983), *rev'd on other grounds*, 463 U.S. 1328 (1983) (noting the common

Case No. C-08-4373-VRW                               -2-
**PLAINTIFFS' OPPOSITION TO INDIVIDUAL
CAPACITY DEFENDANTS' MOTION FOR RELIEF
FROM THE COURT'S ORDERS OF APRIL 27, 2009,
AND MAY 8, 2009**

language of the test for stay pending appeal and the test for a preliminary injunction, citing *Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n.3 (9th Cir. 1980)).  In the Ninth Circuit, there are two legal tests for the issuance of a preliminary injunction: a showing of either "(1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000), *quoting Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987); *accord Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (en banc); *Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1987).  These tests are "not separate" but rather represent "the outer reaches 'of a single continuum.'" *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980), *quoting Benda v. Grand Lodge of Intern. Ass'n of Machinists and Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978).  Moreover, "the less certain the district court is of the likelihood of success on the merits, the more [the movant] must convince the district court that the public interest and balance of hardships tip in their favor." *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc, per curiam).  When the public interest will be affected by a potential stay, "the public interest is a factor to be strongly considered." *Lopez*, 713 F.2d at 1435, *citing Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977) (per curiam).

Looking beyond the standard for stays pending appeal, the Ninth Circuit follows the general rule from the U.S. Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936), that in order to avoid undue delay, "stays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), *citing Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (requiring a strong showing to justify an indefinite stay). "In light of the general policy favoring stays of short, or at least reasonable, duration, [a] district court err[s] by issuing a stay without any indication that it [will] last only for a reasonable time." *Dependable Highway Express*, 208 F.3d at 1067.  Furthermore, as *Landis* cautions, "'if there is even a fair possibility that the stay…will work damage to someone else,' the stay may be

inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express*, 208 F.3d at 1066, *quoting Landis*, 299 U.S. at 255. Therefore, and to "prevent the ossification of rights which attends inordinate delay," the court must "balance the length of the stay against the strength of the justification given for it," and "if a stay is especially long or indefinite," the court must "require a greater showing to justify it." *Yong*, 208 F.3d at 1119 (internal quotations and citations omitted). As shown below, the IC Defendants have failed to make any showing that they will be harmed absent a stay, particularly considering that "being required to defend a suit…does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Dependable Highway Express*, 208 F.3d at 1066, *quoting Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

### A. A Stay Is Inappropriate Where There is No Likelihood of Success on the Merits of the Government's State Secrets Motion.

In order to meet the Ninth Circuit standard for a stay pending appeal, the IC Defendants must demonstrate that the Government has a likelihood of success on the merits of its motion to dismiss based on the state secrets privilege. This they cannot do. The Government's state secrets arguments have all been previously rejected by this Court and the Ninth Circuit. First, arguments virtually identical to those made in the Government's motion were rejected by this Court in *Hepting v. AT&T Corp.*, 439 F. Supp. 2d 974 (N.D.Cal. 2006) (denying Government's motion for threshold dismissal based on the state secrets privilege). Meanwhile, in the *Al-Haramain* case, the Ninth Circuit concluded that the entire subject matter of the NSA program is not a state secret, *Al-Haramain v. Bush,* 507 F.3d 1190, 1201 (9th Cir. 2007), while this Court concluded that 50 U.S.C. § 1806(f) of the Foreign Intelligence Surveillance Act, "Congress's specific and detailed prescription for how courts should handle claims by the government that the disclosure of material relating to or derived from electronic surveillance would harm national security," preempts the common-law state secrets privilege in such cases. *In re National Security Agency Telecomm.'s Records Litig.*, 564 F. Supp. 2d 1109, 1119 (N.D. Cal. 2008).[1] Finally and most recently, in

---

[1] Even the Government "recognize[s] the Court has addressed this issue in the *Al-Haramain* action and is unlikely to change its view." (Dkt. No. 18 at 24:14-15).

