MICHAEL F. HERTZ
Deputy Assistant Attorney General, Civil Division
DOUGLAS N. LETTER
Terrorism Litigation Counsel
JOSEPH H. HUNT
Director, Federal Programs Branch
VINCENT M. GARVEY
Deputy Branch Director
ANTHONY J. COPPOLINO
Special Litigation Counsel
MARCIA BERMAN
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8460

*Attorneys for the Government Defendants
Sued in their Official Capacity*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, et. al., <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, et. al. <br><br> *Defendants.* | Case No. C:08-cv-4373-VRW <br><br> **GOVERNMENT DEFENDANTS' STATEMENT IN SUPPORT OF INDIVIDUAL CAPACITY DEFENDANTS' MOTION FOR RELIEF FROM COURT ORDERS** <br> **[Dkt. 32]** <br><br> Date: September 17, 2009 <br> Time: 10:00 a.m. <br> Courtroom: 6, 17th Floor <br><br> Chief Judge Vaughn R. Walker |

**Government Defendants' Statement in Support of Individual Capacity Defendants' Motion for Relief from Court Orders [Dkt. 32]** — *Jewel v. National Security Agency*, Case No. 08-cv-4373-VRW

## INTRODUCTION

The Government Defendants agree that the current and former government officials sued in their individual capacities in this case should not be required to answer or otherwise respond to the complaint until the Government's pending state secrets and statutory privilege assertions have been adjudicated. The decision to invoke those privileges resides exclusively with the United States and is one over which former (or even current) federal officeholders have no power to control in their personal capacity. The United States has not authorized the individual capacity defendants to reveal any of the information subject to the state secrets and statutory privilege assertions in this case, and the individual capacity defendants are foreclosed from revealing that information at any stage in this case, including to support any motion based on qualified immunity grounds. To avoid prejudicing these defendants and risking any disclosure of information properly protected by the United States, the Court should grant the individual capacity defendants' request and relieve them of the obligation to answer or otherwise respond to the complaint until there is a final resolution of the state secrets privilege assertion.

## DISCUSSION

Plaintiffs allege that the National Security Agency, with the assistance of AT&T, engaged in warrantless "dragnet" surveillance activities after the 9/11 terrorist attacks, allegedly including the interception of plaintiffs' domestic and international telephone and Internet communications and the collection of their communication records. Plaintiffs have sued the current director of the NSA and several former officials in their individual capacity, along with the United States and Government officials in their official capacity. The Government has asserted and supported the state secrets privilege over information needed to litigate this case, including for plaintiffs to prove their standing and claims, and for the Government and individual capacity defendants to present their defense. For example, the Government has asserted the state secrets privilege over information concerning whether plaintiffs have been subject to alleged NSA intelligence activities, and over information concerning plaintiffs' allegations that NSA, with the assistance of AT&T, indiscriminately intercepts the content of

**Government Defendants' Statement in Support of Individual Capacity Defendants' Motion for Relief from Court Orders [Dkt. 32]** — *Jewel v. National Security Agency*, **Case No. 08-cv-4373-VRW**                    -1-

communications and collects the communication records of millions of Americans. *See* Public and Classified In Camera, Ex Parte Declarations of Admiral Dennis C. Blair, Director of National Intelligence, and of Deborah A. Bonanni, Chief of Staff, National Security Agency. Based on this privilege assertion, the Government has also filed a dispositive motion on the ground that all claims in this case, including those against the individual capacity defendants, cannot proceed. Govt. Defs. Mtn. to Dismiss and for Summ. Judgment (Dkt. 18) at 24-34. The Court has not yet ruled on the Government's privilege assertion or dispositive motion.

It would clearly prejudice the individual capacity defendants to require them to answer or otherwise respond to the complaint before the privilege assertions are resolved. As the individual capacity defendants have explained, they cannot present a qualified immunity defense based on the actual facts without information protected by the Government's state secrets and statutory privilege assertions. *See* Indiv. Cap. Defs. Mtn. for Relief (Dkt. 32) at 7-8; Indiv. Cap. Defs. Reply in Supp. of Mtn. for Relief (Dkt. 44) at 2, 5-8. That information would be necessary to litigate a qualified immunity defense on a threshold motion for summary judgment, but the Government's privilege assertion forecloses use of that information in this litigation.

