| | |
|---|---|
| 1 | DAVID M. WALSH (SB# 120761) davidwalsh@paulhastings.com |
| | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 2 | 515 South Flower Street |
| | Twenty-Fifth Floor |
| 3 | Los Angeles, CA 90071 |
| | Telephone: (213) 683-6000 |
| 4 | Facsimile: (213) 627-0705 |
| 5 | THOMAS A. COUNTS (SB# 148051) tomcounts@paulhastings.com |
| | ERIC A. LONG (SB# 244147) ericlong@paulhastings.com |
| 6 | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | 55 Second Street |
| 7 | Twenty-Fourth Floor |
| | San Francisco, CA 94105-3441 |
| 8 | Telephone: (415) 856-7000 |
| | Facsimile: (415) 856-7100 |
| 9 | |
| | Attorneys for Defendant |
| 10 | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARAM HOVSEPIAN, individually and on behalf of all others similarly situated, | CASE NO. C 08-05788 JF |
| Plaintiff, | **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| APPLE INC., | |
| Defendant. | |
| | Date: December 4, 2009 |
| | Time: 9:00 a.m. |
| | Dept.: Courtroom 3, 5th Floor |
| | Complaint Filed: December 31, 2008 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. PROCEDURAL BACKGROUND: PLAINTIFF HAS REPACKAGED HIS FLAWED EFFORT TO PLEAD AROUND APPLE'S EXPRESS WARRANTY ..........2

III. SUMMARY OF ALLEGATIONS.........................................................................3

IV. LEGAL ARGUMENT: PLAINTIFF HAS FAILED TO SATISFY RULE 9(B)'S HEIGHTENED PLEADING DEMANDS ...............................................................4

    A. Standard of Review ...................................................................................4

    B. Plaintiff's CLRA and UCL Allegations Fail to State a Claim ..............5

        1. Plaintiff's CLRA and UCL Claims Must be Dismissed Because the Complaint Fails to Allege a Duty to Disclose............................5

        2. Plaintiff's CLRA and UCL Claims Must be Dismissed Because the Amended Allegations Are Deficient ..........................................7

    C. Plaintiff's Third Cause of Action for Fraudulent Omissions Should Be Dismissed for Failure to Allege a Duty to Disclose ............................10

    D. Plaintiff's Fourth Cause of Action for Unjust Enrichment Must be Dismissed Because the Complaint Fails to Allege Any Misconduct ...................11

    E. Plaintiff's Fifth Cause of Action for Declaratory Relief Must be Dismissed Because There is No Actual Controversy ............................................11

V. CONCLUSION: DISMISSAL WITH PREJUDICE IS APPROPRIATE .......................12

*Balistreri v. Pacifica Police Department*,
 901 F.2d 696 (9th Cir. 1990) ................................................................................................4

*Bardin v. DaimlerChrysler Corp.*,
 136 Cal. App. 4th 1255 (2006) ..................................................................................6, 7, 12

*Bell Atantic Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955 (2007) ....................................................................................4

*Bly-Magee v. California*,
 236 F.3d 1014 (9th Cir. 2001) ...............................................................................................5

*Clegg v. Cult Awareness Network*,
 18 F.3d 752, 754-55 (9th Cir. 1994) ......................................................................................4

*Daugherty v. American Honda Motor Co.*,
 144 Cal. App. 4th 824 (2006) .......................................................................................*passim*

*Eminence Capital, LLC v. Aspeon, Inc.*,
 316 F.3d 1048 (9th Cir. 2003) ...............................................................................................4

*Engalla v. Permanente Medical Group, Inc.*,
 15 Cal.4th 951 (1997)............................................................................................................8

*Hoey v. Sony Electronics, Inc.*,
 515 F. Supp. 2d 1099, 1103-05 (N.D. Cal. 2007)..................................................... 6, 7, 10, 11

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) .......................................................................................4, 7, 8

*LiMandri v. Judkins*,
 52 Cal. App. 4th 326 (1997) ................................................................................................10

*Long v. Hewlett-Packard Co.*,
 2007 U.S. Dist LEXIS 79262 (N.D. Cal. July 27, 2007) ....................................................6, 7

