CINDY COHN (145997)
cindy@eff.org
LEE TIEN (148216)
KURT OPSAHL (191303)
KEVIN S. BANKSTON (217026)
JAMES S. TYRE (083117)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Fax:  (415) 436-9993

RICHARD R. WIEBE (121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone:  (415) 433-3200
Fax:  (415) 433-6382

RACHAEL E. MENY (178514)
rmeny@kvn.com
PAULA L. BLIZZARD (207920)
pblizzard@kvn.com
MICHAEL S. KWUN (198945)
mkwun@kvn.com
AUDREY WALTON-HADLOCK (250574)
awaltonhadlock@kvn.com
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, California  94111-1704
Telephone:  (415) 391-5400
Fax:   (415) 397-7188

THOMAS E. MOORE III (115107)
tmoore@moorelawteam.com
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301
Telephone:  (650) 798-5352
Fax:  (650) 798-5001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL SECURITY AGENCY, *et al*.,<br><br>Defendants. | CASE NO. C-08-4373-VRW<br><br>**PLAINTIFFS' LOCAL RULE 7-13 NOTICE THAT GOVERNMENT DEFENDANTS' MOTION TO DISMISS HAS BEEN UNDER SUBMISSION FOR MORE THAN 120 DAYS**<br><br>Courtroom 6, 17th Floor<br>The Honorable Vaughn R. Walker |

Plaintiffs hereby give notice pursuant to Local Rule 7-13 that the government defendants' motion to dismiss this action, submitted on July 15, 2009, has now been under submission more than 120 days. In addition, as of December 16, it is now four years since the Executive's warrantless surveillance program was first publicly revealed. Plaintiffs respectfully urge the Court to decide forthwith the government defendants' motion so that this lawsuit can begin moving forward towards final resolution.

The pending Ninth Circuit en banc proceedings in Mohamed v. Jeppesen, No. 08-15693, provide no reason for postponing decision of the motion. This action is controlled by 50 U.S.C. § 1806(f), not the common-law state secrets privilege. Even if section 1806(f) did not govern this action, the en banc resolution of Mohamed v. Jeppesen still would not be determinative of the government defendants' motion. If the en banc court adopts the position of the panel and holds that threshold, "very subject matter" dismissals are limited to *Totten*-type cases seeking to enforce duties arising out of a secret contract or other secret relationship between the plaintiff and the government, the government defendants' state secrets motion fails. If the en banc court adopts the position that threshold dismissals are possible if the subject matter of the plaintiff's allegations is an undisclosed secret, the government defendants' state secrets motion will still fail because this Court and the Ninth Circuit have already found that the subject matter of the warrantless surveillance program is not a secret. *Hepting v. AT&T Corp.*, 439 F.Supp.2d 974 (N.D. Cal. 2006); *Al Haramain Islamic Foundation v. Bush*, 507 F.3d 1190 (9th Cir. 2007). And the en banc decision in Mohamed v. Jeppesen will not speak at all to the non-state secrets grounds of the government's motion.

Moreover, as the Court observed during the recent hearing in Shubert v. Bush, No. 07-CV-0693-VRW, the Executive is attempting in Shubert and in this case to transform the state secrets evidentiary privilege into a far-reaching and unprecedented doctrine of nonjusticiability under the exclusive control of the Executive. The Executive's position rests on two unspoken and unsupportable conflations. First, the Executive is guilty of conflating the difference between proving a fact using secret evidence the court has forced the Executive to disclose and proving the same fact using independent, non-secret, non-government evidence.

Second, the Executive is guilty of conflating the difference between a judicial finding on an issue that the Executive claims is a secret and an Executive disclosure concerning the same issue. Combining these two conflations, the Executive contended at the Shubert argument that it can preclude the Judiciary from adjudicating any issue that the Executive deems secret, even if the issue is not in fact secret and there is non-secret, non-government evidence on which the Judiciary can base its adjudication, a contention that falsely equates a judicial adjudication on non-secret evidence with compelling the Executive to disclose secret facts.  That contention is the road to judicial subservience and Executive lawlessness, and the time has now finally come for this Court to forcefully and courageously reject it.  *See, e.g., Farhi Saeed bin Mohammed v. Obama*, No. 05-CV-1347-GK, Dkt. #253 (D.D.C. Dec. 16, 2009) (in which the District Court for the District of Columbia adjudicated using non-secret evidence the fact of Binyam Mohamed's torture, one of the "secrets" that the Executive contends cannot be adjudicated in Mohamed v. Jeppesen). The rule of law is not a threat to national security.

DATE:  December 23, 2009              Respectfully submitted,

   *s/ Cindy Cohn*
CINDY COHN
LEE TIEN
KURT OPSAHL
KEVIN S. BANKSTON
JAMES S. TYRE
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110

   *s/ Richard R. Wiebe*
RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE
425 California Street, Suite 2025
San Francisco, CA 94104

THOMAS E. MOORE III
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

RACHAEL E. MENY
PAULA L. BLIZZARD
MICHAEL S. KWUN
AUDREY WALTON-HADLOCK

1
2      KEKER & VAN NEST LLP
       710 Sansome Street
       San Francisco, CA 94111
3
       Attorneys for Plaintiffs
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C-08-4373-VRW                     -3-
**PLAINTIFFS' LOCAL RULE 7-13 NOTICE THAT
GOVERNMENT DEFENDANTS' MOTION TO DISMISS HAS
BEEN UNDER SUBMISSION FOR MORE THAN 120 DAYS**