# Exhibit "3"

# California Supreme Court Issues Opinion In Tobacco II Cases Re: Applicability Of Standing Requirements For Unnamed Class Members

*Monday, May 18, 2009 At 04:19PM*

In a long awaited decision, the California Supreme Court has issued its opinion on the impact of the injury standing requirements of Proposition 64 on class Unfair Competition Law ("UCL") claims. The results? An apparent victory for the plaintiff's bar and the removal of a bar to putative UCL class actions brought on behalf of individuals who have questionably suffered any injury-in-fact.

In this matter, the California Supreme Court answered two questions:

> "First, who in a UCL class action must comply with Proposition 64's standing requirements, the class representatives or all unnamed class members, in order for the class action to proceed?"

> "Second, what is the causation requirement for purposes of establishing standing under the UCL, and in particular what is the meaning of the phrase 'as a result of' in section 17204?"

In response to the first question, the California Supreme Court held that the standing requirements of Proposition 64 only to class representatives and not absent class members.

In response to the second question, the California Supreme Court held that "a class representative proceeding on a claim of misrepresentation as the basis of her or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions." The court also held that "[t]hose same principles .. do not require the class representative to plead or prove an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements when the unfair practice is a fraudulent advertising campaign."

The upshot of this decision? Arguably, individuals who would not have standing to obtain restitution as a named plaintiff under the UCL, can now obtain that recovery as an unnamed class member.

While the California Supreme Court notes that the voters' intent behind Proposition 64 would not be served by requiring putative UCL class members to show that they have suffered the same injury-in-fact requirements as a named plaintiff, it remains the case that an enterprising lawyer and plaintiff can nevertheless bring "shakedown" lawsuits on behalf of uninjured plaintiffs that that clog the courts, cost taxpayers and threaten the survival of small businesses, which were meant to be curbed by Proposition 64.

The following are some of the more salient excepts

from the majority and dissent (with some of my preliminary editorial comment).

"Section 17204 now provides in pertinent part: "Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or a district attorney or by a county counsel . . . [or] city attorney . . . [or] city prosecutor . . . or upon the complaint of a board, officer, person, corporation, or association, or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Section 17203 — the statute authorizing representative actions — states in part:"Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state."

"Notably, the references in section 17203 to one who wishes to pursue UCL claims on behalf of others are in the singular; that is, the "person" and the "claimant" who pursues such claims must meet the standing requirements of section 17204 and comply with Code of Civil Procedure section 382. ***The conclusion that must be drawn from these words is that only this individual — the representative plaintiff — is required to meet the standing requirements***."

> Comment: This statement is interesting.  While it is true that the individual must meet the standing requirements, he is also expressly required to comply with section 382 under Proposition 64, which has traditionally been determined to require the satisfaction of class certification requirements, including demonstrating "typicality" of an individual's claim to the class as well as predominating common questions.

"Notably absent from the ballot materials is any indication that the purpose of the initiative was to alter the way in which class actions operate in the context of the UCL. Indeed, other than the requirement that the representative plaintiff comply with Code of Civil Procedure section 382, ***the ballot materials contain no reference whatsoever to class actions nor is there any indication that Proposition 64 was intended in any way to alter the rules surrounding class action certification***. Those rules do not require that unnamed class members establish standing but, insofar as standing is concerned, focus on the class representative."

> Comment:  By making this comment, the high court would

appear to indicate that class actions operate differently in the UCL context and that the named UCL class representative need not demonstrate that existence of class certification requirements (such as typicality and predominating common questions). This comment is curious in light of Chief Justice George's (who, albeit, recused himself from this decision) and associate Justices Kennard's and Werdergar's questions in the recent Amalgamated argument highlighting the fact that Proposition 64's voter information guide expressly advised voters that Prop 64 would require compliance with procedural requirements of class action.

"To conclude: (1) there is nothing in the express language of Proposition 64 that purports to alter accepted principles of class action procedure that treat the issue of standing as referring only to the class representative and not the absent class members; (2) nor is there any indication in the ballot pamphlet materials that would have alerted the voters that such alteration in class action procedure was an intended result of passage of the initiative; (3) imposing such a novel requirement is not necessary to remedy the specific abuse of the UCL at which Proposition 64 was directed; (4) but, on the other hand, imposing this unprecedented requirement would undermine the guarantee made by Proposition 64's proponents that the initiative would not undermine the efficacy of the UCL as a means of protecting consumer rights, because requiring all unnamed members of a class action to individually establish standing would effectively eliminate the class action lawsuit as a vehicle for the vindication of such rights; and (5) the remedies provision of UCL, left unchanged by Proposition 64, offers additional support for the conclusion that the initiative was not intended to have any effect at all on unnamed members of UCL class actions."

From the dissent, here are some choice selections:

"[] I respectfully disagree with the majority insofar as it concludes that unnamed class members in a private UCL class action need not meet the injury-in-fact and causation requirements of Proposition 64. In this UCL suit alleging that tobacco companies engaged in false advertising about the health risks of their products, the majority applies its mistaken holding to conclude, in effect, that so long as the named plaintiffs actually relied on the allegedly deceptive advertising claims when buying and smoking cigarettes, they may seek injunctive and restitutionary relief on behalf of all California smokers who simply saw or heard such ads during the

period at issue, regardless of whether false claims contained in those ads had anything to do with any class member's decision to buy and smoke cigarettes."

\* \* \*

"Ascertainability and typicality both require that members of a certified class themselves have causes of action against the defendant. Courts, state and federal, repeatedly have stressed that the definition of a class cannot be so broad as to include persons who would lack standing to bring suit in their own names."

\* \* \*

"The majority's reasoning contains an even more fundamental flaw. As explained above, under the majority's construction of Proposition 64, a person may be a party to a UCL private representative action as a class member even though he or she could not sue in his or her own name. Thus, an individual whose personal effort to bring a UCL action failed because he or she could not demonstrate any personal injury or loss caused by the unfair practice may simply join, as an uninjured class member, in an identical class action brought by another named plaintiff who does meet the minimal injury-in-fact and causation requirements. Again, this cannot be what the electorate intended to achieve by enacting Proposition 64."

A copy of the decision can be found **here.**