# Exhibit "4"

Dockets.Justia.c


News & Insights > Publications

## Publications

21 MAY 2009

### *In re Tobacco II:* California Supreme Court clarifies standing and reliance requirements

NEWSLETTERS AND ALERTS

Luanne Sacks
Shirli Fabbri Weiss
Julie L. Hussey
Erin O. Doyle
by Luanne Sacks, Shirli Fabbri Weiss, Julie Hussey and Erin Doyle

In its recent decision *In re Tobacco II Cases*, the California Supreme Court has further clarified the effect of Proposition 64 on California's Unfair Competition Law (UCL). The court determined that Proposition 64's standing requirement applies only to class representatives, and that plaintiffs now need to prove actual reliance in prosecuting a fraud-based claim under the UCL.

The decision may, in certain circumstances, reinvigorate filing of class actions under the UCL.

**Background**

In 2004, California voters passed Proposition 64, which established standing requirements for private citizens bringing claims under the UCL. Prior to its passage, any private individual could seek to enforce the UCL regardless of the existence of any injury to the plaintiff or of a connection between an alleged plaintiff injury and the defendant's acts. Proposition 64 requires a private citizen to show he "suffered injury in fact" and that he "has lost money or property as a result of [such] unfair competition." In addition, in order to assert a class action claim under the UCL, the representative plaintiff must personally have suffered actual injury and loss caused by the unfair practice AND must comply with class action requirements of the Code of Civil Procedure section 382.

In 1997, plaintiff Willard Brown filed a complaint against several major tobacco companies and related companies. The plaintiff class was certified in 2001 for its UCL claims. However, in 2004, while the case was still pending, Proposition 64 was passed by California voters. The defendants sought decertification of the class on the basis that Proposition 64 altered the standing requirements for UCL claims.

The district court decertified the class, finding that individual issues predominated because class members would need to show they purchased the tobacco "as a result of" defendant's alleged misrepresentations. On appeal, the Court of Appeal affirmed the decertification ruling that individual issues of exposure to the challenged advertising predominated over class issues.

**California Supreme Court's Ruling**

The California Supreme Court examined two issues on appeal. It asked: 1) who must comply with the Proposition 64 standing requirements, only the class representatives or all class members, and 2) what is the causation requirement for establishing standing under the UCL, in particular, what is the meaning of the term "as a result of" in Cal. Bus. & Prof. Code former section 17204 which was added following the passage of Proposition 64?

1. **Who must comply with the Proposition 64 standing requirements, only the class representatives or all class members?**

In answer to the first question, the California Supreme Court held that in the context of the facts of this case **only the representative plaintiff in a class action must meet the Proposition 64 standing requirements**. Focusing on the use of the terms "person" and "claimant" in the statute, the court found that by using the singular forms, the drafters indicated that only the representative plaintiff in a class action must establish standing under Proposition 64. The court further expressed the view that traditional

class action standing requirements, which do not require absent class members to establish standing, and the reasoning for passing Proposition 64, preventing "shakedown" suits by private citizens unaffected by the defendant's actions, supported its holding. Notably, a concurring and dissenting opinion, authored by Justice Marvin R. Baxter, pointed out that California and federal courts have repeatedly stressed – even before the Proposition 64 amendment – that the definition of the putative class cannot be so broad as to include persons who lack standing to bring suit in their own names.

The court declined to accept the interpretation of standing offered by defendants and the lower court, finding that the cases defendants relied on did not address standing under the UCL specifically but rather the ability to describe a cognizable class. The court emphasized that while only the named representative needs to establish standing, Proposition 64 did not eliminate the separate California class certification requirements of numerosity, commonality, typicality and adequacy of representation found in California law. Pursuing claims on behalf of others with similar interests requires an assessment of typicality and adequacy of representation and Proposition 64 did not alter these requirements. The court also noted that the language of section 17203 was not revised and it is "patently less stringent," requiring only to "restore to any person in interest any money or property, real or personal which *may have been acquired*" by means of the unfair practice.

2. **What is the causation requirement for establishing standing under the UCL? In particular what is the meaning of "as a result of" in section 17204?**

As to the second question, the California Supreme Court clarified that when a class representative asserts a claim under the fraud prong of the UCL, there **must be a showing of actual reliance** on the misrepresentation. California courts previously assessed plaintiff's standing under both causation and reliance standards. This decision makes clear that the latter is the governing standard and it is now clear that *actual reliance* is required.

Reliance is proved by showing that without the defendant's misrepresentation the plaintiff would not have engaged in the injury-producing conduct. While the misrepresentation need not be the sole reason for the plaintiff's decision, it must play a substantial part in influencing the decision. The court further stated that the availability of alternative information does not defeat a reliance claim. The court held that, applying these general principles, the class representative must plead and prove actual reliance to succeed in a UCL cause of action. Notably, the reliance standard was considered by the court in the unique context of decades of alleged similar advertising done by multiple tobacco companies.

The court has remanded the case back to the trial court to determine if the named plaintiffs can establish standing or if the court should allow the complaint to be amended to meet the new standards.

**Decision May Reinvigorate Filing of UCL Class Actions**

This decision may make it easier for private citizens to bring class action suits under the UCL and may reinvigorate the filing of UCL class actions. The standing hurdle for absent class members has been set aside by California courts for such actions. That is, the court has removed the need for unnamed class members to show individualized proof of reliance. Instead, unnamed putative class members need only show that they meet the California class certification requirements. Therefore, class actions may be brought in California under the UCL when a single person meets Proposition 64 standing and reliance requirements representing a class seeking restitution.

However, plaintiffs must still meet class certification requirements and must seek to certify a cognizable class in order to represent a class. The named plaintiff's claims must be typical of the class claims, and the representative class member must be able to adequately represent the class as a whole. Moreover, class certification can still be challenged in California when individualized issues predominate over common issues. Therefore, challenges to class action claims under the UCL may shift from issues of standing to issues of class certification analyzing traditional class action requirements.

In addition, the court's decision clarified the reliance threshold requirement in a fraud centered UCL action. Representative plaintiffs must show actual reliance albeit not "an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements when the unfair practice is a fraudulent advertising campaign." The focal point in the court's reliance analysis in this case was an allegedly distinctive, decades-long advertising campaign that purportedly sent a fairly uniform message over various media. Thus, the court's statement that a plaintiff need not specify a particular advertisement or statement to prove reliance must be taken in that context and future cases that do not share the unusual multi-faceted and long-term nature of the advertising campaign at issue in this case may not benefit from the holding that the plaintiff need not specify an advertisement on which he relied.

In summary, the California Supreme Court held that only the named plaintiff/class representative must meet the Proposition 64 standing requirements in a UCL class action suit brought in a California court. However, in order to prevail on a UCL fraud based claim, the plaintiff must establish actual reliance on the misrepresentation, although the threshold for proving reliance on particular advertising or statements

may not require undue specificity in cases involving long-term advertising campaigns.

A complete copy of the opinion **may be read here**.

DLA Piper lawyers William Boggs and Brian Foster represented Lorillard Tobacco Co., one of the defendants in the case.

For more information about the impact of this decision on your business, please contact:

Christopher Young
Co-Chair, Product Liability Practice Group

Luanne Sacks
Co-Chair, Class Action Practice Group

Shirli Fabbri Weiss

William Boggs

Brian Foster

Julie Hussey

Erin Doyle