1    CINDY COHN (145997)
     cindy@eff.org
2    LEE TIEN (148216)
     KURT OPSAHL (191303)
3    JAMES S. TYRE (083117)
     MARK RUMOLD (279060)
4    ELECTRONIC FRONTIER FOUNDATION
     454 Shotwell Street
5    San Francisco, CA  94110
     Telephone: (415) 436-9333
6    Fax: (415) 436-9993

7    RICHARD R. WIEBE (121156)
     wiebe@pacbell.net
8    LAW OFFICE OF RICHARD R. WIEBE
     One California Street, Suite 900
9    San Francisco, CA 94111
     Telephone: (415) 433-3200
10   Fax: (415) 433-6382

RACHAEL E. MENY (178514)
rmeny@kvn.com
PAULA L. BLIZZARD (207920)
MICHAEL S. KWUN (198945)
AUDREY WALTON-HADLOCK (250574)
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, California  94111-1704
Telephone: (415) 391-5400
Fax: (415) 397-7188

THOMAS E. MOORE III (115107)
tmoore@moorelawteam.com
THE MOORE LAW GROUP
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301
Telephone: (650) 798-5352
Fax: (650) 798-5001

ARAM ANTARAMIAN (239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone: (510) 289-1626

13   Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>vs.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>                   Defendants. | CASE NO. 08-CV-4373-JSW<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**1) PORTIONS OF EXHIBITS TO THE DECLARATION OF MARK KLEIN;**<br><br>**2) DECLARATION OF JAMES W. RUSSELL**<br><br>**(BOTH ORIGINALLY FILED UNDER SEAL IN THE RELATED CASE OF HEPTING v. AT&T, NO. 06-CV-0676);**<br><br>**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL**<br><br>No Hearing Requested<br>Courtroom 11, 19th Floor<br>The Honorable Jeffrey S. White |

Case No. 08-CV-4373-JSW

1

## I.    INTRODUCTION

2     Pursuant to Civil L.R. 7-11, 79-5(c), plaintiffs submit this Administrative Motion

3   requesting an order:  (1) to file under seal portions of the accompanying exhibits (the "Klein

4   Exhibits") to the Declaration of Mark Klein (the "Klein Declaration"), and (2) to file under seal the

5   entire Declaration of James W. Russell (the "Russell Declaration").  Plaintiffs submit the Klein

6   Exhibits and the Russell Declaration in support of their Motion for Partial Summary Judgment

7   Rejecting the Government Defendants' State Secrets Defense.[1]

8     The Administrative Motion should be granted.  The Klein Exhibits and the Russell

9   Declaration remain under seal in the related action of *Hepting v. AT&T*, No. 06-CV-0672 at the

10   instance of AT&T Corp., one of the parties to that action.  In the *Hepting* action, plaintiffs and

11   AT&T extensively litigated the issue of the information in these documents and, for purposes of

12   the present motion, there is no need to relitigate those issues.

13

## II.    ARGUMENT
### A.    The Sealed Portions of the Klein Exhibits

14

15     Plaintiffs seek to file under seal those portions the Klein Exhibits filed under seal in the

16   related *Hepting* action.  The Klein Exhibits consist of three AT&T documents.  Portions of the

17   Klein Declaration and the entirety of the Klein Exhibits were originally filed under seal in *Hepting*

18   (*Hepting* Dkt. #130; #147; #231).  The Klein Declaration was unsealed pursuant to stipulation and

19   court order and filed in the public docket (*Hepting* Dkt. #358 & Ex. 1; #361).

20     A redacted version of the Klein Exhibits was also unsealed pursuant to stipulation and court

21   order and filed in the public docket (*Hepting* Dkt. #358 & Ex. 2; #361).  The following portions of

22   the Klein Exhibits were unsealed:

23     a.     Exhibit A, pp. 1, 4.

24     b.     Exhibit B, pp. 6, 20.

25     c.     Exhibit C, pp. 1, 3, 45-46.

26   (*Hepting* Dkt. # 358 & Exs. 1, 2; #361).

27

28

---

[1] Plaintiffs are concurrently publicly filing the Klein Declaration and those portions of the Klein Exhibits that have already been unsealed pursuant to court order in the *Hepting* action.

1    The following portions of the Klein Exhibits remaining under seal by order of this Court in

2    the *Hepting* action:

3         a.    Exhibit A, pp. 2-3, 5-43.

4         b.    Exhibit B, pp. 1-5, 7-19.

5         c.    Exhibit C, pp. 2, 4-44, 47-58.

6    (*Hepting* Dkt. # 358 & Exs. 1, 2; #361).

