1 | BETH S. BRINKMANN
Deputy Assistant Attorney General, Civil Division
2 | JOSEPH H. HUNT
Director, Federal Programs Branch
3 | VINCENT M. GARVEY
Deputy Branch Director
4 | ANTHONY J. COPPOLINO
Special Litigation Counsel
5 | tony.coppolino@usdoj.gov
MARCIA BERMAN
6 | Senior Trial Counsel
U.S. Department of Justice
7 | Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
8 | Washington, D.C. 20001
Phone: (202) 514-4782
9 | Fax: (202) 616-8460
*Attorneys for the Government Defendants*
10 | *Sued in their Official Capacity*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, GREGORY HICKS, ERIK KNUTZEN, and JOICE WALTON, <br><br> *Plaintiffs*, <br> v. <br><br> NATIONAL SECURITY AGENCY and KEITH B. ALEXANDER, its Director in his official and personal capacities; MICHAEL V. HAYDEN in his personal capacity; the UNITED STATES OF AMERICA; BARACK OBAMA, President of the United States, in his official capacity; GEORGE W. BUSH, in his personal capacity; RICHARD B. CHENEY, in his personal capacity; DAVID S. ADDINGTON, in his personal capacity; DEPARTMENT OF JUSTICE and ERIC HOLDER, the Attorney General, in his official capacity; MICHAEL B. MUKASEY, in his personal capacity; ALBERTO R. GONZALES, in his personal capacity; JOHN D. ASHCROFT, in his personal capacity; JAMES D. CLAPPER, Director of National Intelligence, in his official capacity; JOHN M. McCONNELL, in his personal capacity; JOHN D. NEGROPONTE, in his personal capacity, <br><br> *Defendants*. | Case No. 3:08-cv-04373-JSW <br><br> **NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AND DEFENDANTS' CASE MANAGEMENT STATEMENT** <br><br> Courtroom:   11 – 19th Floor <br><br> Judge:   Hon. Jeffrey S. White |

**Defs.' Motion to Stay Proceedings and Case Management Statement**
*Jewel, et al. v. National Security Agency, et al.*, **Case No. 08-cv-4373-JSW**                                                                              -1-

NOTICE is hereby given of the filing of this motion by the Government Defendants sued in their official capacity. Defendants move for a stay of proceedings pending a decision by the Ninth Circuit in *Al-Haramain v. Obama* (07-cv-00109-VRW). On July 2, 2012, plaintiffs moved for partial summary judgment on the grounds that the Foreign Intelligence Surveillance Act ("FISA") preempts the Government's state secrets privilege—an issue that is presently before the Ninth Circuit in *Al-Haramain*. Defendants respectfully request a stay of proceedings pending a decision in *Al-Haramain* to promote judicial economy and conserve the resources of the parties. The undersigned counsel hereby certifies that she has conferred with counsel for plaintiffs with respect to this motion, and that plaintiffs oppose this request.

Pursuant to Local Rule 16.10(d), defendants also hereby submit a case management statement, presented in the background section below, to update the Court on the status of this action and related actions.

## BACKGROUND

**A.    Background on *Jewel* Action**

On September 18, 2008, plaintiffs filed a complaint in this action against the National Security Agency ("NSA"), the Director of the NSA, the United States, and several current and former Government officials in their official and individual capacities, including former President George W. Bush, former Vice President Cheney, and several current and former Attorneys General and Directors of National Intelligence. *See* Dkt. 1.[1] Plaintiffs allege that, in the aftermath of the terrorist attacks on September 11, 2001, the defendants authorized and undertook, through the National Security Agency ("NSA"), an "illegal and unconstitutional dragnet communications surveillance in concert with major telecommunications companies," pursuant to which NSA allegedly intercepted the content of communications, as well as the communications records, of millions of ordinary Americans. *See* Complaint (Dkt. 1) ¶ 1, 7; *see also id*. ¶¶ 9-11; 73-75; 82-97. Plaintiffs' seventeen-count complaint alleges violations of the

---

[1] All of the Defendants sued in their official and personal capacities are identified in the caption.

First and Fourth Amendments of the Constitution, the separation of powers doctrine, as well as various statutory violations under Sections 109 and 110 of the Foreign Intelligence Surveillance Act of 1978 ("FISA"), 50 U.S.C. §§ 1809, 1810; the Wiretap Act, as amended by the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1)(a), (1)(c), (1)(d) and (3)(a); and the Stored Communications Act ("SCA"), 18 U.S.C. § 2703(a), (b), and (c). The complaint requests equitable and monetary relief.

