IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JEWEL, ET AL., | |
| Plaintiffs, | No. C 08-04373 JSW |
| v. | |
| NATIONAL SECURITY AGENCY, ET AL., | |
| Defendants. | |
| | No. C 07-00693 JSW |
| VIRGINIA SHUBERT, ET AL., | |
| Plaintiffs, | **NOTICE OF QUESTIONS FOR HEARING** |
| v. | |
| BARACK OBAMA, ET AL., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 14, 2012 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to submit copies as soon as possible directly to chambers and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with

reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall address the following questions:

1. In *Al-Haramain Islamic Foundation, Inc. v. Bush*, the Ninth Circuit specifically remanded to the district court "to consider whether FISA preempts the state secrets privilege and for any proceedings collateral to that determination." 507 F.3d 1190, 1206 (9th Cir. 2007). This district court in *In re National Security Agency Telecommunications Records Litigation*, held that FISA does preempt the state secrets privilege. 564 F. Supp. 2d 1109 (N.D. Cal. 2008). In *Mohamed v. Jeppesen Dataplan, Inc.*, the Ninth Circuit, referencing the remand in *Al-Haramain*, found that "Congress presumably possesses the power to restrict application of the state secrets privilege in the referral proceeding." 614 F.3d 1070, 1092 n.15 (9th Cir. 2010).

   a. On what authority do Defendants argue the Court should reverse the decision by this district court finding that FISA preempts the state secrets privilege?

   b. Does the Ninth Circuit's decision not to review the district court's finding of preemption have any persuasive authority? *See Al-Haramain Islamic Foundation, Inc. v. Obama*, 690 F.3d 1089, 1091 (9th Cir. 2012).

2. Does the government's public disclosure of material information regarding the very existence of a warrantless surveillance program, including its denial in this matter of the allegations of domestic surveillance (Public DNI Declaration at ¶ 24; Public NSA Declaration at ¶ 18), preclude a finding regarding the existence of the program, and therefore the subject matter of this action, is barred entirely by the state secrets privilege? *See Al-Haramain*, 507 F.3d at 1201. What specific cites in the voluminous record submitted by Plaintiffs reference the government's public disclosures regarding solely domestic surveillance?

3. Does the state secrets privilege bar Plaintiffs' constitutional claims?

4. Assuming the case is not dismissed at this procedural stage, what are the practical procedures that the Court should follow to conduct discovery and make findings of fact? Considering the procedural context at summary judgment, in addition to the public and under seal submissions already made by Defendants, what additional evidence could the government provide that would affect the Court's analysis of the underlying allegations of liability?

5. How can the Court grant or deny relief, thereby confirming or rejecting Plaintiffs' factual allegations regarding surveillance, without imperiling the national security interests identified by Defendants, both in their public and under seal declarations? *See ACLU Foundation of Southern California v. Barr*, 952 F.2d 457, 469, n.13 (D.C. Cir. 1991). If the Court should find a violation under FISA, what is the injunctive recourse Plaintiffs seek and is this Court the proper forum to obtain that relief?

6. In *Jeppesen Dataplan*, the Ninth Circuit describes other possible avenues of relief for plaintiffs without judicial recourse. 614 F.3d at 1091-92. The majority suggests remedies such as the Executive thoroughly reviewing their own conduct, or a Congressional investigation of alleged wrongdoing and restraint from Executive excess, or Congressional enactment of a private bill which may require the alleged conduct be reviewed by the Court of Federal Claims. What is the mechanism by which such

remedies might be accessible to Plaintiffs or do these suggested remedies, as the dissent decries, "elevate the impractical to the point of absurdity"? *Id*. at 1101.

7. "[A]ny lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." *Balser v. Department of Justice,* 327 F.3d 903, 907 (9th Cir. 2003) (citations omitted). Thus, assuming *arguendo* that the doctrine articulated in *Larson v. Domestic & Foreign Commerce Corporation*, of suing officers for *ultra vires* acts survives the 1976 amendment to the Administrative Procedure Act ("APA"), Plaintiffs must sue the officers in their individual or personal capacity. 337 U.S. 682 (1949). In their statutory claims for injunctive relief, Plaintiffs name Keith B. Alexander, Michael B. Mukasey, and John M. McConnell in their official and personal capacities. In their combined reply (Docket No. 112), Plaintiffs argue that these claims are against Alexander, Eric Holder, and James R. Clapper. However, Plaintiffs have not moved to substitute in or amended their complaint to name Holder or Clapper. To the extent Plaintiffs are suing Holder and Clapper in their official capacity, there is no need to do so. *See* Fed. R. Civ. P. 25. However, Rule 25 does not apply to officers who are sued in their individual capacity. On what basis do Plaintiffs contend that they may sue Holder and Clapper in their individual capacity when Holder and Clapper have not been named as defendants in this suit?

8. Under *Larson*, the Court must look to the remedy Plaintiffs seek in order to determine whether their claims truly are against the officers in their individual capacity or are against the United States. Plaintiffs broadly seek to enjoin Defendants, and "all those in active concert and participation with them from violating the Plaintiffs' and class members' statutory rights." (Complaint at ¶¶ 155, 183, 220, 243.)

   a. To the extent Plaintiffs may bring a claim under *Larson*, the Court must examine the scope of the requested injunction to determine whether the claim "would work an intolerable burden on governmental functions." *Washington v. Udall*, 417 F.2d 1310, 1318 (9th Cir. 1969). What specific conduct are Plaintiffs seeking to enjoin?

   b. Are Plaintiffs seeking to enjoin conduct by anyone other than Alexander, Holder, or Clapper?

      i. If so, on what basis do Plaintiffs contend that such an injunction would fall within the limits of a claim under *Larson*?

      ii. If not, in light of the fact that Plaintiffs seek to enjoin persons in active concert and participation with these officers, and the reality that the alleged program is carried out by government officials in addition to these three officers, how would an injunction directed solely at Alexander, Holder, and Clapper in their individual capacities provide Plaintiffs with the relief they seek?

9. Is Section 1809 the only provision of FISA that Plaintiffs allege Defendants violated?

   a. If not, what other specific provisions under FISA do Plaintiffs allege that Defendants violated?

   b. If so, to the extent Plaintiffs are suing the individual officers in their official capacity, on what basis do Plaintiffs contend that such a claim for injunctive relief is not barred by *Al-Haramain*? 690 F.3d 1089. Although the Ninth Circuit in *Al-Haramain* addressed a claim for damages, the court stated that a violation of Section 1809 is a criminal offense. The court explained that holding a

3

        criminal prosecution against an officer in his official capacity, and thus against an office, would be "unprecedented" and that criminally prosecuting a successor in office for actions of his predecessor would be "patently absurd." *Id*. at 1098-99.

10. Section 702 of the APA does not "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Are Plaintiffs arguing that this limitation on the APA's withdrawal of sovereign immunity does not apply if the grant of consent and the limitation are contained within two statutes, as opposed to one? In other words, because the grant of consent to sue under FISA and the Wiretap Act is contained within a separate statute, the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq*., is the Court required to consider only the SCA in order to determine whether the limitation under the APA applies to Plaintiffs' claims under FISA and the Wiretap Act? Can any party refer this Court to a case where, in determining the scope of this limitation under the APA, a court has addressed the issue of whether it may consider both statutes in conjunction with one another, when one statute amends another?

11. What are the significant differences between the *Jewel* and *Shubert* complaints with regard to the structure of deciding the pending motions?

12. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 12, 2012

                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE