Pages 1 - 26

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JEFFREY S. WHITE

| | | |
|---|---|---|
| VIRGINIA SHUBERT, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. C 07-0693 JSW |
| | ) | |
| GEORGE W. BUSH, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ----------------------------------) | | |
| CAROLYN JEWEL, et al, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| vs. | ) | NO. C 08-4373 JSW |
| | ) | |
| NATIONAL SECURITY AGENCY, et al, | ) | |
| | ) | San Francisco, California |
| Defendants. | ) | Friday |
| | ) | September 27, 2013 |
| _____ | ) | 1:30 p.m. |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

**For Plaintiffs**          EMERY CELLI BRINCKERHOFF & ABADY, LLP
**Shubert, et al:**         75 Rockefeller Plaza
                            20th Floor
                            New York, New York 10019
                    **BY:  ILANN MAAZEL, ESQ.**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
              Official Reporter - US District Court
              Computerized Transcription By Eclipse

1   **APPEARANCES:   (CONTINUED)**

2

3   **For Plaintiffs**          LAW OFFICE OF RICHARD R. WIEBE
    **Jewel, et al:**           One California Street
                                Suite 900
4                               San Francisco, California 94111
                           BY:  **RICHARD WIEBE, ESQ.**
5

6                               THE MOORE LAW GROUP
                                228 Hamilton Avenue
7                               Palo Alto, California 94304
                           BY:  **THOMAS MOORE, ESQ.**
8

9                               ELECTRONIC FRONTIER FOUNDATION
                                815 Eddy Street
10                              San Francisco, California 94109
                           BY:  **CINDY COHN, ESQ.**
11

12

13  **For Defendants**         U.S. DEPARTMENT OF JUSTICE
    **George W. Bush et al:**   1425 New York Avenue, NW
                                Washington, D.C. 20005
14                         BY:  **JAMES WHITMAN, ESQ.**

15

16

17  **For Defendants**         U.S. DEPARTMENT OF JUSTICE
    **NSA, et al:**             Civil Division
                                20 Massachusetts Avenue, NW
18                              Washington, DC 20530
                           BY:  **ANTHONY COPPOLINO, ESQ.**
19

