TOP SECRET//COMINT ███████ //TSP//HCS//ORCON/NOFORN//MR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION ) ) ) ) | MDL Dkt. No. 06-1791-VRW |
| This Document Relates to: ) ) ) ) | **CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL, DIRECTOR OF NATIONAL INTELLIGENCE** |
| *Shubert v. Bush*, Case No. 07-693 ) ) ) ) | **SUBMITTED** *IN CAMERA, EX PARTE* |
| | Hon. Vaughn R. Walker |

### *IN CAMERA, EX PARTE* DECLARATION OF J. MICHAEL McCONNELL, DIRECTOR OF NATIONAL INTELLIGENCE

I, J. Michael McConnell, do hereby state and declare as follows:

### (U) INTRODUCTION

1.     (U) I am the Director of National Intelligence (DNI) of the United States.  I have held this position since February 2007.  Previously, I have served as the Executive Assistant to the Director of Naval Intelligence, as the Chief of Naval Forces Division at the National Security Agency, as Director of Intelligence for the Joint Chiefs of Staff during Operation Desert Storm, and as the Director of the National Security Agency.

2.     (U) In the course of my official duties, I have been advised of this lawsuit and the allegations at issue in Plaintiffs' Amended Complaint.  The statements made herein are based on my personal knowledge as well as on information provided to me in my official capacity as Director of National Intelligence.  In particular, as set forth below, I have read and personally considered the information contained in the Public and *In Camera, Ex Parte* Declarations of Lt. Gen. Keith B. Alexander, Director of the National Security Agency, submitted in this case.

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ███████ //TSP//HCS//ORCON/NOFORN//MR

1

TOP SECRET//COMINT- ███████ TSP//HCS//ORCON/NOFORN//MR

3.    (TS//SI- ███████ TSP//OC/NF) As Gen. Alexander states, Plaintiffs wrongly claim that the NSA has conducted a "dragnet" content surveillance program involving the interception of "virtually every telephone, internet and/or email communication that has been sent from or received within the United States since 2001." Amended Compl. ¶¶ 1, 4. Nonetheless, the adjudication of this case risks the disclosure of information concerning several highly classified and critically important intelligence activities of the National Security Agency, ████████████████████████████████ (1) targeted content surveillance aimed at ███████████████████ pursuant to the President's Terrorist Surveillance Program ("TSP") and recent orders of the Foreign Intelligence Surveillance Court ("FISC" or "FISA Court"); (2) the bulk collection and targeted analysis of non-content information about telephone and Internet communications—critically important and highly sensitive activities that are also now conducted pursuant to FISC orders and that enable the NSA to uncover the contacts ██████████████ ████████████████████ (3) other highly significant intelligence activities that are beyond the scope of Plaintiffs' allegations but nonetheless are put at risk by this case. ████████████████████ ████████████████████ ██████ This lawsuit therefore puts at risk of disclosure information concerning, *inter alia*, essential foreign intelligence-gathering activities utilized to meet the extremely serious threat of another terrorist attack on the U.S. Homeland ████████████ (a threat which I describe further below based on recent assessments of the National Counter Terrorism Center (NCTC) prepared in April 2006 and February 2007.)

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT- ███████ TSP//HCS//ORCON/NOFORN//MR

2

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

4. (U) The purpose of this declaration is to formally assert, in my capacity as the Director of National Intelligence and head of the United States Intelligence Community, the military and state secrets privilege (hereafter "state secrets privilege") and a statutory privilege under the National Security Act, see 50 U.S.C. § 403-1(i)(1), in order to protect intelligence information, sources, and methods that are at risk of disclosure in this case. Disclosure of the information covered by this privilege assertion reasonably could be expected to cause exceptionally grave damage to the national security of the United States and, therefore, the information should be excluded from any use in this case. In addition, I concur with Gen. Alexander's conclusion that, because the very subject matter of this lawsuit concerns highly classified and critically important foreign intelligence activities, the risk is great that further litigation will lead to the disclosure of information harmful to U.S. national security and, accordingly, that this case should be dismissed.

