# EXHIBIT B

TOP SECRET//COMINT-██████//TSP//ORCON/NOFORN//MR

PETER D. KEISLER
Assistant Attorney General
CARL J. NICHOLS
Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Special Litigation Counsel
ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax:   (202) 616-8460

*Attorneys for the United States*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION | MDL Dkt. No. 06-1791-VRW **CLASSIFIED SUPPLEMENTAL MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO PRESERVE EVIDENCE** |
| This Document Relates to: | |
| ALL CASES except *Al-Haramain v. Bush* (07-109); *CCR v. Bush*, (07-1115); *United States v. Farber* (07-1324); *United States v. Adams* (07-1326); *United States v. Palmerino* (07-1326); *United States v. Volz* (07-1396) | SUBMITTED *IN CAMERA*, *EX PARTE* Hon. Vaughn R. Walker Date: November 15, 2007 Time: 2:00 pm Courtroom: 6 - 17th Floor |

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

TOP SECRET//COMINT-██████//TSP//ORCON/NOFORN//MR

~~TOP SECRET//COMINT~~ ███ ~~//TSP//ORCON/NOFORN//MR~~

## INTRODUCTION

~~(TS//SI~~ ███ ~~//TSP//OC/NF)~~ The United States submits, for the Court's *in camera, ex parte* review, this supplemental classified memorandum and a classified declaration from the National Security Agency in further support of its opposition to Plaintiffs' Motion for an Order to Preserve Evidence. *See* Classified *In Camera, Ex Parte* Declaration of ███ ███ Deputy Chief of Staff for Operations and Support, Signals Intelligence Division, National Security Agency.[1] This classified declaration describes the various steps taken by the NSA ███ to preserve certain documents and information related to particular intelligence activities authorized by the President after the 9/11 attacks, which may be potentially relevant to proving or disproving Plaintiffs' claims in these cases. This submission shows that the NSA ███ ███ preserving a range of information related to these activities (even beyond what is likely potentially relevant). This submission also demonstrates that facts about specific information and information systems, and how the Plaintiffs' proposed order would effect them, are needed to address and adjudicate Plaintiffs' motion. And this submission also shows that Plaintiffs' proposed order, at the very least, would have an uncertain impact—and could impose serious harmful consequences—on an ongoing NSA activity that is directly implicated by the allegations in this case (the collection and analysis of telephony metadata). For this reason, and others set forth below and in our public opposition, entering such an order, in the face of the ample and appropriate preservation steps ███ ███ would be ill-advised, and Plaintiffs' motion should be denied.

---

[1] ~~(TS//SI)~~ As set forth in our public opposition, the specific identify of ███ is withheld from the public record pursuant to Pub. L. 86-36, codified as a note to 50 U.S.C. § 402.

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

~~TOP SECRET//COMINT~~ ███ ~~//TSP//ORCON/NOFORN//MR~~   1

TOP SECRET//COMINT ███ //TSP//ORCON/NOFORN/MR

## BACKGROUND

(TS//SI ███ //TSP//OC/NF) As the United States has previously set forth in its prior classified submissions, the lawsuits before the Court implicate several highly classified and critically important NSA intelligence activities ███ ███ *See In Camera* ███ Declaration ¶ 8. First, these lawsuits put at issue whether the NSA has intercepted the content of domestic communications of the Plaintiffs and other U.S. citizens. As we have previously demonstrated, Plaintiffs' allegation that NSA undertakes a "dragnet" surveillance on the content of millions of domestic communications is wrong. *See In Camera* Alexander Declaration in *Verizon* Cases at ¶ 54. Instead, ███ ███ the Terrorist Surveillance Program, authorized by the President after the 9/11 attacks, under which international communications to or from the United States reasonably believed to involve a member or agent of al Qaeda or an affiliated terrorist organization were intercepted. *See In Camera* ███ Declaration ¶ 9.

