1    CINDY COHN (SBN 145997)                RACHAEL E. MENY (SBN 178514)
     cindy@eff.org                          rmeny@kvn.com
2    LEE TIEN (SBN 148216)                  PAULA L. BLIZZARD (SBN 207920)
     KURT OPSAHL (SBN 191303)               MICHAEL S. KWUN (SBN 198945)
3    DAVID GREENE (SBN 160107)              AUDREY WALTON-HADLOCK (SBN 250574)
     JAMES S. TYRE (SBN 083117)             BENJAMIN W. BERKOWITZ (SBN 244441)
4    MARK RUMOLD (SBN 279060)               JUSTINA K. SESSIONS (SBN 270914)
     ANDREW CROCKER (SBN 291596)            KEKER & VAN NEST, LLP
5    ELECTRONIC FRONTIER FOUNDATION         633 Battery Street
     815 Eddy Street                        San Francisco, CA 94111
6    San Francisco, CA 94109                Telephone: (415) 391-5400
     Telephone: (415) 436-9333              Fax: (415) 397-7188
7    Fax: (415) 436-9993

8    RICHARD R. WIEBE (SBN 121156)          THOMAS E. MOORE III (SBN 115107)
     wiebe@pacbell.net                      tmoore@rroyselaw.com
9    LAW OFFICE OF RICHARD R. WIEBE         ROYSE LAW FIRM, PC
     One California Street, Suite 900       1717 Embarcadero Road
10   San Francisco, CA 94111                Palo Alto, CA 94303
     Telephone: (415) 433-3200              Telephone: (650) 813-9700
11   Fax: (415) 433-6382                    Fax: (650) 813-9777

12                                          ARAM ANTARAMIAN (SBN 239070)
                                            aram@eff.org
13                                          LAW OFFICE OF ARAM ANTARAMIAN
                                            1714 Blake Street
14                                          Berkeley, CA 94703
                                            Telephone: (510) 289-1626
15   *Counsel for Plaintiffs*

16                    **UNITED STATES DISTRICT COURT**

17              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

18   CAROLYN JEWEL, *et al.*,              ) Case No. 08-cv-4373-JSW
                                           ) Case No. 13-cv-3287-JSW
19                        Plaintiffs,      )
                                           )
20          v.                             ) **NOTICE OF OPINION AND ORDER BY**
                                           ) **FOREIGN INTELLIGENCE**
21   NATIONAL SECURITY AGENCY, *et al.*,   ) **SURVEILLANCE COURT**
                                           )
22                        Defendants.      )
     _____ )
23                                         ) Date: March 19, 2014
     FIRST UNITARIAN CHURCH OF LOS         ) Time: 2:00 p.m.
24   ANGELES, *et al.*,                    ) Courtroom 11, 19th Floor
                                           ) The Honorable Jeffrey S. White
25                        Plaintiffs,      )
                                           )
26          v.                             )
                                           )
27   NATIONAL SECURITY AGENCY, *et al.*,   )
                                           )
28                        Defendants.      )
     _____ )

Case Nos. 08-cv-4373-JSW;
         13-cv-3287-JSW

1

2    Plaintiffs submit this notice of a recent opinion and order by the Foreign Intelligence

3    Surveillance Court in FISC Docket No. BR14-01, *In Re Application of the Federal Bureau of*

4    *Investigation for an Order Requiring the Production of Tangible Things*, attached hereto as

5    Exhibit A.

6    Plaintiffs respectfully request that the Court take notice of the March 21, 2014 Opinion and

7    Order of the Foreign Intelligence Surveillance Court granting the Motion for Leave to Correct the

8    Record, filed in the FISC by Plaintiffs in *Jewel* and *First Unitarian*.

9    DATE: March 21, 2014                     Respectfully submitted,

10                                               *s/ Cindy Cohn*
                                             _____

11

12                                           CINDY COHN
                                             LEE TIEN
13                                           KURT OPSAHL
                                             DAVID GREENE
14                                           JAMES S. TYRE
                                             MARK RUMOLD
15                                           ANDREW CROCKER
                                             ELECTRONIC FRONTIER FOUNDATION
16
                                             RICHARD R. WIEBE
17                                           LAW OFFICE OF RICHARD R. WIEBE

18                                           THOMAS E. MOORE III
                                             ROYSE LAW FIRM, PC
19
                                             RACHAEL E. MENY
20                                           PAULA L. BLIZZARD
                                             MICHAEL S. KWUN
21                                           AUDREY WALTON-HADLOCK
                                             BENJAMIN W. BERKOWITZ
22                                           KEKER & VAN NEST LLP

23                                           ARAM ANTARAMIAN
                                             LAW OFFICE OF ARAM ANTARAMIAN
24
                                             *Counsel for Plaintiffs*
25

26

27

28

# Exhibit A

# Exhibit A

UNITED STATES

FOREIGN INTELLIGENCE SURVEILLANCE COURT

WASHINGTON, D.C.

