| | |
|---|---|
| CINDY COHN (SBN 145997) | RACHAEL E. MENY (SBN 178514) |
| cindy@eff.org | rmeny@kvn.com |
| LEE TIEN (SBN 148216) | PAULA L. BLIZZARD (SBN 207920) |
| KURT OPSAHL (SBN 191303) | MICHAEL S. KWUN (SBN 198945) |
| JAMES S. TYRE (SBN 083117) | AUDREY WALTON-HADLOCK (SBN 250574) |
| MARK RUMOLD (SBN 279060) | BENJAMIN W. BERKOWITZ (SBN 244441) |
| ANDREW CROCKER (SBN 291596) | JUSTINA K. SESSIONS (SBN 270914) |
| DAVID GREENE (SBN 160107) | KEKER & VAN NEST, LLP |
| ELECTRONIC FRONTIER FOUNDATION | 633 Battery Street |
| 815 Eddy Street | San Francisco, CA  94111 |
| San Francisco, CA  94109 | Telephone:  415/391-5400; Fax: 415/397-7188 |
| Telephone:  415/436-9333; Fax:  415/436-9993 | |
| | THOMAS E. MOORE III (SBN 115107) |
| RICHARD R. WIEBE (SBN 121156) | tmoore@rroyselaw.com |
| wiebe@pacbell.net | ROYSE LAW FIRM, PC |
| LAW OFFICE OF RICHARD R. WIEBE | 1717 Embarcadero Road |
| One California Street, Suite 900 | Palo Alto, CA 94303 |
| San Francisco, CA 94111 | Telephone: 650/813-9700; Fax: 650/813-9777 |
| Telephone: 415/433-3200; Fax: 415/433-6382 | |
| | ARAM ANTARAMIAN (SBN 239070) |
| | aram@eff.org |
| | LAW OFFICE OF ARAM ANTARAMIAN |
| | 1714 Blake Street |
| | Berkeley, CA 94703 |
| | Tel.: 510/289-1626 |

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, YOUNG BOON HICKS, as executrix of the estate of GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>Defendants. | Case No.: 4:08-cv-4373-JSW<br><br>**IMMEDIATE ACTION REQUESTED**<br><br>**PLAINTIFFS' EMERGENCY APPLICATION TO ENFORCE THE COURT'S TEMPORARY RESTRAINING ORDER**<br><br>**HEARING REQUESTED FOR JUNE 6, 2014**<br><br>Courtroom 5, 2nd Floor<br>The Honorable Jeffrey S. White |

By this emergency application, plaintiffs seek immediate enforcement of the evidence preservation Temporary Restraining Order (the "TRO") entered by the Court on March 10, 2014 (ECF No. 189) and reaffirmed in the Court's April 17, 2014 Amended Minute Order (ECF No. 206). Because of the urgency of this matter, plaintiffs respectfully request that the Court hear the parties on this matter on **Friday, June 6, 2014** at a time convenient to the Court. Plaintiffs have conferred with counsel for the plaintiffs in *Shubert v. Obama* and they join in this application. Plaintiffs also informed defendants, as of 10:30 am PDT today, that they are seeking this relief. Cohn Decl., Exh. E.

In its TRO, the Court ordered the government to refrain from any further destruction of evidence pending final resolution of the parties' dispute over the government's evidence preservation obligations: "Accordingly, it is HEREBY ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them are prohibited, enjoined, and restrained from destroying *any potential evidence relevant to the claims at issue in this action*, including but not limited to prohibiting the destruction of any telephone metadata or 'call detail' records, pending further order of the Court." ECF No. 189 at 2 (emphasis added). In its Amended Minute Order, the Court reiterated that the TRO's prohibition on any evidence destruction remains in effect until the Court has finally decided the evidence preservation dispute: "The Court extends the temporary restraining order issued on March 10, 2014 until a final order resolving the matter is issued." ECF No. 206 at 1.

In communications with the government this week, plaintiffs learned to their surprise that the government is continuing to destroy evidence relating to the mass interception of Internet communications it is conducting under section 702 of the Foreign Intelligence Surveillance Act. This would include evidence relating to its use of "splitters" to conduct bulk interceptions of the content of Internet communications from the Internet "backbone" network of AT&T, as described in multiple FISC opinions and in the evidence of Mark Klein and J. Scott Marcus, ECF Nos. 84, 85, 89, 174 at Ex. 1.

Specifically, in connection with the modification of the evidence preservation briefing schedule earlier this week, plaintiffs' counsel sought assurances from the government that no

evidence destruction would occur if the briefing schedule were extended.  Cohn Decl. Ex. A.  After initially giving a cryptic response, the government finally confirmed today that in its view the TRO does *not* require it to preserve evidence relating to Internet content interceptions and that it has not stopped the routine destruction of such evidence.  Cohn Decl., Exs. B, C and D.  The government stated: "The Court is presently considering whether the Government must preserve material obtained under Section 702 of FISA in the context of the Jewel/Shubert litigation.  In the meantime, pending resolution of the preservation issues in this case, we have been examining with our clients how to address the preservation of data acquired under the Section 702 program in light of FISC imposed data retention limits (even though we disagree that the program is at issue in Jewel and Shubert)."  This, quite plainly, means that the government has interpreted the March 10, 2014 TRO as putting it under no current obligation to preserve evidence it has collected under section 702 despite the clear language of the TRO and the context in which it was entered.

Once again, the government has apparently secretly and unilaterally reinterpreted its obligations under the Court's evidence preservation orders, without notice to the Court or to plaintiffs, and has determined that it need not engage in preservation of relevant evidence. This time, however, there can be no dispute that the government was aware of broad scope of the TRO and the Court's intention that no destruction occur of evidence plaintiffs contend is relevant until the Court has decided the matter.

Plaintiffs request an immediate hearing before the Court on Friday, June 6, 2014 to enforce the existing TRO and to impose on the government whatever further measures are necessary to ensure that no destruction of evidence occurs before the Court has decided the pending evidence preservation dispute.

Dated:  June 5, 2014                    Respectfully submitted,

      /s/ Cindy Cohn
CINDY COHN
LEE TIEN
KURT OPSAHL
JAMES S. TYRE
MARK RUMOLD
ANDREW CROCKER

Case No. 08-cv-4373-JSW                    -2-
PLAINTIFFS' EMERGENCY APPLICATION TO ENFORCE THE
COURT'S TEMPORARY RESTRAINING ORDER

1  DAVID GREENE
   ELECTRONIC FRONTIER FOUNDATION

2
   RICHARD R. WIEBE
3  LAW OFFICE OF RICHARD R. WIEBE

4  THOMAS E. MOORE III
   ROYSE LAW FIRM
5

6  RACHAEL E. MENY
   MICHAEL S. KWUN
7  BENJAMIN W. BERKOWITZ
   JUSTINA K. SESSIONS
8  AUDREY WALTON-HADLOCK
   PAULA L. BLIZZARD
9  KEKER & VAN NEST LLP

10
   ARAM ANTARAMIAN
11 LAW OFFICE OF ARAM ANTARAMIAN

12 *Counsel for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 08-cv-4373-JSW    -3-
PLAINTIFFS' EMERGENCY APPLICATION TO ENFORCE THE
COURT'S TEMPORARY RESTRAINING ORDER