| | |
|---|---|
| CINDY COHN (SBN 145997) | RACHAEL E. MENY (SBN 178514) |
| cindy@eff.org | rmeny@kvn.com |
| LEE TIEN (SBN 148216) | PAULA L. BLIZZARD (SBN 207920) |
| KURT OPSAHL (SBN 191303) | MICHAEL S. KWUN (SBN 198945) |
| JAMES S. TYRE (SBN 083117) | AUDREY WALTON-HADLOCK (SBN 250574) |
| DAVID GREENE (SBN 160107) | BENJAMIN W. BERKOWITZ (SBN 244441) |
| MARK RUMOLD (SBN 279060) | JUSTINA K. SESSIONS (SBN 270914) |
| ANDREW CROCKER (SBN 291596) | KEKER & VAN NEST, LLP |
| ELECTRONIC FRONTIER FOUNDATION | 633 Battery Street |
| 815 Eddy Street | San Francisco, CA 94111 |
| San Francisco, CA 94109 | Telephone: (415) 391-5400 |
| Telephone: (415) 436-9333 | Fax: (415) 397-7188 |
| Fax: (415) 436-9993 | |
| | THOMAS E. MOORE III (SBN 115107) |
| RICHARD R. WIEBE (SBN 121156) | tmoore@rroyselaw.com |
| wiebe@pacbell.net | ROYSE LAW FIRM, PC |
| LAW OFFICE OF RICHARD R. WIEBE | 1717 Embarcadero Road |
| One California Street, Suite 900 | Palo Alto, CA 94303 |
| San Francisco, CA 94111 | Telephone: (650) 813-9700 |
| Telephone: (415) 433-3200 | Fax: (650) 813-9777 |
| Fax: (415) 433-6382 | |
| | ARAM ANTARAMIAN (SBN 239070) |
| | aram@eff.org |
| | LAW OFFICE OF ARAM ANTARAMIAN |
| | 1714 Blake Street |
| | Berkeley, CA 94703 |
| | Telephone: (510) 289-1626 |

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, YOUNG BOON HICKS, as executrix of the estate of GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>Defendants. | Case No.: 4:08-cv-4373-JSW<br><br>**IMMEDIATE ACTION REQUESTED**<br><br>**PLAINTIFFS' EMERGENCY APPLICATION TO ENFORCE THE COURT'S TEMPORARY RESTRAINING ORDER**<br><br>**HEARING REQUESTED FOR JUNE 6, 2014**<br><br>Courtroom 5, 2nd Floor<br>The Honorable Jeffrey S. White |

Case No. 08-cv-4373-JSW

DECLARATION OF CINDY COHN

I, CINDY COHN, hereby declare:

1. I am a lawyer duly licensed to practice law in the State of California and before this district. I am the Legal Director of the Electronic Frontier Foundation, counsel of record for the plaintiffs.

2. Attached to this Declaration are the following true and correct copies of emails between plaintiffs and defendants regarding preservation issues:

    a. Exhibit A: Email from Cindy Cohn to Marcia Berman dated May 30, 2014.

    b. Exhibit B: Email from Marcia Berman to Cindy Cohn dated June 2, 2014 at 1:09 p.m.

    c. Exhibit C: Email from Cindy Cohn to Marcia Berman dated June 2, 2014 at 5:53 p.m.

    d. Exhibit D: Email from Marcia Berman to Cindy Cohn dated June 5, 2014 at 9:31 a.m.

    e. Exhibit E: Email from Cindy Cohn to Marcia Berman dated June 5, 2014 at 10:30 a.m.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 5, 2014, at San Francisco, California.

       /s/ Cindy Cohn
       CINDY COHN

Case No. 08-cv-4373-JSW      1
DECLARATION OF CINDY COHN

# Exhibit A

# Exhibit A

Cindy Cohn <Cindy@eff.org>　　　　　　　　　　　　　　May 30, 2014  11:54 AM
To: "Berman, Marcia (CIV)" <Marcia.Berman@usdoj.gov>
Cc: "Ilann M. Maazel" <imaazel@ecbalaw.com>, "Gilligan, Jim (CIV)" <James.Gilligan@usdoj...>, Rick Wiebe <wiebe@pacbell.net>, "Patton, Rodney (CIV)" <Rodney.Patton@usdoj.gov>, "Berman, Julia (CIV)" <Julia.Berman@usdoj.gov>, "Dearinger, Bryan (CIV)" <Bryan.Dearinger@usdoj.gov>, Andrew Crocker <andrew@eff.org>, Stephanie Shattuck <steph@eff.org>
Bcc: Cindy Cohn <cindy@eff.org>
Re: Jewel/First Unitarian Deadlines

---

Jewel plaintiffs are ok with this if the government can assure us that no additional information will be destroyed in the meantime.

