| | |
|---|---|
| CINDY COHN (SBN 145997) | RACHAEL E. MENY (SBN 178514) |
| cindy@eff.org | rmeny@kvn.com |
| LEE TIEN (SBN 148216) | PAULA L. BLIZZARD (SBN 207920) |
| KURT OPSAHL (SBN 191303) | MICHAEL S. KWUN (SBN 198945) |
| JAMES S. TYRE (SBN 083117) | AUDREY WALTON-HADLOCK (SBN 250574) |
| MARK RUMOLD (SBN 279060) | BENJAMIN W. BERKOWITZ (SBN 244441) |
| ANDREW CROCKER (SBN 291596) | JUSTINA K. SESSIONS (SBN 270914) |
| DAVID GREENE (SBN 160107) | KEKER & VAN NEST, LLP |
| ELECTRONIC FRONTIER FOUNDATION | 633 Battery Street |
| 815 Eddy Street | San Francisco, CA  94111 |
| San Francisco, CA  94109 | Telephone:  415/391-5400; Fax: 415/397-7188 |
| Telephone:  415/436-9333; Fax:  415/436-9993 | |
| | THOMAS E. MOORE III (SBN 115107) |
| RICHARD R. WIEBE (SBN 121156) | tmoore@rroyselaw.com |
| wiebe@pacbell.net | ROYSE LAW FIRM, PC |
| LAW OFFICE OF RICHARD R. WIEBE | 1717 Embarcadero Road |
| One California Street, Suite 900 | Palo Alto, CA 94303 |
| San Francisco, CA 94111 | Telephone: 650/813-9700; Fax: 650/813-9777 |
| Telephone: 415/433-3200; Fax: 415/433-6382 | |
| | ARAM ANTARAMIAN (SBN 239070) |
| | aram@eff.org |
| | LAW OFFICE OF ARAM ANTARAMIAN |
| | 1714 Blake Street |
| | Berkeley, CA 94703 |
| | Tel.: 510/289-1626 |

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, YOUNG BOON HICKS, as executrix of the estate of GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>Defendants. | Case No.: 4:08-cv-4373-JSW<br><br>**PLAINTIFFS' OPPOSITION TO THE GOVERNMENT DEFENDANTS' EMERGENCY MOTION TO STAY THE COURT'S MARCH 10, 2014 TEMPORARY RESTRAINING ORDER**<br><br>Courtroom 5, 2nd Floor<br>The Honorable Jeffrey S. White |

Since March 10, 2014, the government has been under a Temporary Restraining Order issued by this Court prohibiting any destruction of evidence by the government pending the Court's resolution of the parties' dispute regarding the government's evidence preservation obligations. ECF. Nos. 189, 206. The government has never sought clarification of or relief from its duties under the TRO.

Earlier today (June 5, 2014), plaintiffs requested that the Court enforce its TRO; the basis for plaintiffs' request was their discovery this week of the government's continuing destruction of evidence relating to its interception of the content of Internet communications notwithstanding the Court's Temporary Restraining Order prohibiting any destruction. ECF No. 235. In response to plaintiffs' request, the Court today directed that the government respond by noon tomorrow (June 6, 2014) and reiterated that in the meantime the government remained bound by the TRO which the Court issued nearly three months ago. ECF No. 236.

Now the government has moved for a stay of the TRO, a stay whose only purpose is to permit the government to continue destroying evidence. The government frames its request as a request for a stay of the Court's June 5, 2014 order (ECF No. 236), but that order merely reiterates that the government remains bound by the March 10, 2014 TRO's prohibition on the destruction of evidence, and confirms that the TRO includes the Section 702 materials.

The government's request for a stay of the TRO should be denied.

It is not credible that, as the government contends, simply refusing to destroy during the next 18 hours the communications it has intercepted will cause "the possible suspension of the Section 702 program." ECF No. 237 at 1. How can the *preservation* of these intercepted communications cause a "loss of access to lawfully collected signals intelligence information"? *Id*. That information will remain accessible even though it is being preserved.

More fundamentally, the unspoken but unmistakable foundation of the government's position is a contention that it never understood before this afternoon that the Court's TRO required it to preserve evidence relating to its interception of Internet communications. This, too, lacks any credibility, especially in light of the extensive discussions between Court and counsel at

the March 19, 2014 hearing on the evidence preservation dispute.  The government's disregard for the past three months of its obligations under the Court's TRO should not be retroactively blessed by granting a stay that permits the government to continue destroying evidence.

Dated:  June 5, 2014             Respectfully submitted,

       /s/ Cindy Cohn
CINDY COHN
LEE TIEN
KURT OPSAHL
JAMES S. TYRE
MARK RUMOLD
ANDREW CROCKER
DAVID GREENE
ELECTRONIC FRONTIER FOUNDATION

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE

THOMAS E. MOORE III
ROYSE LAW FIRM

RACHAEL E. MENY
MICHAEL S. KWUN
BENJAMIN W. BERKOWITZ
JUSTINA K. SESSIONS
AUDREY WALTON-HADLOCK
PAULA L. BLIZZARD
KEKER & VAN NEST LLP

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN

*Counsel for Plaintiffs*