CINDY COHN (SBN 145997)
cindy@eff.org
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
JAMES S. TYRE (SBN 083117)
MARK RUMOLD (SBN 279060)
ANDREW CROCKER (SBN 291596)
DAVID GREENE (SBN 160107)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: 415/436-9333; Fax: 415/436-9993

RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
One California Street, Suite 900
San Francisco, CA 94111
Telephone: 415/433-3200; Fax: 415/433-6382

ILANN M. MAAZEL (*pro hac vice*)
MATTHEW D. BRINCKERHOFF (*pro hac vice*)
EMERY CELLI BRINCKERHOFF & ABADY
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
PAULA L. BLIZZARD (SBN 207920)
MICHAEL S. KWUN (SBN 198945)
AUDREY WALTON-HADLOCK (SBN 250574)
BENJAMIN W. BERKOWITZ (SBN 244441)
JUSTINA K. SESSIONS (SBN 270914)
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, CA 94111
Telephone: 415/391-5400; Fax: 415/397-7188

THOMAS E. MOORE III (SBN 115107)
tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650/813-9700; Fax: 650/813-9777

ARAM ANTARAMIAN (SBN 239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Tel.: 510/289-1626

*Counsel for Shubert and Jewel Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CAROLYN JEWEL, *et al.*,

Plaintiffs,

v.

NATIONAL SECURITY AGENCY, *et al.*,

Defendants.

Case No.: 4:08-cv-04373-JSW

**PLAINTIFFS' RESPONSE TO COURT'S ORDER RE DEFENDANTS' *EX PARTE, IN CAMERA* REQUEST AND ADMINISTRATIVE MOTION TO UNSEAL**

**FILED UNDER SEAL PURSUANT TO ORDER OF JUNE 13, 2014**

VIRGINIA SHUBERT, *et al.*,

Plaintiffs,

v.

BARACK OBAMA, President of the United States, *et al.*,

Defendants.

Case No. 4:07-cv-00693-JSW

Courtroom 5, 2nd Floor
The Honorable Jeffrey S. White

**PLAINTIFFS' RESPONSE TO COURT'S ORDER RE DEFENDANTS' *EX PARTE, IN CAMERA* REQUEST**

By its *ex parte* request of June 13, 2014 (ECF Nos. 248, 249), the Government has sought extraordinary relief: the opportunity to secretly "revis[e] the transcript" and remove statements made by the Government in a public hearing held in a crowded courtroom and covered extensively by the press.[1] *Id*. Almost a full week after the June 6, 2014 hearing, the Government apparently came to the belief that its counsel may have disclosed classified information in its public statements in open court.

Plaintiffs oppose the Government's request and respectfully request that it be denied. The Government asserts no authority for its *ex parte* request, which is improper both as a matter of due process and under the First Amendment, nor does it make any showing of necessity, as required by the First Amendment. Moreover, Plaintiffs' counsel is not aware of anything said at the hearing that had not previously been publicly disclosed, raising the possibility that the Government will yet again seek to "reclassify" matters that are already public knowledge. This Court must reject the Government's belated attempt to undo its disclosure and alter the historical record of the highly public proceeding.

---

[1] The hearing received broad reporting in the media. *See, e.g.,* Jonathan Bloom, *Judge Denies EFF Request to Order NSA to Preserve Old Data As Evidence*, ABC 7 News (June 6, 2014), http://abc7news.com/politics/judge-denies-eff-request-to-order-nsa-to-preserve-old-data-as-evidence/98980; NBC Bay Area, *NSA Mass Surveillance Unconstitutional: Lawsuit* (June 6, 2014), http://www.nbcbayarea.com/video/#!/on-air/as-seen-on/NSA-Mass-Surveillance-Unconstitutional--Lawsuit/262192381; Cyrus Favriar, *Judge: NSA doesn't have to keep all data as part of key surveillance lawsuit*, Ars Technica (June 6, 2014), http://arstechnica.com/tech-policy/2014/06/judge-nsa-doesnt-have-to-keep-all-data-as-part-of-key-surveillance-lawsuit; Devlin Barrett, *Obama Administration: Preserving Evidence of NSA's Web Surveillance Would Wreck Program*, Wall St. J. (June 6, 2014), http://online.wsj.com/articles/obama-administration-preserving-evidence-of-nsas-web-surveillance-would-wreck-program-1402090296; Andrea Peterson, *NSA: Our systems are so complex we can't stop them from deleting data wanted for lawsuit*, Wash. Post (June 9, 2013), http://www.washingtonpost.com/blogs/the-switch/wp/2014/06/09/nsa-our-systems-are-so-complex-we-cant-stop-them-from-deleting-data-wanted-for-lawsuit; Chris Marshall & Jack Bouboushian, *NSA Record Preservation Order Partly Rescinded*, Courthouse News (June 6, 2014), http://www.courthousenews.com/2014/06/06/68541.htm.

