1   CINDY COHN (SBN 145997)
    cindy@eff.org
2   LEE TIEN (SBN 148216)
    KURT OPSAHL (SBN 191303)
3   JAMES S. TYRE (SBN 083117)
    MARK RUMOLD (SBN 279060)
4   ANDREW CROCKER (SBN 291596)
    DAVID GREENE (SBN 160107)
5   ELECTRONIC FRONTIER FOUNDATION
    815 Eddy Street
6   San Francisco, CA  94109
    Telephone: 415/436-9333; Fax: 415/436-9993
7
8   RICHARD R. WIEBE (SBN 121156)
    wiebe@pacbell.net
9   LAW OFFICE OF RICHARD R. WIEBE
    One California Street, Suite 900
10  San Francisco, CA 94111
    Telephone: 415/433-3200; Fax: 415/433-6382
11
    ILANN M. MAAZEL (pro hac vice)
12  MATTHEW D. BRINCKERHOFF (pro hac vice)
    EMERY CELLI BRINCKERHOFF & ABADY
13  75 Rockefeller Plaza, 20th Floor
    New York, NY 10019
14  Counsel for Shubert and Jewel Plaintiffs

RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
PAULA L. BLIZZARD (SBN 207920)
MICHAEL S. KWUN (SBN 198945)
AUDREY WALTON-HADLOCK (SBN 250574)
BENJAMIN W. BERKOWITZ (SBN 244441)
JUSTINA K. SESSIONS (SBN 270914)
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, CA  94111
Telephone:  415/391-5400; Fax: 415/397-7188

THOMAS E. MOORE III (SBN 115107)
tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650/813-9700; Fax: 650/813-9701

ARAM ANTARAMIAN (SBN 239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Tel.: 510/289-1626

*FILED*
*JUN 2 3 2014*
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
DISTRICT OF CALIFORNIA

*SEALED BY COURT ORDER*

15          UNITED STATES DISTRICT COURT
16      FOR THE NORTHERN DISTRICT OF CALIFORNIA
                 OAKLAND DIVISION

17  CAROLYN JEWEL, et al.,                    )   Case No.: 4:08-cv-04373-JSW
18                          Plaintiffs,       )   PLAINTIFFS' RESPONSE TO COURT'S
19          v.                                )   ORDER RE DEFENDANTS' EX PARTE,
                                              )   IN CAMERA REQUEST AND
20  NATIONAL SECURITY AGENCY, et al.,         )   ADMINISTRATIVE MOTION TO
                                              )   UNSEAL
21                          Defendants.       )
                                              )   FILED UNDER SEAL PURSUANT TO
22                                            )   ORDER OF JUNE 13, 2014
23  VIRGINIA SHUBERT, et al.,                 )   Case No. 4:07-cv-00693-JSW
24                          Plaintiffs,       )
25          v.                                )   Courtroom 5, 2nd Floor
                                              )   The Honorable Jeffrey S. White
26  BARACK OBAMA, President of the United     )
    States, et al.,                           )
27                                            )
                            Defendants.       )
28

Case Nos. 08-cv-4373-JSW
and 07-cv-693-JSW
PLAINTIFFS' RESPONSE TO COURT'S ORDER RE DEFENDANTS' EX PARTE, IN CAMERA REQUEST AND
ADMINISTRATIVE MOTION TO UNSEAL

<u>**PLAINTIFFS' RESPONSE TO COURT'S ORDER RE DEFENDANTS' *EX PARTE,***</u>
<u>**IN CAMERA REQUEST**</u>

1

2      By its *ex parte* request of June 13, 2014 (ECF Nos. 130, 131), the Government has sought

3  extraordinary relief: the opportunity to secretly "revis[e] the transcript" and remove statements made

4  by the Government in a public hearing held in a crowded courtroom and covered extensively by the

5  press.[1] *Id.* Almost a full week after the June 6, 2014 hearing, the Government apparently came to the

6  belief that its counsel may have disclosed classified information in its public statements in open

7  court.

