~~TOP SECRET//SI//NOFORN~~

1. JOYCE R. BRANDA
2. Acting Assistant Attorney General
3. JOSEPH H. HUNT
4. Director, Federal Programs Branch
5. ANTHONY J. COPPOLINO
6. Deputy Branch Director
7. JAMES J. GILLIGAN
8. Special Litigation Counsel
9. MARCIA BERMAN
10. Senior Trial Counsel
11. RODNEY PATTON
12. JULIA BERMAN
13. Trial Attorneys
14. U.S. Department of Justice
15. Civil Division, Federal Programs Branch
16. 20 Massachusetts Avenue, NW
17. Washington, D.C. 20001
18. Phone: (202) 514-3358
19. Fax: (202) 616-8470
20. *Attorneys for the United States and Government*
21. *Defendants Sued in their Official Capacities*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CAROLYN JEWEL, *et al.* ) | Case No. 4:08-cv-4373-JSW |
| ) | |
| Plaintiffs, ) | **CLASSIFIED DECLARATION** |
| ) | **OF MIRIAM P.,** |
| v. ) | **NATIONAL SECURITY AGENCY** |
| ) | **EX PARTE, IN CAMERA SUBMISSION** |
| NATIONAL SECURITY AGENCY, *et al.* ) | |
| ) | Date: October 31, 2014 and |
| ) | November 3, 2014 |
| Defendants. ) | Time: 9:00 a.m. |
| ) | Courtroom 5, 2nd Floor |
| ) | The Honorable Jeffrey S. White |

~~TOP SECRET//SI//NOFORN~~

Classified *In Camera, Ex Parte* Declaration of Miriam P., National Security Agency
*Jewel v. NSA* (No. 4:08-cv-4873-JSW)

Classified By: ~~[illegible]~~
~~Derived From: NSA/CSSM 1-52~~
~~Dated: 20070108~~
~~Declassify On: 20691231~~

~~TOP SECRET//SI//NOFORN~~

1. (U) I, Miriam P., do hereby state and declare as follows:

2. (U) I am the Deputy Chief of Staff for Signals Intelligence (SIGINT) Policy and Corporate Issues for the Signals Intelligence Directorate (SID) of the National Security Agency (NSA), an intelligence agency within the Department of Defense.

3. (U) I am responsible for, among other things, protecting NSA SIGINT activities, sources, and methods against unauthorized disclosures. Under Executive Order No. 12333, the NSA SIGINT Directorate (SID) is responsible for the collection, processing, and dissemination of SIGINT information for the foreign intelligence purposes of the United States. 46 Fed. Reg. 59941 (Dec. 4, 1981) as amended by Executive Order 13284 (2003), Executive Order 13355 (2004), 69 Fed. Reg. 53,593 (Aug. 27, 2004); Executive Order 13470 (2008), 73 Fed. Reg. 45325. I have been designated an original TOP SECRET classification authority under Executive Order (E.O.) 13526, 75 Fed. Reg. 707 (Jan. 5, 2010), and Department of Defense Manual No. 5200.1, Vol. 1, Information and Security Program (Feb. 24, 2012).

4. (U) My statements herein are based upon my personal knowledge of SIGINT collection and NSA operations, the information available to me in my capacity as the Deputy Chief of Staff for SID for SIGINT Policy and Corporate Issues, and the advice of counsel.

5. (U) I submit this declaration to advise the Court of particular operational details of the NSA's "Upstream" collection of communications under Section 702 of the Foreign Intelligence Surveillance Act ("FISA") that are implicated by Plaintiffs' Motion for Partial Summary Judgment (ECF No. 261) ("Plaintiffs' motion"). Although the Government has released to the public some information about NSA's Upstream collection, the operational details discussed herein have not been officially disclosed and remain classified. Because disclosure of this information could reasonably be expected to cause exceptionally grave damage to the national security, it falls within the December 20, 2013, claim of the state secrets privilege made by the Director of National Intelligence ("DNI") in this case, as well as NSA's claim of statutory

~~TOP SECRET//SI//NOFORN~~

2

TOP SECRET//SI//NOFORN

1 privilege under Section 6 of the National Security Agency Act of 1959, Public Law No. 86-36
2 (codified at 50 U.S.C. 3601 *et seq.*). *See* Classified, *In Camera, Ex Parte* Declaration of Frances
3 J. Fleisch, NSA ¶¶ 8, 44(B)(1)(b) (Dec. 20, 2013) ("Fleisch Decl.").

4     6. (TS//SI//NF) ███████████████████████████████████
5 ████████████████████████████████████████████████████████
6 ████████████████████████████████████████████████████████
7 ████████████████████████████████████████████████████████

8     7. (TS//SI//NF) I have reviewed the description in Plaintiffs' motion of the
9 Upstream collection process. ████████████████████████████████
10 ████████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████████

12     8. (U) First, Upstream collection under Section 702 is limited to the acquisition of
13 communications, to, from, or about tasked selectors reasonably believed to be located outside the
14 United States to acquire foreign intelligence information.

15     9. (TS//SI//NF) ███████████████████████████████████
16-24 ████████████████████████████████████████████████████████

TOP SECRET//SI//NOFORN

3

Classified *In Camera, Ex Parte* Declaration of Miriam P., National Security Agency
*Jewel v. NSA* (No. 4:08-cv-4873-JSW)

~~TOP SECRET//SI//NOFORN~~

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

~~TOP SECRET//SI//NOFORN~~

4

Classified *In Camera, Ex Parte* Declaration of Miriam P., National Security Agency
*Jewel. v. NSA* (No. 4:08-cv-4873-JSW)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

[Page content fully redacted]

Classified *In Camera, Ex Parte* Declaration of Miriam P., National Security Agency
*Jewel. v. NSA* (No. 4:08-cv-4873-JSW)

TOP SECRET//SI//NOFORN

[Page content redacted]

TOP SECRET//SI//NOFORN

6

Classified *In Camera, Ex Parte* Declaration of Miriam P., National Security Agency
*Jewel. v. NSA* (No. 4:08-cv-4873-JSW)

TOP SECRET//SI//NOFORN

[REDACTED]

16. (TS//SI//NF) The above operational details concerning the Upstream collection process, if disclosed, would provide our Nation's adversaries [REDACTED]

[REDACTED]

TOP SECRET//SI//NOFORN

7

Classified *In Camera, Ex Parte* Declaration of Miriam P., National Security Agency
*Jewel. v. NSA* (No. 4:08-cv-4873-JSW)

TOP SECRET//SI//NOFORN

1  ▮▮▮▮ with unparalleled insight into exactly how the Upstream process works, and
2  ▮▮▮▮▮▮▮▮▮▮ to further refine and advance their capabilities to avoid NSA
3  surveillance. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4-14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15  17.  (U) Therefore, this information falls within the scope of the DNI's assertion of the
16  state secrets privilege, and the NSA's assertion of statutory privilege under Section 6 of the
17  National Security Agency Act, and cannot be disclosed for purposes of addressing the allegations
18  in Plaintiffs' partial motion for summary judgment (or any other purpose) without risking
19  exceptionally grave damage to national security.

(U) I declare under penalty of perjury that the foregoing is true and correct.

DATE: 9/29/2014

*Miriam P.* (signature)

(U) Miriam P.

TOP SECRET//SI//NOFORN

8

Classified In Camera, Ex Parte Declaration of Miriam P., National Security Agency
Jewel, v. NSA (No. 4:08-cv-4873-JSW)