| | |
|---|---|
| CINDY COHN (SBN 145997) | RACHAEL E. MENY (SBN 178514) |
| cindy@eff.org | rmeny@kvn.com |
| LEE TIEN (SBN 148216) | BENJAMIN W. BERKOWITZ (SBN 244441) |
| KURT OPSAHL (SBN 191303) | MICHAEL S. KWUN (SBN 198945) |
| JAMES S. TYRE (SBN 083117) | AUDREY WALTON-HADLOCK (SBN 250574) |
| MARK RUMOLD (SBN 279060) | JUSTINA K. SESSIONS (SBN 270914) |
| ANDREW CROCKER (SBN 291596) | PHILIP J. TASSIN (SBN 287787) |
| DAVID GREENE (SBN 160107) | KEKER & VAN NEST, LLP |
| ELECTRONIC FRONTIER FOUNDATION | 633 Battery Street |
| 815 Eddy Street | San Francisco, CA 94111 |
| San Francisco, CA 94109 | Telephone: 415/391-5400; Fax: 415/397-7188 |
| Telephone: (415) 436-9333 | |
| Fax: (415) 436-9993 | THOMAS E. MOORE III (SBN 115107) |
| | tmoore@rroyselaw.com |
| RICHARD R. WIEBE (SBN 121156) | ROYSE LAW FIRM, PC |
| wiebe@pacbell.net | 1717 Embarcadero Road |
| LAW OFFICE OF RICHARD R. WIEBE | Palo Alto, CA 94303 |
| One California Street, Suite 900 | Telephone: 650/813-9700; Fax: 650/813-9777 |
| San Francisco, CA 94111 | |
| Telephone: (415) 433-3200 | ARAM ANTARAMIAN (SBN 239070) |
| Fax: (415) 433-6382 | aram@eff.org |
| | LAW OFFICE OF ARAM ANTARAMIAN |
| | 1714 Blake Street |
| | Berkeley, CA 94703 |
| | Telephone: (510) 289-1626 |

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, YOUNG BOON HICKS, as executrix of the estate of GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>Defendants. | Case No.: 4:08-cv-4373-JSW<br><br>**PLAINTIFFS CAROLYN JEWEL, ERIK KNUTZEN, AND JOICE WALTON'S ADMINISTRATIVE MOTION TO STRIKE THE GOVERNMENT'S SECRET SUPPLEMENTAL BRIEF**<br><br>Date: December 19, 2014<br>Time: 9:00 a.m.<br>Courtroom 5, Second Floor<br>The Honorable Jeffrey S. White |

**I.     Introduction**

Plaintiffs Carolyn Jewel, Erik Knutzen and Joice Walton ("plaintiffs") hereby move to strike the *ex parte*, *in camera*, supplement to the government's opposition and cross-motion for partial summary judgment, which the government filed with the Court without first seeking leave. The filing of an *ex parte*, *in camera* memorandum of points and authorities is improper. The government has submitted the classified declaration of "Miriam P.", and there is no legitimate reason for the government to supplement that secret evidence with the aid of a secret brief that it has privately provided to the Court. The government has repeatedly argued its assertion of the state secrets privilege in public briefing throughout the history of this case. Moreover, to the extent the secret brief argues the merits of plaintiffs' Fourth Amendment claims, it has no possible justification at all. The government has not attempted to demonstrate that any possible good cause exists that could justify the extraordinary violation of due process created by its submission of private, secret legal argument—let alone that such good cause exists here.[1]

**II.    The Government Improperly Filed An *Ex Parte, In Camera* Legal Brief Without First Seeking Leave of Court.**

The Federal Rules of Civil Procedure and this District's Local Rules require that a party serve on the other parties any paper that it submits to the Court. Fed. R. Civ. Pro. 6(c)(1); Local Rule 7-2 ("Except as otherwise ordered or permitted by the assigned Judge or these Local Rules, and except for motions made during the course of a trial or hearing, all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge . . . ."). Even if a secret submission had some legitimate basis, the government was required to make an administrative motion pursuant to Local Rule 7-11 seeking leave to file a secret *ex parte*, *in camera* brief *before* it filed any such brief. On such a motion, the government would have had the burden of demonstrating both legal authority and good cause to support its secret filing. Instead, the government nonchalantly filed its

---

[1] The Jewel plaintiffs filed a similar motion to strike before the Ninth Circuit during the previous appeal in this case. That motion was directed at the government's secret brief that apparently sought to bolster the government's argument regarding the state secrets privilege. The motion to strike was denied, but the secret brief had no effect on the result; the Ninth Circuit deferred ruling on the state secrets privilege and remanded the case to this Court for the resolution of the issue. *Jewel v. National Security Agency*, 673 F.3d 902, 913-14 (9th Cir. 2011).

