IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CAROLYN JEWEL, ET AL.,

    Plaintiffs,                                        No. C 08-04373 JSW

    v.

NATIONAL SECURITY AGENCY, ET AL.,

    Defendants.                            **NOTICE OF QUESTIONS FOR HEARING**

                                            /

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 19, 2014 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to submit copies as soon as possible directly to chambers and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall address the following questions:

1. Without standing, the Court must dismiss the entire suit, not just the Fourth Amendment claim. On what specific admissible evidence, with cites to the record, do Plaintiffs rely to establish their standing to sue?

2. Defendants maintain that there is no evidentiary proof of the Section 702 surveillance program capturing domestic Internet transactions. However, the Foreign Intelligence Surveillance Court already found "that NSA has acquired, is acquiring, and if the certifications and procedures now before the Court are approved, will continue to acquire, tens of thousands of wholly domestic communications." *[Redacted Caption]*, 2011 WL 10945618, at *11 (Foreign Intel. Surv. Ct. Oct. 3, 2011). (*See also* July 25, 2014 Wiebe Declaration, Exhibit A (*Report on the Surveillance Program Operated Pursuant to Section 702 of the Foreign Intelligence Surveillance Act* (July 2, 2014) at 7, 35-37).)

Why should this Court not accept this finding as to the existence of the upstream collection program of wholly domestic communications?

3. "It has long been established that an addressee has both a possessory and a privacy interest in a mailed package," and a "legitimate interest that a mailed package will not be opened and searched en route[.]" *United States v. Hernandez*, 313 F.3d 1206, 1209 (9th Cir. 2002). The Supreme Court and the Ninth Circuit also recognize that "the main Fourth Amendment interest in a mailed package attaches to the privacy of its contents, not the speed with which it is delivered." *United States v. Hillison*, 733 F.2d 692, 696 (9th Cir. 1984) (citing *United States v. Van Leeweun*, 397 U.S. 249, 253 (1970)).

Defendants contend that in *United States v. Jefferson*, the Ninth Circuit held that a person's possessory interest in a package is limited to "solely in the package's timely delivery." 566 F.3d 928, 933 (9th Cir. 2009). Is this holding limited to inspection of the external information of a package in transit? Why is the nearly instantaneous copying and scan of electronic communications not the equivalent of opening and searching a package while en route?

4. Do Defendants contend that the alleged seizure is so limited in time as to not constitute a meaningful interference with possessory interest? *See United States v. Va Lerie*, 424 F.3d 694, 707 (8th Cir. 2005). Is there a possessory interest in the contents of communications? Does the alleged seizure constitute a brief, non-intrusive inspection?

5. Are Plaintiffs' possessory and privacy interests in the contents of their communications applicable to the duplicate copies as well as the original communications which still arrive on time?

6. On what basis do Defendants dispute that Plaintiffs maintain an expectation of privacy over the content of their internet communications? Do Plaintiffs seek protection for internet searches and social media browsing, or limit their claim to the content of their internet communications?

7. The Foreign Intelligence Surveillance Court in *[Redacted]* found that NSA's targeting and minimization procedures, although consistent with FISA, were not reasonable under the Fourth Amendment. 2011 WL 10945618, at *24. Do the changes made after the FISA order to the upstream collection program change any of the facts related to the initial collection and search of internet communications (or just their retention and further search protocols)? *See [Redacted]*, 2011 WL 10947772, at *3 (Foreign Intel. Surv. Ct. Nov. 30, 2011).

2

8. How and under what circumstances can evidence gleaned from the upstream searches be considered in criminal prosecutions, unrelated to matters of national security? *See [Redacted]*, 2011 WL 10947772, at *6 (stating that new minimization protocols provide that "discrete non-target communications . . . cannot be used except when necessary to protect against an imminent threat to human life").

9. Which party bears the burden to prove the existence of a minimal intrusion into Plaintiffs' privacy rights and a substantial governmental need? *See Chandler v. Miller*, 520 U.S. 305, 313-14 (1997).

10. If, having reviewed the Government's most recent classified submissions, the Court determines that litigation of defenses to the claim of Fourth Amendment violations would indeed imperil national security information protected by the state secrets privilege, must the Court dismiss the claim in its entirety?

11. On what legal authority does the Government contend that a pseudonym for Miriam P. is necessary for submission of her classified declaration?

12. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 16, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

Case4:08-cv-04373-JSW Document309 Filed12/16/14 Page4 of 4