CINDY COHN (SBN 145997)
cindy@eff.org
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
JAMES S. TYRE (SBN 083117)
MARK RUMOLD (SBN 279060)
ANDREW CROCKER (SBN 291596)
DAVID GREENE (SBN 160107)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: 415/436-9333; Fax: 415/436-9993

RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
One California Street, Suite 900
San Francisco, CA 94111
Telephone: 415/433-3200; Fax: 415/433-6382

RACHAEL E. MENY (SBN 178514)
rmeny@kvn.com
MICHAEL S. KWUN (SBN 198945)
AUDREY WALTON-HADLOCK (SBN 250574)
BENJAMIN W. BERKOWITZ (SBN 244441)
JUSTINA K. SESSIONS (SBN 270914)
PHILIP J. TASSIN (SBN 287787)
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, CA 94111
Telephone: 415/391-5400; Fax: 415/397-7188

THOMAS E. MOORE III (SBN 115107)
tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650/813-9700; Fax: 650/813-9777

ARAM ANTARAMIAN (SBN 239070)
aram@eff.org
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Tel.: 510/289-1626

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, YOUNG BOON HICKS, as executrix of the estate of GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>Defendants. | Case No.: 4:08-cv-4373-JSW<br><br>**PLAINTIFFS CAROLYN JEWEL, ERIK KNUTZEN AND JOICE WALTON'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT ON THEIR FOURTH AMENDMENT INTERNET CONTENT INTERCEPTION CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**<br><br>Date: May 22, 2015<br>Time: 9:00 a.m.<br>Courtroom 5, 2nd Floor<br>The Honorable Jeffrey S. White |

**NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

PLEASE TAKE NOTICE that on May 22, 2015 at 9:00 a.m. in Courtroom 5, Second Floor, United States District Court, 1301 Clay Street, Oakland, CA, plaintiffs Carolyn Jewel, Erik Knutzen, and Joice Walton (collectively "plaintiffs") will and hereby do move the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) on its grant of partial summary judgment in favor of defendants National Security Agency, United States Department of Justice, Barack H. Obama, Michael S. Rogers, Eric H. Holder, Jr., and James R. Clapper, Jr. (in their official capacities) (collectively, the "government defendants") on plaintiffs' claim that the government defendants have violated the Fourth Amendment rights of plaintiffs Jewel, Knutzen, and Walton by intercepting their Internet communications.

Because there is no just reason for delay of entry of judgment on this claim, plaintiffs move the Court for entry of final judgment pursuant to Rule 54(b). Plaintiffs rely upon the Memorandum of Points and Authorities below, the proposed order accompanying this motion, the pleadings on file in this action, and such additional matters that the Court may entertain. Plaintiffs are informed that the government defendants intend to oppose this motion.

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)**

The Court recently granted summary judgment in favor of the government defendants on plaintiffs' claim that the government is searching and seizing their Internet communications in violation of the Fourth Amendment. ECF No. 321. Plaintiffs respectfully request that the Court now enter final judgment on this claim pursuant to Federal Rule of Civil Procedure 54(b) so that they may seek appellate review of the Court's ruling without undue delay. This lawsuit has been pending for over six years, but in many ways it still remains at the threshold. Defendants have yet to answer the complaint, no discovery has yet been permitted, and many other statutory and constitutional claims remain for decision. Much labor remains and much time will elapse before the Court has finally resolved all of plaintiffs' claims in this lawsuit. Given the great public significance of the Court's ruling on plaintiffs' Fourth Amendment Internet content interception

claim, in the words of Rule 54(b) there is "no just reason for delay" of appellate review during the years it is likely to take to resolve the remaining claims.

## ARGUMENT

Rule 54(b) provides that a district court may enter final judgment on a single claim in an action with multiple claims "if the court expressly determines that there is no just reason for delay." As explained below, the Court's summary judgment order satisfies Rule 54(b)'s requirements, and there is no just reason to delay appellate review.

Accordingly, plaintiffs respectfully request entry of final judgment pursuant to Rule 54(b) as to their Fourth Amendment claim regarding the interception of their Internet communications.

**I.     Entry of Final Judgment under Rule 54(b) Is Warranted.**

    **A.     The Court's Adjudication of Plaintiff's Fourth Amendment Internet Content Interception Claim is Final.**

When deciding to enter judgment under 54(b), "[a] district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted).

