BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
JOSEPH H. HUNT
Director, Federal Programs Branch
ANTHONY J. COPPOLINO
Deputy Branch Director
JAMES J. GILLIGAN
Special Litigation Counsel
RODNEY PATTON
Trial Attorney
JULIA BERMAN
Trial Attorney
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, NW, Rm. 7320
Washington, D.C. 20044
Phone: (202) 305-7919; Fax: (202) 616-8470
*Attorneys for the Government Defs. in their Official Capacities*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, *et al.*, | Case No. 4:08-cv-04373-JSW |
| Plaintiffs, | Hearing Date: May 22, 2015, at 9:00 a.m. |
| v. | Oakland Courthouse |
| | Courtroom 5, 2nd Floor |
| NATIONAL SECURITY AGENCY, *et al.*, | The Honorable Jeffrey S. White |
| Defendants. | |

**GOVERNMENT DEFENDANTS' OPPOSITION TO PLAINTIFFS CAROLYN JEWEL, ERIK KNUTZEN AND JOICE WALTON'S MOTION FOR ENTRY OF [PARTIAL] FINAL JUDGMENT ON THEIR FOURTH AMENDMENT INTERNET CONTENT INTERCEPTION CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), ECF No. 323 ("Pls.' Mot."), asks this Court to exercise its discretion to dispatch a sliver of the case to the Ninth Circuit Court of Appeals. *See* Pls.' Mot. at 1. Meanwhile, Plaintiffs intend that the parties and this Court engage in "much labor" to resolve the "many other statutory and constitutional claims [that] remain for decision," *id.*, even though the Court's recent decision on standing—and any appellate ruling affirming or reversing it—likely would significantly impact many of those

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

remaining claims. For the reasons set forth below, this Court should decline Plaintiffs' invitation to exercise its discretion in a manner that would lead to such potentially duplicative litigation.

**BACKGROUND**

The Court previously has described the procedural history of this case. *See Jewel v. NSA*, 965 F. Supp. 2d 1090, 1097-99 (N.D. Cal. 2013). In sum, on September 18, 2008, Plaintiffs filed their Complaint against the United States, the National Security Agency ("NSA"), the Department of Justice, and various now-former senior U.S. Government officials, some exclusively in their personal capacities and others in both their personal and official capacities. *See* ECF No. 1. The Complaint contains 17 counts by five Plaintiffs alleging various statutory and constitutional violations arising out of the NSA's alleged warrantless electronic surveillance activities that commenced upon presidential authorization after the terrorist attacks of September 11, 2001. Plaintiffs specifically allege that the NSA has engaged in a program of dragnet surveillance first authorized by the President in October 2001 that "indiscriminately intercepted the communications content and obtained the communications records of millions of ordinary Americans." *Jewel*, 965 F. Supp. 2d at 1098. Five counts in the Complaint (counts 2, 4, 8, 11, and 14) exclusively seek monetary damages against former government officials in their personal capacities and are thus not directed at the Government Defendants. *See id.*

After the Government initially sought dismissal on various grounds, including that information necessary to litigate the claims was properly subject to the state secrets privilege, the Court previously (per then-Chief Judge Walker) dismissed the case for failure to adequately plead standing. *See Jewel v. NSA*, 2010 WL 235075, at *6-9 (N.D. Cal. Jan. 21, 2010). The Ninth Circuit reversed, concluding that Plaintiffs' "claims are not abstract, generalized grievances and instead meet the constitutional standing requirement of concrete injury" at the pleading stage. *See Jewel v. NSA*, 673 F.3d 902, 905 (9th Cir. 2011). Thereafter on remand, the Government renewed its prior motion to dismiss, again based in part on the state secrets privilege. On July 23, 2013, this Court dismissed all statutory claims against the Government

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

2

Defendants in which Plaintiffs sought injunctive relief (counts 5, 7, 10, 13, and 16), and dismissed Plaintiffs' claim (count 6) under the Foreign Intelligence Surveillance Act ("FISA") insofar as it was directed at the Government Defendants. *See Jewel*, 965 F. Supp. 2d at 1112. The Court also requested further briefing on various issues, including the impact of the declassification of information related to NSA activities and whether litigation of the Plaintiffs' claims could proceed without risk of harm to national security. *See id.* at 1111-13.

