| | |
|---|---|
| CINDY COHN (SBN 145997)<br>cindy@eff.org<br>DAVID GREENE (SBN 160107)<br>LEE TIEN (SBN 148216)<br>KURT OPSAHL (SBN 191303)<br>MARK RUMOLD (SBN 279060)<br>ANDREW CROCKER (SBN 291596)<br>JAMIE L. WILLIAMS (SBN 279046)<br>JAMES S. TYRE (SBN 083117)<br>ELECTRONIC FRONTIER FOUNDATION<br>815 Eddy Street<br>San Francisco, CA 94109<br>Telephone: (415) 436-9333<br>Fax: (415) 436-9993<br><br>RICHARD R. WIEBE (SBN 121156)<br>wiebe@pacbell.net<br>LAW OFFICE OF RICHARD R. WIEBE<br>One California Street, Suite 900<br>San Francisco, CA 94111<br>Telephone: (415) 433-3200<br>Fax: (415) 433-6382 | RACHAEL E. MENY (SBN 178514)<br>rmeny@kvn.com<br>MICHAEL S. KWUN (SBN 198945)<br>BENJAMIN W. BERKOWITZ (SBN 244441)<br>AUDREY WALTON-HADLOCK (SBN 250574)<br>JUSTINA K. SESSIONS (SBN 270914)<br>PHILIP J. TASSIN (SBN 287787)<br>KEKER & VAN NEST, LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400<br>Fax: (415) 397-7188<br><br>THOMAS E. MOORE III (SBN 115107)<br>tmoore@rroyselaw.com<br>ROYSE LAW FIRM, PC<br>1717 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: (650) 813-9700<br>Fax: (650) 813-9777<br><br>ARAM ANTARAMIAN (SBN 239070)<br>aram@eff.org<br>LAW OFFICE OF ARAM ANTARAMIAN<br>1714 Blake Street<br>Berkeley, CA 94703<br>Telephone: (510) 289-1626 |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, YOUNG BOON HICKS, as executrix of the estate of GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SECURITY AGENCY, *et al*.,<br><br>Defendants. | CASE NO. 08-CV-4373-JSW<br><br>**PLAINTIFFS' MOTION TO DISSOLVE DISCOVERY STAY**<br>**RE: COUNTS 9, 12 & 15**<br><br>Date: February 5, 2016<br>Time: 9:00 a.m.<br>Courtroom 5, Second Floor<br>The Honorable Jeffrey S. White |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on February 5, 2016 at 9:00 a.m. in Courtroom 5, Second Floor, United States District Court, 1301 Clay Street, Oakland, CA, plaintiffs will move for an order dissolving the discovery stay in this action with respect to plaintiffs' statutory Wiretap Act and Stored Communications Act claims pursuant to 18 U.S.C. § 2712 against defendants National Security Agency, United States, and Department of Justice under Counts 9, 12, and 15 of plaintiffs' complaint.

Plaintiffs' motion is based on the memorandum below, the filings and pleadings of record in this action, and the argument and evidence presented at the hearing of this motion.

**MEMORANDUM**

**I.   Introduction**

This Court should lift the discovery stay with respect to plaintiffs' statutory claims against the government under Counts 9, 12, and 15. The discovery stay has existed throughout the seven-year life of this case. The Ninth Circuit has now made clear that this action must proceed expeditiously to final resolution. The discovery stay has impeded forward progress of this case by unfairly preventing plaintiffs from pursuing discovery. The discovery stay has also thwarted the use of the statutory procedures of section 1806(f) of title 50 U.S.C. that the Court has held apply to plaintiffs' statutory claims under Counts 9, 12, and 15.

**II.   Discussion**

The discovery stay the Court has imposed prevents any discovery whatsoever from going forward, even of unclassified evidence relevant to their claims. Plaintiffs are unaware of any federal lawsuit in which the plaintiff has never been permitted any discovery more than seven years after the lawsuit was filed.

The Ninth Circuit recently overturned the Court's entry of judgment under Rule 54(b) on plaintiffs' Fourth Amendment Internet interception claim. In doing so, it made palpable its dismay at the delay that has dogged this case, and made clear its expectation that the Court and the parties will expeditiously move forward. *See* ECF No. 333 (9th Cir. slip op. of 12/18/15 in No. 15-16133) at 5, 16-17.

Plaintiffs have brought statutory claims against the government under the Wiretap Act and the Stored Communications Act pursuant to 18 U.S.C. § 2712, which provides a cause of action against the United States for violations of those statutes.  ECF No. 1; ECF No. 153 at 15-18.  These claims are stated in Counts 9, 12, and 15 of the complaint.  ECF No. 1.  In July 2013, the Court denied the government's motion for summary judgment on Counts 9, 12, and 15 on state secrets privilege grounds and motion to dismiss those counts on sovereign immunity grounds, ruling that these three counts instead are subject to the discovery provisions of 1806(f).  ECF No. 153 at 2, 12-18.

Discovery should go forward on plaintiffs' statutory claims under Counts 9, 12, and 15.  The potential that the government may object to particular discovery requests on national security grounds is no barrier to permitting discovery to move forward.  Section 1806(f) provides a mechanism for discovery in such situations, and the Court has held that section 1806(f) displaces the state secrets privilege with respect to Counts 9, 12, and 15.  ECF No. 153 at 12-15.  As the Court recognized, section 2712(b)(4) expressly requires the application of section 1806(f) to plaintiffs' Wiretap Act and SCA claims brought under section 2712:

> Notwithstanding any other provision of law, the procedures set forth in section 106(f) [50 U.S.C. § 1806(f)] . . . of the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. §§ 1801, *et seq.*) shall be the exclusive means by which materials governed by those sections may be reviewed.

18 U.S.C. § 2712(b)(4); *see also* ECF No. 153 at 13:16-23 (noting that section 2712(b)(4) "designat[es] Section 1806(f) as 'the exclusive means by which materials [designated as sensitive by the government] shall be reviewed' in suits against the United States under FISA, the Wiretap Act, and the Electronic Privacy Protection Act").

### III.    Conclusion

The discovery stay should be dissolved with respect to plaintiffs' statutory claims under Counts 9, 12, and 15.

DATE:  January 1, 2016                          Respectfully submitted,

*s/ James S. Tyre*
JAMES S. TYRE

|   |   |
|---|---|
| 1 | CINDY A. COHN |
|   | DAVID GREENE |
| 2 | LEE TIEN |
|   | KURT OPSAHL |
| 3 | MARK RUMOLD |
|   | ANDREW CROCKER |
| 4 | JAMIE L. WILLIAMS |
|   | ELECTRONIC FRONTIER FOUNDATION |

CINDY A. COHN
DAVID GREENE
LEE TIEN
KURT OPSAHL
MARK RUMOLD
ANDREW CROCKER
JAMIE L. WILLIAMS
ELECTRONIC FRONTIER FOUNDATION

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE

THOMAS E. MOORE III
ROYSE LAW FIRM, PC

RACHAEL E. MENY
MICHAEL S. KWUN
BENJAMIN W. BERKOWITZ
AUDREY WALTON-HADLOCK
JUSTINA K. SESSIONS
PHILIP J. TASSIN
KEKER & VAN NEST LLP

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN

Attorneys for Plaintiffs