IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN JEWEL, ET AL., | |
|     Plaintiffs, | No. C 08-04373 JSW |
| v. | |
| NATIONAL SECURITY AGENCY, ET AL., | |
|     Defendants. | |
| | |
| VIRGINIA SHUBERT, ET AL., | No. C 07-00693 JSW |
|     Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO LIFT STAY OF DISCOVERY** |
| BARACK OBAMA, ET AL., | |
|     Defendants. | |
|                                    / | |

Now before the Court is Plaintiffs' motion to lift the Court's stay of discovery with respect to Plaintiffs' statutory claims under the Wiretap Act and Stored Communications Act brought against defendants National Security Agency, United States and the Department of Justice under Counts 9, 12, and 15 of the complaint. The Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing scheduled for February 26, 2016. Having considered the parties'

1  papers, relevant legal authority, and the record in this case, the Court GRANTS Plaintiffs'
2  motion to lift the Court's stay of discovery.

3  In order to manage this matter in a manner most conducive to the unique concerns and
4  challenges this case presents, the Court had stayed discovery pending resolution of challenged
5  issues of law. However, having resolved the issue whether the Plaintiffs have sufficiently stated
6  allegations to support claims for damages under the Wiretap Act and the Stored
7  Communications Act, and having received explicit admonition from the Ninth Circuit Court of
8  Appeals to advance this matter, the Court GRANTS Plaintiffs' motion to lift the stay of
9  discovery with respect to Counts 9, 12, and 15.

10 In response to the Ninth Circuit's earlier directive on initial remand to determine
11 whether the government's assertion that the state secrets privilege barred the suit altogether, this
12 Court resolved that the procedural mechanism under 50 U.S.C. section 1806(f) of the Foreign
13 Intelligence Surveillance Act ("FISA") displaces the state secrets privilege. (Order dated July
14 23, 2013.) Defendants moved to dismiss all of Plaintiffs' claims, asserting that sovereign
15 immunity barred litigation of Plaintiffs' statutory claims, and that the state secrets privilege
16 required dismissal of the case in its entirety because attempting to litigate this matter to a
17 judgment on the merits would present an unacceptable risk of disclosing state secrets. Plaintiffs
18 cross-moved for partial summary judgment on the ground that the state secrets privilege is
19 preempted by the procedure described in FISA section 106, 50 U.S.C. section 1806(f). In its
20 order, the Court determined that with respect to Plaintiffs' statutory claims under the Wiretap
21 Act, 18 U.S.C. section 2511(1), and the Electronic Communications Privacy Act or Stored
22 Communications Act, 18 U.S.C. section 2703, that 18 U.S.C. section 2712 waives sovereign
23 immunity for damages claims. (*Id.* at 15-18.) The Court also specifically found that section
24 2712(b)(4) "designat[es] Section 1806(f) as 'the exclusive means by which materials
25 [designated as sensitive by the government] shall be reviewed' in suits against the United States
26 under FISA, the Wiretap Action, and the Electronic Privacy Protection Act." (Order dated July
27 23. 2013 at 13.)
28

The Court has reviewed the parties' briefing in response to the Court's questions in connection with earlier briefing. Considering the interim flux in relevant precedent and transitions in law, and having received no dispositive motion to adjudicate Plaintiffs' remaining statutory claims for damages, those claims are currently ripe for discovery. The procedural mechanism under 50 U.S.C. section 1806(f) of FISA serves to alleviate the risk of disclosure of state secret information.

The current state of the pleadings requires that the Court allow Plaintiffs to pursue their statutory claims for damages. The Ninth Circuit has explicitly cautioned this Court not to dispose of the issue of standing at the pleading stage. *See Jewel v. National Secuirity Agency*, 673 F.3d 902, 911 (9th Cir. 2011). Although "[u]ltimately Jewel may face ... procedural, evidentiary and substantive barriers ..., at this initial pleading stage, the allegations are deemed true and are presumed to 'embrace the 'specific facts' needed to sustain the complaint.'" *Id.* (citing *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990)). Particularly, in the area of their statutory claims, this Court has found that in the absence of sovereign immunity, Plaintiffs may state claims under the Wiretap Act and the Stored Communications Act. The Ninth Circuit has found in this matter that "Congress specifically envisioned plaintiffs challenging government surveillance under this statutory constellation." *Id.* at 913. As to Jewel's statutory claims, "injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id.* at 908 (citing *Lujan v. Nat'l Wildlife Fed.*, 504 U.S. 555, 578 (1992)).

Without a further dispositive determination of all of the remaining claims at issue at this time, the Court has found that Plaintiffs have sufficiently pled Counts 9, 12, and 15. Further, the Court has addressed the protective procedural mechanism by which any sensitive material may be reviewed. Although the Court has timely resolved all matters brought for resolution by the parties and the precedent in this area is in flux, the Court is mindful of the Ninth Circuit's directive to advance the conclusion of this litigation. Accordingly, the Court GRANTS Plaintiffs' motion to lift the stay of discovery on Counts 9, 12, and 15. The Court notes that any disputed materials that Defendants contend may potentially run the risk of impermissible

3

disclosure of state secret information may be disclosed *ex parte* for *in camera* review.  To the extent the parties seek to resolve the remaining legal claims as a matter of law, the Court admonishes that the parties should seek resolution of all remaining matters by summary adjudication on the merits, with the benefit of any potentially available discovery.

**IT IS SO ORDERED.**

Dated:   February 19, 2016



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4