Case No. C-08-4373-VRW -4-
**PLAINTIFFS' OPPOSITION TO INDIVIDUAL CAPACITY DEFENDANTS' MOTION FOR RELIEF FROM THE COURT'S ORDERS OF APRIL 27, 2009, AND MAY 8, 2009**

1  *Mohamed v. Jeppesen Dataplan, Inc.*, 563 F.3d 992 (9th Cir. 2009), the Ninth Circuit reaffirmed
2  that threshold dismissal of an action because its "very subject matter" is a state secret is permissible
3  only if the case is based on a secret agreement between the plaintiff and the Government.
4  *Mohamed*, 563 F.3d at 1004.  Taken together, these precedents demonstrate the manifest
5  *unlikelihood* of success for the Government's state secrets motion.  The Government's tactical
6  decision to raise these rejected arguments again simply does not meet the high standard of
7  "likelihood of success on the merits" that the Ninth Circuit requires before a court may grant a stay
8  of the case against the IC Defendants.

**B.    Requiring the Individual Capacity Defendants To Bring Their Motion to Dismiss on the Grounds of Qualified Immunity Now Will Not Result in Irreparable Harm.**

11  The core practical argument raised by the IC Defendants is that they cannot bring a motion
12  for summary judgment on qualified immunity grounds while the Government's motion on the state
13  secrets privilege is pending.  This assertion fails to demonstrate the irreparable harm required of a
14  stay pending appeal, or the showing of clear hardship and inequity required by *Landis* and its
15  progeny, because the IC Defendants can assert their qualified immunity defense at this time by
16  means of a motion to dismiss.  Nothing about the pendency of the Government's state secrets
17  privilege motion impairs the IC Defendants' ability to bring a qualified immunity motion to
18  dismiss, because such a motion would be based on and limited to Plaintiffs' allegations.  Because
19  those allegations have at all times been available for testing against the standards of qualified
20  immunity, the state secrets privilege has no bearing on the IC Defendants' ability to raise qualified
21  immunity as a threshold matter.
22  Government officials have a right to file a pre-discovery motion to test a plaintiff's
23  *allegations* against the qualified immunity standard.  A determination that the facts alleged show
24  that an officer's conduct violated a constitutional right "*must* be the initial inquiry in every
25  qualified immunity case." *Pearson v. Callahan*, 129 S. Ct. 808, 816 (2009), *quoting Saucier v.*
26  *Katz*, 533 U.S. 194, 201 (2001) (emphasis in original).  The standard by which a court must make
27  that determination is an objective one: an official is shielded from liability "insofar as their conduct

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982). This standard is applied in a two-step sequence: first, a court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional or statutory right; and second, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson*, 129 S. Ct. at 815-16. The sequence may be varied in the court's sound discretion. *Id.* at 818.

An official's right to qualified immunity is measured against the facts that "a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56)." *Id*. at 816. Qualified immunity can be raised at the motion to dismiss stage and in a motion for summary judgment. As the Ninth Circuit has noted, "(1) *prior to discovery*, the defendants remain free to argue that the law was not clearly established at the time of the alleged constitutional violations and (2) *after discovery*, the defendants can again move for summary judgment based on nonparticipation in the unconstitutional acts." *Velasquez v. Senko*, 813 F.2d 1509, 1512 (9th Cir. 1987) (concurring opinion by Hall, J.), *citing Mitchell v. Forsyth*, 472 U.S. 511, 526-28, 530, 535-36 (1985) (emphases in original). The qualified immunity analysis on a motion to dismiss is a "purely legal" question of "whether the facts alleged…support a claim of violation of clearly established law." *Mitchell*, 472 U.S. at 528 n.9. Indeed, until that threshold legal question is resolved, discovery is not allowed. *Pearson,* 129 S. Ct. at 815; *see also Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991).

In their brief, the IC Defendants appear to maintain that they have a right to bring a pre-discovery motion for summary judgment that is based on facts and evidence that are outside of the four corners of the complaint: "In the current procedural posture of this case, the Government's state secrets and related statutory privilege assertions preclude the individual capacity defendants from relying on any of the privileged information to seek dismissal on qualified immunity grounds." (Dkt. No. 32 at 4:7-10). This suggests that the motion that the IC Defendants are considering would rely on classified information to which the Plaintiffs do not have equal access