Likewise, the individual capacity defendants cannot simply answer the complaint in the meantime. In answering the complaint, the individual capacity defendants would be required to admit or deny factual allegations subject to the privilege assertion, or aver that they lack sufficient knowledge or information to do so. *See* Fed. R. Civ. P. 8(b).[1] But these defendants cannot admit or deny allegations about the existence and/or scope of alleged NSA activities that the Government has demonstrated are properly protected by its privilege assertions. The Government has not authorized them to do so, and doing so has the potential to violate the defendants' secrecy obligations and federal law. Indeed, in any further proceedings in this case, these defendants would remain bound by any secrecy obligations they incurred when they gained access to state secrets or classified information, including information about intelligence sources

---

[1] While courts have recognized that a privilege may be invoked to avoid the obligation to answer under Rule 8, *see, e.g., Doe v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000), as noted only the Government can assert privilege to protect state secrets.

**Government Defendants' Statement in Support of Individual Capacity Defendants' Motion for Relief from Court Orders [Dkt. 32]** — *Jewel v. National Security Agency*, **Case No. 08-cv-4373-VRW**          -2-

and methods. *See Snepp v. United States*, 444 U.S. 507, 510-11 (1980); *United States v. Marchetti*, 466 F.2d 1309, 1312 (4th Cir. 1972). These are lifetime obligations, continuing after an official or employee leaves Government service, and enforceable against an official or employee who violates them. *Id.*[2] Requiring a response to the allegations against them in this case (or placing them in the position of providing information at any stage) would expose these officials to an untenable choice: either to fail to respond as ordered by the Court or required by the Federal Rules of Civil Procedure and face contempt, sanctions, or forfeit a qualified immunity defense, or to disclose the very information that the Government has asserted must be protected and that these individuals are obligated to protect. The individual capacity defendants should not be placed in the position of being required to disclose and protect information at the same time. The dispute concerning this information is between the Government and the plaintiffs, and the individual capacity defendants should not be placed in between with no adequate recourse for proceeding.[3]

Accordingly, the Government submits that the only reasonable approach at this stage is to resolve the Government's privilege assertion first, and address the consequences of that assertion on further proceedings, before injecting personal capacity claims into the litigation.

---

[2] Not only are secrecy agreements enforceable, but the unauthorized disclosure of certain classified information is a felony subject to up to ten years imprisonment. *See* 18 U.S.C. § 798.

[3] Nor has the Government authorized the individual capacity defendants, or anyone else, to use the asserted state secrets information in the course of any proceeding under 50 U.S.C. § 1806(f). The Government continues to contest whether the state secrets privilege has been preempted by the FISA and objects to any such proceeding in the context of this case, including as to the individual capacity claims. *See* Govt. Defs. Reply in Supp. of Mtn. to Dismiss and for Summ. Judgment (Dkt. 31) at 14-15.

**Government Defendants' Statement in Support of Individual Capacity Defendants' Motion for Relief from Court Orders [Dkt. 32]** — *Jewel v. National Security Agency*, **Case No. 08-cv-4373-VRW**           -3-

**CONCLUSION**

For the foregoing reasons, the Court should not require the individual capacity defendants to answer or otherwise respond to the complaint until there is a final resolution of the Government's state secrets and statutory privilege assertions.

Dated: Sept. 3, 2009                    Respectfully Submitted,

                                        MICHAEL F. HERTZ
                                        Deputy Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                        JOSEPH H. HUNT
                                        Director, Federal Programs Branch

                                        VINCENT M. GARVEY
                                        Deputy Branch Director

                                        *s/ Anthony J. Coppolino*
                                        ANTHONY J. COPPOLINO
                                        Special Litigation Counsel

                                        *s/ Marcia Berman*
                                        MARCIA BERMAN
                                        Senior Counsel
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue, NW, Rm. 6102
                                        Washington, D.C. 20001
                                        Phone: (202) 514-4782—Fax: (202) 616-8460

                                        *Attorneys for the Government Defendants*
                                        *Sued in their Official Capacity*