*Lorenzo v. Qualcomm Inc.*,
 603 F. Supp. 2d 1291 (S.D. Cal. 2009) ................................................................................11

*Melchior v. New Line Products, Inc.*,
 106 Cal. App. 4th 779 (2003) ..............................................................................................11

*Oestreicher v. Alienware Corp.*,
 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008)..................................................................*passim*

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ................................................................................... 4, 5, 8

*Williams v. Alioto,*
  549 F.2d 136 (9th Cir. 1977) ............................................................................................ 11


## **STATUTES AND RULES**

28 United States Code section 2201 ..................................................................................... 11

Federal Rule of Civil Procedure 9(b) ............................................................................. *passim*

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 10

California Business and Professions Code section 17200 *et seq.* ........................................... 2

California's Consumers Legal Remedies Act, Civil Code s 1750 *et seq.* ................................ 2

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 4, 2009 at 9:00 a.m. in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California 95113, before the Honorable Judge Jeremy Fogel, Defendant Apple Inc. ("Apple") will and hereby does move to dismiss Plaintiff's Second Amended Class Action Complaint ("Second Amended Complaint").

This Motion is based on Federal Rules of Civil Procedure 12(b)(6) and 9(b); this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; Apple's One Year Limited Warranty of which the Court has taken judicial notice (Docket Nos. 38-2 & 49); the Second Amended Complaint; and the pleadings, papers and other documents on file in this action along with any evidence and argument presented at the hearing in this matter.

## STATEMENT OF ISSUES

1. Whether the First Cause of Action for violation of the CLRA fails to state a claim because, under *Daugherty* and its progeny, the Second Amended Complaint fails to allege a duty to disclose.

2. Whether the Second Cause of Action for violation of the UCL should be dismissed because Plaintiff fails to plead facts sufficient to state a claim under the UCL.

3. Whether the Third Cause of Action for Fraudulent Omission fails to state a claim because the Second Amended Complaint fails to allege a duty to disclose and fails to plead facts sufficient to state a claim.

4. Whether the Fourth Cause of Action for Unjust Enrichment fails to state a claim because the Second Amended Complaint fails to allege any misconduct resulting in Apple's enrichment.

5. Whether the Fifth Cause of Action for Declaratory Relief fails to state a claim because there is no actual controversy.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Despite three attempts to file a proper class action claim, Plaintiff Aram Hovsepian's only complaint remains that his more than two-year old Apple iMac computer's LCD display allegedly has developed vertical lines after the expiration of Apple's express, one-year limited warranty. Plaintiff contends that this course of events alone amounts to actionable fraud. The Ninth Circuit has held otherwise, and this Court has held that Plaintiff's previous amended complaint did "not state with sufficient particularity when and where Apple made an affirmative representation, if any, that contradict its alleged omissions." (Docket No. 49, at 5:3-4.) Plaintiff's latest effort suffers from the same problems. The Second Amended Complaint ("SAC") makes no real efforts to address the previous shortcomings identified by Apple and the Court and completely fails to identify a single contrary, affirmative representation made by Apple.

In an effort to cure the pleading deficiencies highlighted by Apple's previous motion to dismiss and the Court's order granting it, Plaintiff has filed his SAC, his *third* attempt to state a valid claim. Even with the benefit of the Court's Order (and two prior motions to dismiss), Plaintiff has failed to remedy the fundamental defects in his original and first amended complaints. Instead, Plaintiff merely added five paragraphs which focus on his disagreements with Apple's customer service approach. Plaintiff's new allegations contain, at best, only vague references to contradictory statements.[1] Such generalized allegations of public denials and omissions do not provide the requisite "who, what, when, where, and how" of the misconduct charged.

For the precise reasons set forth in the Court's August 21, 2009 Order, Plaintiff's claims should now be dismissed **with prejudice**.

---

[1] *See* Docket No. 51, Second Amended Class Action Complaint ("SAC") at ¶¶28, 38-41. Plaintiff also created six "new" paragraphs in the SAC by splitting three single paragraphs (FAC ¶¶9, 23, 29) into eight paragraphs (SAC at ¶¶9, 10 and 11; 25 and 26; and 29, 30 and 31).