7         **B.    The Sealed Russell Declaration**

8         Plaintiffs also seek to file under seal the Russell Declaration filed by AT&T in the related

9    *Hepting* action (*Hepting* Dkt. #220).  The Russell Declaration was filed under seal in the *Hepting*

10   action, and remains under seal in its entirety (*Hepting* Dkt. #130; #220).  Russell is an AT&T

11   employee and his declaration relates to matters within the scope of his employment, including the

12   Klein Exhibits.

13        **C.    There Is No Need To Relitigate The Prior Sealing Orders For Purposes Of The**

14   **Present Motion**

15        Four of the five present plaintiffs were also the plaintiffs in the *Hepting* action.  In that

16   action, defendant AT&T Corp. sought to seal in their entirety not only the Russell Declaration and

17   the three AT&T documents that are the Klein Exhibits, but also the Klein Declaration, the

18   declaration of J. Scott Marcus and the exhibits to the Marcus declaration on the ground that they

19   allegedly contained AT&T trade secrets (*Hepting* Dkt. #38; #221).  The *Hepting* plaintiffs opposed

20   sealing these documents, and litigated and negotiated the question of sealing extensively over the

21   course of eighteen months (*Hepting* Dkt. #223).

22        The result of that process was a stipulation between the *Hepting* plaintiffs and AT&T

23   permitting unsealing of large portions of these documents (*Hepting* Dkt. #358).  The Court then

24   entered an unsealing order based on the stipulation (*Hepting* Dkt. #360).  Under the Court's order,

25   that the Klein Declaration, the Marcus declaration, and the exhibits to the Marcus declaration were

26   entirely unsealed (*Hepting* Dkt. #358; #360), while the portions of the Klein Exhibits identified

27   above and the entirety of the Russell Declaration remained sealed.  *See* Declaration of Richard R.

28   Wiebe In Support Of Plaintiffs' Motion to Seal, attached hereto.  The government was a party to

1   *Hepting* as an intervenor-defendant, but did not object to the unsealing.

2       For purposes of plaintiffs' present motion, there is no need to relitigate the sealing issue.

3   Plaintiffs' motion makes only limited use of the sealed portions of the Klein Exhibits and the

4   Russell Declaration; it does not ask the Court to decide the merits of any of plaintiffs' claims using

5   the sealed portion of the Klein Exhibits or the Russell Declaration.  Under these circumstances,

6   there is no need at this time to relitigate the question of sealing, and the Court may properly rely on

7   the sealing determination made by the Court in the related *Hepting* action.

8   **III.**   **CONCLUSION**

9       For the foregoing reasons, plaintiffs respectfully request this Court grant plaintiffs' motion

10  to file under seal the portions of the Klein Exhibits identified above and the entire Russell

11  Declaration.

12  DATE:  June 29, 2012                  Respectfully submitted,

13

14                              *s/ Richard R. Wiebe*
                               Richard R. Wiebe

15                      CINDY COHN
                     LEE TIEN

16                      KURT OPSAHL
                     JAMES S. TYRE

17                      MARK RUMOLD
                     ELECTRONIC FRONTIER FOUNDATION

18

19                      RICHARD R. WIEBE
                     LAW OFFICE OF RICHARD R. WIEBE

20                      THOMAS E. MOORE III
                     THE MOORE LAW GROUP

21                      RACHAEL E. MENY

22                      PAULA L. BLIZZARD
                     MICHAEL S. KWUN

23                      AUDREY WALTON-HADLOCK
                     KEKER & VAN NEST LLP

24

25                      ARAM ANTARAMIAN
                     LAW OFFICE OF ARAM ANTARAMIAN

26                      Attorneys for Plaintiffs

27

28

**DECLARATION OF RICHARD R. WIEBE IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

I, Richard R. Wiebe, do hereby declare:

1.      I am a member in good standing of the Bar of the State of California and the bar of this Court. I am counsel to plaintiffs in this action and plaintiffs in the related action of *Hepting, et al. v. AT&T Corp., et al.*, N.D. Cal. No. 06-CV-0672. I have personal knowledge of the facts set forth below, except as may be otherwise noted, and if called as a witness I could and would testify competently to them.

2.      In the *Hepting* action, defendant AT&T Corp. sought to seal in their entirety not only the Russell Declaration and the three AT&T documents that are the Klein Exhibits, but also the Klein Declaration, the declaration of J. Scott Marcus and the exhibits to the Marcus declaration (*Hepting* Dkt. #38; #221). The *Hepting* plaintiffs opposed sealing these documents, and litigated and negotiated the question of sealing extensively over the course of eighteen months (*Hepting* Dkt. #223). The result of that process was that the Klein Declaration, the Marcus declaration, and the exhibits to the Marcus declaration were entirely unsealed (*Hepting* Dkt. #358; #360), while portions of the Klein Exhibits and the entirety of the Russell Declaration remained sealed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at San Francisco, CA on June 29, 2012.

                                        *s/ Richard R. Wiebe*

                                        Richard R. Wiebe