On April 3, 2009, the United States and other Government Defendants filed a motion to dismiss or, in the alternative, for summary judgment, and raised two major arguments—(1) that plaintiffs' statutory damages claims could not proceed against the Government Defendants sued in their official capacity absent a waiver of sovereign immunity; and, in the alternative, that (2) plaintiffs' claims required or risked the disclosure of information subject to the state secrets privilege and related statutory privileges and, for this reason, should be dismissed. *See* Dkts. 18-21. On June 3, 2009, plaintiffs filed an opposition and argued, *inter alia*, that their statutory claims were available against the United States, and that the Government's state secrets privilege assertion was preempted by provisions of the FISA. *See* Dkts. 29, 30. On January 21, 2010, the district court (through then-Chief Judge Vaughn R. Walker) dismissed plaintiffs' complaint on grounds that had not been raised by the Government—namely that plaintiffs' complaint had failed to allege a sufficient injury to satisfy Article III standing requirements at the pleadings stage. *See* Dkt. 57. On December 29, 2011, the Ninth Circuit reversed and remanded. *See Jewel v. National Security Agency* and *Shubert v. Bush*, 673 F.3d 902 (9th Cir. 2011).

On July 2, 2012, plaintiffs filed a Motion for Partial Summary Judgment Rejecting the Government Defendants' State Secrets Defense. *See* Dkt. 83. As the caption indicates, the basis of the motion is plaintiffs' contention that FISA preempts the Government's state secrets privilege. The parties stipulated to a briefing schedule, with defendants reserving the right to move for a stay and file a case management report pending a decision by the Ninth Circuit in *Al-Haramain*. *See* Dkt. 91 at 2. The Court granted the stipulated briefing schedule. *See* Dkt. 93. Defendants' combined cross-dispositive motion and opposition to plaintiffs' partial motion for

**Defs.' Motion to Stay Proceedings and Case Management Statement**
*Jewel, et al. v. National Security Agency, et al.*, **Case No. 08-cv-4373-JSW** -3-

summary judgment is currently due on or before August 31, 2012.

**B.     Background on Related *In re National Security Agency Records* Litigation**

The instant *Jewel* action is related to other actions that had been before Chief Judge Walker in multi-district litigation proceedings, captioned *In re National Security Agency Telecommunications Records Litigation* (MDL Docket No. C 06-1791-VRW) (hereafter "MDL-1791"). MDL-1791 originally involved over 40 cases, including numerous class action lawsuits brought against telecommunications carriers alleged to have assisted the NSA in surveillance activities, including with respect to the alleged activities at issue in the *Jewel* action. The plaintiffs in the *Jewel* action are plaintiffs in a separate action filed in 2006 in this district against a telecommunications carrier—*Hepting v. AT&T* (06-cv-0672-VRW). As summarized below, the cases associated with MDL 1791 are now at various stages, including appellate stages.

1. *Shubert* Case: One of the member cases in the MDL-1791 docket—*Shubert v. Obama* (07-cv-0693-VRW)—was remanded to this district court along with the *Jewel* action. *Shubert* raises claims and allegations that are largely identical to those raised in the *Jewel* action. *Shubert* was originally dismissed by Chief Judge Walker pursuant to the same order in which he dismissed the *Jewel* action. *See* Dkt. 57*; see also Jewel v. National Security Agency,* 2010 WL 235075 (N. D. Cal. 2010). The Ninth Circuit reversed and remanded dismissal of *Shubert* and *Jewel* in the same decision. *See Jewel v. National Security Agency* and *Shubert v. Bush*, 673 F.3d 902 (9th Cir. 2011). While this Court was recently assigned to the *Jewel* action, the MDL docket under which the *Shubert* action resides has not yet been reassigned. The parties agree that *Jewel* and *Shubert* are related cases and should be heard by the same judge.

2. *Al-Haramain* Case: On June 1, 2012, the Ninth Circuit heard argument in *Al-Haramain v. Obama* (07-cv-00109-VRW), another member case of MDL-1791. The plaintiffs in *Al-Haramain* challenge alleged surveillance under the so-called "Terrorist Surveillance Program." The district court granted summary judgment for the plaintiffs in that case, *see In re: Nat'l Security Agency Telecomm. Records Litig., Al-Haramain Islamic Found. v. Bush*, 700 F. Supp. 2d 1182 (N.D. Cal. 2010), and the Government Defendants have appealed. Among the

issues raised on appeal in *Al-Haramain* are whether the cause of action in FISA Section 1810, 50 U.S.C. § 1810, waives sovereign immunity for suit against the United States, and whether the FISA preempts the state secrets privilege—both issues raised by the instant *Jewel* action.