20                              _ _ _

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2   SEPTEMBER 27, 2013                              1:44 p.m.
 3           THE CLERK:  Calling Case No. C 07-693, Virginia
 4   Shubert, et al versus George W. Bush, et al; and C 08-4373,
 5   Carolyn Jewel, at al versus National Security Agency.
 6       Counsel, please step forward to the podiums and state your
 7   appearances.
 8           MR. COPPOLINO:  Good afternoon, your Honor.  Anthony
 9   Coppolino, Department of Justice Civil Division, for the United
10   States.
11           THE COURT:  Good afternoon.
12           MR. WHITMAN:  Good afternoon, your Honor.  Jim
13   Whitman from the Department of Justice representing the
14   individual federal defendants.
15           THE COURT:  Good afternoon.
16           MR. WEIBE:  Good afternoon, your Honor.  Richard
17   Weibe representing the Jewel plaintiffs.
18           THE COURT:  Good afternoon.
19           MR. MAAZEL:  Good afternoon, your Honor.  Ilann
20   Maazel representing the Shubert plaintiffs.
21           THE COURT:  Good afternoon.
22           MS. COHN:  Good afternoon, your Honor.  Cindy Cohn
23   representing the Jewel plaintiffs.
24           THE COURT:  Good afternoon.
25           MR. MOORE:  Good afternoon, your Honor.  Tom Moore
```

1    also representing the Jewel plaintiffs.

2         **THE COURT:** All right. Welcome, counsel.

3         All right. So at this point I want to say something; that

4    I have reviewed the rather extensive joint case management

5    statement and proposed order in both of the cases, the Jewel

6    and the Shubert cases, and so I'm very familiar with the

7    parties' positions.

8         I'm also very familiar with the case, obviously, because

9    it's been -- there's a lot of history to the case.

10        So I want to go over some things. I'm going to treat

11   this -- I'm going to conduct this case management conference

12   like I do with my pretrial conferences, which really involves

13   the Court having read all the extensive briefing and filing in

14   the case, being familiar with it, tells you the way this case

15   is going to go, having taken into account all the parties'

16   different positions on different procedural and substantive

17   issues.

18        So let me just review where I think the case is. And I'm

19   going to direct the parties to jointly order a transcript. So

20   if there is something that you miss in what I'm about to say,

21   you'll have it there.

22        And what I'll do is, I'll give you -- if there is any

23   additional issues that the parties wish to raise that are --

24   haven't been raised in the papers and the Court hasn't dealt

25   with, then I will give you that opportunity; but it's a very,

1  very limited opportunity, I'll tell you right now.

2       Because, again, you did make -- all of you have made your

3  positions well known on many of the issues that I'm addressing,

4  and I'm going to give you my rulings on those essentially and

5  schedule some briefing.

6       So in the Court's order dated July 23rd the Court required

7  the parties to submit further briefing.  This case raises

8  important threshold legal issues that must be addressed and,

9  accordingly, the Court set this status conference in order to

10 facilitate the required further briefing.

11      This conference is not an opportunity for the parties to

12 engage in substantive legal arguments, but, rather, for the

13 Court to set out clearly its requirements and timing for

14 additional briefing on the following subjects.  And I'm

15 numbering each of those subjects.  And, again, when you get the

16 transcript, you'll have these advisedly, because I'm going to

17 tell you later who is briefing what, who is filing the opening

18 brief on which issue.

19      So issue number one -- and this is, again, what I'm about

20 to give you, the subjects for the next phase of this case in

21 the additional briefing.

22      So, number one, the Court has already determined that

23 FISA, F-I-S-A, preempts the state secrets privilege for the

24 plaintiff's statutory claims.  However, the parties have not

25 yet addressed, and the Court requires further briefing, on

1    whether FISA preempts the application of the state secrets

2    privilege to plaintiff's constitutional claims.  This is a

3    narrow issue and is not, as the plaintiff's have noted, an

4    opportunity for the defendants to reargue or seek

5    reconsideration of the issues already decided by the Court.  So

6    that's issue number one.

7         Issue number two is:  Must the Court follow FISA's

8    procedural mechanisms when adjudicating the constitutional

9    claims?

10        Number three:  Assuming the state secrets privilege does

11   not bar plaintiffs' constitutional claims, and that

12   Section 1806(f) provides the mechanism for review of submitted

13   materials, plaintiffs are tasked with the burden to establish

14   standing to sue without resulting in impermissible damage to

15   ongoing national security efforts.  And I'm referring here to

16   the recent case of *Clapper versus Amnesty International USA*,

17   133 Supreme Court 1138 at 1149, Note 4, decided on  -- at 2013,

18   where the Supreme Court notes that pursuant to hypothetical in

19   camera proceedings permitted under Section 1806(f), quote:

20        "Quote:  The Court's post disclosure decision

21        about whether to dismiss the suit for lack of

22        standing would surely signal to the terrorist whether

23        his name was on the list of surveillance targets,

24        unquote."

25        This Court requires supplemental briefing to address

1   standing in light of the *Clapper* Court's concern about national

2   security.

3       And, lastly, issue number four.  In light of the ongoing

4   disclosures and declassification of the materials involving the

5   government's continuing surveillance activities, the Court

6   requires further briefing on the impact on defendant's

7   assertion of the risks to national security presented by this

8   case.  And I'll have a little bit more to say about that later.

9       So now I'm going to give you the schedule for briefing and

10  then I'll follow that with what I said before, who files first

11  on which issues.

12      So the schedule is as follows.  First of all, as a

13  preamble, in order to accommodate the outstanding FOIA

14  proceeding, briefing shall not commence until after

15  October 31st, 2013.  Should the FOIA issues continue to be

16  litigated and good cause is shown why the litigation may affect

17  this schedule, the Court will consider an extension of time.

18  Again, for good cause shown.

19      So with that said, the opening briefs are due on

20  December 20th, 2013.  The opposition briefs are due on

21  January 31, 2014.  And the reply briefs are due February 28th,

22  2014.

23      So those dates are December 20th of '13, January 31 of

24  '14, and last brief February 28th of '14.

25      And the Court will set a hearing date upon -- in a further

1    written order.

2         So now I'm going to tell you who is starting with which

3    issues, so who is going to do the opening brief.

4         The defendants will file opening briefs -- must cover in

5    their opening briefs issues one, two and four, which I have

6    outlined before.

7         And the plaintiff's opening brief is only -- must only

8    cover issue number three.  So those are the opening briefs, and

9    the parties will respond and reply on the schedule that the

10   Court mentioned.

11        Now, there are other matters that I want to discuss as

12   well before I ask you if there is any -- ask the parties if

13   there is anything that they wish to address within the ambit of

14   what I said.  And I have a question or two as well.

15        So pursuant to the parties' stipulation, the Court hereby

16   stays the claims against the personal capacity defendants and

17   stays the substitution of deceased plaintiff, Gregory Hicks,

18   until further order of the Court upon a showing of good cause.

19        Number two:  Discovery shall not commence until resolution

20   of the threshold legal issues required further briefing, until

21   those are ruled on.  However, and this is something that the

22   defendants -- the plaintiffs suggest and I think it's an

23   excellent suggestion.

24        However, the current record must be reviewed and corrected

25   or augmented as necessary.  Any materials already submitted

1   ex parte by defendants must be reviewed to determine whether

2   any of those records are now declassified and should be put in

3   the public record of this case.

4         So by no later than December 20th, 2013 the defendants

5   shall file revised declarations and exhibits to accurately

6   reflect all of the information that has now been declassified

7   or disclosed, as the Court believes that the defendants are in

8   a better position to ascertain those things and represent them

9   to the Court than the plaintiffs are.

10        And what I'm going to do is the following.  I'm going in

11  addition allow the plaintiffs to respond to that filing.

12        Ms. Ottolini, let's pick a date about two weeks after

13  December 20th?

14              **THE CLERK:**  That would be January 3rd, your Honor.

15              **THE COURT:**  And what I would like is simply a -- this

16  is not a response that's required.  It might simply be you have

17  nothing to say, but given all that's happened and all that's

18  happened and all that's been put in the public -- in the public

19  domain in light of disclosures, both by government people and,

20  also, others, it may be that with all due good faith, the

21  defendants don't include certain things that the plaintiffs

22  believe should be disclosed.  You can respond and then I will

23  issue orders accordingly as to whether or not further

24  disclosures or corrections to the filed documents and

25  declarations should be filed by the defendants.  I don't need a

1  reply on that because I suspect there is not going to be a lot

2  of controversy as to that issue.

3      So I have a question of the parties.  I'm going to ask the

4  parties' positions regarding the recently filed and related

5  *First Unitarian Church versus NSA* case, which is Case No.

6  13-3287 with particular -- I'm particularly interested in any

7  overlap or coordination with that case's schedule.  So if

8  anybody -- which one of you wants to talk about that first?

9          **MR. WEIBE:**  I will speak to that, since I'm counsel

10  in both cases.

11          **THE COURT:**  Yes.

12          **MR. WEIBE:**  There is a case management conference