## (U) CLASSIFICATION OF DECLARATION

5. (S) Pursuant to the standards in Executive Order No. 12958, as amended by Executive Order No. 13292, this declaration is classified as: TOP SECRET//COMINT ████ /TSP//HCS//ORCON/NOFORN//MR. The details concerning these classification markings are set forth in the *In Camera* Alexander Declaration at ¶¶ 5-8 and are briefly summarized here. Under Executive Order No. 12958, information is classified "TOP SECRET" if unauthorized disclosure of the information reasonably could be expected to cause exceptionally grave damage to the national security of the United States; "SECRET" if unauthorized disclosure of the information reasonably could be expected to cause serious damage to national security; and "CONFIDENTIAL" if unauthorized disclosure of the information reasonably could be expected to cause identifiable damage to national security. At

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

3

TOP SECRET//COMINT█████████TSP//HCS//ORCON/NOFORN//MR

the beginning of each paragraph of this declaration, the letters "U," "C," "S," and "TS" indicate respectively that the information is either UNCLASSIFIED, or is classified CONFIDENTIAL, SECRET, or TOP SECRET.

6.    (S) Additionally, this declaration also contains Sensitive Compartmented Information (SCI), which is "subject to special access and handling requirements because it involves or derives from particularly sensitive intelligence sources and methods." 28 C.F.R. § 17.18(a). This declaration references communications intelligence (COMINT), also referred to as special intelligence (SI), which is a subcategory of SCI that identifies information that was derived from exploiting cryptographic systems or other protected sources by applying methods or techniques, or from intercepted foreign communications. This declaration also references human intelligence (HCS), another subcategory of SCI that identifies information derived from individuals who provide intelligence information.

7.    (TS//SI-█████████TSP//OC/NF) This declaration also contains information about the Terrorist Surveillance Program (TSP), a controlled access signals intelligence program authorized by the President in response to the attacks of September 11, 2001. Information pertaining to this program is denoted with the special marking "TSP." ███████████

8.    (S) Finally, information labeled "NOFORN" may not be released to foreign governments, foreign nationals, or non-U.S. citizens without permission of the originator and in accordance with DNI policy. The "ORCON" designator means that the originator of the information controls to whom it is released. Finally, this document is marked Manual Review

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT█████████TSP//HCS//ORCON/NOFORN//MR

4

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

("MR") indicating that it is not subject to automatic declassification at any specific date.

## BACKGROUND ON DIRECTOR OF NATIONAL INTELLIGENCE

9.    The position of Director of National Intelligence was created by Congress in the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. 108-458, §§ 1011(a) and 1097, 118 Stat. 3638, 3643-63, 3698-99 (2004) (amending sections 102 through 104 of Title I of the National Security Act of 1947).  Subject to the authority, direction, and control of the President, the Director of National Intelligence serves as the head of the U.S. Intelligence Community and as the principal adviser to the President, the National Security Council, and the Homeland Security Council for intelligence matters related to the national security.  *See* 50 U.S.C. § 403(b)(1), (2).

10.    The United States "Intelligence Community" includes the Office of the Director of National Intelligence; the Central Intelligence Agency; the National Security Agency; the Defense Intelligence Agency; the National Geospatial-Intelligence Agency; the National Reconnaissance Office; other offices within the Department of Defense for the collection of specialized national intelligence through reconnaissance programs; the intelligence elements of the military services, the Federal Bureau of Investigation, the Department of the Treasury, the Department of Energy, the Drug Enforcement Administration, and the Coast Guard; the Bureau of Intelligence and Research of the Department of State; the elements of the Department of Homeland Security concerned with the analysis of intelligence information; and such other elements of any other department or agency as may be designated by the President, or jointly designated by the DNI and heads of the department or agency concerned, as an element of the Intelligence Community.  *See* 50 U.S.C. § 401a(4).

11.    The responsibilities and authorities of the Director of National Intelligence

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

are set forth in the National Security Act. *See* 50 U.S.C. § 403-1. These responsibilities include ensuring that national intelligence is provided to the President, the heads of the departments and agencies of the Executive Branch, the Chairman of the Joint Chiefs of Staff and senior military commanders, and the Senate and House of Representatives and committees thereof. 50 U.S.C. § 403-1(a)(1). The DNI is also charged with establishing the objectives of, determining the requirements and priorities for, and managing and directing the tasking, collection, analysis, production, and dissemination of national intelligence by elements of the Intelligence Community. *Id.* § 403-1(f)(1)(A)(i) and (ii). The DNI is also responsible for developing and determining, based on proposals submitted by the heads of agencies and departments within the Intelligence Community, an annual consolidated budget for the National Intelligence Program for presentation to the President, and for ensuring the effective execution of the annual budget for intelligence and intelligence-related activities, and for managing and allotting appropriations for the National Intelligence Program. *Id.* § 403-1(c)(1)-(5).