(TS//SI ███ //TSP//OC/NF) These lawsuits also allege that the Carrier Defendants have provided the NSA with all or, or substantially all, of their customers' call records. ███

---

[2] (TS//SI ███ //TSP//OC/NF) ███

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

TOP SECRET//COMINT ███ //TSP//ORCON/NOFORN/MR           2

TOP SECRET//COMINT████████//TSP//ORCON/NOFORN//MR

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████ Telephony metadata collection, like Internet metadata collection, supports a highly significant and ongoing intelligence method for analyzing and tracking terrorist communications, and thus cannot be disclosed without causing exceptionally grave harm to national security. *See id.*

(TS//SI████████//TSP//OC/NF) As the United States has also previously disclosed to the Court, all of the presidentially-authorized activities implicated by this litigation have been subject to subsequent authorizations under the Foreign Intelligence Surveillance Act. *See In Camera* ████ Declaration ¶¶ 9-11; *see also In Camera* Alexander Declaration in *Verizon Cases*, ¶¶ 28-32.[4]

(TS//SI████████//TSP//OC/NF) As summarized below and detailed in the *In Camera* ████ Declaration, the NSA ████████████████ taken various steps to preserve certain documents and information concerning these presidentially-authorized activities at issue.[5]

---

[3] (TS//SI████ //TSP//OC/NF) ████████████████████████████████████████████████████████████████████████████████████████

[4] (TS//SI//TSP//OC/NF) Because Plaintiffs have not challenged activities occurring pursuant to an order of the FISC, the NSA classified submission does not address information collected pursuant to FISA authorization or any retention policies associated therewith. *See In Camera* ████ Declaration ¶ 12, n.4.

[5] (TS//SI████ //TSP//OC/NF) ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

TOP SECRET//COMINT████████//TSP//ORCON/NOFORN//MR       3

~~TOP SECRET//COMINT~~ ▬▬▬ ~~//TSP//ORCON/NOFORN//MR~~

## SUMMARY OF INFORMATION PRESERVED

1. ~~(TS//SI//TSP//OC/NF)~~ NSA Information

   ~~(TS//SI//TSP//OC/NF)~~ The NSA is preserving the following categories of information concerning the presidentially-authorized activities that are implicated by Plaintiffs' claims:

   (i) **Presidential Authorizations** for the TSP and metadata activities.

   (ii) █████████████████████████████████████

   (iii) **Terrorist Surveillance Program** information including:
   * *Specific Selectors* (e.g. telephone numbers and email addresses) tasked for content interception and the reasons they were targeted;
   * *Actual Content* of communications intercepted under the TSP;
   * *Intelligence Reports* that utilize TSP information;

   (iv) **Internet and Telephony Metadata** collected under the Presidential authorization and related information including:
   * *Tasking Requests* that NSA undertake metadata analysis to obtain information on terrorist contacts ████████
   * *Reports of Metadata Analysis* of terrorist contacts ████████

   (v) **Miscellaneous NSA Information** concerning the presidentially-authorized activities:
   * *Legal Opinions* and analysis relating to the lawfulness of the activities;
   * *Briefing Materials* used to advise Members of Congress and the Foreign Intelligence Surveillance Court about these activities;
   * *NSA Oversight Materials*, such as NSA Inspector General oversight of the operation of these activities;
   * *Classification Guidance* used by NSA analysts concerning how to designate, use, and protect TSP information in intelligence reports; and

███████████████████████████████████████████████
███████████████████████████████████████████████

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

~~TOP SECRET//COMINT~~ ▬▬▬ ~~//TSP//ORCON/NOFORN//MR~~ 4

~~TOP SECRET//COMINT~~ ▮▮▮ ~~//TSP//ORCON/NOFORN//MR~~

\* *Technical Information* concerning the manner in which these presidentially-authorized activities were implemented, ▮▮▮ ▮▮▮ specifically to these activities. *See In Camera* ▮▮▮ Declaration ¶¶ 16-28.