_____

IN RE APPLICATION OF THE
FEDERAL BUREAU OF INVESTIGATION FOR            Docket Number: BR 14-01
AN ORDER REQUIRING THE PRODUCTION
OF TANGIBLE THINGS

_____

## OPINION AND ORDER

This matter is before the United States Foreign Intelligence Surveillance Court ("FISC" or

"Court") on the Motion of Plaintiffs in *Jewell v. NSA* and in *First Unitarian Church v. NSA*, Both

Pending in the United States District Court for the Northern District of California, for Leave to

Correct the Record, filed in the above-captioned docket on March 10, 2014 ("March 10 Motion").

As a threshold matter, the Court notes that the section of the statute under which this case

was brought, Section 501 of the Foreign Intelligence Surveillance Act of 1978 ("FISA" or "the

Act"), codified at 50 U.S.C. § 1861, as amended (also known as Section 215 of the USA

PATRIOT Act),[1] only provides for the government and recipients of production orders to make

filings with the Court.  Specifically, Section 501 permits the Federal Bureau of Investigation

("FBI") to apply to this Court "for an order requiring the production of any tangible things

---

[1] "Uniting and Strengthening America by Providing Appropriate Tools Required to
Intercept and Obstruct Terrorism Act of 2001," Pub. L. No. 107-56, 115 Stat. 272 (Oct. 26, 2001)
("USA PATRIOT Act"), amended by the "USA PATRIOT Improvement Reauthorization Act of
2005," Pub. L. No. 109-177, 120 Stat. 192 (Mar. 9, 2006); "USA PATRIOT Act Additional
Reauthorizing Amendments Act of 2006," Pub. L. No. 109-178, 120 Stat. 278 (Mar. 9, 2006); and
Section 215 expiration extended by the "Department of Defense Appropriations Act, 2010," Pub.
L. No. 111-118 (Dec. 19, 2009); "USA PATRIOT - Extension of Sunsets," Pub. L. No. 111-141
(Feb. 27, 2010); "FISA Sunsets Extension Act of 2011," Pub. L. No. 112-3 (Feb. 25, 2011); and
the "PATRIOT Sunsets Extension Act of 2011," Pub. L. No. 112-14, 125 Stat. 216 (May 26,
2011).

(including books, records, papers, documents, and other items) for an investigation . . . to protect against international terrorism." FISA § 501(a)(1), 50 U.S.C. § 1861(a)(1). If the application meets the statutory requirements, FISA requires that the Court "shall enter an *ex parte* order as requested, or as modified, approving the release of the tangible things." FISA § 501(c)(1), 50 U.S.C. § 1861(c)(1) (emphasis added). Section 501 further provides that "[a] person receiving a production order may challenge the legality of that order," and it provides specific instructions for how to do so. FISA § 501(f)(2)(A)(i), 50 U.S.C. § 1861(f)(2)(A)(i). Notwithstanding these limitations, the Court, when recently petitioned by a non-governmental entity which was not the recipient of a production order, determined that it has inherent discretion to allow such a non-party to file an *amicus curiae* brief in a Section 501 proceeding. See Memorandum Opinion issued in Docket No. BR 13-158 on December 18, 2013 ("December 18 Opinion"), available at http://www.uscourts.gov/uscourts/courts/fisc/br13-158-Memorandum-131218.pdf. In the instant matter, the Court views the movants as fulfilling one of the primary roles of *amicus curiae*, in that they are seeking to provide the Court with information that might otherwise escape its attention. December 18 Opinion at 3. Accordingly, in the exercise of its discretion, the Court treats the movants as *amici curiae* and grants the relief requested.