As you can see, we went ahead and filed.

Cindy

Sent from my phone

On May 30, 2014, at 11:22 AM, "Berman, Marcia (CIV)" <Marcia.Berman@usdoj.gov> wrote:

> Ilann – sorry for the delay in getting back to you – many of us were at an off-site this morning. We are fine with extending your deadline until June 5, but we'll need to adjust our reply deadline since it makes sense for us to reply to your brief and Cindy's at the same time. I am out of the office during the week of June 16, so we would ask that our reply brief be due on June 27. How does that sound? Thanks -- Marcy
>
> ---
>
> **From:** Ilann M. Maazel [mailto:imaazel@ecbalaw.com]
> **Sent:** Thursday, May 29, 2014 5:47 PM
> **To:** Gilligan, Jim (CIV); Cindy Cohn
> **Cc:** Rick Wiebe; Patton, Rodney (CIV); Berman, Marcia (CIV); Berman, Julia (CIV); Dearinger, Bryan (CIV)
> **Subject:** RE: Jewel/First Unitarian Deadlines
>
> Folks – I apologize, but the Shubert plaintiffs need a few more days to file our brief. Instead of tomorrow, I'd say June 5. Any objection?
>
> Ilann M. Maazel
> Emery Celli Brinckerhoff & Abady LLP
> 75 Rockefeller Plaza, 20th Floor
> New York, NY 10019
> phone 212-763-5000
> fax 212-763-5001
> imaazel@ecbalaw.com

# Exhibit B

# Exhibit B

"Berman, Marcia (CIV)" <Marcia.Berman@usdoj.gov>                    June 2, 2014 1:09 PM
To: Cindy Cohn <cindy@eff.org>
Cc: "Ilann M. Maazel" <imaazel@ecbalaw.com>, "Gilligan, Jim (CIV)" <James.Gilligan@usdoj.gov>,
Rick Wiebe <wiebe@pacbell.net>, "Patton, Rodney (CIV)" <Rodney.Patton@usdoj.gov>, "Berman,
Julia (CIV)" <Julia.Berman@usdoj.gov>, "Dearinger, Bryan (CIV)" <Bryan.Dearinger@usdoj.gov>,
Andrew Crocker <andrew@eff.org>, Stephanie Shattuck <steph@eff.org>
RE: Jewel/First Unitarian Deadlines

---

Cindy – what it means is that we have already explained in our opening brief that we are in compliance with our preservation obligations and do not feel that we should have to make any further assurances or undertakings to accommodate plaintiffs' need for additional time.

Marcy

---

**From:** Cindy Cohn [mailto:cindy@eff.org]
**Sent:** Monday, June 02, 2014 3:34 PM
**To:** Berman, Marcia (CIV)
**Cc:** Ilann M. Maazel; Gilligan, Jim (CIV); Rick Wiebe; Patton, Rodney (CIV); Berman, Julia (CIV); Dearinger, Bryan (CIV); Andrew Crocker; Stephanie Shattuck
**Subject:** Re: Jewel/First Unitarian Deadlines

Marcy,

Does that mean that no additional information will be destroyed in the meantime?

Cindy

On Jun 2, 2014, at 12:29 PM, "Berman, Marcia (CIV)" <Marcia.Berman@usdoj.gov> wrote:

> Ilann – see a couple of minor edits to the stip in the attached. You have our consent to file as edited in the attached. Thanks -- Marcy
>
> ---
>
> **From:** Ilann M. Maazel [mailto:imaazel@ecbalaw.com]
> **Sent:** Monday, June 02, 2014 2:34 PM
> **To:** Cindy Cohn; Berman, Marcia (CIV)
> **Cc:** Gilligan, Jim (CIV); Rick Wiebe; Patton, Rodney (CIV); Berman, Julia (CIV); Dearinger, Bryan (CIV); Andrew Crocker; Stephanie Shattuck
> **Subject:** RE: Jewel/First Unitarian Deadlines
>
> Can we file this today?

# Exhibit C

# Exhibit C

Cindy Cohn <Cindy@eff.org>       June 2, 2014 5:53 PM
To: "Berman, Marcia (CIV)" <Marcia.Berman@usdoj.gov>
Cc: "Ilann M. Maazel" <imaazel@ecbalaw.com>, "Gilligan, Jim (CIV)" <James.Gilligan@usdoj...>, Rick Wiebe <wiebe@pacbell.net>, "Patton, Rodney (CIV)" <Rodney.Patton@usdoj.gov>, "Berman, Julia (CIV)" <Julia.Berman@usdoj.gov>, "Dearinger, Bryan (CIV)" <Bryan.Dearinger@usdoj.gov>, Andrew Crocker <andrew@eff.org>, Stephanie Shattuck <steph@eff.org>
Jewel TRO on evidence destruction
Security: 🔒 Signed (cindy@eff.org)

---

Dear Marcy,

I'm surprised by your response.