The Government's request that the transcript of a public hearing in which plaintiffs participated be revised in secret to omit public statements made by the Government fails to comport with due process. In its *ex parte* request to this Court, the Government requests that it be given "an opportunity to remove any classified material by revising the transcript before it is provided to any of the parties or made publicly available." ECF Nos. 248, 249. If the Government is suggesting that its statements made in open court be removed from the transcript without any redaction markings showing the point(s) in the proceeding at which testimony has been removed and/or without preparation of a full, unredacted copy for use in these proceedings, then its suggestion is meritless. Plaintiffs, as litigants, are entitled to a true and complete record of the public proceedings they participated in, both for use in this Court and on appeal before a reviewing court. Independently, the court reporting statute requires that "[e]ach session of the court . . . shall be recorded verbatim" and provides that the transcript certified by the reporter must be "a correct statement of the testimony taken and the proceedings had." 28 U.S.C. § 753(b). There is no basis for excluding plaintiffs (or the Court) from full access to an unredacted, "unrevised" transcript. This is especially so because the Government prevailed at the hearing on the basis of the arguments made by its counsel, including whatever statements it now wants to remove from the transcript.

The Government's request also violates the First Amendment. It is unquestioned that the public had a First Amendment right to attend the public hearing on June 6. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 7 (1986) ("*Press-Enterprise II*") (public has a right of access to criminal pretrial hearing); *Courthouse News v. Planet*, --- F.3d ---, No. 11-57187, 2014 WL 1345504, at *7 (9th Cir. Apr. 7, 2014) (noting that although the Ninth Circuit has not expressly decided the issue, the California Supreme Court and the "federal courts of appeals have widely agreed that" the First Amendment right of access "extends to civil proceedings and associated records and documents").

Indeed, the Government did not request either before or during the hearing that the hearing or any portion of it be closed. And it is beyond dispute that the public has a First Amendment right of

access to transcripts of court proceedings that were open or should have been open. *See Press-Enterprise II,* 478 U.S. at 6-7.

The First Amendment guarantees the public not only a qualified right of access to judicial proceedings and the transcripts of them, but a near-absolute right to report information obtained during such proceedings. "[O]nce a public hearing had been held, what transpired there could not be subject to prior restraint." *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 568 (1976). "Those who see and hear what transpired [in the courtroom] can report it with impunity." *Craig v. Harney,* 331 U.S. 367, 374 (1947).

And as the Supreme Court and courts across the country have held in numerous contexts, this right persists even if highly sensitive information was inadvertently disclosed during such proceedings. Thus, in *Oklahoma Publishing Co. v. District Court*, 430 U.S. 308, 309-11 (1977), the Supreme Court nullified a trial court order barring the news media from publishing the name or image of an 11-year old who had been accused of fatally shooting a railroad switchman. The media had obtained this information by attending the juvenile's detention hearing, a hearing which by state law should have been closed, and by photographing him as he was escorted from the courthouse. As the Court explained, whether the hearing could have or should have been closed in the first instance was irrelevant. All that mattered was that the hearing was in fact attended by members of the press and the trial court's order acted as a prior restraint on the press. *Id.* at 311.

This rule is not just a prohibition on prior restraints. *See Smith v. Daily Mail*, 443 U.S. 97, 101-02 (1979) (court order need not constitute a prior restraint to entail strict scrutiny). In *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 496 (1975), the Court found that post-publication sanctions could not be imposed on a reporter who published the name of a juvenile rape victim. The reporter had obtained the victim's name from the indictments, which were given to him by the court clerk despite a state policy that such records remain secret. *Id.* at 472 n.3. Again, the existence of the policy against disclosure in the first instance was irrelevant; once the information was "released to

the public in official court records," the information could not be pulled back by punishing its publication. *Id.* at 496.[2]

Here, unlike cases like *Oklahoma Publishing* and *Cox Broadcasting*, the disclosure in open court was not the result of the error or unlawful conduct of a judicial branch employee but was freely made by a party litigant for strategic purposes in arguing its position in a contested matter before the Court. That fact further weighs against the Government's attempt to revise the transcript.

To overcome the First Amendment, the Government must show that (1) redaction "further[s] a state interest of the highest order," *Daily Mail*, 443 U.S. at 103; (2) that further disclosure of the information would cause grave and irreparable harm to these governmental interests, *Nebraska Press,* 427 U.S. at 562, 569; *id.* at 571 (Powell, J., concurring); and (3) that the information has not already been published, such that redaction would be effective in protecting the government's interest, *Florida Star*, 491 U.S. at 535.