8      Plaintiffs oppose the Government's request and respectfully request that it be denied. The

9  Government asserts no authority for its *ex parte* request, which is improper both as a matter of due

10  process and under the First Amendment, nor does it make any showing of necessity, as required by

11  the First Amendment. Moreover, Plaintiffs' counsel is not aware of anything said at the hearing that

12  had not previously been publicly disclosed, raising the possibility that the Government will yet again

13  seek to "reclassify" matters that are already public knowledge. This Court must reject the

14  Government's belated attempt to undo its disclosure and alter the historical record of the highly

15  public proceeding.

16

17

18  [1] The hearing received broad reporting in the media. *See, e.g.,* Jonathan Bloom, *Judge Denies EFF*
   *Request to Order NSA to Preserve Old Data As Evidence*, ABC 7 News (June 6, 2014),
19  http://abc7news.com/politics/judge-denies-eff-request-to-order-nsa-to-preserve-old-data-as-
   evidence/98980; NBC Bay Area, *NSA Mass Surveillance Unconstitutional: Lawsuit* (June 6, 2014),
20  http://www.nbcbayarea.com/video/#!/on-air/as-seen-on/NSA-Mass-Surveillance-Unconstitutional--
   Lawsuit/262192381; Cyrus Favriar, *Judge: NSA doesn't have to keep all data as part of key*
21  *surveillance    lawsuit*,    Ars    Technica    (June    6,    2014),    http://arstechnica.com/tech-
   policy/2014/06/judge-nsa-doesnt-have-to-keep-all-data-as-part-of-key-surveillance-lawsuit; Devlin
22  Barrett, *Obama Administration: Preserving Evidence of NSA's Web Surveillance Would Wreck*
   *Program*, Wall St. J. (June 6, 2014), http://online.wsj.com/articles/obama-administration-
23  preserving-evidence-of-nsas-web-surveillance-would-wreck-program-1402090296;        Andrea
   Peterson, *NSA: Our systems are so complex we can't stop them from deleting data wanted for*
24  *lawsuit*,    Wash.    Post    (June    9,    2013),    http://www.washingtonpost.com/blogs/the-
   switch/wp/2014/06/09/nsa-our-systems-are-so-complex-we-cant-stop-them-from-deleting-data-
25  wanted-for-lawsuit; Chris Marshall & Jack Bouboushian, *NSA Record Preservation Order Partly*
   *Rescinded*, Courthouse News (June 6, 2014),
26  http://www.courthousenews.com/2014/06/06/68541.htm.

27

28
                                    PLAINTIFFS'   RESPONSE   TO   COURT'S   ORDER   RE
                                    DEFENDANTS' *EX PARTE, IN CAMERA* REQUEST AND
                                    ADMINISTRATIVE MOTION TO UNSEAL

1    The Government's request that the transcript of a public hearing in which plaintiffs
2    participated be revised in secret to omit public statements made by the Government fails to comport
3    with due process. In its *ex parte* request to this Court, the Government requests that it be given "an
4    opportunity to remove any classified material by revising the transcript before it is provided to any of
5    the parties or made publicly available." ECF Nos. 130, 131. If the Government is suggesting that its
6    statements made in open court be removed from the transcript without any redaction markings
7    showing the point(s) in the proceeding at which testimony has been removed and/or without
8    preparation of a full, unredacted copy for use in these proceedings, then its suggestion is meritless.
9    Plaintiffs, as litigants, are entitled to a true and complete record of the public proceedings they
10   participated in, both for use in this Court and on appeal before a reviewing court. Independently, the
11   court reporting statute requires that "[e]ach session of the court . . . shall be recorded verbatim" and
12   provides that the transcript certified by the reporter must be "a correct statement of the testimony
13   taken and the proceedings had." 28 U.S.C. § 753(b). There is no basis for excluding plaintiffs (or the
14   Court) from full access to an unredacted, "unrevised" transcript. This is especially so because the
15   Government prevailed at the hearing on the basis of the arguments made by its counsel, including
16   whatever statements it now wants to remove from the transcript.