Case No. 08-cv-4373-JSW                           1
PLAINTIFFS' ADMIN. MOTION TO STRIKE THE GOVERNMENT'S SECRET SUPP. BRIEF

secret *ex parte*, *in camera* brief here as if it were a matter of right, depriving plaintiffs of any opportunity to oppose the motion. Plaintiffs would have opposed any such motion. Because the government's conduct prevented plaintiffs from objecting prior to the filing of the government's secret brief, plaintiffs now move to strike it after the fact.

Plaintiffs are aware of no statute, rule, or other authority permitting the government to file legal argument to which plaintiffs do not have access and to which plaintiffs cannot reasonably respond, as it has done here, nor is there any good cause for filing a secret, *ex parte, in camera* brief here. Although there is authority allowing the filing of an *ex parte, in camera* official factual certification in support of a claim of state secrets privilege, that authority does not permit the government's secret legal briefing here. And in fact, there is good cause to **reject** the government's filing: the government's filing of a secret brief is contrary to the state secrets privilege doctrine and to fundamental notions of due process, as explained below.

**III.     Allowing an *Ex Parte*, *In Camera* Brief is Inconsistent with Section 1806(f) and Violates the Principles Enunciated in the Ninth Circuit's *En Banc* Decision of *Mohamed v. Jeppesen Dataplan, Inc.***

The Government's secret legal brief is inconsistent with section 1806(f) of title 50 U.S.C. and violates the principles enunciated in *Mohamed v. Jeppesen Dataplan, Inc.,* 614 F.3d 1070 (9th Cir. 2010) (*en banc*). It raises the danger of creating a set of secret precedents which are known only to the government and to this Court. A private, secret brief also violates plaintiffs' rights to due process because it deprives plaintiffs of their right to respond to the government's legal arguments.

First, the Court has already ruled that 50 U.S.C. § 1806(f) displaces the state secrets privilege as to plaintiffs' statutory claims, and the government has conceded that "the reasoning by which the Court concluded that section 1806(f) preempts application of the privilege to Plaintiffs' statutory claims would apply equally to Plaintiffs' constitutional claims." 7/23/13 Order (ECF No. 153) at 12-13; ECF No. 167 at 2, 6-7. Thus, the Court's prior ruling precludes the government from asserting the state secrets privilege here to defeat plaintiffs' claims, and there is certainly no need for secret briefing on the issue.

Also, the Ninth Circuit reaffirmed in *Mohamed* that the government's assertion of the state secrets privilege can only be sustained under "exceptional" and "rare" circumstances. This

restriction is necessary because the privilege, when legitimately invoked, can overcome "fundamental principles of our liberty, including justice, transparency [and] accountability." 614 F.3d at 1073.

Because the government may invoke the privilege only in the most exceptional of circumstances, the exceptional quality of the circumstances must be self-evident from the official's certification formally invoking the privilege. In the seminal state secrets privilege case, *U.S. v. Reynolds*, 345 U.S. 1, 9 (1953), the Supreme Court emphasized that courts should determine whether the privilege has been properly asserted by looking to "all the evidence and circumstances" set forth in the official's formal claim of privilege itself. *See also id*. at 8 ("The court itself must determine whether the circumstances are appropriate for the claim of privilege . . . ."). There is no mention in *Reynolds* of permitting classified briefing that secretly argues the merits of that claim of privilege; indeed the thrust of the *Reynolds* formulation is that the certification alone should be the basis for the Court's decision.

Relying on *Reynolds*, the *Mohamed* court set a very high bar for the official's certification: "[T]he decision to invoke the privilege must 'be a serious, considered judgment, not simply an administrative formality.' . . . The formal claim must reflect the certifying official's *personal* judgment; responsibility for this task may not be delegated to lesser-ranked officials. The claim also must be presented in sufficient detail for the court to make an *independent determination* of the validity of the claim of privilege and the scope of the evidence subject to the privilege." 614 F.3d at 1080 (first emphasis in original; second emphasis added; citation omitted).[2]

The *Mohamed* approach cannot encompass secret, *ex parte* legal briefing because allowing the government to submit secret, one-sided legal argument would undermine at least the perception

---

[2] In *Mohamed*, the assertion of the privilege was self-evident from the official certification invoking the privilege. As the *Mohamed* Court noted: "[E]very judge who has reviewed the government's formal, classified claim of privilege in this case agrees that in this sense the claim of privilege is proper, although we have different views as to the scope of the privilege and its impact of plaintiffs' case." 614 F.3d at 1086; *see also Al-Haramain Islamic Foundation, Inc. v. Bush*, 507 F.3d 1190, 1203-04 (9th Cir. 2007) (concluding that "the government has sustained its burden as to the state secrets privilege" and that "the basis for the privilege [is] exceptionally well documented" by "spen[ding] considerable time examining the government's declarations").