The Court's summary judgment order is a final adjudication of plaintiffs' claim that the government is currently violating their Fourth Amendment rights by intercepting the contents of their Internet communications. The Court granted summary judgment to the government defendants, eliminating this claim and leaving plaintiffs' other claims—including violations of statutory provisions and other constitutional provisions—intact. *See* ECF No. 261 at 1:23-25. Plaintiffs' remaining claims are separate and distinct from the single claim at issue in the Court's summary judgment order, and hence this claim is appropriate for entry of final judgment under Rule 54(b).

    **B.     There Is No Just Reason to Delay Entry of Final Judgment.**

Entry of judgment under Rule 54(b) "is proper if it will aid 'expeditious decision' of the case." *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 797 (9th Cir. 1991). Absent entry of final judgment

now, it will likely be years until this lawsuit is finally resolved and plaintiffs are able to appeal the Court's summary judgment ruling. There is no just reason for delaying plaintiffs' appeal of the summary judgment ruling until far into the future.

There is a strong public interest in avoiding a delay in the appeal of the Court's order. As the Court has recognized, the Court's order addresses "serious issues, namely national security and the preservation of the rights and liberties guaranteed by the United States Constitution. The Court finds the predicament delicate and the resolution must strike a balance of these significant competing interests." ECF No. 321 at 2:4-7. It is in the interest of all that appellate review of these serious issues proceed expeditiously, without further delay. Given the importance of plaintiffs' claim to the national debate on the NSA's activities and the "broad impact" that a final appellate ruling on plaintiffs' claim would have, "[t]he most important factor counseling in favor of allowing an immediate appeal in this case is the public interest." *Quinn v. City of Boston*, 325 F.3d 18, 27 (1st Cir. 2003).

If judgment is not entered under Rule 54(b), it will be a substantial period before the case is completed and can be appealed. This lawsuit has been pending since 2008. Despite the extensive efforts of the Court and the parties, progress has been slow and much more remains to be done: plaintiffs have numerous remaining statutory and constitutional claims, the defendants have not yet answered the complaint, discovery has not yet begun, and the claims against the individual defendants remain stayed. Given the constitutional importance and significant and historic impact of the Court's order, there is no just reason why the parties or the public should wait until the entire case is resolved before obtaining appellate review.

Entry of judgment under Rule 54(b) is also appropriate because the many claims that do remain are "legally and factually distinct" from the Fourth Amendment claim of ongoing Internet content interception the Court has adjudicated. *See Gregorian v. Izvestia*, 871 F.2d 1515, 1520 (9th Cir. 1989). The remaining claims include constitutional and statutory claims challenging past surveillance activities conducted before 2007 without any FISA court authorization and in violation of FISA solely on assertions of inherent presidential authority. They include claims challenging the

acquisition of telephone and Internet records, as distinct from content. They include claims against individual defendants as well as the government. Thus, here "the adjudicated claim[] [is] separable from the others and . . . the nature of the claim [is] such that no appellate court would have to decide the same issues more than once." *Wood v. GCC Bend*, LLC, 422 F.3d 873, 878 n.2 (9th Cir. 2005).

## CONCLUSION

For the reasons stated above, plaintiffs respectfully request that the Court enter final judgment pursuant to Rule 54(b) on plaintiffs' Fourth Amendment Internet content interception claim.

Dated:  April 17, 2015					Respectfully submitted,

				 /s/ Andrew Crocker
				Andrew Crocker

				CINDY COHN
				LEE TIEN
				KURT OPSAHL
				JAMES S. TYRE
				MARK RUMOLD
				ANDREW CROCKER
				DAVID GREENE
				ELECTRONIC FRONTIER FOUNDATION

				RICHARD R. WIEBE
				LAW OFFICE OF RICHARD R. WIEBE

				THOMAS E. MOORE III
				ROYSE LAW FIRM

				RACHAEL E. MENY
				MICHAEL S. KWUN
				BENJAMIN W. BERKOWITZ
				AUDREY WALTON-HADLOCK
				JUSTINA K. SESSIONS
				PHILIP J. TASSIN
				KEKER & VAN NEST LLP

				ARAM ANTARAMIAN
				LAW OFFICE OF ARAM ANTARAMIAN

				*Counsel for Plaintiffs*