Subsequently, three of the five Plaintiffs filed a motion for partial summary judgment on one aspect of one claim they purport to have raised in this case: specifically they sought a "determination that the government defendants are violating the Fourth Amendment by their ongoing seizures and searches of plaintiffs' Internet communications" undertaken pursuant to the authority of Section 702 of FISA, *see* 50 U.S.C. § 1881a. *See* Plaintiffs Carolyn Jewel, Erik Knutzen, and Joice Walton's Notice of Motion and Motion for Partial Summary Judgment (ECF No. 261) ("Partial Summ. Judg. Mot.") at 1 & n.1. Plaintiffs emphasized, however, that only their Fourth Amendment claim and, indeed, far from all aspects of that single claim, *see* ECF No. 1, count 1, were at issue in the motion. *Id.* at 1-2. Aside from not asking for "a determination of the appropriate remedy," Plaintiffs specified that they were not seeking to establish liability for "past Fourth Amendment violations" such as they allege occurred "during periods [when] those activities were conducted solely under presidential authority without any [FISA Court] order." *Id.* Nor did the partial summary judgment motion address other aspects of the three Plaintiffs' Fourth Amendment claim, such as their challenge to collection of non-content communication records or information as they were conducted either pursuant to Presidential authority or, subsequently, under the authority of the FISA Court. *Id.* Nor, by the nature of their assertions and the evidence they sought to use in support, *see id.* at 2-11, did Plaintiffs' motion seek a determination that their Fourth Amendment rights were violated by other aspects of the NSA's collection of content as authorized by Section 702 of FISA (referred to as the so-called PRISM collection). Instead, the motion for partial summary judgment addressed only a single

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

3

component of a single claim in this case: a purported Fourth Amendment challenge by three of the five Plaintiffs to the NSA's Upstream collection of Internet content pursuant to Section 702 of the FISA.[1]

The Government Defendants opposed Plaintiffs' motion and cross-moved for summary judgment on the same component of the Fourth Amendment claim. *See* Cross Motion. In that motion, the Government argued that the evidence presented by Plaintiffs was insufficient to establish their standing to challenge the NSA program, or even if it was, that the state secrets privilege required entry of judgment for the Government on the standing issue; *id.* at 12-23; that no seizure or search occurred as Plaintiffs posited how the program worked, *id.* at 23-34; that, even if seizures and searches occurred, they were reasonable under the special needs doctrine, *id.* at 34-43; and, that even if Plaintiffs had presented evidence of a seizure or search, not justified under the special needs doctrine, their Fourth Amendment claim still could not be litigated without national-security information protected by the state secrets privilege, *id.* at 43-45.

On February 10, 2015, after oral argument, the Court denied Plaintiffs' motion for partial summary judgment and granted the Government Defendants' motion for partial summary judgment. *See* Order, ECF No. 321. In its decision, the Court specifically found "that the Plaintiffs have failed to establish a sufficient factual basis to find that they have standing to sue under the Fourth Amendment regarding the possible interception of their Internet communications." *Jewel v. NSA*, 2015 WL 545925, at *1 (N.D. Cal. Feb. 10, 2015). Alternatively, the Court found that, "even if Plaintiffs could establish standing, a potential Fourth Amendment Claim would have to be dismissed on the basis that any possible defenses would require impermissible disclosure of state secret information." *Id.* In light of this and other prior rulings, the claims remaining against the Government Defendants are three counts seeking

---

[1] The Government Defendants do not concede that count 1 of Plaintiffs' Complaint, as pled, contains such a challenge to the NSA's ongoing surveillance activities conducted under the authority of the FISA. *See, e.g.*, Government Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment and Cross-Motion for Partial Summary Judgment on Plaintiffs' Fourth Amendment Claim ("Cross Motion") (ECF No. 286) at 11-13.

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

4

injunctive relief for alleged constitutional violations (count 1, Fourth Amendment; count 3, First Amendment; and count 17, separation of powers) and three counts seeking damages for alleged violations of the Stored Communications Act and the Wiretap Act (counts 9, 12, and 15). These various counts by five Plaintiffs each implicate multiple now-discontinued and ongoing NSA intelligence-gathering programs, which present, in effect, more than three dozen claims against the Government Defendants.