Case No. C-08-4373-VRW                                -6-
**PLAINTIFFS' OPPOSITION TO INDIVIDUAL
CAPACITY DEFENDANTS' MOTION FOR RELIEF
FROM THE COURT'S ORDERS OF APRIL 27, 2009,
AND MAY 8, 2009**

and that the Plaintiffs would have no recourse to Rule 56(f) in response to such a motion. However, nothing in the U.S. Supreme Court's qualified immunity cases suggests that a government official may make a *pre-discovery* motion for summary judgment that rests on evidence that is not equally available to both parties.  On the contrary, the U.S. Supreme Court has said that the objective test for determining qualified immunity "does not justify a rule that places a thumb on the defendant's side of the scales when the merits of a claim that the defendant knowingly violated the law are being resolved." *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998). In *Crawford-El*, the U.S. Supreme Court rejected the idea that a plaintiff must overcome a heightened burden of proof in qualified immunity situations, but the foregoing admonition applies equally well to Rule 56(f).  If Rule 56(f) were somehow suspended in a qualified immunity context, then a defendant's ability to sandbag a plaintiff with new, untested evidence would give a defendant an undue procedural advantage.[2]

If the IC Defendants' position is that they cannot bring any motion to test Plaintiffs' allegations without recourse to evidence outside the four corners of the complaint, then they have tacitly conceded the legal portion of the qualified immunity test.  They have conceded that the "purely legal" question of "whether the facts alleged…support a claim of violation of clearly established law" has been satisfied. *Mitchell*, 472 U.S. at 528 n.9.  If that is indeed the IC Defendants' position—that there is no dispositive motion they can make based solely on the

---

[2] The Circuit Court of Appeals cases that the IC Defendants cite do not hold to the contrary.  Each involves a motion to test the sufficiency of a plaintiff's alleged facts against the objective qualified immunity standard. *See Liberty Mut. Ins. Co. v. Louisiana Dept. of Ins.*, 62 F.3d 115 (5th Cir. 1995) (district court reversed for permitting limited discovery before addressing the threshold legal question of whether plaintiffs stated a claim for violation of a constitutional right); *Elliot v. Thomas*, 937 F.2d 338 (7th Cir. 1991) (plaintiff did not include specific non-conclusory allegations in her complaint from which to infer officials' improper intent); and *Kluver v. Sheets*, 27 Fed. Appx. 873 (9th Cir. 2001) (facts alleged by plaintiff, construed in his favor, did not amount to a violation of federal law).  The only arguable exception is *Lewis v. City of Ft. Collins*, 903 F.2d 752 (10th Cir. 1990), which arose when the Circuit Courts were struggling with the issue of reconciling the objective standard for qualified immunity with situations in which a government official's state of mind (e.g., racial prejudice) formed a part of the claim.  The U.S. Supreme Court resolved the issue in *Crawford-El*.  To the extent that Lewis suggested a procedure at odds with *Crawford-El*, it was overruled.

pleadings—then Plaintiffs do not oppose a stay pending the outcome of the Government's motion to dismiss.[3]

If, on the other hand, the IC Defendants' position is that they wish to file a motion to dismiss on qualified immunity grounds, then all that they need to test Plaintiffs' allegations is already set out in Plaintiffs' complaint. The IC Defendants should proceed to file that motion to dismiss immediately. This is what happened in *Hepting v. AT&T* and the *MCI/Verizon* cases. The private defendants filed motions seeking various forms of immunity simultaneous with the Government's motion to dismiss based on state secrets, and this Court was able to simultaneously consider and rule upon both the Government's motion and carrier motions without any hardship for the Court or any party. *See generally Hepting*, 439 F. Supp. 2d 974; *see also* Verizon's Motion To Dismiss Plaintiffs' Master Consolidated Complaint (MDL 06-01791, Dkt. No. 273).

What Plaintiffs wish to avoid is a situation in which they wait several months, or even years, to face a motion to dismiss that *could have been* brought now, resulting in further unwarranted delay and the unjustified de facto bifurcation of their claims against the IC Defendants from their claims against the Government and the official capacity defendants. If the IC Defendants have a motion that can be brought solely on the pleadings to test legal questions, they

---

[3]The IC Defendants incorrectly assert that evidence establishing qualified immunity can take the form of evidence showing that: "the alleged activities did not occur at all; a particular plaintiff was not subjected to the alleged conduct; the particular defendants were not involved in the alleged activities in general; [or] the particular defendants were not involved in subjecting a particular plaintiff to the alleged conduct." (Dkt. No. 32 at 4 n.3). All of this evidence, however, goes to the merits, not to the qualified immunity defense. The IC Defendants thus confuse qualified immunity—which is a type of immunity accorded to officials who do not violate clearly established law—with the myriad different ways that a government official might defeat a plaintiff's claim on the merits. Indeed, the IC Defendants do not cite to a qualified immunity case to support their statement but to a state secrets privilege case, *El-Masri v. U.S.*, 479 F.3d 296, 309 (4th. Cir. 2007). In *El-Masri*, the Fourth Circuit listed different ways in a government official's ability to defend on the merits would require evidence that might disclose the CIA's confidential means and methods. *Id*.