## II. PROCEDURAL BACKGROUND: PLAINTIFF HAS REPACKAGED HIS FLAWED EFFORT TO PLEAD AROUND APPLE'S EXPRESS WARRANTY.

Plaintiff's computer functioned without issue during the warranty period and well past the expiration of the warranty. Apple's one year limited warranty provided that Apple would repair defects in workmanship or material at no cost to the consumer during the period of the limited warranty. (Docket No. 38-1.)[2] By the terms of this express warranty, the duration of any implied warranties was co-extensive with the one-year duration of Apple's express warranty.

Now, long after the limited express warranty and any implied warranties expired, Plaintiff complains that his computer's LCD display no longer functions properly because of the appearance of vertical lines. Although Plaintiff's claims are based on a performance issue that Plaintiff concedes first arose after the warranty period, Plaintiff, on behalf of himself and a putative class of all purchasers in the United States of Apple iMac computers, alleges claims for fraudulent omission; violations of California's Consumers Legal Remedies Act, Civil Code § 1750 *et seq.* (the "CLRA"), and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"), and for unjust enrichment and declaratory relief.

Plaintiff previously asserted similar or virtually identical claims in his original and first amended complaint. (*See* Docket Nos. 1 (Original Complaint), 22 (FAC).) After voluntarily amending his original complaint rather than opposing Apple's first motion to dismiss and motion to strike (*see* Docket Nos. 13 & 14), Plaintiff now amends again after the Court granted Apple's motion to dismiss with leave to amend. Plaintiff's third pleading remains as problematic as his last. Each claim contained in the SAC is meritless and must be dismissed with prejudice. Because Plaintiff alleges that the defect manifested itself long after the express warranty (and any implied warranties) expired, Plaintiff's CLRA, UCL, and fraud claims fail as a matter of law under *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 829 (2006), and the decisions of this Court applying *Daugherty*, which hold that no viable claim for unlawful or unfair business practices, false advertising or concealment may be stated regarding a product that

---

[2] On August 21, 2009, in its Order Granting Apple's Motions To Dismiss, the Court granted Apple's request for judicial notice of its express warranty. (Doc. No. 49, at 2, n.3.)

functions as represented during the express warranty period.

In short, Plaintiff has added no contrary, affirmative representations to his already deficient complaint. Thus, Apple respectfully requests that the Court dismiss Plaintiff's flawed claims **with prejudice**.

### III. SUMMARY OF ALLEGATIONS

Apple designs, manufactures and sells personal computers, including the iMac desktop computer. (SAC at ¶¶1, 2 & n.1.) Apple provides a one-year express warranty for the iMac. (Docket No. 38-1.) The Court has taken judicial notice of Apple's express warranty which specifically excludes any implied warranties, including the implied warranty of merchantability, and, in the alternative, limits the duration of any implied warranties, if applicable, to the same, one-year duration of the express warranty.

Plaintiff alleges that he purchased an iMac in October 2006. (SAC at ¶17.) Plaintiff further alleges that vertical lines began to appear on the LCD display screen of his iMac in March 2008 – at least four months after the expiration of all warranties. *Id.* Plaintiff does not allege he was denied warranty service by Apple during his first year of ownership, nor does he contend Apple breached its one-year limited warranty. To the contrary, Plaintiff alleges that he suffered harm only after Apple's limited warranty expired. According to the SAC (just as Plaintiff alleged in his earlier iterations), the "[v]ertical lines on LCD screens are the result of a bad transistor or connection on the back of the screen, a manufacturing and/or design defect." (SAC at ¶22.) In addition, Plaintiff alleges that Apple was aware of this alleged "latent defect" and its propensity to manifest (*id*. at ¶¶1, 12); that Apple had "not notified…or warned" consumers about iMac design and manufacturing defects (*id*. at ¶11); and that Apple "breach[ed] [] its duty to disclose material facts regarding its knowledge of the risk that vertical lines would appear prematurely on iMac display screens." (SAC at ¶21.)