      3. *Center for Constitutional Rights* Action: Another lawsuit in MDL-1791 challenging alleged surveillance under the Terrorist Surveillance Program was dismissed by the district court for lack of standing on January 31, 2011, and is now pending on appeal before the Ninth Circuit. *See* Dkt. 51 in *In re: Nat'l Security Agency Telecomm. Records Litig., Center for Constitutional Rights ("CCR") et al. v. Bush*, (07-cv-1115-VRW). By Order dated May 22, 2012, the Ninth Circuit vacated a scheduled hearing in the *CCR* appeal after the Supreme Court granted the Government's petition for a writ of *certiorari* to review a Second Circuit decision that raises standing issues similar to those raised in *CCR*. *See Amnesty International USA et al. v. Clapper*, 638 F.3d 118 (2d Cir. 2011), *rehearing en banc denied*, 667 F.3d 163 (2d Cir. 2011), *cert. granted,* 2012 WL 526046 (May 21, 2012).

      4. *Carrier* Cases: As noted, MDL-1791 also included numerous lawsuits brought against telecommunications carriers alleged to have assisted the NSA in alleged intelligence activities. The plaintiffs in *Jewel* brought one of those lawsuits—*Hepting v. AT&T* (06-cv-0672)—which challenges the alleged surveillance activities at issue in *Jewel*. In June 2009, the lawsuits against telecommunication carriers in MDL 1791 were dismissed by the district court pursuant to provisions of the Foreign Intelligence Surveillance Act Amendments of 2008, which foreclosed a cause of action against persons alleged to have assisted the U.S. intelligence community. *See In re: Nat'l Security Agency Telecomm. Records Litig*., 633 F. Supp. 2d 949 (N.D. Cal. 2009). The Ninth Circuit upheld dismissal of plaintiffs' claims against telecommunications carriers. *In re: Nat'l Security Agency Telecomm. Records Litig*., 671 F.3d 881 (9th Cir. 2011). The plaintiffs in these carrier cases have filed a petition for a writ of certiorari with the Supreme Court. *See* 80 BNA USLW 3574 (Mar 28, 2012) (NO. 11-1200). Plaintiffs' cert petition is pending and a decision is not expected until the Supreme Court's term starting in October 2012.

5. *Anderson* and *Lebow* Cases: Two other member cases in MDL-1791 that raise claims against telecommunication carriers also raise claims against the United States Government concerning alleged NSA surveillance. *See Anderson, et. al. v. Verizon Communications* (07-cv-02029-VRW) and *Lebow, et. al. v. Bell South, et. al*. (07-cv-00464-VRW). In its decision affirming dismissal of claims brought against telecommunication carriers pursuant to the FISA Act of 2008, the Ninth Circuit reversed the district court's dismissal of claims raised in *Anderson* and *Lebow* against the Government. *See In re NSA,* 671 F.3d at 904. As noted, a petition for a writ of *certiorari* remains pending in the carrier litigation, and appellate proceedings in *Anderson* and *Lebow* do not appear to have concluded.

## ARGUMENT

THE COURT SHOULD STAY PROCEEDINGS PENDING A DECISION BY THE NINTH CIRCUIT IN *AL-HARAMAIN*.

The Court should defer briefing on plaintiffs' motion for partial summary judgment until after the Court of Appeals rules in the *Al-Haramain* action. Staying the briefing will conserve the resources of the Court and the parties because a decision in *Al-Haramain* has the potential to control the disposition of plaintiffs' motion or to require its re-briefing. The duration of the stay is also likely to be modest, as *Al-Haramain* is fully briefed, argued, and awaiting decision. Thus, a stay will serve the interests of judicial economy and conserving the resources of the parties, and will not prejudice plaintiffs.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, a district court considers "the possible damage which may result from granting a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d

265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). *See also Electronic Frontier Foundation v. Office of the Director of National Intelligence*, No. C 08-01023 JSW, 2009 WL 773340, at * 3-4 (N.D. Cal. Mar. 23, 2009). As the moving party, the Government bears the burden of showing a stay is warranted. *See Landis*, 299 U.S. at 255.