13  scheduled in that case, as your Honor probably knows, for

14  November 8th.

15          **THE COURT:**  Yes.

16          **MR. WEIBE:**  And that may be a better forum to present

17  possible coordination to the Court, given that we have been

18  presented with a lot of new information here today, and it may

19  make more sense to put that over until that time.

20          **THE COURT:**  That's fine.  But I wanted to tee that up

21  for you.

22          **MR. WEIBE:**  Yeah.

23          **THE COURT:**  Do the defendants have anything they want

24  to say on that issue?  Are you content to wait until -- I don't

25  know if you're involved in that, counsel?

1          **MR. COPPOLINO:**  We are, your Honor.  We're

2    representing the government in that case as well.

3          We certainly don't object to the related case.  I think

4    it's already been related to the Court.

5          There is a response to the complaint due on the 11th of

6    November, and we would anticipate at that time filing a

7    response to the complaint, most likely a dispositive motion.

8    So that will be in the mix on our side as well.

9          I'm not sure what else, you know, you've inquired about

10   that I could discuss.

11         **THE COURT:**  Well, do you have any objection to

12   discussing the coordination issues at the case management

13   conference in the *First Unitarian Church* case?

14         **MR. COPPOLINO:**  No.  I think that makes sense, your

15   Honor.  It will be right before we file, so we will be quite

16   far down the road on what we plan to do in response to the

17   complaint.

18         But, nonetheless, I think it would be.  It -- I don't see

19   any objection to any reason not to discuss how the cases are to

20   be coordinated.  You may find they go off on different tracks

21   anyway.

22         **THE COURT:**  Okay.  Well, we'll discuss it at that

23   time.

24         So the next question is -- I've finished the Court's

25   agenda.  Is there anything -- do the parties have anything

1  further they wish to address, again, without arguing

2  substantive legal positions or issues that we haven't

3  discussed?  Because this is what the Court believes is the

4  appropriate negotiation step to be able to move the case along.

5       Anything you want to discuss?

6            MR. WEIBE:  Yes, there is, your Honor.

7       With respect to the issue that you've asked the plaintiffs

8  to brief, issue number three, there are a couple of points of

9  clarification that we'd seek from the Court.

10      The first point is, obviously, as the Court has ruled, we

11 have not had any discovery at this point.  We believe that

12 there is non-secret evidence that would be relevant to proving

13 our standing that we can't obtain without discovery.  And so

14 we're put in a conundrum to brief this issue at this time to

15 show how we can prove our claim with non-secret evidence

16 potentially when we haven't had access to the tools of

17 discovery to obtain that evidence.  That's one point on that

18 issue.

19            THE COURT:  All right.  Before we get to the next

20 point, what's the government's position on that?

21            MR. COPPOLINO:  Well, your Honor, our position is

22 that you've addressed the issues, I think, in a manner that we

23 would find acceptable and as we set forth in the case

24 management conference, we think that these threshold issues

25 that you have identified -- and particularly number four, which

1    is the one directed at us to update the status of the national

2    security information issues on this case -- should precede any

3    discovery and that if discovery were to occur, particularly

4    discovery that is directed at telecom companies or former

5    senior officials of the intelligence community, that that is

6    going to immediately become the number one dispute in the case

7    and immediately lead to protective order motions, which is

8    going to wipe out this schedule and these issues.  So there is

9    a practical consideration as well.

10        But I agree with the Court that all of these issues --

11   and, in particular, the most important one for us is number

12   four -- should be addressed first.  You should have a briefing

13   on the ongoing national security issues involved with

14   litigating this case before discovery occurs.  That's our

15   position.

16        **THE COURT:**  Well, I'm not going to reconsider my

17   position on discovery.  You'll just have to do the best you

18   can.  The request is denied.

19        What's the next concern?

20        **MR. WEIBE:**  The next issue is that even in briefing,

21   that on the record of what the government now concedes is

22   public, we won't have that information until they file on

23   November 20 -- or on December 20th, and we -- but we're

24   supposed to file on December 20th, too.  So, again, we're in a

25   conundrum of not being able to --

1       **THE COURT:**  Stop.  You're right.  I think your

2   position is correct, and I think we need to change the schedule

3   because I think to make this a more -- a full and more robust

4   presentation of the issues, we need to have time -- we need to

5   change the schedule so that the plaintiffs file on issue number

6   three after the government files on issue number four and,