12.  (U) In addition, the National Security Act of 1947, as amended, provides that "[t]he Director of National Intelligence shall protect intelligence sources and methods from unauthorized disclosure." 50 U.S.C. § 403-1(i)(1). Consistent with this responsibility, the DNI establishes and implements guidelines for the Intelligence Community for the classification of information under applicable law, Executive orders, or other Presidential directives and access to and dissemination of intelligence. *Id.* § 403-1(i)(2)(A), (B). In particular, the DNI is responsible for the establishment of uniform standards and procedures for the grant of access to Sensitive Compartmented Information ("SCI") to any officer or employee of any agency or department of the United States, and for ensuring the consistent implementation of those standards throughout such departments and agencies. *Id.* § 403-1(j)(1), (2).



TOP SECRET//COMINT ███ TSP//HCS//ORCON/NOFORN//MR

13. (TS) By virtue of my position as the Director of National Intelligence, and unless otherwise directed by the President, I have access to all intelligence related to the national security that is collected by any department, agency, or other entity of the United States. Pursuant to Executive Order No. 12958, 3 C.F.R. § 333 (1995), as amended by Executive Order 13292 (March 25, 2003), reprinted as amended in 50 U.S.C.A. § 435 at 93 (Supp. 2004), the President has authorized me to exercise original TOP SECRET classification authority.

## (U) ASSERTION OF STATE SECRETS PRIVILEGE

14. (TS) After careful and actual personal consideration of the matter, based upon my own knowledge and information obtained in the course of my official duties, including the information contained in the Public and *In Camera* Declarations of Gen. Alexander, I have determined that the disclosure of certain information—as set forth herein and described in more detail in the classified declaration of Gen. Alexander—would cause exceptionally grave damage to the national security of the United States and, therefore, must be protected from disclosure and excluded from this case. Thus, as to this information, I formally assert the state secrets privilege. In addition, it is my judgment that sensitive state secrets are so central to the subject matter of the litigation that any attempt to proceed in the case will substantially risk the disclosure of the privileged information described herein and in more detail in the classified declaration of Gen. Alexander and will therefore risk exceptionally grave damage to the national security of the United States.

## (U) ASSERTION OF STATUTORY PRIVILEGE UNDER NATIONAL SECURITY ACT

15. (U) Through this declaration, I also hereby invoke and assert a statutory privilege held by the Director of National Intelligence under the National Security Act to protect the information described herein, *see* 50 U.S.C. § 403-1(i)(1). My assertion of this statutory

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ███ TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT-███████/TSP//HCS//ORCON/NOFORN//MR

privilege for intelligence sources and methods is coextensive with my state secrets privilege assertion.

### (U) INFORMATION SUBJECT TO CLAIM OF PRIVILEGE

16.    (U) The information subject to my assertion of the state secrets and statutory privileges includes the following:

A.    (U) Information regarding the specific nature of the al Qaeda terrorist threat; and

B.    (U) Information that may tend to confirm or deny whether the Plaintiffs have been subject to any alleged NSA intelligence activity that may be at issue in this matter; and

C.    (U) Information concerning NSA intelligence, activities, sources, or methods, including:

(1) (U) Information concerning the scope and operation of the Terrorist Surveillance Program, including information that may be needed to demonstrate that the TSP was limited to one-end foreign al Qaeda-related communications and that the NSA does not otherwise engage in the content surveillance dragnet that the Plaintiffs allege; and

(2) (U) Any other information concerning NSA intelligence activities, sources, or methods that would be necessary to adjudicate the Plaintiffs' claims, including, to the extent applicable, information that would tend to confirm or deny whether the NSA collects large quantities of communication records information; and

D.    (U) Information that may tend to confirm or deny whether Verizon/MCI, AT&T, or any other telecommunications carrier has assisted the NSA with the alleged intelligence activities.

### (U) DESCRIPTION OF INFORMATION AND HARM OF DISCLOSURE

A.    (U) Information Concerning the al Qaeda Terrorist Threat

17.    (S//OC/NF) Based on all of the intelligence information presently available to us, the U.S. Intelligence Community judges the al Qaeda terrorist network has the intention and the

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT-███████/TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT █████ TSP//HCS//ORCON/NOFORN//MR

potential capability to carry out catastrophic terrorist acts on the U.S. Homeland. Indeed, intelligence indicates al Qaeda's central leadership is pursuing multiple, possibly related, paths to an attack against the Homeland. International counterterrorism efforts in 2006—especially the August disruption of a major aviation plot by United Kingdom (UK) and Pakistani authorities— have been successful, but they underscore that al Qaeda's core elements are resilient and continue to plot attacks against U.S. interests overseas. Preventing such attacks is the U.S. Intelligence Community's highest priority. The intelligence activities that are implicated by, and put at risk of, disclosure in this lawsuit must be understood in the context of the extremely serious threat faced by the United States.