~~(TS//SI~~ ▮▮▮ ~~//TSP//OCNF)~~

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## ARGUMENT

~~(TS//SI~~ ▮▮▮ ~~//TSP//OCNF)~~ As the authority cited in the United States' public opposition indicates, Plaintiffs must demonstrate that there is an actual need for a preservation order, not simply an indefinite or unspecified possibility that information will be lost. *See* United States' Opposition to Plaintiffs' Motion for Order to Preserve Evidence ("USG Opp.") at 7-8 (citing *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 434-435 (W.D. Pa. 2004)). Courts have declined to enter such orders where adequate preservation steps have been taken. *See id.* at 436-37; *Treppel v. Bovail Corp.*, 233 F.R.D. 363, 370-72 (S.D.N.Y. 2006). Plaintiffs have failed to make any showing of the need for a preservation order and, in light of the state secrets privilege, their motion is necessarily based on a speculative

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

~~TOP SECRET//COMINT~~ ▮▮▮ ~~//TSP//ORCON/NOFORN//MR~~ 5

TOP SECRET//COMINT //TSP//ORCON/NOFORN//MR

1  concerns that potentially relevant information is not being preserved.

2  (TS//SI //TSP//OC/NF) The NSA ▓▓▓
3  ▓▓▓ legal obligations to preserve potentially relevant information and, were it not for the
4  need to protect state secrets, would be able to show ▓▓▓ preserving a wide range of such
5  information, as set forth in the *In Camera* ▓▓▓ Declaration. However, several specific factual
6  issues concerning the documents and information possessed by the NSA ▓▓▓
7  ▓▓▓ could not be discussed between the parties, and now make it impossible to
8  adjudicate this motion. Such issues extend beyond the disclosure of whether specific carriers
9  assisted the NSA on the particular activities at issue, or whether activities such as Internet and
10 telephony metadata collection (and hence any relevant evidence about them) could be
11 acknowledged. Even beyond these threshold problems to conferring about preservation issues,
12 specific issues and uncertainties would arise in attempting to address the parties' preservation
13 obligations and the impact of Plaintiffs' proposed order.

14  (TS//SI //TSP//OC/NF) For example, with respect to content surveillance,
15 Plaintiffs challenge an alleged "content dragnet" that does not exist, *see In Camera* Alexander
16 Declaration in *Verizon* Cases at ¶ 54, ▓▓▓
17 ▓▓▓
18 ▓▓▓ But it is unclear
19 whether, as a result, the NSA ▓▓▓ need to preserve nothing concerning
20 content surveillance, or whether ▓▓▓ a wide range of information in order to
21 prove there is no content dragnet. This is just one example of how imposing a blanket order to
22 preserve potentially relevant evidence, without any meaningful discussion or specific
23 adjudication as to what such an order should properly apply to, would create substantial
24 uncertainty concerning the NSA's ▓▓▓ preservation obligations.

25

26 Classified Supplemental Memorandum of the United States
   in Opposition to Plaintiffs' Motion for an Order to
27 Preserve Evidence MDL No. 06-1791-VRW

28  TOP SECRET//COMINT //TSP//ORCON/NOFORN//MR                 6

TOP SECRET//COMINT███████//TSP//ORCON/NOFORN//MR

(TS//SI//TSP//OC/NF) Assuming information concerning the TSP were potentially relevant to Plaintiffs' content dragnet claim, precisely *what* information about this and the other presidentially-authorized activities would be subject to particular preservation requirements cannot be resolved. The NSA ███████ preserving substantial operational information concerning the TSP and metadata activities (such as the identity of targeted selectors, intelligence reports and analysis, technical information concerning methods of TSP interception and metadata collection)—which may or may not be relevant to adjudicating the lawfulness of the activities ███████ Certainly, not every document or communication within the NSA ███████ related to carrying out the presidentially-authorized activities should necessarily be considered relevant to Plaintiffs' claims. But addressing which information and information systems may be potentially relevant, among the range of information and systems possessed by the NSA ███████ would necessarily require the disclosure of classified operational details and intelligence sources and methods.