On January 3, 2014, in the above-captioned docket, the Court approved the government's application pursuant to Section 501 of FISA for orders requiring production, on an ongoing basis, of all call detail records or "telephony metadata" to the National Security Agency ("NSA"), from certain telecommunications carriers ("BR metadata"). The Primary Order in this docket ("January 3 Primary Order") approved and adopted a detailed set of minimization procedures restricting the NSA's retention and use of the BR metadata, including a requirement that telephony metadata produced in response to the Court's orders be destroyed within five years. January 3

2

Primary Order at 4-14. On February 25, 2014, the government filed a Motion for Second Amendment to Primary Order ("February 25 Motion"), through which it sought to modify this destruction requirement to permit the government to retain telephony metadata beyond five years, subject to further restrictions on the NSA's accessing and use of the metadata.[2] The February 25 Motion asserted that such relief was needed because destruction of the metadata "could be inconsistent with the government's preservation obligations in connection with civil litigation pending against it." February 25 Motion at 2. In seeking this relief, the government highlighted six civil matters pending before either a United States District Court or a United States Court of Appeals in which the lawfulness of Section 215 had been challenged, including *First Unitarian Church of Los Angeles, et al., v. National Security Agency*, et al., No. 3:13-cv-3287 (JSW) (N.D. Cal.) ("*First Unitarian*"). February 25 Motion at 3-5.

On March 7, 2014, based on what the government represented in its February 25 Motion, the Court issued an Opinion and Order that denied the government's February 25 Motion without prejudice ("March 7 Opinion and Order"). The Court rejected the government's premise that the common law obligation to preserve evidence that is potentially relevant to civil litigation superseded requirements to destroy information under provisions of FISC orders that were adopted pursuant to 50 U.S.C. §§ 1861(c)(1), (g). March 7 Opinion and Order at 3-4. In issuing the March 7 Opinion and Order, the Court analyzed the government's proposed amendments

---

[2] On February 5, 2014, the government filed an initial Motion for Amendment to Primary Order to amend the aforementioned minimization procedures. The Court approved the motion on the same date, modifying the minimization procedures to require the government (except in emergencies) to obtain the Court's approval by motion before querying the BR metadata for selection terms, and to restrict queries of the BR metadata to identify only that metadata within two "hops" of an approved selection term. The first "hop" would include the set of numbers directly in contact with the approved selection term, and the second "hop" would include the set of numbers directly in contact with the first "hop" numbers.

3

under the statutory minimization requirements and found that on the record then before it, the government's proposal did not satisfy those requirements. Id. at 4-12. The Court concluded that any interests the civil plaintiffs might assert in preserving all of the BR metadata was "unsubstantiated" on that record. Id. at 8. The Court further observed that

> no District Court or Circuit Court of Appeals has entered a preservation order
> applicable to the BR metadata in question in any of the civil matters cited in the
> motion. Further, there is no indication that any of the plaintiffs have sought
> discovery of this information or made any effort to have it preserved, despite it
> being a matter of public record that BR metadata is routinely destroyed after five
> years.

Id. at 8-9 (citations omitted). Further, while acknowledging that "questions of relevance are ultimately matters for the courts entertaining the civil litigation to resolve," id. at 10, the Court was unpersuaded by the government's assertion that the entire, voluminous set of BR metadata needed to be preserved for the civil litigation, particularly in view of the fact that the plaintiffs in the civil matters, as described by the government, generally sought destruction of the BR metadata. Id. at 9-10. As noted above, the Court denied the February 25 Motion without prejudice, stating that the government may bring "another motion providing additional facts or legal analysis, or seeking a modified amendment to the existing minimization procedures." Id. at 12.

On March 10, 2014, counsel for plaintiffs in *Carolyn Jewel, et al., v. National Security Agency, et al.,* No. 08-cv-4373-JSW (N.D. Cal.) ("*Jewel*") and *First Unitarian* filed the above-referenced motion (i.e., the March 10 Motion) seeking to correct the record. The March 10 Motion noted that the March 7 Order and Opinion was based on the belief that no preservation requests or orders applicable to the data in question existed, and it represented that at least two such orders had been issued. March 10 Motion at 1. Specifically, the March 10 Motion noted that there has been litigation challenging the lawfulness of the government's collection of

4

telephony metadata (among other collections) pending in the United States District Court for the Northern District of California ("District Court" or "Northern District of California") since 2006. Id. The first case filed was *Hepting v. AT&T*, No. 06-cv-0672 (N.D. Cal.) ("*Hepting*"), which became the lead case in a Multidistrict Litigation ("MDL") proceeding in the Northern District of California, in which the District Court entered a preservation order on November 6, 2007. Id. at 2. The March 10 Motion further indicated that one of the MDL cases, *Virginia Shubert, et al., v. Barack Obama, et al.*, No. 07-cv-0603 (N.D. Cal.) remains in litigation, and the MDL preservation order remains in effect for that case. Id. Additionally, the March 10 Motion stated that the *Jewel* case, which was filed in 2008, was designated by the District Court as a related action to the *Hepting* matter, and that Court entered an evidence preservation order in *Jewel*, based on the MDL evidence preservation order, which remains in effect.[3] Id. The March 10 Motion noted that the plaintiffs in *Jewel* and *First Unitarian* contacted the government on February 26, 2014, regarding the relevance of these preservation orders to the February 25 Motion, and made a "specific request" that the government inform the FISC of their existence. Id. at 1-2.