As you know, the March 10, 2014 TRO (Document 89) is still in effect. That Order provides: "Accordingly, it is HEREBY ORDERED that Defendants, their officers, agents, servants. employees, and attorneys, and all those in active concert or participation with them are prohibited, enjoined, and restrained from destroying any potential evidence relevant to the claims at issue in this action, including but not limited to prohibiting the destruction of any telephone metadata or "call detail" records, pending further order of the Court."

The 4/17/14 Amended minute order (Doc. 206) provides: "The Court extends the temporary restraining order issued on March 10, 2014 until a final order resolving the matter is issued."

There has been no final order resolving the Jewel evidence preservation dispute, of course. As a result, there is currently a TRO in place with regard to all evidence relevant to the claims at issue in the Jewel action. Regardless of the propriety of the government defendants' past actions, going forward the TRO prohibits them from destroying anything in the interim relevant to our claims, which extend to surveillance conducted under the FISC orders and includes government's mass seizure of three kinds of information: Internet and telephone content, telephone records and Internet records. Obviously the government disagrees, but at this point the government is well on notice of plaintiffs' position.

You appear to be saying that routine destruction of post-FISC material is continuing to occur regardless of the TRO; please confirm whether this is correct.

If so, we intend to seek immediate relief from the court enforcing the TRO.

Cindy

# Exhibit D

# Exhibit D

"Berman, Marcia (CIV)" <Marcia.Berman@usdoj.gov>                    June 5, 2014  9:31 AM
To: Cindy Cohn <cindy@eff.org>
Cc: "Ilann M. Maazel" <imaazel@ecbalaw.com>, "Gilligan, Jim (CIV)" <James.Gilligan@usdoj.gov>, Rick Wiebe <wiebe@pacbell.net>, "Patton, Rodney (CIV)" <Rodney.Patton@usdoj.gov>, "Berman, Julia (CIV)" <Julia.Berman@usdoj.gov>, "Dearinger, Bryan (CIV)" <Bryan.Dearinger@usdoj.gov>, Andrew Crocker <andrew@eff.org>, Stephanie Shattuck <steph@eff.org>
RE: Jewel TRO on evidence destruction

---

Cindy

    We do not understand why you see the need to file another TRO motion, because the Court is aware of the parties' disagreement regarding the scope of the Government's preservation obligations in this case, and has established a briefing schedule to resolve the issue.  It appears your concern was prompted by discussions initiated by the Shubert Plaintiffs for additional time, and we don't see how that should require a renewed TRO when we are presently briefing the preservation issues.  We have previously advised the Court that the Government is preserving business records telephony metadata otherwise subject to destruction under the FISC's five-year destruction requirement for purposes of the First Unitarian case.  Our initial brief on preservation issues also set forth the status of Internet metadata collected pursuant to the discontinued PR/TT program.  We have also detailed our preservation activities with respect to the President's Surveillance Program.  The Court is presently considering whether the Government must preserve material obtained under Section 702 of FISA in the context of the Jewel/Shubert litigation.  In the meantime, pending resolution of the preservation issues in this case, we have been examining with our clients how to address the preservation of data acquired under the Section 702 program in light of FISC imposed data retention limits (even though we disagree that the program is at issue in Jewel and Shubert).  We are not able to address that issue with you further in part because of classification concerns, but nonetheless want to propose a way forward to avoid emergency litigation.

    First, we ask you to consider simply reverting to the original briefing schedule whereby we would file a reply on June 13 (the original date) and in that filing further address the Section 702 issue with the Court.  We would also agree to your filing a supplemental brief this week if you wish and address any further concerns you would otherwise raise in a TRO.  In sum and substance, we believe this approach would accomplish your objective to get the preservation issues fully briefed and before the Court as soon as possible.

    Second, alternatively, if you still deem it necessary to file another TRO, we ask that you agree to a schedule whereby we would file an opposition to that motion in connection with our reply to the pending briefing and again have both due on June 13 - next Friday - the original reply brief date.  That would allow us to address with the Court whatever issues you may raise in the TRO in a more orderly fashion and wrap up the original briefing as well more quickly.  If you are not willing to forego a TRO entirely in lieu of our filing a reply on June 13, we ask you to at least agree to June 13 as a response date for both the TRO and the original reply.  The preservation issues at hand are complex and

technical, and involve highly significant operational activities of the Intelligence Community under FISC authorization. We think one of our alternative proposals is reasonable in the circumstances.