Plaintiffs' counsel was not aware of anything said at the hearing that had not been publicly disclosed. Certainly, nothing was said that would have a sufficiently profound impact on national security so as to justify the serious abridgement of due process and First Amendment rights that the government has proposed.

**CONCLUSION**

This Court has already recognized the importance of the issues raised by the Government's *ex parte* request by notifying plaintiffs of the request and providing an opportunity to file this response. Plaintiffs respectfully suggest that the Court proceed as follows:

1. The first bedrock principle is that plaintiffs are entitled as a matter of due process to access to a full, complete, and unredacted transcript, and the Court should ensure that this occurs regardless of its decision regarding whether the public version of the transcript should be redacted.

---

[2] In *Daily Mail*, the Court applied a rigorous form of strict scrutiny, rather than a complete prohibition on such sanctions, because the media obtained the supposed-to-be-secret information through "routine newspaper reporting techniques" rather than the court's error. 443 U.S at 103-04. *See also Florida Star v. BJF*, 491 U.S. 524, 537-39 (1989) (applying *Daily Mail* principle to strike down state law imposing damages on newspaper that published identity of rape victim, when such information was obtained, erroneously, from police records).

2. Second, whether the *public* version of the transcript should be redacted depends on whether the Government can sustain its very heavy burden under the First Amendment for deleting statements made in open court from the official public record of the proceeding.

The Government made no effort to meet this burden in its *ex parte* request. If the Court permits the Government to make a further attempt to meet its burden, the Government must prove more than just that classified, secret information was released. It must prove that the disclosure, which was made for strategic purposes in a contested matter in which the Government prevailed, was not the result of fault or neglect chargeable to the Government and was not simply a calculated strategic choice. It must prove that further disclosure would actually result in grave and irreparable harm to national security. And it must also prove that the information has not already been published such that redaction would actually be effective.

The Court must also weigh the strong public interest in access to the record of a public court proceeding. Members of the public who did not attend the hearing in person have a presumptive First Amendment right of access to the transcript. In addition, members of the public—including numerous journalists and representatives of advocacy organizations—who attended the hearing cannot be gagged from repeating what they heard. The wisest course of action is to simply deny the Government's request to redact the transcript.

3. If the Court permits the Government to make a further attempt to sustain its burden justifying redaction of the public version of the transcript, Plaintiffs respectfully request the opportunity to respond to any such showing.

4. Finally, if the Court does independently determine that the Government has sustained its burden and the public version should be redacted, the Court must control the redaction process. Any redaction of the public version must be a result of an order of the Court and should be reflected on the face of the public version of the transcript. Redaction cannot be a process in which the Government in collaboration with the court reporter secretly revises the transcript.

**ADMINISTRATIVE MOTION TO UNSEAL**

Plaintiffs hereby move this Court to unseal its order of June 12, 2014 and this opposition, which Plaintiffs are filing under seal pursuant to that order. As set forth above, the public has a qualified First Amendment right of access to records of civil proceedings. The records thus should not remain sealed "unless specific, on-the-record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-Enterprise II*, 478 U.S. at 13-14 (citations omitted). Local Rule 79-5(d)(1)(b) also requires that any sealing be narrowly tailored. As this Court has already recognized, the existence of this dispute does not itself reveal confidential information. Moreover, should the Government prevail, the redacted version of the transcript will reveal that this controversy existed.

Dated: June 20, 2014

Respectfully submitted,

/s/ Cindy Cohn

CINDY COHN
LEE TIEN
KURT OPSAHL
MARK RUMOLD
ANDREW CROCKER
DAVID GREENE
ELECTRONIC FRONTIER FOUNDATION

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE

THOMAS E. MOORE III
ROYSE LAW FIRM

RACHAEL E. MENY
MICHAEL S. KWUN
BENJAMIN W. BERKOWITZ
JUSTINA K. SESSIONS
AUDREY WALTON-HADLOCK
PAULA L. BLIZZARD
KEKER & VAN NEST LLP

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN

*Counsel for Jewel Plaintiffs*

/s/ Ilann M. Maazel
ILANN M. MAAZEL
MATTHEW D. BRINCKERHOFF
EMERY CELLI BRINCKERHOFF & ABADY LLP

*Counsel for Shubert Plaintiffs*

**DECLARATION PURSUANT TO CIVIL L. R. 5-1(i)(3)**

I, Cindy Cohn, attest that I have obtained the concurrence of Ilann M. Maazel, Counsel for the *Shubert* Plaintiffs, in the filing of this document.

Executed on June 20, 2014, in San Francisco, CA.

*/s/ Cindy Cohn*
Cindy Cohn