17   The Government's request also violates the First Amendment. It is unquestioned that the
18   public had a First Amendment right to attend the public hearing on June 6. *See Press-Enterprise Co.*
19   *v. Superior Court*, 478 U.S. 1, 7 (1986) ("*Press-Enterprise II*") (public has a right of access to
20   criminal pretrial hearing); *Courthouse News v. Planet*, --- F.3d ---, No. 11-57187, 2014 WL 1345504,
21   at *7 (9th Cir. Apr. 7, 2014) (noting that although the Ninth Circuit has not expressly decided the
22   issue, the California Supreme Court and the "federal courts of appeals have widely agreed that" the
23   First Amendment right of access "extends to civil proceedings and associated records and
24   documents").

25   Indeed, the Government did not request either before or during the hearing that the hearing
26   or any portion of it be closed. And it is beyond dispute that the public has a First Amendment right of

27

28   Case Nos. 08-cv-4373-                           -2-
     JSW and 07-cv-693-JSW
     _____
     PLAINTIFFS'  RESPONSE  TO  COURT'S  ORDER  RE
     DEFENDANTS'  *EX PARTE, IN CAMERA* REQUEST AND
     ADMINISTRATIVE MOTION TO UNSEAL

1    access to transcripts of court proceedings that were open or should have been open. *See Press-*
2    *Enterprise II,* 478 U.S. at 6-7.

3            The First Amendment guarantees the public not only a qualified right of access to judicial
4    proceedings and the transcripts of them, but a near-absolute right to report information obtained
5    during such proceedings. "[O]nce a public hearing had been held, what transpired there could not be
6    subject to prior restraint." *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 568 (1976). "Those who see
7    and hear what transpired [in the courtroom] can report it with impunity." *Craig v. Harney,* 331 U.S.
8    367, 374 (1947).

9            And as the Supreme Court and courts across the country have held in numerous contexts,
10   this right persists even if highly sensitive information was inadvertently disclosed during such
11   proceedings. Thus, in *Oklahoma Publishing Co. v. District Court*, 430 U.S. 308, 309-11 (1977), the
12   Supreme Court nullified a trial court order barring the news media from publishing the name or
13   image of an 11-year old who had been accused of fatally shooting a railroad switchman. The media
14   had obtained this information by attending the juvenile's detention hearing, a hearing which by state
15   law should have been closed, and by photographing him as he was escorted from the courthouse. As
16   the Court explained, whether the hearing could have or should have been closed in the first instance
17   was irrelevant. All that mattered was that the hearing was in fact attended by members of the press
18   and the trial court's order acted as a prior restraint on the press. *Id.* at 311.

19           This rule is not just a prohibition on prior restraints. *See Smith v. Daily Mail*, 443 U.S. 97,
20   101-02 (1979) (court order need not constitute a prior restraint to entail strict scrutiny). In *Cox*
21   *Broadcasting Corp. v. Cohn*, 420 U.S. 469, 496 (1975), the Court found that post-publication
22   sanctions could not be imposed on a reporter who published the name of a juvenile rape victim. The
23   reporter had obtained the victim's name from the indictments, which were given to him by the court
24   clerk despite a state policy that such records remain secret. *Id.* at 472 n.3. Again, the existence of the
25   policy against disclosure in the first instance was irrelevant; once the information was "released to

26

27

28   Case Nos. 08-cv-4373-                          -3-
     JSW and 07-cv-693-JSW
                            PLAINTIFFS'   RESPONSE   TO   COURT'S   ORDER   RE
                            DEFENDANTS'   *EX PARTE, IN CAMERA*   REQUEST   AND
                            ADMINISTRATIVE MOTION TO UNSEAL

1   the public in official court records," the information could not be pulled back by punishing its

2   publication. *Id.* at 496.[2]