(and likely the fact) of judicial independence that is crucial to the Court's evaluation of any claim of privilege. The state secrets doctrine "'does not represent a surrender of judicial control over access to the courts.'" *Mohamed,* 614 F.3d at 1082 (citation omitted). Rather, "'to ensure that the state secrets privilege is asserted no more frequently and sweepingly than necessary, it is essential that the courts continue critically to examine instances of its invocation.'" *Id*. (citation omitted). As the *Mohamed* Court explained, "'[w]e take very seriously our obligation to review the [government's claims] with a very careful, indeed a skeptical, eye, and not to accept at face value the government's claim or justification of privilege.'" *Id*. (bracketed material original) (quoting *Al-Haramain*, 507 F.3d at 1203).

Asserting the state secrets privilege via a classified certification allows the government to make a secret presentation of the foundational facts for the privilege. That should suffice. Even secret evidence alone severely infringes plaintiffs' due process rights. *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 264 (1987) (meaningful notice requires both "notice of the . . . allegations" and "notice of the substance of the relevant supporting evidence"); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (due process requires "an explanation of the . . . evidence"). There is no place for secret argument as well.

### IV. Allowing the Government to Oppose the Merits of Plaintiffs' Fourth Amendment Claims with Secret Briefing Would Violate Plaintiffs' Due Process Rights, and No Authority Permits It.

If the government's secret briefing argues the merits of plaintiffs' Fourth Amendment claim, the attempt at secrecy is even more egregious. No authority permits the government to make its substantive legal case in secret. Indeed, the programs at issue here affect the Internet communications of millions of Americans, and questions about whether such programs violate the fundamental constitutional rights of U.S. citizens should not be litigated in secret. Transparency—and the benefit of the adversarial process—is necessary for a decision of such magnitude to be given any credence by the public, and to satisfy plaintiffs' rights of due process.

Section 1806(f), which governs here, does not authorize secret briefing on the merits of the legality of the surveillance. Rather, it permits the government to submit relevant evidence, not argument, *ex parte* and *in camera*. 50 U.S.C. § 1806(f) (*in camera* and *ex parte* review limited to

1  "the application, order, and such other materials relating to the surveillance as may be necessary to
2  determine whether the surveillance of the aggrieved person was lawfully authorized and
3  conducted"). The government also has not complied with section 1806(f)'s procedures in
4  submitting the Miriam P. declaration or any other evidence.

5        The government's *ex parte* supplemental brief for *in camera* consideration should also be
6  stricken because it is antithetical to basic notions of due process. The due process guarantee of an
7  opportunity to be heard becomes entirely meaningless if the government can present not just secret
8  evidence, but secret argument as well: "The right to a hearing embraces not only the right to present
9  evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet
10 them. The right to submit argument implies that opportunity; otherwise the right may be but a
11 barren one." *Morgan v. United States*, 304 U.S. 1, 18 (1938).

12       The independence and skepticism central to the Court's judicial role is fundamentally
13 inconsistent with allowing the government to secretly whisper legal arguments into the Court's ear
14 on the legal merits of plaintiffs' claims. Both plaintiffs and the government have had an equivalent,
15 public opportunity to advocate their respective positions through their public legal briefs to the
16 Court. The only reason for the government to submit a secret supplemental brief appears to be to
17 foreclose plaintiffs from rebutting the government's secret legal arguments, and to let the
18 government put its own legal gloss on the underlying facts (including its secret evidence) in a way
19 that the plaintiffs cannot meet or rebut, or even know. This infringement of plaintiffs' due process
20 rights should not be countenanced.

21       Finally, the submission of an *ex parte*, *in camera* legal brief should be rejected because it
22 creates the danger of creating secret precedent and secret law. "'[S]ecret law is an abomination.'"
23 *Cox v. United States Department of Justice*, 576 F.2d 1302, 1309 (8th Cir. 1978) (quoting K. Davis,
24 *Administrative Law*, p. 137 (Supp.1970)), and this Court should not allow the government to create
25 and use secret law.

26 **V.     CONCLUSION**
27       For the reasons set forth above, plaintiffs respectfully request that the Court strike the
28 government's classified, *ex parte*, *in camera* brief.

Dated: October 24, 2014              Respectfully submitted,

                                           /s/ *Thomas E. Moore III*
THOMAS E. MOORE III
ROYSE LAW FIRM

CINDY COHN
LEE TIEN
KURT OPSAHL
JAMES S. TYRE
MARK RUMOLD
ANDREW CROCKER
DAVID GREENE
ELECTRONIC FRONTIER FOUNDATION

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE

RACHAEL E. MENY
BENJAMIN W. BERKOWITZ
MICHAEL S. KWUN
AUDREY WALTON-HADLOCK
JUSTINA K. SESSIONS
PHILIP J. TASSIN
KEKER & VAN NEST LLP

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN

*Counsel for Plaintiffs*