More than two months after the Court issued its decision, three Plaintiffs moved the Court, pursuant to Rule 54(b), for entry of final judgment as to their purported Fourth Amendment claim challenging the NSA's Upstream collection. *See* Pls.' Mot. at 1. Plaintiffs did so because of what they describe as "the constitutional importance and significant and historic impact of the Court's order." *Id.* at 3.

## **ARGUMENT**

**A.** "Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright Corp. v. GE, Co.*, 446 U.S. 1, 10 (1980). Indeed, an appeal following the grant of a Rule 54(b) motion is "the exception rather than the rule." Charles Alan Wright *et al.*, Fed. Prac. & Proc. § 2654; *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) ("not routine"); *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("should be used sparingly"); *Roberts v. C.R. England, Inc.*, 2012 WL 711903, at *4 (N.D. Cal. Mar. 5, 2012) ("disfavored").

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief, . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The district court therefore must first determine whether there has been a "final judgment" on at least one "cognizable claim for relief" by one party against another party in a suit involving multiple claims, *see Curtiss-Wright Corp.*, 446 U.S. at 7,[2] and, if so, it must

---

[2] There is a question whether the Court's order granting partial summary judgment to the Government is a final judgment on at least *one cognizable claim* for relief. Although the circuit

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

5

"expressly . . . determine that no just reason for delay exists." *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1174 (9th Cir. 2006).

The district court, functioning as a "dispatcher," *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956), may exercise its discretion to determine the "appropriate time" when, "in the interest of sound judicial administration," a final decision in a multiple claims action is ready for appeal. *See Curtiss-Wright Corp.*, 446 U.S. at 8. In deciding whether there is no just reason for delay, the district court "must take into account judicial administrative interests," *id.*, such as the "interrelationship of the claims" left to be decided with the claim already decided, *id.* at 10, so as "to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Wood*, 422 F.3d at 878. The Court of Appeals, which must satisfy itself of its own jurisdiction to hear any subsequent appeal, *see id.* at 877, "particularly scrutinize[s]," *id.* at 879, this determination in order to prevent such piecemeal appeals. *See id.; SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010).

Rule 54(b) also requires "an assessment of basically equitable concerns," which is "made only *after* the judicial concerns . . . are satisfied." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (emphasis added). An appellate court will "disturb" the district court's

---

courts of appeal have articulated "various methods to determine what constitutes" a "claim for relief" for purposes of Rule 54(b), *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 741-42 (5th Cir. 2000) (collecting cases and discussing methods), the Ninth Circuit found that the "word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant, not to legal theories of recovery based upon those facts." *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961). Thus, to the extent that Plaintiffs will rely on the same set of facts in any subsequent challenge to the NSA's Upstream collection under a First Amendment (count 3) theory of recovery, separation of powers (count 17) theory of recovery, or to claim damages under the Wiretap Act (count 9) or the Stored Communications Act (counts 12 & 15), these still-pending counts would be part of the same claim the Court has already adjudicated. The Ninth Circuit, however, later revisited the issue of what a "claim" means for Rule 54(b) purposes, without reference to the earlier decision, and noted only that the "the solution" was a "pragmatic approach focusing on severability and efficient judicial administration." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

"assessment of the equities," such as those involving "prejudice and delay," *id.*, "only if it can say that the judge's conclusion was clearly unreasonable." *Curtiss-Wright Corp.*, 446 U.S. at 10.

**B.** Plaintiffs make two arguments in support of their Rule 54(b) motion, both of which lack merit. First, Plaintiffs assert that entering judgment under Rule 54(b) is appropriate here because the "remaining claims" are "legally and factually distinct" "from the single claim at issue in the Court's summary judgment order." Pls.' Mot. at 2, 3. This is not so. The parties have not briefed, and thus the Court has not addressed, the impact of its ruling on any of the remainder of Plaintiffs' claims. Nevertheless, several of Plaintiffs' remaining claims evidently are "closely intertwined," *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 749 (9th Cir. 2008), with the one putative component of Plaintiffs' Fourth Amendment claim that the Court decided. For example, two of the five Plaintiffs did not move for partial summary judgment on any Fourth Amendment claim purporting to challenge the NSA's Upstream collection, so the evidence and legal issues related to any such claims they purport to have is likely to overlap with the legal and evidentiary rulings addressed by the very judgment Plaintiffs now seek to appeal.