The two other categories of "evidence" that the IC Defendants put forward—whether "the alleged activities are lawful in general" or are "lawful as applied to a particular plaintiff" (Dkt. No. 32 at 4 n.3)—are not factual issues but questions of law that, as to the "alleged activities," are decided on the basis of the complaint's allegations, not on the basis of an evidentiary record.

Case No. C-08-4373-VRW                                       -8-
**PLAINTIFFS' OPPOSITION TO INDIVIDUAL
CAPACITY DEFENDANTS' MOTION FOR RELIEF
FROM THE COURT'S ORDERS OF APRIL 27, 2009,
AND MAY 8, 2009**

should bring it now. If the IC Defendants concede that they have no such motion, then Plaintiffs do not oppose a stay until the Court rules on the Government's motion to dismiss. (Dkt. No. 18).

### C. The Balance of Hardships And the Public Interest Favor Plaintiffs.

The IC Defendants here seek an indefinite stay. As noted above, Plaintiffs filed their complaint on September 18, 2008. Plaintiffs previously stipulated to a continuance for these defendants and the Court has granted them a further continuance, with the result that this case will not have moved an inch for over a year since it was filed—even if the IC Defendants' motion for a further stay is denied.

As this Court has seen in *Hepting* and *Al-Haramain*, litigating to conclusion the Government's state secrets claims may take several years, should the Government seek to appeal or again seek a writ of mandate of this Court's ruling. Staying Plaintiffs' claims against the IC Defendants until that time, especially if they plan to bring a motion to dismiss that could be decided on the law and pleadings alone, will serve only to delay justice, and for no purpose. Such delay will also frustrate the public's interest in a speedy ruling on the merits of Plaintiffs' claims, whereby the legality of past and current warrantless dragnet surveillance of millions of ordinary Americans may be finally settled.

## IV. Conclusion

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny the IC Defendants' Motion for Relief from the Court's Orders of April 27, 2009, and May 8, 2009, unless the IC Defendants concede that they have no dispositive motion they can bring based solely on the pleadings.

DATED: August 24, 2009

By    */s/Cindy A. Cohn*
ELECTRONIC FRONTIER FOUNDATION
CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
JAMES S. TYRE

Case No. C-08-4373-VRW    -9-
**PLAINTIFFS' OPPOSITION TO INDIVIDUAL
CAPACITY DEFENDANTS' MOTION FOR RELIEF
FROM THE COURT'S ORDERS OF APRIL 27, 2009,
AND MAY 8, 2009**

| | |
|---|---|
| 1 | 454 Shotwell Street |
| 2 | San Francisco, CA 94110<br>Telephone: 415/436-9333<br>415/436-9993 (fax) |
| 3 | |
| 4 | RICHARD R. WIEBE<br>LAW OFFICE OF RICHARD R. WIEBE |
| 5 | 425 California Street, Suite 2025<br>San Francisco, CA 94104<br>Telephone: (415) 433-3200 |
| 6 | Facsimile: (415) 433-6382 |
| 7 | THOMAS E. MOORE III<br>THE MOORE LAW GROUP |
| 8 | 228 Hamilton Avenue, 3rd Floor<br>Palo Alto, CA 94301 |
| 9 | Telephone: (650) 798-5352<br>Facsimile: (650) 798-5001 |
| 10 | |
| 11 | KEKER & VAN NEST, LLP<br>RACHAEL E. MENY<br>PAULA L. BLIZZARD |
| 12 | MICHAEL S. KWUN<br>AUDREY WALTON-HADLOCK |
| 13 | 710 Sansome Street<br>San Francisco, CA 94111-1704 |
| 14 | Telephone: 415/391-5400; Fax: 415/397-7188 |

Attorneys for Plaintiffs

Case No. C-08-4373-VRW     -10-

**PLAINTIFFS' OPPOSITION TO INDIVIDUAL CAPACITY DEFENDANTS' MOTION FOR RELIEF FROM THE COURT'S ORDERS OF APRIL 27, 2009, AND MAY 8, 2009**