///
///
///
///

# IV. LEGAL ARGUMENT: PLAINTIFF HAS FAILED TO SATISFY RULE 9(B)'S HEIGHTENED PLEADING DEMANDS.

Plaintiff has not met the heightened pleading requirements of Rule 9(b), despite clear guidance from this Court in its written Order granting Apple's Motions To Dismiss. (Docket No. 49.) At this point, one thing about Plaintiff's vague allegations is certain: Plaintiff cannot identify the particular circumstances surrounding any alleged misconduct or misrepresentations by Apple.

## A. Standard of Review

Rule 12(b)(6) requires dismissal if a complaint lacks sufficient facts to support the alleged claim or fails to assert a cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (motion to dismiss should be granted if a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face"). Allegations of material fact are construed in the light most favorable to the plaintiff; however, the court need not "accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008), *aff'd* 2009 U.S. Dist. LEXIS 7259 (9th Cir. Apr. 2, 2009) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) and *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)). Apple moves to dismiss with prejudice each of the five causes of action because the SAC does not state a cognizable claim against Apple. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (recognizing futility of amendment as a basis to deny leave to amend).

In addition, Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). Under Rule 9(b), mere conclusory allegations of fraud are insufficient. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b)'s heightened pleading requirement applies to allegations of fraud and allegations that sound in fraud, including false representations or omissions. *Id.* at 1106-07. It also applies to claims under the CLRA and UCL when such claims are based on a fraudulent course of conduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir.

2009). The "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotations omitted). To meet this standard, a complaint must provide the time, place, and content of the alleged fraudulent representation or omission – the "who, what, when, where, and how" – as well as the circumstances indicating fraudulent conduct. *See Vess*, 317 F.3d at 1106.

### B. Plaintiff's CLRA and UCL Allegations Fail to State a Claim.

The first and second causes of action, as amended, should be dismissed for two reasons. First, California courts consistently dismiss, with prejudice, CLRA and UCL claims based on an alleged failure to disclose where the complaint fails to establish a duty to disclose. Second, Plaintiff has not adequately alleged a claim under the CLRA or the UCL.

#### 1. Plaintiff's CLRA and UCL Claims Must be Dismissed Because the Complaint Fails to Allege a Duty to Disclose.

To avoid the terms of Apple's express warranty, this Court has recognized that Plaintiff must allege, with particularity, a material fraud by Apple. (Docket No. 49 at 5:28–6:1 ("The pleading contains only generalized allegations with respect to exclusive knowledge and active concealment.") Plaintiff alleges that Apple violated the CLRA and the UCL by failing "to disclose its knowledge of the risk that vertical lines would appear prematurely on iMac display screens." (SAC at ¶21.) Plaintiff's CLRA and UCL claims, however, are not based on an affirmative misrepresentation.

In *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (2006), the plaintiff made similar claims. The plaintiff filed a nationwide class action lawsuit against American Honda Motor Corporation alleging that its F22 engine had a defect that, over time, resulted in dislodgement of an oil seal. *Id.* at 827. The complaint alleged that Honda, despite knowledge of the defect, failed to disclose to consumers that the engines had this defect. *Id.* at 833. Affirming the trial court's dismissal, the Court of Appeal confirmed that "to be actionable [under the CLRA] the omission [of a fact] must be contrary to a representation actually made by

the defendant, or an omission of a fact the defendant was obliged to disclose." *Id.* at 835.

In explaining why the plaintiff's complaint failed to meet the governing standard, the court held that the plaintiff failed "to identify any representation by Honda that its automobiles had any characteristic they do not have, or are of a standard or quality they are not." *Id.* at 834. Plaintiff failed to allege that Honda had ever disclosed other facts that would have the likely effect of misleading the public "'for want of communication'" of the defect. *Id.* at 836 (quoting *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1276 (2006)). The result was the same under the plaintiff's UCL claim. Honda's failure to disclose the alleged defect, in the absence of any alleged misrepresentation, was insufficient to state a claim under the UCL. *Id.* at 838 ("We cannot agree that a failure to disclose a fact one has no affirmative duty to disclose is 'likely to deceive' anyone within the meaning of the UCL.") Accordingly, absent an alleged misrepresentation or a duty to disclose, the CLRA and UCL claims were dismissed **with prejudice**. *Id.* at 829, 840.