The very issue on which plaintiffs have moved for partial summary judgment—whether FISA preempts the state secrets privilege—is among the issues that was raised on appeal in the Ninth Circuit in *Al-Haramain*. *Al-Haramain* and the instant case share a similar background, in that both cases put at issue alleged warrantless surveillance following the September 11, 2001, attacks. It is true that the Ninth Circuit need not decide the FISA preemption issue in *Al-Haramain*; the Government provided alternative bases for its appeal. It is possible, however, that the court will decide, or opine on, the FISA preemption issue, or that the disposition of *Al-Haramain* will otherwise be instructive as to how this Court should consider that issue in this case. No one can predict how the Court of Appeals will decide *Al-Haramain* or what its opinion will say.[2] But the possibility that the Ninth Circuit could soon decide the precise legal issue upon which plaintiffs' motion for partial summary judgment is based makes this a compelling case for staying the briefing and disposition of that motion in the interests of judicial economy and conserving the parties' resources. *See, e.g., Laurel Park Community, LLC v. City of Tumwater*, No. C09-5312BHS, 2010 WL 2035916, at * 2-4 (W.D. Wash. May 19, 2010)

---

[2] The mere fact that the Ninth Circuit has previously declined to reach the FISA preemption issue does not mean it will not reach it in *Al-Haramain*. *See* Plaintiff's Motion for Partial Summary Judgment at 12 n.7. That is pure speculation. Nor is plaintiffs' suggestion that by instructing the district court to consider the Government's state secrets privilege assertion, the Ninth Circuit was signaling this Court *not* to await a decision in *Al-Haramain,* which had not even been argued yet, the least bit colorable. *Id*.

**Defs.' Motion to Stay Proceedings and Case Management Statement**
*Jewel, et al. v. National Security Agency, et al.*, **Case No. 08-cv-4373-JSW** -7-

(granting stay of proceedings where a decision by the Ninth Circuit in a separate, pending case may determine questions of law that would have application in the case in which the stay was sought); *McDonald v. Novartis Pharmaceuticals, Corp.*, Civil No. 07-655 (JBS), 2007 WL 4191750, at * 1-3 (D. N.J. Nov. 20, 2007) (granting stay of proceedings pending a decision by the Third Circuit in cases that raise issues concerning the preemptive force of the Food and Drug Administration's labeling requirements that are potentially dispositive to the case in which the stay was sought); *Ambrosini v. Richardson-Merrell Inc.*, Civ. No. 86-278, 1989 WL 298429, at * 1 (D.D.C. June 30, 1989) (noting that action had been stayed pending a decision by the D.C. Circuit in a case involving an identical question of law).

In addition, one of the other bases for the Government's appeal in *Al-Haramain* is also raised in the instant case. The government argued in *Al-Haramain* that FISA's civil liability provision, 50 U.S.C. § 1810, upon which the judgment in *Al-Haramain* is based, does not contain a waiver of the Government's sovereign immunity. The Government previously made this argument in this case, *see* Dkts. 18-21 and *Jewel*, 673 F.3d at 906, and will do so again in its cross-dispositive motion. What the Ninth Circuit has to say about whether there is a waiver of sovereign immunity to support plaintiffs' claims against the Government for monetary relief under the FISA is immensely important to whether plaintiffs' FISA claim may proceed at all against the Government.

A stay is also appropriate here because "it appears likely the [*Al-Haramain* appeal] will be concluded within a reasonable time." *Leyva*, 593 F.2d at 864. *Al-Haramain* was argued on June 1, 2012. "This is, therefore, not a case where the contemplated stay is open-ended or protracted—the Court of Appeals will very shortly have the opportunity to clarify the disputed question of . . . preemption that is at the heart of this case." *McDonald*, 2007 WL 4191750, at * 3 (granting stay where Third Circuit cases were fully briefed but not yet argued). The Government shares plaintiffs' frustration at the delay in this case while plaintiffs appealed a dismissal on grounds that the Government had not advanced, but staying the case pending a decision in *Al-Haramain* would nonetheless promote judicial economy, conserve everyone's

resources, and only briefly delay the case.[3]

## CONCLUSION

For all the foregoing reasons, the Government defendants sued in their official capacity respectfully request that the Court stay these proceedings until 30 days after the Ninth Circuit issues its decision in *Al-Haramain*. On or before that date, the parties will confer and jointly provide notice to the Court of a schedule for further proceedings in this action. If it will assist the Court, the Government is prepared to attend a case management conference to address these issues further.

Date: July 11, 2012

Respectfully Submitted,

BETH S. BRINKMANN
Deputy Assistant Attorney General, Civil Division

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Branch Director


  *s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

  *s/ Marcia Berman*
MARCIA BERMAN
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 6102
Washington, D.C. 20001
Phone: (202) 514-4782—Fax: (202) 616-8460

*Attorneys for Defendants*

---

[3] The Government sought dismissal in 2009 in part on the ground that the state secrets privilege and related statutory privileges foreclosed litigation of this case. In the Government's view, that ground should have been considered and the case dismissed three years ago. The Government is not the cause of the intervening delay.