7   also, corrects the record as I have directed.

8        So we should then -- we're going to need to then give

9   the -- on issue number four, I'm going to have a separate

10  opening brief schedule for January 31st, is what --

11          **MR. WEIBE:**  Is that issue number three, your Honor?

12          **THE COURT:**  Issue number -- yes.

13          **MR. WEIBE:**  Our issue?

14      **THE COURT:**  Yes, issue number three.  And then we'll

15  give a concomitant amount of time to the government, two weeks

16  thereafter, to file their response.

17          **THE CLERK:**  Two weeks?

18          **THE COURT:**  Yes.

19          **THE CLERK:**  Would be February 14th.

20          **THE COURT:**  And one week later to file a reply.

21          **THE CLERK:**  February 21st.

22          **THE COURT:**  All right.

23          **MR. COPPOLINO:**  Your Honor, excuse me.  Let me just

24  clarify.  I'm sorry if I'm a little thick.

25       So on December 20th the government addresses issues one,

1  two and four.

2          THE COURT:  Correct.

3          MR. COPPOLINO:  The plaintiffs address issue three

4  for their opening brief on January 31.

5          THE COURT:  Correct.

6          MR. COPPOLINO:  Okay.  So then the next brief, I take

7  it, would be the government's response to the plaintiff's

8  January 31 filing, and you set that for February 14?

9          THE COURT:  Correct.

10         MR. COPPOLINO:  And then I kind of lost the --

11         THE COURT:  And the reply, the plaintiff's reply a

12  week thereafter.

13         MR. COPPOLINO:  So is there nothing left on the 28th

14  any more?

15         THE CLERK:  Yes.  That's your reply.

16         THE COURT:  That's the reply brief on the other

17  issues.  I've just split, split out that issue because I think

18  that the plaintiff's have made a very good point on the order

19  in which the Court set this.

20         MR. COPPOLINO:  I'm sorry, your Honor.

21  December 20th, our opening.  January 31, their opening on

22  number three.  February 20 --

23         THE CLERK:  And their opposition, right?  Am I

24  correct?

25         THE COURT:  And their opposition to the issue --

1    brief on issue number four.

2           **MR. COPPOLINO:**  Very well.  February 21, government's

3    reply.  February 28th, plaintiff's reply?

4           **MS. COHN:**  No.  I think it's the other way around.

5           **MR. COPPOLINO:**  I'm sorry.  I got lost.

6           **THE COURT:**  Let me have my courtroom deputy restate

7    the dates here.

8           **THE CLERK:**  Correct me if I'm wrong.  For the

9    defendant's opening brief, it's due December 20th, 2013.

10       The opposition to that brief is due January 31st, 2014.

11       And the reply to that brief is due February 28th, 2014.

12       For the plaintiff's opening, their opening is due

13   January 31st 2014.

14       The opposition to that filing is February 14, 2014.

15       And the reply to that is February 21st, 2014.

16          **THE COURT:**  Right.  And you have the briefing on the

17   rest of the -- the rest of the briefing, as I stated it before,

18   with respect to the other issues; issues one, two and four.

19   All right?

20       What's your next issue that you would like to bring up,

21   counsel?

22          **MR. WEIBE:**  Thank you, your Honor, by the way, for

23   that adjustment in the briefing schedule.

24          **THE COURT:**  It makes absolute sense.  I think it's

25   correct.

1          **MR. WEIBE:**  Now, just so the record is clear, it's

2     our understanding that the defendants will both be providing

3     revised declarations and assertions regarding state secrets, as

4     well as going back and redacting and providing public versions

5     of whatever is now public in the earlier secret declarations,

6     is that correct?

7          **THE COURT:**  Yes.  They will essentially be filling in

8     the blanks, as it were, based upon declassifications and public

9     disclosures.

10         And then, also, remember that issue number -- so number

11    three has to do withstanding, but they are also briefing issue

12    number four, which is the impact of that -- of those

13    disclosures and declassifications.  So they are doing both of

14    those things.

15         **MR. WEIBE:**  Yes, your Honor.

16         **THE COURT:**  And then you'll have your record on

17    standing.  And I know you disagree, but you'll have to file

18    based upon what has been -- is now in the record.

19         And if for some reason the briefing indicates this is an

20    impossible task and we need discovery, we'll have to then get

21    into the state secrets issues, but for now this is the way the

22    Court requires compartmentalizing the issues.

23         **MR. WEIBE:**  Understood, your Honor.

24         A couple of slight tweaks, if I could suggest, to the

25    schedule?

1      THE COURT:  Yes.

2      MR. WEIBE:  You had said that we would have

3  January 3rd to respond to the December 20th filing we just

4  talked about.

5      THE COURT:  31st.

6      MR. WEIBE:  This is -- not the briefing, but you said

7  that in response to their revised assertion of the state

8  secrets privilege, which we were just talking about.

9      THE COURT:  Yes.

10     MR. WEIBE:  If we could have two weeks to respond to

11 that, which would be January 3rd.