18.    (U) With the attacks of September 11, al Qaeda demonstrated its ability to introduce agents into the United States undetected and to perpetrate devastating attacks. As the President noted in his January 23, 2007, State of the Union Address, "In the mind of the terrorists, this war began well before September the 11th, and will not end until their radical vision is fulfilled. And these past five years have given us a much clearer view of the nature of this enemy. . . . Our enemies are quite explicit about their intentions. They want to overthrow moderate governments, and establish safe havens from which to plan and carry out new attacks on our country."

19.    (S//HCS//OC/NF) Since September 11, al Qaeda leaders have repeatedly promised to deliver another, even more devastating attack on America. For example, in October 2002, al Qaeda leader Ayman al-Zawahiri stated in a video addressing the "citizens of the United States": "I promise you that the Islamic youth are preparing for you what will fill your hearts with horror." In an October 2004 tape, al-Zawahiri chastised the Muslim world—"Limiting the battle to fighting only the Jews in Palestine and leaving America without attacking it, will not

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT █████ /TSP//HCS//ORCON/NOFORN//MR

9

TOP SECRET//COMINT ███████ TSP//HCS//ORCON/NOFORN//MR

restrain America and the crusaders against us." In an audiotape released on January 19, 2006, Bin Ladin warned United States citizens that "operations in America" are "under preparation and you will see them on your very own soil as soon as they are completed, Allah willing." And again, in June 2006 Bin Ladin claimed, "We will continue to fight you and your allies everywhere, in Iraq, Afghanistan, Somalia and Sudan to run down your resources and kill your men until you return defeated to your nation."

20.     (U) In recent months, al Qaeda has reiterated its intent to inflict a catastrophic terrorist attack on the United States.   As recently as December 20, 2006, al-Zawahiri issued threats of attacking the U.S. Homeland saying, "You shall never dream of security until we truly experience it in Palestine and all lands of Islam . . . if we are struck in our countries, we shall never stop striking you in your countries . . . and as our commander, Shaykh Usama Bin Ladin . . . told you, 'As you bomb, you will be bombed, and as you kill, you will be killed.'"

21.     (S//NF) Since the September 11 attacks, al Qaeda has staged several large-scale attacks around the world, including in Indonesia, London, Iraq, Saudi Arabia, Algeria, and Turkey, killing hundreds of innocent people.  Foiled plots, including the plot disrupted in August 2006 to blow up multiple airliners transiting the Atlantic Ocean en route to North American cities, would have claimed thousands more innocent victims had they been successful.

**(S//NF) Al Qaeda's Likely Presence in the United States**

22.     (S//HCS//OC/NF) Classified intelligence information provides a more specific and alarming picture of the continuing terrorist threat to the Homeland posed by al Qaeda.  In sum, the U.S. Intelligence Community believes the al Qaeda terrorist network intends to execute a catastrophic terrorist attack on the U.S. Homeland.  For this reason, the President authorized the Terrorist Surveillance Program and related activities described in this Declaration.  The

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ███████ //TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT████████TSP//HCS//ORCON/NOFORN//MR

intelligence activities at issue in this case are thus being utilized to meet a known, real, and perhaps imminent threat to the lives of thousands of Americans and, indeed, to the continuity of the United States Government. The threat we face cannot be understated.

23.    (TS//HCS/████OC/NF) British and Pakistani authorities in early August 2006 disrupted the most significant known, advancing threat to the U.S. Homeland and U.S. interests abroad since September 11, 2001. ████████

████████████████████████████████████████

24.    (S//HCS/████OC/NF) In addition, based on April 2006 and February 2007 assessments by the National Counterterrorism Center (NCTC), a national intelligence center that is an element of the ODNI, the U.S. Intelligence Community continues to receive reliable intelligence ████████████████████ that al Qaeda remains intent on conducting a grand-scale attack on the Homeland with a likely focus on U.S. symbols of power or economic might. Al Qaeda continues to have these intentions despite the degradation of its leadership, resources, and operational capability in the wake of a steady stream of deaths, captures, and disruptions. Intelligence sources have ████████████