(TS//SI███████//TSP//OC/NF) Plaintiffs' proposed blanket order is not an appropriate solution and, indeed, could be potentially dangerous. As should be apparent from the *In Camera* ███ Declaration, the NSA ███████ accumulated a substantial amount of information concerning the presidentially-authorized activities implicated by this litigation over the past six years, and Plaintiffs' proposed order would leave unresolved which of this information would be subject to preservation requirements. Plaintiffs' attempt to narrow the field of potentially relevant evidence serves only to heighten the uncertainty. ███

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

TOP SECRET//COMINT███████//TSP//ORCON/NOFORN//MR     7

TOP SECRET//COMINT ███ //TSP//ORCON/NOFORN//MR

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████ While this suggests that most, if not all, of
3 the NSA's information concerning the presidentially-authorized activities need not be preserved,
4 the Plaintiffs' proposed order would still apply to the United States as intervener, *see* Pls.
5 Proposed Preservation Order at 2, and the precise scope of the order would remain unclear and
6 unresolved since the parties cannot discuss nor litigate what the order does apply to or does not.

7 ████████████████████████████████████████████████████████
8 ████████████████████████████ But when faced with a Court order to take specific
9 preservation steps as to unspecified information, clarity as to what those obligations entail is
10 essential—particularly for an intelligence agency attempting to track the movement and
11 activities of terrorists ████████████████████████.[6]

12 (TS//SI ████ //TSP//OC/NF) Another example of the uncertainty—and potential
13 harm—that would result from Plaintiffs' proposed order concerns the collection of telephony
14 metadata. This appears to be the only presidentially-authorized activity that is directly at issue in
15 this litigation. As set forth by NSA, telephony metadata collected under presidential
16 authorization is being preserved by NSA and, thus, to the extent this includes information
17 derived from Plaintiffs' telephone records, there should be no preservation concern warranting
18 the imposition of a preservation order. *See In Camera* ████ Declaration ¶¶ 24-25. Of course,

---

[6] (TS//SI//TSP//OC/NF) Moreover, a determination of the impact of the state secrets privilege in these cases should precede the imposition of any preservation order. For example, because the alleged content dragnet does not exist and state secrets would be required to show that, and evidence required to establish or disprove Plaintiffs' standing cannot be disclosed, and the existence of metadata activities is properly protected, the issuance of any preservation injunction with respect to any of these activities would be inappropriate.

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

TOP SECRET//COMINT ████ //TSP//ORCON/NOFORN//MR 8

1  even this most basic fact could not be disclosed in order to confer with Plaintiffs about
2  preservation obligations or to address this motion. And, unless expressly addressed, Plaintiffs'
3  proposed blanket order could adversely impact ongoing NSA. Telephony metadata obtained by
4  NSA ████████ under presidential authorization remains in operational use at NSA
5  and is subject to querying for analysis of ████████ contacts in conjunction
6  with data collected under the May 2006 FISC Telephone Records Order. *See In Camera*
7  Declaration ¶ 24. For operational reasons, NSA maintains approximately five years worth of
8  telephony metadata in its online database (which would include data acquired after 2003 under
9  Presidential authorization). *See id.* ¶ 25. NSA's operational policy is to migrate older telephony
10 metadata to computer tape as its operational relevance declines, because continuing to maintain
11 it on current operational systems would be unnecessary and would encumber the performance of
12 the current online database in analyzing this data. *Id.* If NSA were required to halt this
13 practice—which might or might not be required under the Plaintiffs' proposed order—it would
14 severely undermine NSA's ability to identify ████████ contacts of suspected terrorist
15 communications. *See id.* ¶ 25 and Pls. Proposed Preservation Order ¶ 3 (which would require
16 halting relocation of data or arranging for the preservation of complete and accurate copies).
17 However, to even address the matter would require confirmation of the activity, disclosure of
18 NSA's operational practices, and a discussion of the details of NSA's information systems,
19 which is not possible here. Indeed, any discussion of the matter would also risk or require
20 disclosure of the FISC Telephone Records Collection Order itself, to demonstrate an important
21 limitation on the scope of potentially relevant evidence concerning telephony metadata. Thus,
22 while NSA already appears to be preserving this information as Plaintiffs would wish, that
23 cannot be confirmed or adjudicated, and an order should not be entered that would create any