The March 10 Motion further noted that on the evening of March 7, 2014, the government filed a notice in the *First Unitarian* case in the Northern District of California, stating that "as of the morning of Tuesday, March 11, 2014, absent a contrary court order, the United States will commence complying with applicable FISC orders requiring the destruction of call-detail records at this time." March 10 Motion at 3. On March 10, 2014, the plaintiffs in *Jewel* and *First Unitarian* sought a Temporary Restraining Order ("TRO") from the Northern District of California against the destruction of any BR metadata. The District Court granted a TRO in both

---

[3] The plaintiffs in *Jewel* and *First Unitarian* submitted copies of both preservation orders as exhibits with their March 10 Motion.

5

matters on the same date ("March 10 TRO"), prohibiting the government defendants "from destroying any potential evidence relevant to the claims at issue ..., including but not limited to ... any telephone metadata or 'call detail' records," pending further order of that court. March 10 TRO at 2. The March 10 TRO also established a schedule for further consideration of the preservation issues, with briefing by the government and the plaintiffs to be completed by March 18, 2014, and a hearing set for March 19, 2014. Id.

On March 11, 2014, the government filed in the FISC a Notice of Entry of Temporary Restraining Order Against the United States and Motion for Temporary Relief from Subparagraph 3(E) of Primary Order ("March 11 Notice and Motion"). Through the March 11 Notice and Motion, the government informed the FISC of the TRO which had been entered the day before, and again sought relief from the provision of the January 3 Primary Order which prevents the government from retaining BR metadata for longer than five years. Based on the information about the preservation orders that had been issued and remained in effect in the Northern District of California litigation, which had not previously been part of the record in this matter, this Court granted the government's Motion for Temporary Relief on March 12 ("March 12 Order and Opinion"). Specifically, this Court ordered that BR metadata otherwise required to be destroyed under the five-year limitation on retention specified in subparagraph (3)(E) of the January 3 Primary Order be preserved and/or stored "[p]ending resolution of the preservation issues raised by the plaintiffs in *Jewel* and *First Unitarian Church* before the United States District Court for the Northern District of California[."] March 12 Order and Opinion at 6. The March 12 Order and Opinion further prohibited NSA intelligence analysts from accessing or using such data for any purpose; permitted NSA technical personnel to access the data only for the purpose of ensuring continued compliance with the government's preservation obligations; and prohibited any further

6

accesses of the BR metadata for civil litigation purposes without prior written notice to the FISC. Id. at 6-7. Finally, the March 12 Order and Opinion required the government to promptly notify the FISC of any additional material developments in civil litigation pertaining to the BR metadata, including the resolution of the TRO proceedings in the Northern District of California. Id. at 7.

On March 13, 2014, the government filed with the FISC its Response of the United States of America to the Motion of Plaintiffs in *Jewell v. NSA* and in *First Unitarian Church v. NSA*, Both Pending in the United States District Court for the Northern District of California, for Leave to Correct the Record ("March 13 Response"). In its response, the government did not object to the movants' introduction of the preservation orders and other documents into the record of this proceeding, but noted, citing to the March 12 Opinion, that "issues regarding the government's compliance with prior preservation orders issued by the Northern District of California" are "a matter for the District Court to resolve." March 13 Response at 1-2. A footnote in the March 13 Response indicated that, "[c]ontrary to their representation . . . [the m]ovants did not make a 'specific request' that the government inform this Court about the preservation orders in *Jewel* and *Shubert*." Id. at 2, n.1. In making this statement, the government cited to an exhibit (i.e., Exhibit E) of the plaintiffs' application for the TRO filed in the Northern District of California on March 10 (both of which were part of Exhibit A to the government's March 11 Notice and Motion), which is a chain of e-mail correspondence between attorneys of the Civil Division of the United States Department of Justice ("DOJ") and counsel for plaintiffs in the *Jewel* and *First Unitarian* litigation ("E-mail Correspondence"). Id.