    Thank you for your consideration -- Marcy

-----Original Message-----
From: Cindy Cohn [mailto:cindy@eff.org]
Sent: Wednesday, June 04, 2014 11:47 AM
To: Berman, Marcia (CIV)
Cc: Ilann M. Maazel; Gilligan, Jim (CIV); Rick Wiebe; Patton, Rodney (CIV); Berman, Julia (CIV); Dearinger, Bryan (CIV); Andrew Crocker; Stephanie Shattuck
Subject: Re: Jewel TRO on evidence destruction

Dear Marcy,

Any response?

Cindy

On Jun 3, 2014, at 5:58 PM, Cindy Cohn <cindy@eff.org> wrote:

Dear Marcy,

I'm surprised by your response.

As you know, the March 10, 2014 TRO (Document 89) is still in effect. That Order provides: "Accordingly, it is HEREBY ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them are prohibited, enjoined, and restrained from destroying any potential evidence relevant to the claims at issue in this action, including but not limited to prohibiting the destruction of any telephone metadata or "call detail" records, pending further order of the Court."

The 4/17/14 Amended minute order (Doc. 200) provides: "The Court extends the temporary restraining order issued on March 10, 2014 until a final order resolving the matter is issued."

There has been no final order resolving the Jewel evidence preservation dispute, of course. As a result, there is currently a TRO in place with regard to all evidence relevant to the claims at issue in the Jewel action. Regardless of the propriety of the government defendants' past actions, going forward the TRO prohibits them from destroying anything in the interim relevant to our claims, which extend to surveillance conducted under the FISC orders and includes government's mass seizure of three kinds of information: Internet and telephone content, telephone records and Internet records. Obviously the government disagrees, but at this point the government is well on notice of plaintiffs' position.

You appear to be saying that routine destruction of post-FISC material is continuing to occur regardless of the TRO, please confirm whether this is correct.

# Exhibit E

# Exhibit E

Cindy Cohn <Cindy@eff.org>  June 5, 2014 10:30 AM
To: <Marcia.Berman@usdoj.gov>
Cc: "Ilann M. Maazel" <imaazel@ecbalaw.com>, <James.Gilligan@usdoj.gov>, Rick Wiebe <wiebe@pacbell.net>, <Rodney.Patton@usdoj.gov>, <Julia.Berman@usdoj.gov>, <Bryan.Dearinger@usdoj.gov>, Andrew Crocker <andrew@eff.org>, Stephanie Shattuck <steph@eff.org>
Jewel v. NSA: Emergency motion to enforce existing TRO
Security: 🔏 Signed (cindy@eff.org)



Marcy,

We understand your response to say that the government is continuing to destroy evidence relating to surveillance under section 702. Your response ignores that there is currently a TRO in place, and has been in place since March 10, 2014, prohibiting the destruction of this evidence. Plaintiffs do not seek a new TRO, but enforcement of the existing TRO's prohibition on the destruction of evidence, including the section 702 evidence.

We intend to seek immediate relief from the Court enforcing the existing TRO, and have contacted Judge White's clerk accordingly. We will ask for the Court to hear the parties on this matter tomorrow.

Cindy

--------- Original Message ---------
Subject: RE: Jewel TRO on evidence destruction
   Date: Thu, 5 Jun 2014 16:31:18 +0000
   From: Berman, Marcia (CIV) <Marcia.Berman@usdoj.gov>
     To: Cindy Cohn <cindy@eff.org>
     CC: Ilann M. Maazel <imaazel@ecbalaw.com>, Gilligan, Jim (CIV) <James.Gilligan@usdoj.gov>, Rick Wiebe <wiebe@pacbell.net>, Patton, Rodney (CIV) <Rodney.Patton@usdoj.gov>, Berman, Julia (CIV) <Julia.Berman@usdoj.gov>, Dearinger, Bryan (CIV) <Bryan.Dearinger@usdoj.gov>, Andrew Crocker <andrew@eff.org>, Stephanie Shattuck <steph@eff.org>

Cindy

    We do not understand why you see the need to file another TRO motion, because the Court is aware of the parties' disagreement regarding the scope of the Government's preservation obligations in this case, and has established a briefing schedule to resolve the issue. It appears your concern was prompted by discussions initiated by the Shubert Plaintiffs for additional time, and we don't see how that should require a renewed TRO when we are presently briefing the preservation issues. We have previously advised the Court that the Government is preserving business records telephony metadata otherwise subject to destruction under the FISC five-year destruction requirement for purposes of the First Unitarian case.