3        Here, unlike cases like *Oklahoma Publishing* and *Cox Broadcasting*, the disclosure in open

4   court was not the result of the error or unlawful conduct of a judicial branch employee but was freely

5   made by a party litigant for strategic purposes in arguing its position in a contested matter before the

6   Court. That fact further weighs against the Government's attempt to revise the transcript.

7        To overcome the First Amendment, the Government must show that (1) redaction

8   "further[s] a state interest of the highest order," *Daily Mail*, 443 U.S. at 103; (2) that further

9   disclosure of the information would cause grave and irreparable harm to these governmental

10  interests, *Nebraska Press,* 427 U.S. at 562, 569; *id.* at 571 (Powell, J., concurring); and (3) that the

11  information has not already been published, such that redaction would be effective in protecting the

12  government's interest, *Florida Star*, 491 U.S. at 535.

13       Plaintiffs' counsel was not aware of anything said at the hearing that had not been publicly

14  disclosed. Certainly, nothing was said that would have a sufficiently profound impact on national

15  security so as to justify the serious abridgement of due process and First Amendment rights that the

16  government has proposed.

17                          **CONCLUSION**

18       This Court has already recognized the importance of the issues raised by the Government's

19  *ex parte* request by notifying plaintiffs of the request and providing an opportunity to file this

20  response. Plaintiffs respectfully suggest that the Court proceed as follows:

21       1.    The first bedrock principle is that plaintiffs are entitled as a matter of due process to

22  access to a full, complete, and unredacted transcript, and the Court should ensure that this occurs

23  regardless of its decision regarding whether the public version of the transcript should be redacted.

24  [2] In *Daily Mail*, the Court applied a rigorous form of strict scrutiny, rather than a complete

25  prohibition on such sanctions, because the media obtained the supposed-to-be-secret information through "routine newspaper reporting techniques" rather than the court's error. 443 U.S at 103-04.

26  *See also Florida Star v. BJF*, 491 U.S. 524, 537-39 (1989) (applying *Daily Mail* principle to strike down state law imposing damages on newspaper that published identity of rape victim, when such

27  information was obtained, erroneously, from police records).

    Case Nos. 08-cv-4373-               -4-

28      JSW and 07-cv-693-JSW

                   PLAINTIFFS' RESPONSE TO COURT'S ORDER RE
                   DEFENDANTS' *EX PARTE, IN CAMERA* REQUEST AND
                   ADMINISTRATIVE MOTION TO UNSEAL

2.      Second, whether the *public* version of the transcript should be redacted depends on whether the Government can sustain its very heavy burden under the First Amendment for deleting statements made in open court from the official public record of the proceeding.

The Government made no effort to meet this burden in its *ex parte* request. If the Court permits the Government to make a further attempt to meet its burden, the Government must prove more than just that classified, secret information was released. It must prove that the disclosure, which was made for strategic purposes in a contested matter in which the Government prevailed, was not the result of fault or neglect chargeable to the Government and was not simply a calculated strategic choice. It must prove that further disclosure would actually result in grave and irreparable harm to national security. And it must also prove that the information has not already been published such that redaction would actually be effective.

The Court must also weigh the strong public interest in access to the record of a public court proceeding. Members of the public who did not attend the hearing in person have a presumptive First Amendment right of access to the transcript. In addition, members of the public— including numerous journalists and representatives of advocacy organizations—who attended the hearing cannot be gagged from repeating what they heard. The wisest course of action is to simply deny the Government's request to redact the transcript.

3.      If the Court permits the Government to make a further attempt to sustain its burden justifying redaction of the public version of the transcript, Plaintiffs respectfully request the opportunity to respond to any such showing.

4.      Finally, if the Court does independently determine that the Government has sustained its burden and the public version should be redacted, the Court must control the redaction process. Any redaction of the public version must be a result of an order of the Court and should be reflected on the face of the public version of the transcript. Redaction cannot be a process in which the Government in collaboration with the court reporter secretly revises the transcript.