Similarly, the Court's order granting partial summary judgment may affect the resolution of Plaintiffs' First Amendment claims (count 3) that the content of any of their Internet-based communications has been collected by the NSA. Nothing in the record suggests that any of the five Plaintiffs have any different (or additional) evidence to support their standing in any First Amendment challenge to the NSA's Upstream collection under Section 702 of the FISA. Such an evidentiary foundation would remain pertinent to that claim because any subjective chill any plaintiff might allege—without evidence that their communication was subject to collection—is insufficient to establish their standing. *See, e.g.*, *Laird v. Tatum*, 408 U.S. 1, 4, 10, 14 (1972) (holding that "[a]llegations of a subjective 'chill'" arising from plaintiffs' knowledge of the existence of "a governmental investigative and data-gathering activity," without "any specific action of the [Government] against them," were "not an adequate substitute for a claim of

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

7

specific present objective harm or a threat of specific future harm"); *United Presbyterian Church in the USA v. Reagan*, 738 F.2d 1375, 1378 (D.C. Cir. 1984) (chilling effect produced by fear of surveillance is an insufficient basis for standing under *Laird*); *see also Clapper v. Amnesty International, USA*, 133 S. Ct. 1138, 1147-50 (2013) ("speculative fear" of surveillance insufficient to establish standing injury). And, because the same evidence the Court found wanting also undergirds Plaintiffs' separation of powers and monetary damages claims challenging the NSA's Upstream collection, the Court's decision will impact those claims also.

Additionally, all five Plaintiffs still have Fourth Amendment claims (count 1) against the Government Defendants arising from their allegations of a "dragnet" content collection of communications that they allege occurred under the now-discontinued Presidential Surveillance Program. But the record does not suggest that Plaintiffs have any more (or different) evidence to support these Fourth Amendment claims than the evidence the Court found wanting—dating from a decade ago—that they presented in support of their asserted Fourth Amendment claims concerning ongoing Upstream collection of the content of certain Internet-based communications. And these Fourth Amendment challenges also face the same legal hurdles Plaintiffs faced in their partial summary judgment motion: whether Plaintiffs can establish their standing without access to classified information; and, if they can, whether the collection constitutes a seizure and/or search; and, if it does, whether the program was reasonable within the meaning of the Fourth Amendment or whether the reasonableness of the program can be litigated without resort to classified national security information. And, indeed, any First Amendment challenge to content collection under presidential authorization would implicate at least some of the same legal and evidentiary issues.[3]

---

[3] Likewise, the presence of Plaintiffs' "claims challenging the acquisition of telephone and Internet records, as distinct from content," Pls.' Mot. at 3-4, provides no basis for pressing ahead with these claims while one component of Plaintiffs' Fourth Amendment claim is heard on appeal. While these claims challenging non-content collection programs may raise different (or additional) factual issues than the evidentiary questions the Court decided on Plaintiffs' putative Fourth Amendment challenge to the NSA's Upstream collection program, these remaining claims also implicate similar issues such as whether standing can be established without harm to

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

8

This likely "similarity of legal or factual issues"—between Plaintiffs' claim that the Court found wanting in its recent decision and those issues involved in the unadjudicated claims described above[4]—"weigh[s] heavily against entry of judgment" under Rule 54(b). *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). This is because the "greater the overlap the greater the chance" that the Court of Appeals, or even this Court, will engage in "[d]uplication of proceedings," *Wood*, 422 F.3d at 882, in violation of the "long established rule prohibiting piecemeal litigation." *CMAX, Inc.*, 295 F.2d at 697.