California courts have consistently followed the reasoning of *Daugherty* and *Bardin*. *See Hoey v. Sony Elecs. Inc.,* 515 F. Supp. 2d 1099, 1103-05 (N.D. Cal. 2007) (dismissing CLRA and UCL claims based on alleged failure to disclose a soldering defect in defendant's computers in the absence of any alleged misrepresentation or alleged representation that the computers have characteristics they do not have); *Long v. Hewlett-Packard Co.,* 2007 U.S. Dist LEXIS 79262, at *24 (N.D. Cal. July 27, 2007) (failure to disclose defect of computer monitor, in the absence of any representation as to the life of the component or the useful life of the computer, failed to state a CLRA or UCL claim); *Oestreicher*, 544 F. Supp. 2d at 970 (dismissing CLRA and UCL claims based on failure to disclose alleged defects in defendant's notebook computer). In *Oestreicher*, the court rejected plaintiff's theory that a manufacturer's exclusive knowledge is not enough to constitute actionable fraud. *Id.*

Here, just as in *Daugherty* and its progeny, the SAC fails to allege any misrepresentations by Apple. Plaintiff has also failed to allege any facts that Apple made a single contrary statement giving rise to a duty to disclose the alleged defect. There are no allegations that Apple made any representation that the iMacs have any characteristics that they do not have.

There are no allegations that Apple failed to disclose other facts that would have the effect of misleading the public "'for want of communication'" about the alleged defect. *Bardin*, 136 Cal. App. 4th at 1276. Instead of Plaintiff's previous vague allegation that Apple uniformly denied consumer complaints (*see* FAC ¶31), Plaintiff now alleges, equally vaguely, that Apple has an unspecified corporate policy to deny consumer complaints in all public forums. (SAC at ¶37.) In addition to the fact that Plaintiff cannot cite a single representation of Apple, there are also no allegations of physical injury or safety concerns. Hence, the SAC is completely devoid of any of the required allegations to state a claim under the CLRA and the UCL.

*Daugherty* and its progeny sound a consistent theme: an alleged failure to disclose a defect that may manifest after the expiration of the warranty period alone is insufficient to state a claim under the CLRA or UCL. *Daugherty,* 144 Cal. App. 4th at 838 ("[t]he only expectation buyers could have had about the [product] was that it would function properly for the length of Honda's express warranty, and it did.); *Hoey*, 515 F. Supp. 2d at 1105 ("[t]here is no authority that provides that the mere sale of a consumer electronics product in California can create a duty to disclose any defect that may occur during the useful life of the product."); *Bardin,* 136 Cal. App. 4th at 1275 (allegations that defendant concealed facts regarding an alleged defect that caused premature cracking and failure, in the absence of alleged misrepresentations or allegations that the public had an expectation regarding the life span of the product, failed to state a UCL claim); *Oestreicher,* 544 F. Supp. 2d at 970 (dismissing CLRA and UCL claims "since any defects in question manifested themselves after expiration of the warranty period[.]"); *Long*, 2007 U.S. Dist LEXIS 79262, at *23-24 (UCL claim must be dismissed since, absent any affirmative statements as to the life span of the component or computer, the consumers' only reasonable expectation is that the computer will function properly for the duration of the express warranty). While Plaintiff may disagree with the theme of these cases, he has done nothing to satisfy the requirements of *Daugherty* or demonstrate why the requirements should not apply to his claim.

### 2. Plaintiff's CLRA and UCL Claims Must be Dismissed Because the Amended Allegations Are Deficient.

The Ninth Circuit recently reaffirmed that claims of nondisclosure and omission,

just like misrepresentations, are subject to the pleading standards of Rule 9(b). *Kearns*, 567 F.3d at 1126-27. In *Kearns*, the Ninth Circuit recognized that its decision in *Vess*, *supra*, had relied on an incomplete list of the elements of fraud. *Id.* (finding *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997), controlling). As a result, when a plaintiff alleges fraudulent omission under the CLRA or the UCL, he must plead with specificity. *Kearns*, 567 F.3d at 1125.