12     THE COURT:  Okay.  I meant the 31st would be --

13     THE CLERK:  It is at the moment set as January 3rd

14 for number -- in other matters number two on the second page.

15     THE COURT:  For number two, right.

16     THE CLERK:  On the second page, in other matters.

17     THE COURT:  Yes.  In other matters is -- yes, this is

18 under -- that's -- okay.

19     What I'm talking about that's going to happen on

20 January 3rd is simply a response to the government's exposition

21 about what is now public.  So you -- the Court's view is you

22 could easily look at that and say:  Yeah, that's all public,

23 but there's more stuff that they haven't -- you know, that's

24 been declassified and there is a properly citable source, and I

25 would simply expect you to give some counter or additional

1  designations.

2          MR. WEIBE:  Exactly, your Honor.  And all I wanted to

3  suggest with respect to that was to respectfully request from

4  the Court an additional week, January 10th, in light of the

5  holiday period.

6          THE COURT:  Fine.  You've got it.

7          MR. WEIBE:  Thank you, your Honor.

8          THE COURT:  You're on a roll now.

9          MR. WEIBE:  I tell you...

10          MR. COPPOLINO:  I'm sorry.  I don't see anything that

11  was due on January 3rd.

12          THE COURT:  Yes.  It was the -- it was only the

13  plaintiffs' response to your further disclosures.

14          MR. COPPOLINO:  I see.

15          THE COURT:  Which I called other matters.  That's all

16  that it is, because I don't think that's going to take a lot of

17  time and there may not be any such filing.  If the government

18  does a complete and expansive job, there should be nothing for

19  the plaintiff to say in addition to that; but I don't feel it's

20  appropriate not to give them an opportunity to chime in on that

21  as well.

22      Anything further, counsel?

23          MR. WEIBE:  Yes, there is.  Would the Court be open

24  -- you've asked us to address our standing in issue number

25  three.

1          **THE COURT:**  Right.

2          **MR. WEIBE:**  And there is one part of one claim where

3   we think we can prove our standing with public evidence.  And

4   that's our Fourth Amendment claim, to the extent it goes to the

5   current ongoing internet interceptions.

6      Would the Court be open to us briefing that issue as part

7   of our briefing on number three?

8          **THE COURT:**  Yes.

9          **MR. WEIBE:**  Thank you, your Honor.

10         **THE COURT:**  As it relates to standing, yes.

11         **MR. WEIBE:**  As part of a partial summary judgment

12  motion.

13         **THE COURT:**  Yes.  You can call it whatever you want,

14  but, yes, you certainly can do that.

15         **MR. WEIBE:**  Thank you, your Honor.

16         **MR. COPPOLINO:**  Excuse me.  If I may interject, your

17  Honor?

18         **THE COURT:**  Yes.

19         **MR. COPPOLINO:**  Are we setting a schedule on that or

20  are they just going to fold that into the --

21         **THE COURT:**  They are going to fold that into the

22  existing schedule with respect to issue number three.

23         **MR. WEIBE:**  Yes.

24         **MR. COPPOLINO:**  Thank you, your Honor.

25         **MR. WEIBE:**  One final point on that schedule for

1  issue number three.

2      It's currently January 31st, plaintiff's opening.

3  February 14th, plaintiff's -- or defendant's opposition.

4  February 21st, plaintiff's reply.

5      Could we extend the reply to February 28th, which is when

6  the defendant's reply is due.

7              **THE COURT:**  All right.  It's granted.

8              **MR. WEIBE:**  Thank you, your Honor.

9              **THE COURT:**  All right?

10             **MR. WEIBE:**  With the Court's permission, could I

11  consult with my team?

12             **THE COURT:**  Of course.  Of course.  Just go ahead.

13  Please do.

14             **MR. WEIBE:**  I just want to make sure --

15             **THE COURT:**  You can do the same thing, of course.

16  All of you can do that.

17             (Discussion held off the record amongst counsel.)

18             **THE COURT:**  Any further issues from the plaintiff

19  that you wish to bring up in light of the Court's statements.

20             **MR. WEIBE:**  Not at this time, your Honor.

21             **THE COURT:**  Counsel?

22             **MR. COPPOLINO:**  Just one issue, your Honor.  Thank

23  you.

24      So on the question on the review of the declarations, and

25  Mr. Weibe, I think, clarified that you want not only revised

1  declarations, but declassified -- declassified and public

2  version of the prior declaration that we submitted to the

3  Court, is that correct?

4        **THE COURT:**  That's correct.

5        **MR. COPPOLINO:**  One issue I need to clarify and

6  request is that that reply to the declarations that were filed

7  with this Court, with your Honor, in 2012.  In this litigation

8  there have been prior assertions of the state secrets privilege

9  in Shubert and in Jewel, I believe, in 2007 and 2009.

10       So what I understood, and I'd like a clarification, is

11  that if we could provide the declassified version of the 2012

12  filing, that would bring everything up to date as to what is

13  declassified as of 2012 if we just focused on those classified

14  declarations.