████████████████████████████

As a result of our disruptions of the group's planning and increased security measures, however, "softer" targets have become increasingly attractive, although the 2006 US-UK aviation plot discussed above shows the group does not shrink from attempting targets with enhanced security. Specific softer targets include tourist sites, shopping centers, and passenger trains. ████████

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT████████TSP//HCS//ORCON/NOFORN//MR

11

TOP SECRET//COMINT ████ /TSP//HCS//ORCON/NOFORN//MR

████████████████████████████████████████████████

25.    (S//HCS//NF) We have numerous reasons to believe al Qaeda is still plotting another attack on U.S. soil. Besides Bin Ladin's own statements, his deputy, Ayman al-Zawahiri, issued threats against the United States and its interests and enjoined Muslims worldwide to take up violent jihad in more than a dozen audio or video taped statements in 2006 and at least four thus far in 2007.

26.    (S//HCS//OC/NF) ████████████████████████████

████████████████████████████████████████████████

27.    (S//HCS//OC) The Intelligence Community assesses al Qaeda is most likely employing a diversified operational planning model, involving multiple, probably autonomous, concurrent efforts. This is possibly in response to successful U.S. targeting of known al Qaeda senior leaders. ████████████████████

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT███████TSP//HCS//ORCON/NOFORN//MR

███████████████████████████████████████████

28.    (S//HCS//OC/NF) Al Qaeda has regained many of its capabilities despite the loss of its Afghan base and a more difficult global operating environment created by sustained U.S. and international counterterrorism efforts. ████████████████████████

███████████████████████████████████████████

- Bin Laden and Zawahiri still make major policy decisions and dispense guidance. The degree of their involvement in daily matters is unknown, ████████████

████████████████████████████████████

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT███████TSP//HCS//ORCON/NOFORN//MR



29.    (S//HCS//OC/NF) Our intelligence also indicates that al Qaeda is interested in using Mexico as a point of entry into the United States. ███████

███████ Our intelligence also indicates that al Qaeda is continually looking for operatives capable of entering the United States without undue scrutiny, ███████

## (S//NF) Possible al Qaeda Targets and Attacks

30.    (TS// OC/NF) Although any attack on the Homeland would be viewed by al Qaeda as a success, ███████

TOP SECRET//COMINT ███████ /TSP//HCS//ORCON/NOFORN//MR

31.    (S//HCS//OC/NF) With respect to attacks in the Homeland, the compilation of data on al Qaeda's plotting attempts suggests the group remains focused on its strategic targeting doctrine—striking major U.S. cities or industries, causing major psychological and economic impact. The group's signature attack is one that would be impressive in its scope or audacity and hits either multiple targets simultaneously or a single high profile place or person. Reporting ██████████████████████ has identified a variety of potential targets that would be attractive to group operatives, such as:

- ███████████████████████████████████████████

- ███████████████████████████████████████████

- ███████████████████████████████████████████

32.    (TS//HCS/███/OC/NF) Although intelligence regarding specific targets or locations is often incomplete, known target locations include large cities ███████████ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

33.    (S//HCS//OC/NF) Although not eliminating al Qaeda's plotting to conduct a spectacular attack against the U.S., constraints on al Qaeda's capabilities and increased security measures at airports, government buildings, and other high-profile targets in the United States could be making lower profile, less-protected targets increasingly attractive. An attack in the

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT- ██ ██ TSP//HCS//ORCON/NOFORN//MR

United States, like those against London's transport systems, would probably meet al Qaeda's objectives without requiring the planning, resources, and expertise necessary for a complex September 11-style attack. This shift in al Qaeda's planning has become apparent from our current intelligence. ████

████

34.  (S//HCS//OC/NF) ████

████

35.  (S//HCS//OC/NF) ████

████

36.  (S//HCS//OC/NF) The U.S. Intelligence Community remains concerned the multiple terrorist attacks carried out in London in July 2005 and the foiled 2006 US-UK airline

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT- ██ ██ TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ███████ TSP//HCS//ORCON/NOFORN//MR

plot may be a harbinger of similar attacks to come in the United States in which Islamic extremists in Western countries—whether homegrown or sent from abroad—will mimic and refine the small explosives tactics used in these operations. Of specific concern to the U.S. Intelligence Community in the wake of the London bombings is the continuing interest al Qaeda and its affiliates have expressed in attacking ████████████████ Our intelligence suggests any attack against ██████████████ most likely would occur in major cities or against ████ serving major cities, which would be consistent with al Qaeda's expressed intent to inflict a high number of casualties in key centers of the economy. ████████████████

███████████████████████████████████████████████

37.    (S//HCS//OC/NF) ████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

While U.S. authorities have identified instances of possible surveillance and pre-operational

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ███████ TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ██████ /TSP//HCS//ORCON/NOFORN//MR

activities aimed at gathering intelligence on rail transit systems, as yet there is no corroborating intelligence to link them to operational planning against U.S. mass transit systems.