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

TOP SECRET//COMINT████████//TSP//ORCON/NOFORN//MR       9

TOP SECRET//COMINT[REDACTED]//TSP//ORCON/NOFORN//MR

1  doubt as to the matter.[7]

2  (TS//SI[REDACTED]//TSP//OC/NF)



11  (TS//SI[REDACTED]//TSP//OC/NF) Finally, to the extent Internet metadata collection is
12  at issue in this case, that activity ceased under presidential authorization two years before this
13  litigation commenced, [REDACTED]
14  [REDACTED] *See In Camera* [REDACTED] Declaration ¶¶ 36, 45. [REDACTED]
15  [REDACTED]
16  [REDACTED] NSA itself preserves the metadata collected prior to the July 2004 FISC Pen Register
17  Order, but has migrated that information to computer tapes. *See id.* ¶ 23. This would seem to be
18  a more than adequate preservation step to the extent Internet metadata collection is at issue in
19  these cases, but in light of its highly classified nature, no information concerning the existence of

---

[7] (TS//SI//TSP//OC/NF) To the extent potentially relevant, NSA is preserving information preserving documentation of requests that it query its database of Internet and telephony metadata for analysis, and reports of metadata analysis. *See In Camera* [REDACTED] Declaration ¶¶ 26-27. [REDACTED]

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence  MDL No. 06-1791-VRW

TOP SECRET//COMINT[REDACTED]//TSP//ORCON/NOFORN//MR    10

~~TOP SECRET//COMINT~~ ███ ~~//SI//ORCON/NOFORN//MR~~

this activity, ███ or how information related to Internet metadata collection is being preserved, could be addressed either in conferring with the Plaintiffs or adjudicating their motion. Indeed, any such discussion again would specifically risk or require disclosure of the FISC Pen Register Order to demonstrate an important limitation on the scope of potentially relevant evidence concerning Internet metadata.[8]

(~~TS//SI~~ ███ ~~//SI//OC/NF~~) These examples, which cannot be aired in our public opposition, illustrate the practical issues and complexity that arose in attempting to confer with Plaintiffs about a preservation order, and that would arise in attempting to adjudicate their motion. Accordingly, we submit that the Court should recognize that the Plaintiffs have not and cannot meet their burden of demonstrating the need for a preservation order and, light of the classified showing in the *In Camera* ███ Declaration, that the NSA ███ ███ endeavoring to fulfill ███ preservation obligations and, thus, conclude that a preservation order should not be entered.

## CONCLUSION

(U) For the foregoing reasons, and those set forth in the United States' public opposition, Plaintiffs' Motion for an Order to Preserve Evidence should be denied.

DATED: October 25, 2007                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

CARL J. NICHOLS
Deputy Assistant Attorney General

---

[8] (~~TS//SI~~ ███ ~~//SI//OC/NF~~) ███

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence MDL No. 06-1791-VRW

~~TOP SECRET//COMINT~~ ███ ~~//SI//ORCON/NOFORN//MR~~                    11

~~TOP SECRET//COMINT~~ ~~//SI//ORCON/NOFORN//MR~~

JOSEPH H. HUNT
Director, Federal Programs Branch

*s/ Anthony J. Coppolino*
ANTHONY J. COPPOLINO
Special Litigation Counsel

*s/ Alexander K. Haas*
ALEXANDER K. HAAS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20001
Phone: (202) 514-4782
Fax: (202) 616-8460

*Attorneys for United States*

Classified Supplemental Memorandum of the United States
in Opposition to Plaintiffs' Motion for an Order to
Preserve Evidence  MDL No. 06-1791-VRW

~~TOP SECRET//COMINT~~ ~~//SI//ORCON/NOFORN//MR~~    12