A review of the E-mail Correspondence indicates that as early as February 26, 2014, the day after the government filed its February 25 Motion, the plaintiffs in *Jewel* and *First Unitarian* indeed sought to clarify why the preservation orders in *Jewel* and *Shubert* were not referenced in

7

that motion. E-mail Correspondence at 6-7. The Court's review of the E-mail Correspondence suggests that the DOJ attorneys may have perceived the preservation orders in *Jewel* and *Shubert* to be immaterial to the February 25 Motion because the metadata at issue in those cases was collected under what DOJ referred to as the "President's Surveillance Program" (i.e., collection pursuant to executive authority), as opposed to having been collected under Section 215 pursuant to FISC orders – a proposition with which plaintiffs' counsel disagreed. Id. at 4. As this Court noted in the March 12 Order and Opinion, it is ultimately up to the Northern District of California, rather than the FISC, to determine what BR metadata is relevant to the litigation pending before that court.

As the government is well aware, it has a heightened duty of candor to the Court in *ex parte* proceedings. See MODEL RULES OF PROF'L CONDUCT R. 3.3(d) (2013). Regardless of the government's perception of the materiality of the preservation orders in *Jewel* and *Shubert* to its February 25 Motion, the government was on notice, as of February 26, 2014, that the plaintiffs in *Jewel* and *First Unitarian* believed that orders issued by the District Court for the Northern District of California required the preservation of the FISA telephony metadata at issue in the government's February 25 Motion. E-mail Correspondence at 6-7. The fact that the plaintiffs had this understanding of those preservation orders – even if the government had a contrary understanding – was material to the FISC's consideration of the February 25 Motion. The materiality of that fact is evidenced by the Court's statement, based on the information provided by the government in the February 25 Motion, that "there is no indication that any of the plaintiffs have sought discovery of this information or made any effort to have it preserved." March 7 Opinion and Order at 8-9.

The government, upon learning this information, should have made the FISC aware of the

8

preservation orders and of the plaintiffs' understanding of their scope, regardless of whether the plaintiffs had made a "specific request" that the FISC be so advised. Not only did the government fail to do so, but the E-mail Correspondence suggests that on February 28, 2014, the government sought to dissuade plaintiffs' counsel from immediately raising this issue with the FISC or the Northern District of California. E-mail Correspondence at 5.

The government's failure to inform the FISC of the plaintiffs' understanding that the prior preservation orders require retention of Section 501 telephony metadata may have resulted from imperfect communication or coordination within the Department of Justice rather than from deliberate decision-making.[4] Nonetheless, the Court expects the government to be far more attentive to its obligations in its practice before this Court.

Based on the foregoing, it is HEREBY ORDERED that the Motion of Plaintiffs in *Jewell v. NSA* and in *First Unitarian Church v. NSA*, Both Pending in the United States District Court for the Northern District of California, for Leave to Correct the Record is GRANTED.

It is FURTHER ORDERED that the government shall make a filing with this Court pursuant to Rule 13(a) of the United States Foreign Intelligence Surveillance Court Rules of Procedure ("FISC Rules of Procedure") no later than April 2, 2014.[5] As part of this filing, the

---

[4] Attorneys from the Civil Division of the Department of Justice participated in the E-Mail Correspondence with plaintiffs' counsel. As a general matter, attorneys from the National Security Division of the Department of Justice represent the government before the FISC. The February 25 Motion, as well as the March 13 Response, were submitted by the Assistant Attorney General for the Civil Division and the Acting Assistant Attorney General for the National Security Division.

[5] Rule 13(a) of the FISC Rules of Procedure" requires the following, in relevant part:

(a) **Correction of Material Facts.** If the government discovers that a submission to the Court contained a misstatement or omission of material fact, the government, in writing, (continued . . . )

9

government shall explain why it failed to notify this Court of the preservation orders in *Jewel* and *Shubert* and of the plaintiffs' understanding of the scope of those orders, upon learning that plaintiffs' counsel viewed those orders as applying to the Section 501 telephony metadata at issue in the February 25 Motion.

SO ORDERED, this 2/*7*day of March, 2014, in Docket Number BR 14-01.

**REGGIE B. WALTON**
Presiding Judge, United States Foreign
Intelligence Surveillance Court

_____

(. . . continued)
must immediately inform the Judge to whom the submission was made of:
    (1) the misstatement or omission;
    (2) any necessary correction; [and]
    (3) the facts and circumstances relevant to the misstatement or omission[.]

10