1

## ADMINISTRATIVE MOTION TO UNSEAL

2      Plaintiffs hereby move this Court to unseal its order of June 12, 2014 and this opposition,

3  which Plaintiffs are filing under seal pursuant to that order. As set forth above, the public has a

4  qualified First Amendment right of access to records of civil proceedings. The records thus should

5  not remain sealed "unless specific, on-the-record findings are made demonstrating that 'closure is

6  essential to preserve higher values and is narrowly tailored to serve that interest.'" *Press-*

7  *Enterprise II*, 478 U.S. at 13-14 (citations omitted). Local Rule 79-5(d)(1)(b) also requires that any

8  sealing be narrowly tailored. As this Court has already recognized, the existence of this dispute does

9  not itself reveal confidential information. Moreover, should the Government prevail, the redacted

10  version of the transcript will reveal that this controversy existed.

11  Dated: June 23, 2014                              Respectfully submitted,

12

13                                                    CINDY COHN
                                                      KURT OPSAHL
14                                                    MARK RUMOLD
                                                      ANDREW CROCKER
15                                                    ELECTRONIC FRONTIER FOUNDATION

16                                                    RICHARD R. WIEBE
                                                      LAW OFFICE OF RICHARD R. WIEBE
17

18                                                    THOMAS E. MOORE III
                                                      ROYSE LAW FIRM
19
                                                      RACHAEL E. MENY
20                                                    MICHAEL S. KWUN
                                                      BENJAMIN W. BERKOWITZ
21                                                    KEKER & VAN NEST LLP

22                                                    ARAM ANTARAMIAN
23                                                    LAW OFFICE OF ARAM ANTARAMIAN
                                                      *Counsel for Jewel Plaintiffs*
24
                                                       /s/ Ilann M. Maazel
25                                                    ILANN M. MAAZEL
26                                                    MATTHEW D. BRINCKERHOFF
                                                      EMERY CELLI BRINCKERHOFF & ABADY LLP
27                                                    *Counsel for Shubert Plaintiffs*
                                                             -6-
28  Case Nos. 08-cv-4373-
    JSW and 07-cv-693-JSW
    _____
    PLAINTIFFS' RESPONSE TO COURT'S ORDER RE
    DEFENDANTS' *EX PARTE, IN CAMERA* REQUEST AND
    ADMINISTRATIVE MOTION TO UNSEAL

## DECLARATION PURSUANT TO CIVIL L. R. 5-1(i)(3)

I, Cindy Cohn, attest that I have obtained the concurrence of Ilann M. Maazel, Counsel for the *Shubert* Plaintiffs, in the filing of this document.

Executed on June 23, 2014, in San Francisco, CA.



Cindy Cohn

## CERTIFICATE OF SERVICE

I hereby certify that I am over the age of 18 and not a party to this action. My business address is 815 Eddy Street, San Francisco, CA 94109 and I am employed in the county where this mailing took place.

I served a copy of the following document by placing it in a sealed envelope and depositing the envelope with the United States Postal Service with postage thereon fully prepaid, addressed as follows:

**Alexander Kenneth Haas**
**Anthony Joseph Coppolino**
**James J. Gilligan**
**Marcia Berman**                         **James R. Whitman**
**Paul Edward Ahern**                      United States Department of Justice
United States Department of Justice        Civil Division, Torts Branch
Federal Programs Branch                    1425 New York Ave., N.W.
20 Massachusetts Ave., NW                  Washington, DC 20005
Washington, DC 20530                       (202) 616-4169
(202) 307-3937

*Counsel for Defendants*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 23, 2014, in San Francisco, California.

Stephanie Shattuck

Case Nos. 08-cv-4373-                                    -7-
JSW and 07-cv-693-JSW
                        PLAINTIFFS'   RESPONSE   TO   COURT'S   ORDER   RE
                        DEFENDANTS'   *EX PARTE, IN CAMERA* REQUEST   AND
                        ADMINISTRATIVE MOTION TO UNSEAL