Second, Plaintiffs also argue that granting their Rule 54(b) motion is appropriate based on equitable considerations. *See* Pls.' Mot. at 1-3. As an initial matter, "an assessment of basically equitable concerns" such as these "is made only after the 'judicial concerns'" are "satisfied." *See Gregorian*, 871 F.2d at 1519. And here, for the reasons set forth above, judicial concerns are not satisfied. *See supra*, at 7-9. Plaintiffs nevertheless argue that their motion should be granted because of the "strong public interest" in this case and the "importance of plaintiffs' claim to [the] national debate on the NSA's activities." Pls.' Mot. at 3. But national debate about

---

national security. Moreover, because the Presidentially-authorized bulk metadata collection programs that are being challenged have been discontinued, "the sound administration of justice," *Wood*, 422 F.3d at 880, does not weigh in favor of risking duplicative proceedings on appeal and in district court in order to adjudicate Plaintiffs' challenges to these programs. And, similarly, to the extent Plaintiffs also seek to challenge the *ongoing* bulk telephony metadata program undertaken pursuant to Section 215 of FISA, the presence of such a claim provides no basis for granting the Rule 54(b) motion and proceeding with the challenge to the Section 215 program. A Fourth Amendment challenge to that program has already been briefed and heard by the Ninth Circuit in *Smith v. Obama*, 24 F. Supp. 3d 1005 (D. Idaho 2014), *appeal pending*, No. 14-35555 (9th Cir.). Any decision by the Court of Appeals will provide guidance to this Court on any such claim. In addition, another challenge to the legality of that program is fully briefed by the same counsel for the Plaintiffs here in *First Unitarian et al. v. NSA et al.*, 3:13-cv-03287, which is also pending before this Court.

[4] Also, to the extent that Plaintiffs make similar claims against former senior government officials in their personal capacities arising out of a similar set of facts, the pendency of these claims in the district court provides further support for denying the Rule 54(b) motion. This conclusion remains true even though, and is actually bolstered because, the individual-capacity claims remain stayed pursuant to this Court's prior order, pending a final resolution of Plaintiffs' claims against the Government Defendants.

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

9

intelligence programs is proceeding robustly, including in Congress, apart from this lawsuit. And equitable considerations that warrant an interim partial final judgment more appropriately apply where a party whose claim is entirely resolved need not wait until the claims of other parties still before the Court are adjudicated. *See, e.g.*, *Curtiss-Wright*, 446 U.S. at 11 (large liquidated debts would not be paid for many months while case proceeded); *AmerisourceBergen Corp. v. Dialysist W.*, 465 F.3d 946, 955 (9th Cir. 2006) (certifying final judgment in favor of party owed $2.2 million). Here, the same Plaintiffs will be contesting numerous other claims for relief going forward.

Plaintiffs' other equitable argument fares no better. Plaintiffs contend that there is no just reason to delay appealing the Court's recent decision when their case "has been pending for over six years," when "progress has been slow," when "[m]uch labor remains," and when it will "likely" take "years" to "resolve the remaining claims." Pls.' Mot. at 1, 2, 3. But Plaintiffs' impatience with the pace of proceedings is not grounds for a piecemeal appeal, nor is speculation as to the scope of further litigation. While Plaintiffs are correct that "[e]ntry of judgment under Rule 54(b) 'is proper if it will aid 'expeditious decision' of the case,'" Pls.' Mot. at 2 (quoting *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991)), Plaintiffs do not explain how appealing one aspect of one claim in the case, while numerous claims raising similar factual and legal issues would remain in district court, would expedite or otherwise "streamline the ensuing litigation." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009).

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' Rule 54(b) motion should be denied.

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

Dated: May 1, 2015

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

   */s/Rodney Patton*
RODNEY PATTON
Trial Attorney
rodney.patton@usdoj.gov
JULIA BERMAN (Bar No. 241415)
Trial Attorney
julia.berman@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 7320
Washington, D.C. 20044
Phone: (202) 305-7919
Fax: (202) 616-8470

*Attorneys for the Government Defendants
Sued in their Official Capacities*

Government Defendants' Opposition to Plaintiffs' Motion for Entry of Final Judgment on their Fourth Amendment Internet Content Interception Claim Pursuant to Federal Rule of Civil Procedure 54(b), *Jewel v. National Security Agency* (4:08-cv-4373-JSW)

11