Under *Kearns*, to plead the circumstances of omission with specificity, Plaintiff must describe what has been omitted and where the omitted information should or could have been revealed. *See id.* at 1127. Plaintiff also must reference specific advertisements or other Apple representations that he relied on to make his purchase which failed to include the allegedly omitted information. *Id.* at 1126-27. This Court recognized the same in its Order granting Apple's earlier motion to dismiss. (Docket No. 49, at 5:3-4 (finding Plaintiff's FAC did "not state with sufficient particularity when and where Apple made an affirmative representation, if any, that contradict its alleged omissions").)

In the new allegations, Plaintiff still fails to identify a single advertisement containing a misrepresentation, and he makes no effort to specify where or what Apple could have clarified. Nowhere in the SAC does Plaintiff specify the offending content from any sales materials. Nor does Plaintiff specify when he was exposed to them or which ones he found material. Plaintiff has also failed to identify what sales material, if any, he relied upon in making his decision to buy an iMac. Plaintiff does ***not*** even allege that he was specifically told by anyone at Apple that its LCD screens were "sure to last 60,000 hours" or "no less than 5 years of normal usage." (*See* SAC at ¶23.) Such consumer expectations based on "industry-standards," especially when they cannot be imputed to anyone connected with Apple, are entirely inadequate to establish a UCL or CLRA claim based on fraud. *See Oestreicher,* 544 F. Supp. 2d at 972-73.

Unable to identify any Apple advertising material that omitted any necessary factual clarification, Plaintiff claims that Apple concealed the alleged defect, not by its own representations, but by vaguely suggesting that Apple has denied the existence of the defect. Plaintiff does not specify who made any of the alleged "public denials" at its company-owned stores or when any such denials were made. (*See* SAC at ¶38.) In fact, he has failed to allege the

particulars of any such denials. Instead, he claims that:

- "Apple has responded by implementing a corporate policy of concealing and uniformly denying in all public forums the existence of the Defect and to [sic] 'running out the clock' on the warranties that accompanied the iMac." (SAC at ¶37.)
- "Apple's public denials are made by its customer representatives." (SAC at ¶38.)

To substantiate these allegations, Plaintiff relies exclusively on the representations of consumers and users of online message boards not even associated with Apple. (*See* SAC at ¶¶39, 40, 41.) Plaintiff does not include a single allegation that Apple posted a single public denial on these message boards. Nor does Plaintiff identify an Apple representation that gave rise to a duty to disclose in the first instance. *Daugherty*, 144 Cal. App. 4th at 838.

Finally, Plaintiff alleges that Apple allowed consumers to post comments about its iMac on an online message board for approximately two years, but that Apple then removed the web page "in an attempt to downplay the problem as much as possible." (SAC at ¶¶27-28.) For purposes of fraud by omission, Plaintiff must identify the Apple representation that required it to say more. As set forth above, he has not. Nor does Plaintiff claim that Apple either disputed or endorsed any of the content on the forum Plaintiff alleges it maintained. (*See id.*) More importantly, Plaintiff has not identified a single post by Apple on its web pages *or* on any of the alleged message boards that would have required Apple to clarify any alleged omission. And to compound the absence of any allegation that Apple actually said or denied anything, he has completely failed to reference any statement on which he relied to make his purchase and that failed to include the allegedly omitted information.

In sum, the "who, what, when, where, and how" of the misconduct alleged by Plaintiff refers to *users'* Internet posts about the alleged defect – not to the acts of Apple. Thus, the SAC falls short of the level of specificity required to plead a fraudulent omission under the heightened pleading standard and fails to comply with Rule 9(b).

///

///

///

C. **Plaintiff's Third Cause of Action for Fraudulent Omissions Should Be Dismissed for Failure to Allege a Duty to Disclose.**

Plaintiff's third cause of action must be dismissed because Plaintiff's allegations of fraud are also inadequate. Plaintiff's SAC seeks damages resulting from Apple's alleged fraudulent concealment. The SAC goes on to allege a duty to disclose based on Apple's failure to disclose the alleged product defect. Plaintiff further alleges Apple had full knowledge, or was reckless in not knowing, of the defect.

Generally, a duty to disclose exists if one of four circumstances exists: (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff, or (4) the defendant makes partial representations but also suppresses some material facts. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). Plaintiff alleges the second and third prongs exist. (SAC at ¶86.) Plaintiff's allegations, however, do not establish the factual basis required under either prong.