15       **THE COURT:**  As opposed to which ones?

16       **MR. COPPOLINO:**  As opposed to going back and having

17  to do a classification review on two prior sets of classified

18  declarations, which would basically triple the amount of work

19  that we would have to do and call into question whether we

20  could actually do it simultaneous with filing our brief on the

21  20th.

22       Because to simplify the point, since we're revising the

23  declarations we provided in 2012 and declassifying, those two

24  processes go hand-in-hand.  If we then have to go back and do

25  the 2007 and '09 versions, that would really compound the work.

1          What you would get, if we just focused on the 2012

2     filings, is a revised state secrets assertion declaration and

3     the declassified 2012 version, and that would reflect the state

4     of the record as of December 20th, 2013.  And it would simplify

5     matters, as opposed to having to do a line-by-line review of

6     two prior sets of declarations prior to the ones that you saw.

7     These were the ones that were submitted to Judge Walker.

8          **THE COURT:**  All right.  What's your view on that?

9          **MR. WEIBE:**  Your Honor, we believe that it's proper

10    to declassify all of the prior declarations, and let me tell

11    you why.

12         It's a matter of fundamental due process.  These are

13    matters that are in the record in the case.  If there is no

14    longer any justification for keeping them secret, we believe

15    they should be declassified and made matters of public record

16    and for us to see -- and I think it's not just a theoretical

17    concern.

18         One of the things that has come out in the recent

19    declassification of the FISA Court orders have been a number of

20    instances where the FISA Court has found that the government

21    has presented things in a misleading light to it.  And we

22    have -- we should have the right to see what has been presented

23    to the Court prior in this case, what is a matter of record in

24    this case to the extent that it's no longer secret.

25         **MR. COPPOLINO:**  None of these declarations, your

1  Honor, are before the Court for any particular decision, I

2  would point out, other than the final operative one.

3      And the other issue I would make -- point I would make is

4  that with the declassification decisions made in December of

5  2013, you will have the most up-to-date declassified record at

6  that point.

7      If you decide to go the route they have suggested, it

8  would just increase the workload at the same time we're

9  preparing our briefing on issues one, two, four.  So, perhaps,

10  if you go that route, we would need to decouple these processes

11  a bit, because we're trying to get the submission to the Court

12  on the issues that you will be deciding and having not to focus

13  on declassifying particular documents.

14      THE COURT:  Well, I think -- I would rather have a

15  fulsome record here, so I'm going to require that all the

16  previous declarations be declassified and presented to the

17  Court.  All of them, without exception, because I want a full

18  record in this Court.  We're deal with some cutting edge issues

19  and I want to make sure that the factual record is the one that

20  the Court could properly consider.

21      I'm not going to kind of buy a pig in a poke here.  I'm

22  not ascribing any bad faith to the government, but there has

23  been so much material that has come out, that it's very

24  possible, maybe even probable, that to the extent that the

25  plaintiffs could make out a prima facie showing of standing,

1  they need the fulsome record in order to do that.

2      With the government's resources, I'm not changing the

3  schedule and I'm requiring the full record.  Everything that

4  this -- that's been withheld from this Court based upon state

5  secrets or classification that is no longer legally subject to

6  those classifications will be identified.

7          **MR. COPPOLINO:**  Thank you, your Honor.

8          **THE COURT:**  That's the Court's ruling.

9          **MR. COPPOLINO:**  Thank you, your Honor.

10      And we're talking about the ex parte in camera state

11  secrets privileged declarations in Shubert and Jewel, the two

12  cases?

13          **THE COURT:**  That's correct.  That's correct.

14      Anything further?

15          **MR. COPPOLINO:**  I don't believe so, your Honor.

16          **THE COURT:**  Anything further?

17          **MR. WEIBE:**  Not from the Jewel plaintiffs.

18          **THE COURT:**  I'm sorry.  I didn't mean to exclude you

19  folks.

20          **MR. MAAZEL:**  And not from the Shubert plaintiffs,

21  your Honor.

22          **THE COURT:**  All right.  Very well.  Then I think this

23  is the way to proceed.  And I think this will get us whatever

24  the next stage of this case is, either in this Court or another

25  Court.  This will get -- at least from this Court's

1  perspective, I think it will get us to a logical next step in

2  this case.

3      Thank you for your appearance, counsel.

4          **MR. WEIBE:**  Thank you, your Honor, for your attention

5  than effort.

6          **THE COURT:**  Thank you.

7          (Proceedings adjourned.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Wednesday, September 27, 2013