38.   (S//HCS//OC/NF) The U.S. Intelligence Community also believes al Qaeda and its affiliates continue to target the civil aviation sector, including U.S. passengers and Western aircraft overseas. ███████████████████████████████

██████████████████████████████████████████

39.   (TS//HCS//OC/NF) Despite our intelligence successes, however, there are significant swaths of al Qaeda activity that almost certainly remain undetected.  We believe it likely that, at any given point in time, the group has multiple plots in play against the U.S. Homeland, some of which could be in the advanced stages of preparation. ████████

████████████████████████████████████████████

(S//NF) **Unconventional Weapons**

40.   (TS//HCS/██/OC/NF) The threat posed by al Qaeda extends beyond the realm of conventional weapons.  We are confident al Qaeda was actively pursuing chemical, biological, and radiological capabilities prior to the fall of the Taliban in late 2001 and has been actively pursuing a nuclear capability since at least 2005.  Based on the extent of senior leadership support for the Chemical, Biological, Radiological and Nuclear (CBRN) efforts, a clearly stated intent, and reporting since 2001, we judge al Qaeda remains determined to inflict mass casualties

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791



TOP SECRET//COMINT— ███ —TSP//HCS//ORCON/NOFORN//MR

against Homeland targets with CBRN. ███

41.    (S//NF) ███

42.    (S//NF ███

███ Although al Qaeda has long desired a nuclear capability, to date we assess it is unlikely al Qaeda has acquired sufficient materials and expertise to do so.

43.    (S//NF) Among al Qaeda and associated jihadist networks, information is proliferating on how ███ This continued interest and pursuit of unconventional weapons increases the likelihood al Qaeda or an

TOP SECRET//COMINT ███████ //TSP//HCS//ORCON/NOFORN//MR

associated group will attempt to conduct CBRN attacks against the United States or U.S. interests worldwide.

44. (TS/ ██ OC/NF) These various examples of some of our intelligence information demonstrate the al Qaeda network continues to plan ways to inflict a catastrophic attack. In sum, based on all of the intelligence presently available to us, the U.S. Intelligence Community judges al Qaeda poses a grave danger to the U.S. Homeland. The severity of that threat and the difficulty of tracking al Qaeda members is precisely the reason the Government is utilizing all lawful intelligence-gathering capabilities. I set forth this threat information not only to provide the Court with crucial background as to why the intelligence activities at issue in this case are being undertaken, but also to assert a claim of privilege over this threat information. Although the foregoing threat assessment demonstrates precisely why we undertake these activities, the Government cannot disclose this information in defending the legality of the intelligence activities being challenged, since to do so obviously would disclose to our adversaries what we know of their plans and how we may be obtaining information about them. Such disclosure would lead our adversaries not only to alter their plans, but also to implement greater security for their communications, thereby increasing the risk of non-detection. In addition, disclosure of threat information might reveal human sources for the United States and, thus, compromise those sources and put lives at danger. Accordingly, although I believe such threat information is crucial to understanding the context in which NSA conducts the intelligence activities put at issue by Plaintiffs' lawsuit, I must assert the state secrets privilege and DNI statutory privilege over the information because of the grave damage to national security that could reasonably be expected to result from its disclosure.

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ███████ /TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

**B.    (U) Information That May Tend to Confirm or Deny Whether the Plaintiffs Have Been Subject to any Alleged NSA Intelligence Activities**

45.    (U) In addition to asserting privilege over information concerning the al Qaeda threat, I am also asserting the state secrets privilege and the DNI statutory privilege to protect from disclosure information that would reveal or tend to reveal whether or not the Plaintiffs in this case have been subject to any NSA intelligence activities. *See In Camera* Alexander Decl. ¶¶ 32-37.