As the court in *Oestreicher* observed, "allegations of this nature [] could be made about any alleged design defect in any manufactured product." *Oestreicher*, 544 F. Supp. 2d at 974. The heightened pleading requirements of Rule 9(b) were designed to avoid such threadbare claims. Moreover, anonymous consumer complaints posted on Apple's website (*see* SAC at ¶24, 27, 28, 32, and 40) are not enough to impute fraudulent omissions to Apple. *Id.* at 974 n.9. Nor has Plaintiff – in his third attempt to plead claims – identified any specific statements of Apple that its iMac has qualities it does not.

For virtually identical reasons, the court in *Oestreicher* found a lack of facts substantiating the plaintiff's fraudulent concealment claim based on an alleged latent defect. *Oestreicher,* 544 F. Supp. 2d at 974 (dismissing with prejudice plaintiff's fraudulent omission and UCL claim based on the fraudulent concealment). Here, Plaintiff fails to describe with specificity representations made by Apple with respect to the LCD that would give rise to a duty to disclose. Plaintiff also does not allege when Apple had exclusive knowledge of facts not known to him, nor could he. *See Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099 (N.D. Cal.2007) (rejecting a claim

for fraudulent concealment because plaintiffs' complaint failed to identify a representation by defendant contrary to the alleged concealment).

Plaintiff has not identified anything in Apple's advertising and marketing materials which would give rise to a duty to disclose the defect alleged. For each of these reasons, Plaintiff fails to meet the heightened pleading standard of Rule 9(b), and his fraudulent omission claim should be dismissed with prejudice.

### D. Plaintiff's Fourth Cause of Action for Unjust Enrichment Must be Dismissed Because the Complaint Fails to Allege Any Misconduct.

Under California law, there is no cause of action for unjust enrichment. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) (internal quotations and citations omitted); *Lorenzo v. Qualcomm Inc.*, 603 F. Supp. 2d 1291, 1307 (S.D. Cal. 2009) ("a cause of action for unjust enrichment is not cognizable under California law").

In *Oestreicher*, the court held that since the plaintiff's fraud, CLRA, and UCL claims failed to state a claim, there was no basis for the unjust enrichment claim. *Oestreicher,* 544 F. Supp. 2d at 975. Here, since the SAC fails to allege any substantive claim, there is no misconduct upon which to base a claim for unjust enrichment. Accordingly, Plaintiff's unjust enrichment claim should be dismissed. *Oestreicher* at 975; *see also Hoey,* 515 F. Supp. 2d at 1106 (dismissing claim for unjust enrichment where complaint failed to state a claim under the CLRA and UCL).

### E. Plaintiff's Fifth Cause of Action for Declaratory Relief Must be Dismissed Because There is No Actual Controversy.

To support a declaratory judgment action pursuant to 28 U.S.C. § 2201, there must be an actual case or controversy. *Williams v. Alioto*, 549 F.2d 136, 141 n.4 (9th Cir. 1977). In *Bardin*, the court dismissed the plaintiff's claim for declaratory relief because plaintiff had failed to state a claim under the CLRA, the UCL, or for fraud. Since there were "no other facts that reveal an actual controversy exists between the parties" the court dismissed the plaintiff's

declarative relief claim. *Bardin*, 136 Cal. App. 4th at 1277.

As explained above, the SAC does not state an independent claim for relief. Thus, there is no "actual controversy" between the parties, and Plaintiff's fifth cause of action for declaratory relief must be dismissed.

## V. CONCLUSION: DISMISSAL WITH PREJUDICE IS APPROPRIATE.

For the reasons set forth above and for the reasons set forth in the Court's Order granting Apple's earlier motion to dismiss, Plaintiff's SAC should be dismissed ***with prejudice***. Despite two opportunities to amend, Plaintiff has not cured, and will not be able to cure, his deficient allegations. Plaintiff's amendment has failed to reference a single, specific representation of Apple. At this juncture, dismissal should be **without leave to amend** as no conceivable further amendment may save Plaintiff's purported claims.

DATED: October 13, 2009         PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:     /s/ Thomas A. Counts
            THOMAS A. COUNTS

Attorneys for Defendant
APPLE INC.

LEGAL_US_W # 62894265.1