46.    (TS//SI//TSP//OC/NF) ████████████████

████████████████████████████

As should be obvious, to confirm or deny whether someone is a target of surveillance would disclose either who is being targeted—thus compromising that collection—or who is not being targeted, thus revealing to adversaries that an individual is a secure source for communicating or, more broadly, the methods being used to conduct surveillance. While it may seem innocuous to disclose that certain citizens are not being targeted, such a disclosure may provide insight to a trained eye as to the scope of the NSA's activities. Moreover, providing assurances that someone is not being targeted becomes unworkable, and itself revealing, when cases arise where an individual may be targeted, because refusing to confirm or deny only in cases where surveillance is occurring would effectively disclose and compromise that surveillance. ████

████████████████████████████

The only recourse for the NSA is to neither confirm nor deny whether someone has

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ████ TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ██████ TSP//HCS//ORCON/NOFORN//MR

been targeted or subject to NSA activities, regardless of whether the individual has been targeted or not. To say otherwise when challenged in litigation would result in the frequent, routine exposure of NSA information, sources, and methods and would severely undermine surveillance activities in general.

C.   (U) Information Concerning NSA Activities, Sources, or Methods

47.   (TS//SI//TSP//OC/NF) I am also asserting privilege to protect information concerning the classified NSA intelligence activities, sources, and methods that are further described in Gen. Alexander's classified declaration. In particular, as set forth in Gen. Alexander's Declaration, the United States faced urgent and immediate intelligence challenges after the September 11 attacks, and the President authorized signals intelligence activities designed to meet those challenges and to detect and prevent future terrorist attacks by al Qaeda and its affiliates. Those activities include the Terrorist Surveillance Program ("TSP") and related content surveillance now subject to orders of the Foreign Intelligence Surveillance Court, as well as the bulk collection of telephony and Internet non-content meta data currently authorized by the FISC and used to discover contacts ███████████████████████████ ████████

48.   (U) My privilege assertion covers any facts concerning NSA intelligence sources and methods that are put at risk of disclosure by this case, including (1) information concerning the scope and operation of the Terrorist Surveillance Program, including information that may be needed to demonstrate that the TSP was limited as the President stated to the interception of one-end foreign communications reasonably believed to involve a member or agent of al Qaeda or an affiliated terrorist organization, and that the NSA does not otherwise intercept the content of virtually every telephone and Internet communication sent from or received within the United

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ██████ TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ████ /TSP//HCS//ORCON/NOFORN//MR

States as the Plaintiffs allege; and (2) any other information concerning NSA intelligence activities, sources, or methods that would be necessary to adjudicate the Plaintiffs' claims, including, to the extent applicable, information that would tend to confirm or deny whether the NSA collects large quantities of communication records information. In my judgment, the disclosure of such information would cause exceptionally grave harm to national security.

49. (TS//SI//TSP//OC/NF) Specifically, based on my personal consideration and judgment as to the harm disclosure would cause to national security, my privilege assertion includes, but is not limited to, the following activities discussed by Gen. Alexander:

(1) (TS//SI//TSP//OC/NF) First, I assert privilege over facts concerning the operation of the Terrorist Surveillance Program and any other NSA intelligence activities needed to demonstrate that the TSP was limited as the President stated to the interception of one-end foreign communications reasonably believed to involve a member or agent of al Qaeda or an affiliated terrorist organization, and that the NSA does not otherwise conduct a dragnet of content surveillance as the Plaintiffs allege. Such facts include those concerning (1) how targets were selected under the TSP; (2) how specific methods were used under the TSP to intercept telephone and Internet communications and to minimize the risk of collecting non-target communications and purely domestic communications; (3) the nature and identity of the targets under the TSP, ████████████████ and (4) other NSA surveillance activities that occur outside the United States or are otherwise outside the scope of FISA, ████████████ ████████████████████ In my judgment, the NSA should not be forced to confirm or reveal its actual intelligence sources and methods in order to show that it is not conducting the "dragnet" of surveillance that Plaintiffs allege. Revealing such information would cause exceptionally grave harm to the national security by

TOP SECRET//COMINT ███ TSP//HCS//ORCON/NOFORN//MR

helping foreign adversaries to evade detection.

(2) (TS//SI//TSP//OC/NF) Second, I assert privilege over additional classified details about the operation of the TSP that would be necessary to adjudicate the lawfulness of that program (to the extent it is at issue), including facts concerning (1) the operational swiftness and agility of the TSP, particularly in conjunction with meta data analysis, ███████ ████████████████████████ and (2) the effectiveness and success of the TSP. In my judgment, revealing any of this information, even now that the TSP is no longer authorized, would disclose highly classified NSA capabilities, sources, and methods, including those now being utilized under the current FISC orders.

(3) (TS//SI//TSP//OC/NF) Third, I also assert privilege over facts that would disclose or describe the NSA's meta data collection activities. In my judgment, the NSA is unable to disclose any information about the existence or operation of the NSA's bulk collection or targeted analysis of Internet or telephony meta data without causing exceptionally grave harm to national security. These are among the most important intelligence tools the NSA uses, and they have never been officially confirmed or denied by the United States. Disclosing or confirming these activities would seriously undermine an essential tool for tracking possible terrorist plots and would help foreign adversaries evade detection. Such a disclosure would also undermine ongoing intelligence operations authorized by the FISC, as the meta data activities are currently conducted pursuant to FISC orders.

(4) (TS//SI//TSP//OC/NF) Finally, I also assert privilege over information concerning the various FISC orders that are described by Gen. Alexander. In my judgment, disclosure of current surveillance activities of the FISC, either directly or indirectly, would seriously compromise, if not destroy, vital ongoing intelligence operations.

TOP SECRET//COMINT ███████ /TSP//HCS//ORCON/NOFORN//MR

50.    (TS//SI//TSP//OC/NF) Based on my experience, I believe that the NSA activities discussed herein and described further by Gen. Alexander—the content and meta data collection activities authorized by the President after 9/11 and subsequently authorized by the FISC—are among the most important intelligence tools available to the United States for protecting the Homeland from another catastrophic terrorist attack. ███████████████████

████████████████████████████████████████████████

███████████████████████████████ Disclosing the information described herein and by Gen. Alexander would compromise these critical activities, sources, and methods, thereby helping our adversaries evade detection and causing exceptionally grave damage to the national security of the United States.

**D.    (U) Information That May Tend to Confirm or Deny Whether Verizon/MCI, AT&T, or any Other Telecommunications Carrier Has Assisted the NSA With Alleged Intelligence Activities**

51.    (TS//SI ███████ /TSP//OC/NF) Finally, I assert privilege over any information that would tend to confirm or deny whether Verizon/MCI, AT&T, or any other telecommunications carrier has assisted the NSA with intelligence activities. ███████████

████████████████████████████████████████████████

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ███████ TSP//HCS//ORCON/NOFORN//MR

25



TOP SECRET//COMINT████/TSP//HCS//ORCON/NOFORN//MR

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT████TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ██ //TSP//HCS//ORCON/NOFORN//MR



Accordingly, I assert the state secrets and DNI statutory privilege over such information,

including the information described in the *In Camera* Declaration of Gen. Alexander.

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ██ //TSP//HCS//ORCON/NOFORN//MR

TOP SECRET//COMINT ███████ TSP//HCS//ORCON/NOFORN//MR

## (U) RISK OF LITIGATION AND CONCLUSION

56.     (TS//SI//OC/NF) Finally, I concur with Gen. Alexander's conclusion that further litigation of this case will inherently risk the disclosure of highly classified activities. Plaintiffs wrongly allege that the NSA is conducting a dragnet program of content surveillance, but disproving Plaintiffs' speculation would require revealing and probing the intelligence activities that the NSA actually does conduct. Those vital activities, as described herein, are highly classified, sensitive, and fragile, and any effort to disclose information about them could have grave consequences for the national security.

57.     (TS//SI//OC/NF) The stakes we face in the U.S. Intelligence Community are of the highest magnitude. We know that al Qaeda is planning to attack inside the United States again, whether it be a "small" scale attack on shopping malls or "fun" places that kills dozens, a devastating attack on aviation or rail systems that kills hundreds, a catastrophic, mass-casualty attack that kills thousands, or an attack on government or economic sector infrastructure that would cause severe economic harm or threaten the continuity of government. The NSA's activities described herein and by Gen. Alexander are all directed at this terrible threat.

58.     (TS//NF) For these reasons, in addition to invoking the state secrets and DNI statutory privilege to protect the intelligence information, sources, and methods at issue, I respectfully urge the Court to dismiss this case.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: 24 MAY 07

J. MICHAEL McCONNELL
Director of National Intelligence

CLASSIFIED DECLARATION OF J. MICHAEL McCONNELL,
DIRECTOR OF NATIONAL INTELLIGENCE
CASE NO. 07-693; MDL NO. 06-1791

TOP SECRET//COMINT ███████ TSP//HCS//ORCON/NOFORN//MR