PAGES 1 - 79

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE

CAROLYN JEWEL, ET AL.,          )
                                )
          PLAINTIFFS,           )     NO. C-08-4373 JSW
                                )
  VS.                           )     FRIDAY, MAY 19, 2017
                                )
NATIONAL SECURITY               )     OAKLAND, CALIFORNIA
AGENCY, ET AL.,                 )
                                )
                                )     FURTHER CASE MANAGEMENT
                                )          CONFERENCE
          DEFENDANTS.           )
_____)

## REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

**FOR PLAINTIFF**S:          RICHARD R. WIEBE, ESQUIRE
                          44 MONTGOMERY STREET, SUITE 650
                          SAN FRANCISCO, CALIFORNIA 94104

                          ELECTRONIC FRONTIER FOUNDATION
                          815 EDDY STREET
                          SAN FRANCISCO, CALIFORNIA 94109
                 BY:   CINDY COHN, ESQUIRE


                          KEKER & VAN NEST & PETERS
                          633 BATTERY STREET
                          SAN FRANCISCO, CALIFORNIA 94111
                 BY:   PHILIP J. TASSIN, ESQUIRE

                   (APPEARANCES CONTINUED)


**REPORTED BY:**             DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                          OFFICIAL COURT REPORTER


         TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

```
 1                          ROYSE LAW FIRM, PC
                            149 COMMONWEALTH DRIVE, SUITE 1001
 2                          MENLO PARK, CALIFORNIA 94025
                      BY:   THOMAS E. MOORE, III, ESQUIRE
 3

 4

 5   FOR DEFENDANTS:        U.S. DEPARTMENT OF JUSTICE
                            20 MASSACHUSETTS AVENUE N.W.
 6                          WASHINGTON, DC 20530
                      BY:   JAMES GILLIGAN, TRIAL ATTORNEY
 7                          RODNEY PATTON, TRIAL ATTORNEY
                            CAROLINE J. ANDERSON, TRIAL ATTORNEY
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | <u>FRIDAY, MAY 19, 2017</u>                                    <u>11:17 A.M.</u> |
| 2 | P R O C E E D I N G S |
| 3 | **THE CLERK:**  CALLING CIVIL 08-4373 CAROLYN JEWEL, ET |
| 4 | AL. VERSUS NATIONAL SECURITY AGENCY, ET AL. |
| 5 | COUNSEL, PLEASE STEP FORWARD TO THE PODIUMS AND STATE YOUR |
| 6 | APPEARANCES. |
| 7 | **MR. WIEBE:**  GOOD MORNING, YOUR HONOR.  RICHARD WIEBE |
| 8 | FOR THE PLAINTIFFS. |
| 9 | **THE COURT:**  GOOD MORNING. |
| 10 | **MR. GILLIGAN:**  GOOD MORNING, YOUR HONOR.  JAMES |
| 11 | GILLIGAN FOR THE GOVERNMENT DEFENDANTS. |
| 12 | **THE COURT:**  LET ME HEAR ALL THE PLAINTIFFS FIRST. |
| 13 | **MR. GILLIGAN:**  OH, I'M SO SORRY. |
| 14 | **THE COURT:**  IT'S OKAY. |
| 15 | **MS. COHN:**  CINDY COHN FOR THE PLAINTIFFS. |
| 16 | **THE COURT:**  GOOD MORNING. |
| 17 | **MR. MOORE:**  GOOD MORNING, YOUR HONOR.  TOM MOORE ALSO |
| 18 | FOR THE PLAINTIFFS. |
| 19 | **THE COURT:**  GOOD MORNING. |
| 20 | **MR. TASSIN:**  GOOD MORNING, YOUR HONOR.  PHILIP TASSIN |
| 21 | FOR THE PLAINTIFFS. |
| 22 | **THE COURT:**  GOOD MORNING. |
| 23 | WILL YOU RESTATE YOUR APPEARANCES? |
| 24 | **MR. GILLIGAN:**  NOW TAKING MY PROPER TURN, JAMES |
| 25 | GILLIGAN WITH THE DEPARTMENT OF JUSTICE, FOR THE GOVERNMENT |

1    DEFENDANTS.  AND WITH ARE ME....

2         **MR. PATTON:**  GOOD MORNING, YOUR HONOR.  RODNEY PATTON

3    WITH THE DEPARTMENT OF JUSTICE FOR GOVERNMENT DEFENDANTS.

4         **THE COURT:**  GOOD MORNING.

5         **MS. ANDERSON:**  CAROLINE ANDERSON, DEPARTMENT OF

6    JUSTICE, FOR THE GOVERNMENT DEFENDANTS.

7         **THE COURT:**  GOOD MORNING.

8      COUNSEL CAN TAKE THEIR SEATS BEFORE WE -- BEFORE I ENGAGE

9    COUNSEL.

10     WHAT I THOUGHT WOULD BE HELPFUL TO DO, BECAUSE JUST

11   PREPARING FOR THIS FOR ALL OF YOU AND FOR THE COURT HAS BEEN A

12   TASK UNTO ITSELF, JUST TO REMIND ONE'S SELF ABOUT WHAT'S

13   HAPPENED IN THIS CASE, WHAT THE POSITIONS ARE, THE CHANGING,

14   POTENTIALLY CHANGING LEGAL AND FACTUAL LANDSCAPE, AND ALL OF

15   THE CASES SWIRLING AROUND BOTH THE COUNTRY AND THROUGH THE

16   CIRCUITS AND THROUGH THE NINTH CIRCUIT, DISTRICT COURTS, AND

17   WITH THE BENEFIT OF THE SUBMISSIONS THAT THE COURT ORDERED

18   COUNSEL TO PROVIDE, WHICH WERE HELPFUL, I THOUGHT I WOULD JUST

19   HAVING DONE THAT, KIND OF GIVE YOU THE COURT'S SUMMARY OF THE

20   LANDSCAPE, TELL YOU WHERE I THINK THIS NEEDS TO GO IN TERMS OF

21   PROCEDURALLY, AND THEN I'M GOING TO ASK SOME SPECIFIC

22   QUESTIONS THAT HAVE BEEN KIND OF NAGGING AT THE COURT HAVING

23   REVIEWED THE DOCKET, AND MAYBE YOU CAN ANSWER IT, MAYBE NOT,

24   MAYBE WE NEED BRIEFING ON IT, AND THEN I WILL TELL YOU HOW I

25   THINK THE CASE SHOULD GO FROM HERE.

1    AND THEN, OF COURSE, I'LL GIVE YOU AN OPPORTUNITY ONCE I

2    GET THROUGH THE QUESTIONS TO REFLECT UPON WHAT THE COURT HAS

3    SAID AND WHETHER YOU THINK THE COURT'S PROPOSAL, WHICH WILL

4    RESULT IN AN ORDER UNLESS YOU TALK ME OUT OF IT, IS FEASIBLE

5    AND APPROPRIATE.

6    SO AFTER MANY YEARS AND MUCH MOTION PRACTICE AND TWO

7    SEPARATE APPEALS AND REMANDS, THIS CASE PRESENTS ITSELF TO THE

8    COURT FOR A COMPREHENSIVE RESOLUTION.

9    THE SOLE REMAINING CLAIMS IN THIS MATTER ARE PLAINTIFFS'

10   STATUTORY CLAIMS FOR DAMAGES UNDER THE WIRETAP ACT AND THE

11   STORED COMMUNICATIONS ACT.  THE PARTIES BRING THE ISSUE OF

12   DISCOVERY IN THE DIFFICULT CONTEXT OF NATIONAL SECURITY BEFORE

13   THE COURT FOR DETERMINATION.  THAT'S ONE OF THE MOST RECENT

14   THINGS THAT'S HAPPENED.

15   HAVING REMANDED THE CASE BACK TO THE COURT WITH SPECIFIC

16   INSTRUCTIONS TO RESOLVE THIS MATTER OR BRING IT BEFORE THE

17   NINTH CIRCUIT AFTER COMPREHENSIVE ADJUDICATION, THIS COURT IS

18   TASKED WITH ENGAGING IN THE PROCESS OF DISCOVERY AND RESOLVING

19   THE REMAINING LEGAL CLAIMS.  THE COURT HAS TWICE ADMONISHED

20   THE PARTIES TO SEEK RESOLUTION OF ALL REMAINING MATTERS BY

21   SUMMARY ADJUDICATION ON THE MERITS WITH THE BENEFIT OF ANY

22   POTENTIALLY AVAILABLE DISCOVERY.

23   NOW -- AND, OF COURSE, THE PARTIES HAVE FILED SOME OF

24   THOSE MOTIONS ON OTHER CLAIMS.

25   NOW, IN AN EFFORT TO ADDRESS THE NINTH CIRCUIT'S MANDATE

1    TO THIS COURT, THE COURT SHALL SET THE GUIDELINES FOR SUCH AN

2    OMNIBUS MOTION PRACTICE.

3        HERE, IN THE LATEST CASE MANAGEMENT CONFERENCE FILING, THE

4    DEFENDANTS HAVE PROPOSED FILING DUAL MOTIONS, A MOTION FOR

5    SUMMARY JUDGMENT ON THE PLEADINGS AND A MOTION FOR A

6    PROTECTIVE ORDER WITH THE EXPRESS PURPOSE OF ADDRESSING A

7    COMPREHENSIVE DISPOSITION WITHOUT DISCLOSURES AS REQUESTED BY

8    PLAINTIFFS.

9        DEFENDANTS ALSO OFFERED TO PRODUCE TO THE COURT FOR IN

10   CAMERA REVIEW A SELECTION OF ADDITIONAL CLASSIFIED

11   DECLARATIONS AND DOCUMENTS RELATING TO THE ISSUE OF STANDING.

12       THE NINTH CIRCUIT HAS EXPLICITLY CAUTIONED THIS COURT NOT

13   TO DISPOSE OF THE ISSUE OF STANDING AT THE PLEADING SCHEDULE,

14   SEE *JEWEL VERSUS NSA* 673 F. 3D 902 AT PAGE 911, DECIDED BY THE

15   CIRCUIT IN 2011, ALTHOUGH QUOTE, ULTIMATELY *JEWEL* MAY FACE

16   PROCEDURAL EVIDENTIARY AND SUBSTANTIVE BARRIERS, AT THIS

17   INITIAL PLEADING STAGE THE ALLEGATIONS ARE DEEMED TRUE AND ARE

18   PRESUMED TO EMBRACE THE SPECIFIC FACTS NEEDED TO SUSTAIN THE

19   COMPLAINT.  AND THAT'S CITING THE SAME CITATION FROM *JEWEL*

20   WHICH IN TURN WAS CITING *LUJAN*, L-U-J-A-N *VERSUS NATIONAL*

21   *WILDLIFE FOUNDATION* 497 U.S. 871 AT 888 DECIDED BY THE SUPREME

22   COURT IN 1990.

23       THE NINTH CIRCUIT HAS FOUND IN THIS MATTER THAT QUOTE,

24   "CONGRESS SPECIFICALLY ENVISIONED PLAINTIFFS' CHALLENGING

25   GOVERNMENT SURVEILLANCE UNDER THIS STATUTORY CONSTELLATION."

1   THAT IS AGAIN THE *JEWEL VERSUS NSA* CASE AT PAGE 913.

2      INSTEAD OF TWO PROPOSED MOTIONS ON PRELIMINARY LEGAL

3   ISSUES, THE COURT WANTS AND IS GOING TO ORDER THE DEFENDANTS

4   TO PREPARE AN OMNIBUS MOTION FOR JUDGMENT ON THE PLEADINGS,

5   AND IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT.  DISCOVERY SHALL

6   BE STAGED TO ADDRESS THE THRESHOLD STANDING ISSUE AT THE

7   OUTSET.

8      THE COURT IS NOT CONVINCED THAT THERE'S ANY NEED FOR A

9   MOTION FOR A PROTECTIVE ORDER AND EXPECTS THE DOCUMENTS

10  RELATING TO STANDING TO BE DISCLOSED.  TO THE EXTENT THEY ARE

11  CLASSIFIED, THEY SHALL BE PRODUCED TO THE COURT FOR AN IN

12  CAMERA REVIEW.  AND TO THE EXTENT THEY ARE NOT CLASSIFIED,

13  THEY SHALL, IN ADDITION, BE PRODUCED DIRECTLY TO PLAINTIFFS.

14     THE COURT MUST DIRECTLY ADDRESS THE NINTH CIRCUIT'S

15  MANDATE THAT IT NOT RESOLVE THE THRESHOLD ISSUE OF STANDING

16  MERELY BY RELYING ON THE ALLEGATIONS IN THE PLEADINGS.  BOTH

17  PARTIES AGREE THAT THE STANDING ANALYSIS DOES NOT CHANGE UNDER

18  THE SUPREME COURT'S RECENT RULING IN *SPOKEO* S-P-O-K-E-O, *INC.*

19  *VERSUS ROBBINS* 136 SUPREME COURT 1540 DECIDED IN 2016.

20     NOW, DEFENDANTS OFFERED TO SUBMIT TO THE COURT QUOTE, "A

21  MANAGEABLE SAMPLE OF CLASSIFIED DOCUMENTS AND INFORMATION

22  ADDRESSING ISSUES THAT REMAIN", UNQUOTE, WHILE SIMULTANEOUSLY

23  SUBMITTING A CLASSIFIED DECLARATION TO EXPLAIN WHY DISCLOSURE

24  OF THE INFORMATION REQUESTED WOULD RISK EXCEPTIONALLY GRAVE

25  DAMAGE TO NATIONAL SECURITY.  DEFENDANTS SHALL BE REQUIRED TO

1   MARSHAL THE EVIDENCE TO SUBMIT FOR AN IN CAMERA REVIEW

2   REGARDING THE QUESTION OF STANDING TO PURSUE THE REMAINING

3   STATUTORY CLAIMS.

4        IN RESPONSE TO THIS OMNIBUS MOTION, THE PLAINTIFFS MAY

5   COUNTER THE GOVERNMENT'S POSITION ON THE SCOPE OF DOCUMENTS

6   PRODUCED TO THE COURT AS REPRESENTED IN NONCLASSIFIED

7   SUBMISSIONS IN THE CASE OR OTHERWISE AND THE LEGAL STANDARD

8   PROFFERED TO ESTABLISH STANDING.

9        IN RESPONSE, THE COURT MAY REQUIRE FURTHER ADDITIONAL

10  EVIDENCE OR MAY DETERMINE THAT DEFENDANTS HAVE SUBMITTED

11  SUFFICIENT EVIDENCE TO RESOLVE THE THRESHOLD LEGAL MATTERS.

12       SO WHAT I AM GETTING AT THERE IS, THE GOVERNMENT, BECAUSE

13  OF THE NATURE OF THE CLASSIFICATION ISSUES, WOULD LIKE TO SAY

14  TO THE COURT, HERE ARE ALL THE DOCUMENTS YOU NEED TO DETERMINE

15  DEFINITIVELY THE ISSUE OF PLAINTIFFS' STANDING TO PURSUE THE

16  REMAINING CLAIMS.  THE PLAINTIFFS MAY SAY, NO, NO, THOSE

17  DOCUMENTS THAT THE GOVERNMENT PROPOSES TO SUBMIT IN RESPONSE

18  TO THE COURT'S ORDER REALLY ARE NOT SUFFICIENT TO GIVE THE

19  COURT THE APPROPRIATE RECORD FOR MAKING THE RULING.

20       SO I DECIDED THAT THE GOVERNMENT WOULD BE REQUIRED TO

21  BASICALLY DEFINE IN SOME WAY THE STANDARD UPON WHICH THEY ARE

22  DETERMINING WHICH DOCUMENTS TO PRODUCE WITHOUT GETTING INTO

23  CLASSIFIED MATTERS OR MATTERS THAT ARE APPROPRIATELY

24  MAINTAINED ONLY TO THE COURT, BUT IF THE PLAINTIFFS FEEL THAT

25  THE GOVERNMENT IS BEING TOO NARROW IN THEIR PROPOSAL OR ARE

```
1     NOT ADDRESSING THE APPROPRIATE LEGAL STANDARD FOR STANDING
2     GIVEN THE REMAINING CLAIMS, THIS IS THE WAY I PROPOSE TO GIVE
3     THE PLAINTIFFS AN OPPORTUNITY TO WEIGH IN ON THEIR POSITION.
4          AND I MAY SAY, YES, BASED UPON THAT ARGUMENT, THE STANDARD
5     THAT THE GOVERNMENT PROPOSES THAT THE COURT APPLY IS NOT
6     CORRECT AND I AM GOING TO WANT ADDITIONAL DOCUMENTS OR
7     DECLARATIONS SO THAT THE PLAINTIFFS ARE NOT COMPLETELY
8     PRECLUDED FROM PARTICIPATING IN SOME WAY IN THIS PROCESS WITH
9     DUE REGARD TO THE ISSUES OF NATIONAL SECURITY CLASSIFICATION
10    AND THE LIKE.
11         SO WHAT I AM GOING TO DO IS, I AM GOING TO ADOPT -- THIS
12    IS UNDER THE HEADING OF "BE CAREFUL WHAT YOU WISH FOR",
13    BECAUSE THE COURT SHALL ADOPT THE DEADLINES PROPOSED BY THE
14    DEFENDANTS FOR ITS PROPOSED MOTIONS BUT NOW FOR THE OMNIBUS
15    MOTION FOR JUDGMENT ON THE PLEADINGS AND IN THE ALTERNATIVE
16    FOR SUMMARY JUDGMENT.
17         SHOULD EITHER PARTY REQUIRE ADDITIONAL TIME, THE COURT IS
18    POTENTIALLY AMENABLE FOR GOOD CAUSE TO AN ADJUSTED SCHEDULE.
19    SO HERE IS THE SCHEDULE TAKEN FROM THE CASE MANAGEMENT
20    CONFERENCE STATEMENT.
21         SO JULY 21ST, 2017 IS THE DEADLINE FOR OPENING BRIEFS AND
22    EVIDENTIARY SUBMISSIONS.
23         SEPTEMBER 22ND IS THE DEADLINE FOR OPPOSITION AND
24    OCTOBER 20TH FOR REPLIES AND POSSIBLY OTHER EVIDENCE.  SO THAT
25    IS JULY 21, SEPTEMBER 22, AND OCTOBER 20TH.
```

```
1          THE COURT WILL THEN SET A MOTION SCHEDULE FOR HEARING, IF

2     NECESSARY, BY SEPARATE ORDER WHICH WOULD BE CONCOMITANT WITH

3     THE COURT'S SCHEDULE ESPECIALLY AS IT RELATES TO THE NECESSARY

4     ARRANGEMENTS THAT NEED TO BE MADE.

5          NOW, THERE IS A POSSIBILITY, AND, AGAIN, THIS IS NOT IN

6     ANYTHING THAT THE COURT HAS DECIDED, BASED UPON WHAT IS

7     SUBMITTED, THAT THE COURT MAY REQUIRE AN IN CAMERA EX PARTE

8     HEARING IN A CLASSIFIED SETTING WHICH WOULD ONLY BE ATTENDED

9     BY THE GOVERNMENT.

10         I DON'T EXPECT THIS TO HAVE TO HAPPEN BECAUSE I BELIEVE

11    THAT IF THE GOVERNMENT COMPLIES WITH THE APPROPRIATE STANDARDS

12    IN THE COURT'S ORDER, THEY SHOULD BE ABLE TO PROVIDE ADEQUATE

13    INFORMATION TO PROVIDE THE DOCUMENTS AND TO EXPLICATE THEIR

14    RESPECTIVE POSITIONS ON THE DOCUMENTS.  IN THE FOURTH

15    AMENDMENT -- WITH RESPECT TO THE FOURTH AMENDMENT DISPOSITIVE

16    MOTIONS, THE COURT -- THE GOVERNMENT FILED CLASSIFIED LEGAL

17    BRIEFS WHICH THE COURT REVIEWED AND THEN RELIED UPON

18    CATEGORICALLY OR GENERALLY IN ITS ORDER ON SUMMARY JUDGMENT ON

19    THOSE CLAIMS.

20         BUT, AGAIN, I'M JUST THROWING THAT OUT THERE AS SOMETHING

21    THAT THE COURT MAY DO.  I DON'T EXPECT TO DO IT, BUT IT HAS

22    HAPPENED IN OTHER CASES OF THIS KIND.

23         NOW, SO NOW I HAVE THESE BURNING QUESTIONS OR THE

24    QUESTIONS.  SOME OF THEM BURNING, SOME OF THEM NOT SO BURNING.

25         SO, THE FIRST QUESTION IS, REGARDING THE DEFENDANTS' MOST
```

1    RECENT SUBMISSIONS WHICH HAVE TO DO WITH PRESERVATION OF

2    EVIDENCE AND THE CHANGED SCHEDULE AND ALL THAT, DO THE

3    PLAINTIFFS STILL MAINTAIN THAT THE NSA IS IN VIOLATION OF THE

4    REQUIREMENT TO PRESERVE EVIDENCE OF MATERIALS GATHERED UNDER

5    SECTION 702 OF FISA?

6         SO THAT'S THE FIRST QUESTION.  BECAUSE THERE WERE

7    ALLEGATIONS ABOUT -- IN THE PAST WE HAD INJUNCTIVE PROCEEDINGS

8    AND THE LIKE IN WHICH THE PLAINTIFFS CLAIM THERE WAS A

9    VIOLATION OF THE GOVERNMENT'S OBLIGATION TO PRESERVE

10   MATERIALS, PARTICULARLY UNDER 702 OF FISA.

11        IS THAT BASED UPON THE RECENT SUBMISSIONS?  DO PLAINTIFFS

12   STILL MAINTAIN THAT POSITION?

13             **MR. WIEBE:**  WOULD YOU LIKE ME TO ADDRESS THAT, YOUR

14   HONOR?

15             **THE COURT:**  YES, PLEASE.

16             **MR. WIEBE:**  YES.  AGAIN RICHARD WIEBE FOR PLAINTIFFS.

17   GOOD TO SEE YOU AGAIN, YOUR HONOR.  ALWAYS A PLEASURE TO BE

18   HERE.

19             **THE COURT:**  THANK YOU.

20             **MR. WIEBE:**  YES, WE DO.  AND IF YOUR HONOR WILL

21   RECALL, THE BASIS FOR THAT MOTION GOES ALL THE WAY BACK TO THE

22   INITIAL PRESERVATION ORDERS THAT WERE ISSUED FIRST IN THE

23   HEPTING ACTION, THEN LATER ADOPTED IN THIS ACTION SHORTLY

24   AFTER IT BEGAN.

25        AND OUR VIEW WAS THAT UNDER THOSE PRESERVATION ORDERS, THE

```
 1    GOVERNMENT WAS REQUIRED TO PRESERVE A WIDE SCOPE OF WHAT IT
 2    WAS INITIALLY COLLECTING UNDER 702 AND PREVIOUSLY UNDER THE
 3    PSP.  AS YOU WILL RECALL, THE COLLECTION PROCESS IS A
 4    MULTI-STAGED PROCESS.  WE HAD OUR FAMOUS DIAGRAM THE LAST TIME
 5    WE WERE HERE WITH YOU, YOUR HONOR, OF THE DIFFERENT STAGES --
 6            THE COURT:  RIGHT.
 7            MR. WIEBE:  -- AND OUR POSITION WAS THAT BECAUSE OUR
 8    CLIENTS' INFORMATION WOULD BE IN THOSE INITIAL STAGES, THAT
 9    INFORMATION THAT WAS BEING GATHERED AND COLLECTED IN THOSE
10    INITIAL STAGES NEEDED TO BE PRESERVED.
11        IT CAME OUT IN 2014 THAT THAT WAS NOT OCCURRING, AND
12    HASN'T BEEN OCCURRING, STILL IS NOT OCCURRING, AND OUR
13    POSITION WAS THAT IN THE ABSENCE OF -- THAT THAT PRESERVATION
14    WAS REQUIRED, AND THE ABSENCE OF THE PRESERVATION OCCURRING,
15    THE COURT SHOULD OFFER OR IMPOSE AN ADVERSE EVIDENTIARY
16    INFERENCE.  AND THAT REQUEST IS STILL BEFORE THE COURT AND
17    PLAINTIFFS ARE STILL MAINTAINING THAT.
18            THE COURT:  ALL RIGHT.  SO JUST -- BEFORE I HEAR FROM
19    THE GOVERNMENT, REMIND THE COURT.  I REMEMBER WE HAD THOSE
20    PROCEEDINGS.  I REVIEWED THE DOCKET.
21            MR. WIEBE:  YES.
22            THE COURT:  THE COURT INITIALLY ACTUALLY ISSUED A
23    TEMPORARY RESTRAINING ORDER, AND THEN UPON FURTHER BRIEFING,
24    THE COURT FOUND, BASED UPON SUBMISSIONS BY THE GOVERNMENT,
25    THAT IT WOULD BE INAPPROPRIATE TO MAINTAIN THAT ORDER.
```

```
1        I'M BEING VERY CAREFUL BECAUSE THE PROBLEM IS, YOU KNOW,

2    THE COURT HAS SEEN A SUBSTANTIAL AMOUNT OF, MASSIVE AMOUNT OF

3    CLASSIFIED INFORMATION, AND SO I'M TRYING TO AVOID SAYING WHY

4    I FOUND WHAT I FOUND.  IT MAY BE IN PUBLIC ORDERS, BUT I

5    SOMETIMES GET THE TWO CONFUSED.

6        SO DIDN'T THE COURT RULE THAT NOTWITHSTANDING YOUR

7    POSITION BECAUSE OF THE POSITION TAKEN BY THE GOVERNMENT AS TO

8    THE CONSEQUENCES OF DOING, YOU KNOW, A MASS RETAINING OF

9    DOCUMENTS, THAT THAT -- A CONTINUING INJUNCTION WOULD BE

10   INAPPROPRIATE?

11        MR. WIEBE:  NO, YOUR HONOR.  THERE WAS NO FINAL

12   DECISION BY THE COURT ON THAT POINT.

13        WHAT THE COURT DID WAS, THERE WAS THAT WEEK IN EARLY JUNE

14   OF 2014 WHEN THE EVENTS YOUR HONOR IS REFERRING TO OCCURRED,

15   AND THERE WAS A SEVERAL-DAY PERIOD WHERE THE COURT HAD IMPOSED

16   A TEMPORARY RESTRAINING ORDER, IF YOU WILL.  AND THEN AFTER

17   THE HEARING, THE COURT HAD DENIED THAT BUT WITHOUT PREJUDICE.

18        AND THERE WAS FURTHER BRIEFING THAT EXTENDED INTO JULY OF

19   2014 BY THE PARTIES FURTHER GOING INTO THESE ISSUES, BUT

20   THERE'S BEEN NO FINAL ORDER RESOLVING THAT AND IN PARTICULAR

21   RESOLVING OUR REQUEST FOR AN ADVERSE EVIDENTIARY INFERENCE.

22        THE COURT:  SO YOU'RE NOT -- THE PLAINTIFFS ARE NOT

23   SEEKING FURTHER INJUNCTIVE RELIEF, BUT AN EVIDENTIARY,

24   ESSENTIALLY EVIDENTIARY SANCTION?

25        MR. WIEBE:  YES.
```

1      **THE COURT:**  ALL RIGHT.  THE QUESTION WOULD BE --

2      **MR. WIEBE:**  JUST TO CORRECT, AND, AGAIN, I HAVEN'T

3  REVIEWED THOSE PAPERS IN DETAIL IN SOME TIME.

4      **THE COURT:**  RIGHT.  AND IN FAIRNESS, I HIT YOU WITH

5  THIS QUESTION KIND OF BLINDLY.

6      **MR. WIEBE:**  YES.

7      MY RECOLLECTION IS THAT THE STATE OF PLAY AS THINGS ENDED

8  WAS WE WERE STILL SAYING GOING FORWARD, THEY SHOULD PRESERVE

9  THIS MATERIAL, BUT AS TO THE LOST EVIDENCE FOR, I GUESS IT WAS

10  A EIGHT-YEAR SPAN, OR WHATEVER, THAT THERE SHOULD BE AN

11  ADVERSE EVIDENTIARY INFERENCE.

12      **THE COURT:**  ALL RIGHT.

13      NOW HERE'S A QUESTION I WANT TO THROW AT YOU, AND I WILL

14  HAVE A SIMILAR COLLOQUY WITH THE GOVERNMENT.  AGAIN, I SAY

15  THIS WITH TRULY NOT KNOWING THE ANSWER TO THE QUESTION.

16      IS IT POSSIBLE THAT THE GOVERNMENT COULD SUBMIT

17  DOCUMENTATION TO THE COURT, CLASSIFIED OR OTHERWISE, PROBABLY

18  CLASSIFIED, IN WHICH IT CONVINCES THE COURT THAT, YES, THERE'S

19  AN EVIDENTIARY -- THERE'S A PRESUMPTION, AN ADVERSE INFERENCE,

20  AND OVERCOME THAT INFERENCE BY SHOWING THE COURT ACTUAL

21  DOCUMENTS THAT SHOW WHAT THE QUOTE-UNQUOTE REALITY IS OF THE

22  EVIDENTIARY -- THE ADVERSE EVIDENTIARY FINDING THAT YOU WOULD

23  HAVE THE COURT MAKE?

24      **MR. WIEBE:**  I GUESS MY INITIAL REACTION TO THAT IS

25  THAT IT'S ALWAYS POSSIBLE TO PERSUADE A COURT WHEN YOU'RE THE

```
1    ONLY ONE WHISPERING IN THE COURT'S EAR.

2              THE COURT:  RIGHT.

3              MR. WIEBE:  AND THAT IS AN ISSUE THAT I THINK NEEDS

4    TO BE CONFRONTED, NOT JUST WITH RESPECT TO THIS PARTICULAR

5    ISSUE, BUT THROUGHOUT WHAT THE COURT'S PROPOSED RESOLUTION IS.

6              THE COURT:  SO PROCEDURALLY, HOW WOULD YOU, AT THIS

7    STAGE, BECAUSE WE ARE HERE AGAIN WITH THE MANDATE THAT I

8    MENTIONED FROM THE CIRCUIT, HOW WOULD YOU -- WHAT WOULD YOU

9    PROPOSE -- HOW WOULD YOU PROPOSE THE COURT ADJUDICATE THIS?

10      DO YOU PROPOSE THE COURT HAS ALL THE INFORMATION IT NEEDS

11   TO MAKE THIS DETERMINATION?

12             MR. WIEBE:  ON THIS PARTICULAR ISSUE, I THINK THE

13   COURT HAS WHAT IT NEEDS TO DECIDE WHETHER TO MAKE THE

14   INFERENCE.  AGAIN, WE WERE ASKING JUST FOR A PERMISSIBLE

15   INFERENCE FOR THE TRIER OF FACT, NOT A MANDATORY INFERENCE.

16      AND I THINK THAT PERMISSIBLE INFERENCE IS APPROPRIATE.  I

17   THINK THE COURT CAN RULE ON IT, AND I THINK, IN FACT, GIVEN

18   THE PROPOSAL THAT THE COURT HAS LAID OUT, IT WOULD BE

19   NECESSARY FOR THE COURT TO RULE ON THAT BEFORE ANY OF THE

20   BRIEFING HAPPENS SO WE KNOW IF THERE'S AN INFERENCE OUT THERE

21   THAT WE CAN RELY ON OR NOT.  BECAUSE OBVIOUSLY THAT WOULD

22   AFFECT OUR BRIEFING.

23             THE COURT:  FAIR ENOUGH.

24      LET ME HEAR FROM GOVERNMENT COUNSEL NOW.  YOU CAN STEP

25   BACK NOW IF YOU WANT.
```

```
1        WOULD YOU RESTATE YOUR NAME?

2            MR. GILLIGAN:  JAMES GILLIGAN.

3            THE COURT:  YES, OKAY.

4            MR. GILLIGAN:  WITH RESPECT TO THE PRESERVATION

5    DISPUTE THAT YOUR HONOR WAS SPEAKING TO BACK IN 2014, IT IS

6    OUR POSITION THAT THE GOVERNMENT HAS NO PRESERVATION

7    OBLIGATIONS WITH RESPECT TO STATUTORILY-BASED INTELLIGENCE

8    PROGRAMS THAT ARE NOT CHALLENGED IN THE COMPLAINT.  THE

9    COMPLAINT, BY ITS TERMS, CHALLENGES PROGRAMS THAT WERE

10   OPERATED UNDER PRESIDENTIAL AUTHORITY AS PART OF THE

11   PRESIDENT'S SURVEILLANCE PROGRAM.  YOUR HONOR --

12           THE COURT:  AND NOT IMPACTED BY THE PRESERVATION

13   ORDERS THAT COUNSEL MENTIONED IN THE LITIGATION CONTEXT?

14           MR. GILLIGAN:  CORRECT.

15       IN ADDITION, YES, AS YOUR HONOR CORRECTLY RECALLS, THE

16   PLAINTIFFS MOVED FOR A TEMPORARY RESTRAINING ORDER TO ENFORCE

17   THE COURT'S PRESERVATION ORDER AS TO COMMUNICATIONS DATA THAT

18   THE GOVERNMENT HAD COLLECTED UNDER SECTION 702 AND WERE

19   SUBJECT TO FISC ORDER AGE-OFF REQUIREMENTS.  WE WERE ONLY

20   PROTECTING THE CASE UPSTREAM PERMITTED TO KEEP THE DATA FOR

21   TWO YEARS AFTER THE -- TWO YEARS FOLLOWING THE EXPIRATION OF

22   THE CERTIFICATION UNDER WHICH THE COLLECTION WAS AUTHORIZED.

23       SO WE WERE SIMPLY TRYING TO COMPLY WITH COURT-ORDERED

24   OBLIGATIONS REGARDING THE DESTRUCTION OF AGED-OFF DATA, AND ON

25   THAT BASIS, AND IN ADDITION FOR THE REASONS THAT WE GAVE TO
```

1    THE COURT ABOUT THE OPERATIONAL CONSEQUENCES OF TRYING TO

2    COMPLY WITH THE PRESERVATION REQUIREMENT, ARGUED THAT WE

3    SHOULD NOT BE REQUIRED TO PRESERVE DATA.  AND THE COURT

4    AGREED.  AT LEAST I AGREE WITH MR. WIEBE THAT IT WAS A

5    DECISION WITHOUT PREJUDICE AT THE TIME, BUT AGREED AT LEAST AT

6    THAT TIME WE DIDN'T HAVE TO PRESERVE THE DATA --

7         **THE COURT:**  SLOW DOWN, PLEASE.

8         **MR. GILLIGAN:**  WE WERE NOT REQUIRED, THE COURT SAID

9    AT LEAST AT THAT TIME, TO PRESERVE THE DATA AS THE PLAINTIFFS

10   HAD REQUESTED.

11       WE ALSO BELIEVE THAT AN ADVERSE INFERENCE IS COMPLETELY

12   UNCALLED FOR HERE WHERE ALL THE GOVERNMENT HAS DONE, AND THIS

13   IS UNDISPUTED, IS SIMPLY COMPLY WITH ITS OBLIGATIONS UNDER THE

14   STANDING ORDERS OF ANOTHER ARTICLE III COURT THAT HAS

15   JURISDICTION OVER THESE INTELLIGENCE PROGRAMS.

16       THERE'S AN ADDITIONAL ISSUE --

17       **THE COURT:**  HAS THE FINAL FISC ORDER ON THIS -- I

18   KNOW THERE WAS SOME DISPUTE ABOUT -- BACK IN WASHINGTON HAVING

19   TO DO WITH DISCLOSURE ABOUT WHAT WAS GOING ON IN THIS COURT,

20   IS -- ARE YOU AT LIBERTY TO SAY YES OR NO WHETHER THERE'S A

21   FISC ORDER -- YOU JUST SAID ANOTHER ARTICLE III JUDGE, THAT

22   BASICALLY COVERS THIS ISSUE?

23       **MR. GILLIGAN:**  YES.  YES.  ON APRIL 28TH, THE FISC

24   DID ISSUE ITS ORDER APPROVING THE CHANGES TO THE 702 UPSTREAM

25   PROGRAM, AND THAT'S A MATTER OF PUBLIC RECORD.  AND WHEN THAT

1    ORDER CAME OUT, WE THEN PLACED THE EX PARTE NOTICE THAT WE

2    PROVIDED TO YOUR HONOR ON THE PUBLIC RECORD AND THE PLAINTIFFS

3    HAVE THAT --

4             **THE COURT:**  EXCUSE ME.  DOES THAT COVER RETENTION?

5             **MR. GILLIGAN:**  YES, IT DOES.  AND WHAT THAT REQUIRES

6    IS THAT ALL DATA ACCUMULATED, ALL RAW UPSTREAM INTERNET

7    COMMUNICATIONS DATA ACCUMULATED PRIOR TO THE CHANGES APPROVED

8    BY THE FISC BE DESTROYED AS SOON AS PRACTICABLE.  THAT'S THE

9    ORDER WE ARE UNDER NOW.

10       THIS ACTUALLY TOUCHES ON A HOUSEKEEPING MATTER THAT I HAD

11   DISCUSSED WITH MR. WIEBE AND WANTED TO BRING UP WITH YOUR

12   HONOR AT THE END OF THE PROCEEDING.

13       WE'VE ASKED THE PLAINTIFFS TO PROVIDE US BY THE END OF

14   NEXT WEEK THEIR POSITION ON WHETHER THEY OBJECT TO THE

15   ACCELERATED DESTRUCTION OF THIS PREVIOUSLY-ACQUIRED DATA.  AND

16   IF THEY DO OBJECT, THEN IT SEEMS AN ISSUE, ANOTHER ISSUE THAT

17   THE PARTIES WILL HAVE TO BRIEF SOMEWHAT EXPEDITIOUSLY BECAUSE

18   WE DO HAVE OBLIGATIONS UNDER FISC ORDERS THAT WE NEED TO

19   COMPLY WITH.

20       SO IF THE PLAINTIFFS OBJECT TO THAT, WE NEED TO HAVE THAT

21   RESOLVED AS SOON AS POSSIBLE.

22            **THE COURT:**  WOULD YOU REMIND ME, I KNOW YOU MADE

23   REFERENCE IN YOUR CMC STATEMENT TO THE PENDENCY OF THE MOTION,

24   IS THE ORDER OF THE FISC COURT CLASSIFIED?

25            **MR. GILLIGAN:**  IT HAS BEEN RELEASED IN DECLASSIFIED

```
1    FORM.  THAT HAPPENED EARLIER THIS WEEK?  LAST WEEK?  RECENTLY.

2          THE COURT:  HAS THAT BEEN PROVIDED TO THE COURT YET?

3          MR. GILLIGAN:  I DO NOT BELIEVE SO.  WE CAN CERTAINLY

4    PROVIDE IT TO THE COURT --

5          THE COURT:  HOW ABOUT PLAINTIFFS' COUNSEL IF IT HAS

6    BEEN RELEASED, CAN YOU RELEASE IT TO THEM?

7          MR. GILLIGAN:  CERTAINLY.  YOU MAY HAVE IT ALREADY

8    FOR ALL I KNOW.

9          MS. COHN:  WE FOUND IT.  THEY DIDN'T SEND IT TO US.

10         THE COURT:  FOR AUTHENTICITY PURPOSES, WHY DON'T YOU

11   SEND THEM THE OFFICIAL VERSION TO MAKE SURE WE ARE DEALING

12   WITH THE SAME ONE.  PLEASE FILE IT WITH THE COURT BY MONDAY.

13         MR. GILLIGAN:  NO PROBLEM.

14         THE COURT:  MS. OTTOLINI, WHAT DATE IS THAT FOR THE

15   MINUTES?

16         THE CLERK:  THAT WILL BE MAY 22ND.

17         THE COURT:  SO YOU WOULD RECOMMEND IF PLAINTIFFS

18   DON'T AGREE TO THE PROCEDURE -- THE EXPEDITED DESTRUCTION THAT

19   IS CONTEMPLATED BY THE FISC ORDER, THAT THE MATTER THEN BE

20   BRIEFED IN SOME FASHION, FOR EXAMPLE, AN ORDER TO SHOW CAUSE

21   RE PRELIMINARY INJUNCTION, OR WHATEVER BEFORE THIS COURT?

22         MR. GILLIGAN:  YES.  YES, YOUR HONOR.  BECAUSE THE

23   BASIS ON WHICH THE PLAINTIFFS WOULD OBJECT ARE THE

24   PRESERVATION OBLIGATIONS THAT ATTACH TO THIS CASE, SO IT WOULD

25   BE A MATTER FOR THIS COURT TO RESOLVE.
```

```
1            THE COURT:  ALL RIGHT.  ANYTHING ELSE TO SAY ON THIS
2    POINT?
3            MR. GILLIGAN:  NO, ON THIS POINT, NO, YOUR HONOR.
4            THE COURT:  ALL RIGHT.  MR. WIEBE -- YOU ARE OF
5    COURSE GOING TO AGREE TO THE EXPEDITED DESTRUCTION?
6            MR. WIEBE:  NOT EXACTLY, YOUR HONOR.
7            THE COURT:  I'M JUST KIDDING.  I'M JUST KIDDING.  I
8    DON'T KNOW WHETHER YOU ARE OR NOT.
9            MR. WIEBE:  I APPRECIATE THAT WE HAVE AN EASY
10   RELATIONSHIP WITH THE COURT.
11           THE COURT:  YES.  YES.
12           MR. WIEBE:  MY UNDERSTANDING DIFFERS FROM THE
13   GOVERNMENT'S COUNSEL.  I THINK YOUR INITIAL QUESTION WAS GOING
14   BACK TO THE EVENTS THAT OCCURRED IN 2014 WHEN THERE WAS
15   INITIALLY A FISC ORDER TO DESTROY EVIDENCE THAT --
16           THE COURT:  IT DID.  IT WAS A LITTLE AMBIGUOUS
17   BECAUSE OBVIOUSLY IT'S IN THE CONTEXT NOW -- I TALKED ABOUT
18   THE CHANGING LEGAL LANDSCAPE -- OF WHAT THE GOVERNMENT
19   DISCLOSED IN THE CMC STATEMENT.
20           MR. WIEBE:  EXACTLY.
21      MY UNDERSTANDING OF HOW ALL THAT HAD PLAYED OUT IN THE
22   INTERPLAY BETWEEN THIS COURT AND THE FISC WAS THAT THE FISC
23   ENDED UP IN THE POSITION OF SAYING TO THE GOVERNMENT, NO, YOU
24   HAVE TO COMPLY WITH LITIGATION HOLDS.
25      AND MY RECOLLECTION IS THAT THE MECHANISM FOR DOING THAT
```

1    IS INFORMATION WAS KIND OF TRANSFERRED INTO A DEEP FREEZE, IF

2    YOU WILL, THAT IS, IT WAS NO LONGER BEING SEARCHED BY THE

3    INTELLIGENCE AGENCIES AND WAS OFF THEIR ACTIVE LIST BUT WAS

4    STILL BEING PRESERVED FOR LITIGATION PURPOSES.

5        THAT'S MY RECOLLECTION OF HOW -- OF WHAT THE FISC POSITION

6    ENDED UP BEING.

7            **THE COURT:**  RIGHT.

8            **MR. WIEBE:**  I'M NOT AWARE OF ANYTHING IN THE CURRENT

9    ORDER -- THE APRIL 28TH, IS IT?

10           **MR. GILLIGAN:**  YES.

11           **MR. WIEBE:**  -- ORDER THAT ADDRESSES LITIGATION HOLDS

12   OR CHANGES THAT EARLIER POSITION.

13           **THE COURT:**  WOULD YOU PROPOSE IN TERMS OF WHAT THE

14   GOVERNMENT -- ASSUMING, I AM NOT PREJUDGING WHAT YOU ARE GOING

15   TO DO, BUT LET'S ASSUME HYPOTHETICALLY THAT EVEN UNDER THE

16   FISC ORDERS AND THE CURRENT STATE OF AFFAIRS AS DISCLOSED BY

17   THE GOVERNMENT, THAT THE WAY TO DEAL WITH THIS IS TO HAVE SOME

18   SORT OF EXPEDITED BRIEFING ON THE ISSUE OF, GIVEN THE CURRENT

19   LEGAL LANDSCAPE, THE APPROPRIATENESS OF THE GOVERNMENT

20   COMPLYING BOTH WITH THE FISC ORDERS AND WITH THE STATUTE?

21           **MR. WIEBE:**  I'M SORRY, WITH THE STATUTE?

22           **THE COURT:**  WELL, WITH THE STATUTE THAT PURPORTS --

23   REQUIRE DESTRUCTION ON SET CERTAIN INTERVALS.

24           **MR. WIEBE:**  I'M NOT SURE IF THAT IS A STATUTORY THING

25   OR PART OF THE MINIMIZATION PROCEDURES THEY HAVE AGREED TO

1    WITH THE FISC.

2              **THE COURT:**  YES.

3              **MR. WIEBE:**  BUT AS I SAID, THE WAY THE FISC HAS

4    HANDLED THIS IN THE PAST IS TO -- IS TO INSTEAD OF ACTUALLY

5    DESTROYING IT, PUT IT IN SEGREGATED STORAGE THAT'S

6    INACCESSIBLE EXCEPT FOR POTENTIAL LITIGATION PURPOSES, AND I

7    DON'T SEE WHY THAT COULDN'T NECESSARILY CONTINUE.

8              **THE COURT:**  LET ME ASK THAT QUESTION.  LET ME ASK

9    THAT QUESTION.

10         WHAT'S -- MR. GILLIGAN, WHAT DO YOU HAVE TO SAY ABOUT

11   THAT?

12             **MR. GILLIGAN:**  WE ARE ALL GRAPPLING WITH OUR

13   RECOLLECTION OF EVENTS NEARLY THREE YEARS AGO, YOUR HONOR.  I

14   THINK WHAT MR. WIEBE MAY BE RECALLING IS A SIMILAR BUT

15   NEVERTHELESS SEPARATE DISPUTE OVER PRESERVATION OF DATA THAT

16   WERE COLLECTED UNDER SECTION 215 OF FISA, NOT 702, THE BULK

17   TELEPHONY METADATA RECORDS THAT THE AGENCY -- THAT THE NSA HAD

18   COLLECTED UNDER A PROGRAM THAT IS NO LONGER IN OPERATION.

19         WE REACHED A SOMEWHAT DIFFERENT RESULT AS WE WERE

20   DISCUSSING WHEN IT CAME TO THE SECTION 702 DATA BECAUSE THAT

21   PRESENTED A VERY DIFFERENT AND MORE COMPLICATED SET OF

22   PRACTICAL PROBLEMS WHEN IT CAME TO PRESERVATION.

23             **THE COURT:**  WELL, THE COURT IS A LITTLE CONFUSED

24   HERE, AND I AM TRYING TO THINK OF THE BEST WAY TO BRING THIS

25   TO A HEAD.

1        ONE -- I THINK WHAT MAY BE IMPORTANT HERE IS TO HAVE THE

2   PARTIES TALK TO EACH OTHER AND TO TRY TO REACH CONSENSUS ON

3   WHAT IS THE CURRENT STATE OF AFFAIRS AND THE RECORD, AND THEN

4   PERHAPS MAYBE THE ANSWER IS, IF THE PARTIES STILL CAN'T AGREE

5   ON ESSENTIALLY... LET'S SAY THE PLAINTIFF IS NOT SATISFIED

6   FACTUALLY OR LEGALLY THAT THE GOVERNMENT IS PROPERLY COMPLYING

7   WITH PRESERVATION ORDERS, CAN ASK THE COURT FOR RELIEF.

8        SO, IN OTHER WORDS, I WOULD CONTEMPLATE THAT YOU WOULD

9   MEET AND CONFER TO TRY TO -- BECAUSE IT SOUNDS LIKE WE ARE

10  SORT OF HAVING -- IT'S LIKE THESE NEWS TALK SHOWS WHEN THE

11  POLITICIANS SAY, I'M NOT GOING TO NEGOTIATE WITH THE

12  MODERATOR, YOU KNOW, RIGHT HERE ON NATIONAL TV, I'LL HEAR

13  WHAT'S SAID.

14       TO BE ABLE TO FRAME THE ISSUE AND THEN FILE SIMULTANEOUS

15  BRIEFS AND THEN RESPONSES AFTER MEETING AND CONFERRING TO

16  DETERMINE EXACTLY WHAT THE PLAINTIFFS REAL CONCERN IS, WHETHER

17  IT IS A REAL CONCERN FACTUALLY AND THE REALITY OF IT, AND THEN

18  SECONDLY ON THE LEGAL ISSUES.  IF YOU CAN'T AGREE, THEN GO

19  AHEAD -- I'LL SET A DATE BY WHICH TO FILE SIMULTANEOUS BRIEFS

20  ON THE ISSUE AND THEN I'LL GIVE YOU A CHANCE TO RESPOND.  THEN

21  I'LL DECIDE THAT ISSUE.

22       WHAT'S YOUR POSITION ON THAT?

23            MR. GILLIGAN:  THAT SOUNDS REASONABLE TO US, YOUR

24  HONOR.  IT IS AN ISSUE THAT IF THE PLAINTIFFS OBJECT TO THE

25  ACCELERATED DESTRUCTION OF THE 702 DATA, THEN, YES, WE NEED TO

24

```
1    HAVE IT RESOLVED AS QUICKLY AS POSSIBLE.
2              THE COURT:  ALL RIGHT.  DO YOU AGREE WITH THAT
3    PROCEDURE?
4              MR. WIEBE:  IF I MAY MAKE A COUPLE OF COMMENTS, YOUR
5    HONOR?
6        ONE IS THIS ALSO TIES INTO THE BROADER ISSUE WE WERE
7    TALKING ABOUT BECAUSE OUR VIEW IS EVEN THE STUFF THEY HAVE
8    BEEN PRESERVING HASN'T BEEN ADEQUATE, HASN'T BEEN EXTENSIVE
9    ENOUGH FOR EVIDENTIARY PURPOSES IN OUR CASE.  SO IT TIES INTO
10   THE OTHER ISSUE WE'VE BEEN DISCUSSING, YOUR HONOR.
11             THE COURT:  IT MAY WELL, AND THAT MAY BE SOMETHING
12   YOU ARTICULATE.  SO THE QUESTION IS NOW, HOW MUCH TIME WILL IT
13   TAKE FOR THAT PROCESS TO --
14             MR. WIEBE:  IF I MAY ADD ONE MORE POINT?
15             THE COURT:  SURE.
16             MR. WIEBE:  MY COLLEAGUES HAVE HANDED ME A NOTE
17   SAYING THAT THE APRIL 28TH FISC ORDER DOES SAY DESTRUCTION IS
18   SUBJECT TO LITIGATION HOLDS.
19       IS THAT YOUR UNDERSTANDING?
20             MR. GILLIGAN:  I WOULD HAVE TO LOOK AT THAT.  I
21   CAN'T --
22             THE COURT:  THAT'S WHY I WANT YOU TO MEET AND CONFER.
23   IF IT IS, THAT MAY BE -- THAT MAY BE SORT OF BEG THE QUESTION
24   AND BE A CIRCULAR THING, BUT -- SO HOW MUCH TIME TO MEET AND
25   CONFER AND THEN FILE SIMULTANEOUS OPENING BRIEFS ON THIS
```

1    ISSUE?

2            **MR. GILLIGAN:**  YOUR HONOR, WE WOULD HOPE THAT WE

3    COULD GET A RESPONSE FROM THE PLAINTIFFS ON THEIR POSITION BY

4    THE END OF NEXT WEEK.

5            **THE COURT:**  IS THAT ACCEPTABLE?

6            **MR. WIEBE:**  SO MEET AND CONFER --

7            **MR. GILLIGAN:**  NEXT WEEK.

8            **MR. WIEBE:**  AND THEN IF NOT, FILING --

9            **MR. GILLIGAN:**  TWO WEEKS --

10           **MR. WIEBE:**  TWO WEEKS AFTER.

11           **THE COURT:**  TWO WEEKS AFTER NEXT FRIDAY?

12           **MR. GILLIGAN:**  YES.

13           **THE COURT:**  MS. OTTOLINI?

14           **THE CLERK:**  JUNE 9TH.

15           **THE COURT:**  THEN TWO WEEKS TO RESPOND.

16       AND THEN THIS MAY PUSH BACK, I CAN IT ALREADY HAPPENING,

17   THE OTHER SCHEDULE, BUT LET'S KEEP THAT IN PLACE FOR NOW

18   BECAUSE -- AND THEN IF IT NEEDS TO BE ADJUSTED, IT MAY WELL

19   BE -- I WANT TO DO IT PROPORTIONALLY.  I DON'T WANT IT TO GO

20   OFF INTO THE GREAT UNKNOWN.

21       SO TWO WEEKS THEREAFTER FOR A RESPONSE.

22           **THE CLERK:**  JUNE 23RD.

23           **THE COURT:**  AND ONE WEEK FOR A REPLY.

24           **THE CLERK:**  JUNE 30TH.

25           **MR. WIEBE:**  IF I MAY, YOUR HONOR, SOMETHING JUST

1   OCCURRED TO ME.  IT MAY BE AS WORTHLESS AS THE THOUGHT PASSING

2   THROUGH MY HEAD.

3       IT OCCURRED TO ME, AS I SAID, THE UNDERLYING ISSUE IS

4   WHETHER THE DEFENDANTS ARE REQUIRED TO PRESERVE THIS MATERIAL

5   IN ANY EVENT, THE ISSUE THAT WE BRIEFED AND IS PENDING BEFORE

6   YOU FROM 2014.

7       IT MAY BE THAT DEPENDING ON HOW THE COURT RULES ON THAT,

8   THAT WOULD AFFECT THE OUTCOME HERE.

9           **THE COURT:**  UNLESS IT HAS BEEN SUPERSEDED BY EVENTS

10  ON THE GROUND.  YES, THE COURT COULD SAY, IF I WERE TO GO BACK

11  IN TIME NOW AND LOOK AT THE BRIEFING AS OF THAT DATE, THE

12  FINAL RULING IS X, BUT X MIGHT NOT REALLY REFLECT WHAT'S GOING

13  ON IN TERMS OF THE FISC COURT, IN TERMS OF SOME OF THE

14  POSITIONS THE GOVERNMENT IS NOW TAKING.

15      SO I DON'T KNOW THAT THAT WOULD BE THAT HELPFUL AT THIS

16  POINT.  THAT MAY BE ONE OF THE ISSUES THAT YOU ARTICULATE.

17  I'M MORE THAN HAPPY TO LOOK AT THAT.  SO THAT'S THAT.

18      NOW, NEXT QUESTION.  THIS IS FOR PLAINTIFFS.  DO THE

19  PLAINTIFFS ALLEGE THAT THEY WERE SUBJECT TO TARGETED

20  SURVEILLANCE OF NON-U.S. PERSONS LOCATED ABROAD?

21          **MR. WIEBE:**  I TAKE IT BY THAT YOU'RE THINKING OF A

22  *CLAPPER* SITUATION?

23          **THE COURT:**  IT'S NOT A TRICK QUESTION.  IT'S JUST A

24  FACTUAL QUESTION.  IT'S A CONTENTION QUESTION.

25      DO YOU CONTEND THAT YOUR CLIENTS WERE SUBJECT TO TARGETED

```
 1    SURVEILLANCE OF NON-U.S. PERSONS LOCATED ABROAD?

 2          MR. WIEBE:  WHAT WE CONTEND, YOUR HONOR, IS THAT THE

 3    GOVERNMENT'S SURVEILLANCE PROGRAM IS A MASS SURVEILLANCE

 4    PROGRAM.  IT STARTS OUT BY TAKING EVERYTHING, AND THEN THROUGH

 5    A GRADUAL WINNOWING PROCESS, AS WE DISCUSSED IN OTHER

 6    HEARINGS, THEN GETS DOWN TO THE TARGETED PEOPLE.  IT GETS TO

 7    THE TARGETED PEOPLE BY TAKING IN UNTARGETED PEOPLE LIKE OUR

 8    CLIENTS.

 9       SO, NO, OUR CLIENTS WERE NOT TARGETED.  TO OUR KNOWLEDGE

10    THEY WE WERE NOT COMMUNICATING WITH TARGETED PEOPLE, BUT OUR

11    CONTENTION IS THAT DIDN'T SAVE THEM FROM THE GOVERNMENT'S

12    SURVEILLANCE PROGRAM.  THE GOVERNMENT SWEPT IN EVERYTHING, AND

13    THEN NARROWED, WINNOWED, FILTERED, SEARCHED, SCANNED, SELECTED

14    TO GET ULTIMATELY WHAT IT WANTED --

15          THE COURT:  I GUESS WHAT YOU ARE SAYING IS, BASED

16    UPON WHAT YOU JUST SAID, THE ANSWER TO THE COURT'S QUESTION OF

17    NO, WE DON'T CONTEND TARGETING, THAT THE GOVERNMENT DIDN'T

18    THEN FIND ANYTHING.  BECAUSE YOU ARE SAYING YOUR CLIENTS WERE

19    NOT SUBJECT TO THE KIND OF TARGETED SURVEILLANCE THAT I JUST

20    REFERRED TO.

21          MR. WIEBE:  BUT WE'RE SAYING BOTH THEIR FOURTH

22    AMENDMENT RIGHTS AND STATUTORY RIGHTS WERE VIOLATED BY THE

23    GOVERNMENT'S APPROACH OF SWEEPING AND EVERYTHING, SEARCHING

24    EVERYTHING, AND THEN ONLY ULTIMATELY RETAINING A SMALL PORTION

25    PERTAINING TO THE TARGETED --
```

1          **THE COURT:**  THAT'S BASED UPON THE GENERAL KNOWLEDGE

2    AND WHAT YOU PUT FORWARD ON THE PROGRAM, RIGHT?

3          **MR. WIEBE:**  YES, INCLUDING THE P-CLOUD REPORT, FOR

4    EXAMPLE.

5        ONE THING TO ADD INTO THAT IS THIS LATEST FISC ORDER IS

6    GETTING RID OF THE SO-CALLED "ABOUT SEARCHING" WHERE THE

7    GOVERNMENT WAS SEARCHING THE CONTENTS OF COMMUNICATIONS TO SEE

8    WHETHER IT HAD A TARGETED SELECTOR IN IT OR NOT, AND THAT THAT

9    SEARCHING IS NOW SUPPOSED TO BE GOING AWAY.

10       BUT THAT MEANS THAT THEY WERE SEARCHING EVERY

11   COMMUNICATION IN ORDER TO SEE WHAT WAS IN IT.  AND THAT'S THE

12   GRAVAMEN OF OUR COMPLAINT.

13         **THE COURT:**  IS THERE -- I KNOW YOU'RE A LITTLE BIT --

14   YOU MAY BE HAMSTRUNG, MR. GILLIGAN, IS THERE ANYTHING YOU WANT

15   TO SAY IN RESPONSE?

16         **MR. GILLIGAN:**  PERHAPS IN TERMS -- AS A FRIENDLY

17   MIMIC, RICK, IF YOU DON'T MIND, I WOULD PROPOSE TO PROVIDE

18   THIS TO THE COURT.  IT IS THE AFOREMENTIONED BY MR. WIEBE

19   GRAPHIC FROM THEIR SUMMARY JUDGMENT COMPLAINT OF THEIR CONCEPT

20   OF HOW UPSTREAM COLLECTION WORKS.  AND WE -- IT IS OUR

21   UNDERSTANDING IT'S ALSO THEIR UNDERSTANDING OF HOW COLLECTION

22   ALSO OCCURRED UNDER THE PRESIDENT'S SURVEILLANCE PROGRAM.

23       AS YOU SEE, YOUR HONOR, THERE ARE FOUR STAGES TO IT.  THE

24   FIRST ONE AT THE TOP WHERE COMMUNICATIONS IS IN THE STREAM OF

25   INTERNET COMMUNICATIONS ARE SUPPOSEDLY COPIED.  STAGE 2

1    FILTERED TO ELIMINATE FULLY DOMESTIC COMMUNICATIONS AS OPPOSED

2    TO THOSE THAT ARE INTERNATIONAL.  AND THEN THE THIRD STAGE

3    WHERE THEY ARE, AND THE PLAINTIFFS' UNDERSTANDING

4    ELECTRONICALLY SCANNED TO FIND THOSE COMMUNICATIONS THAT

5    CONTAIN TARGETED SELECTORS, AND THEN THOSE THAT DO CONTAIN

6    TARGETED SELECTORS ARE ADJUSTED INTO A GOVERNMENT DATABASE IN

7    STAGE FOUR.

8         AS WE UNDERSTAND PLAINTIFFS' CLAIM, THEY ARE NOT

9    CHALLENGING -- IT IS NOT BASED ON, ANYWAY, A CLAIM THAT ANY OF

10   THEIR COMMUNICATIONS WERE ACTUALLY INGESTED INTO A GOVERNMENT

11   DATABASE.  THE CLAIM -- THE CLAIM WHEN WE WERE LITIGATING

12   THEIR FOURTH AMENDMENT CHALLENGE WAS THAT THE COPYING AT

13   STAGE 1 WAS AN UNCONSTITUTIONAL SEIZURE AND THAT THE

14   ELECTRONIC SCANNING AT STAGE 3 WAS AN UNCONSTITUTIONAL SEARCH.

15        NOW WE ARE -- THE DISPUTE IS LARGELY THE SAME, ALTHOUGH WE

16   HAVE A DIFFERENT VOCABULARY BECAUSE THE CLAIMS ARE STATUTORY.

17   THE CLAIM NOW IS THAT THE COPYING THAT ALLEGEDLY OCCURS

18   CONSTITUTES AN ACQUISITION UNDER THE WIRETAP ACT, AND THEN AT

19   STAGE 3, THAT THE ELECTRONIC SCANNING FOR SELECTORS

20   CONSTITUTES A USE UNDER THE WIRETAP ACT OF THE ALLEGEDLY

21   ACQUIRED COMMUNICATION.

22        SO THAT IS WHAT WE UNDERSTAND IS THE GRAVAMEN OF THE CASE

23   NOW, AT LEAST AS FAR AS CONTENT COLLECTION IS CONCERNED.

24            **THE COURT:**  ALL RIGHT.  DO YOU AGREE WITH THAT

25   CHARACTERIZATION?

1          **MR. WIEBE:**  SUBJECT TO BEING BEAT UP BY MY

2    COLLEAGUES, I DO.

3          **THE COURT:**  LET'S MOVE.  I THINK I HAVE GOTTEN AN

4    ANSWER THERE.  AGAIN, TO SOME EXTENT I CERTAINLY AM -- I'M NOT

5    INTENDING TO PREEMPT ANY BRIEFING THAT YOU MIGHT DO, BUT AS

6    I'M -- I'M GOING TO BE THINKING ABOUT THIS -- BEEN THINKING

7    ABOUT IT INCESSANTLY AND WILL CONTINUE TO, AS YOU DO YOUR

8    BRIEFS AND AS I, AS YOU USE THE TERM, INGEST THE BRIEFS.

9          NOW, THE NEXT QUESTION I HAVE IS, MAY BE ADDRESSED ALREADY

10   AND PROBABLY IS BY THIS INTERSTITIAL BRIEFING THAT WE'RE GOING

11   TO HAVE DONE WITH RESPECT TO THE RETENTION, BUT I'LL LAY OUT

12   THE QUESTION ANYWAY BECAUSE IT MIGHT HELP YOU WITH YOUR

13   MEETING AND CONFERRING AS WELL AS YOUR BRIEFING.

14         SO THE QUESTION THAT I LAID OUT, AS I LAID IT OUT BEFORE

15   THIS HEARING IS, WHAT IS THE IMPACT ON THIS MATTER, IF ANY, OF

16   THE FISC'S ORDER TO FOLLOW MINIMIZATION PROCEDURES OF EITHER

17   SIX YEARS OR TWO YEARS OR MOST RECENTLY SIGNIFICANTLY LESS

18   TIME THAN THAT?

19         AND THEN THE SORT OF FOLLOW-ON QUESTION WHICH MAKES THIS A

20   COMPOUND QUESTION BUT COURTS GET TO DO THAT, WHAT IMPACT WILL

21   THERE BE WITH THE ANNOUNCEMENT THAT THE NSA IS HALTING

22   COLLECTION PURSUANT TO SECTION 702?

23         AND I TAKE IT YOU'VE COVERED AT LEAST THE FIRST PART OF

24   THIS IN TERMS OF YOUR VIEW WITH HOW PERHAPS THE ORDER MAY

25   EITHER CONFLICT WITH OR BE MOOT, THE FISC ORDER, IN LIGHT OF

1    THE LITIGATION RETENTION ORDERS?

2            **MR. WIEBE:**  I THINK THAT'S RIGHT, YOUR HONOR.

3    CLEARLY THE FISC HAS DISTINGUISHED BETWEEN THE PERIODS DURING

4    WHICH THE GOVERNMENT CAN ACTUALLY USE THE DATA FOR ITS

5    PURPOSES VERSUS HOLDING ON TO DATA FOR LONGER PERIODS FOR

6    LITIGATION PURPOSES.  AND, AGAIN, IT'S THE DEEP FREEZE

7    CONCEPT.  AND THE FISC HAS BEEN AMENABLE TO THAT WAY OF

8    WORKING THINGS OUT.

9        I'M SORRY, I'VE LOST YOUR QUESTION.

10           **THE COURT:**  THE SECOND PART OF THE QUESTION WAS, WHAT

11   IMPACT, IF ANY, WILL THERE BE WITH THE ANNOUNCEMENT THAT THE

12   NSA -- ON THE LITIGATION, WHAT IMPACT WILL THERE BE WITH THE

13   ANNOUNCEMENT THAT THE NSA IS HALTING COLLECTION PURSUANT TO

14   SECTION 702?

15           **MR. WIEBE:**  I THINK IT'S IMPORTANT TO BE CLEAR THEY

16   ARE NOT HALTING ALL COLLECTION PURSUANT TO 702, JUST THE

17   SO-CALLED "ABOUT SEARCHING".

18       AND THE INITIAL COPYING WILL STILL OCCUR.  THE...

19   BASICALLY THE STAGES 1 AND 2 WILL STILL OCCUR IN THE CHART.

20   AT STAGE 3, AS I UNDERSTAND, ALL THAT WILL BE HAPPENING IS

21   THEY WILL BE LOOKING AT THE ADDRESSING INFORMATION OF AN

22   EMAIL, FOR EXAMPLE, TO SEE IF IT'S TO OR FROM ONE OF THE

23   TARGETS, AND THEY WILL NO LONGER BE LOOKING AT THE CONTENT TO

24   SEE IF THERE'S A REFERENCE ABOUT THE TARGET IN THE CONTENT.

25           **THE COURT:**  SO WITH THAT AMENDMENT, DOES THAT IN ANY

```
1    WAY CHANGE THE CONTOURS OF THE LAWSUIT?

2         MR. WIEBE:  I DON'T THINK IT CHANGES OUR REMAINING

3    STATUTORY CLAIMS.  AGAIN, WE THINK THAT THESE -- THE SPLIT

4    ALONE OR STAGE 1 IS A WIRETAP ACT VIOLATION, AND THAT PART WE

5    DON'T SEE BEING AFFECTED BY THIS.  AND -- BUT, AGAIN, I HAVE

6    TO JUST INTERJECT THAT WE'RE IN THE POSITION OF STILL NEVER

7    HAVING HAD ANY DISCOVERY IN THIS CASE.

8         THE COURT:  RIGHT.

9         MR. WIEBE:  AND, YOU KNOW, TRYING TO TALK ABOUT WHAT

10   WE THINK IS OR ISN'T HAPPENING WITHOUT THE BENEFIT OF

11   DISCOVERY CERTAINLY PUTS US AT ENORMOUS DISADVANTAGE.

12        THE COURT:  RIGHT.  IF SOMEBODY CAME DOWN FROM MARS

13   THEY WOULD THINK THIS IS PRETTY CAFTA-EST, HAVE LITIGATION OF

14   THIS ILK, BUT THE PROBLEM IS -- IT'S NOT A PROBLEM, THE

15   REALITY AND THE LAW IS THAT THAT'S WHAT HAPPENS IN THESE CASES

16   WHERE NATIONAL SECURITY IS INVOLVED AND THERE'S CLASSIFIED

17   INFORMATION.  WE ALL HAVE TO, THE COURT, COUNSEL, PARTICULARLY

18   THE COURT HAS TO OBEY THE LAW AND MAKE SURE THAT, YOU KNOW, IT

19   TAKES INTO ACCOUNT THOSE ISSUES.

20        MR. WIEBE:  CERTAINLY, YOUR HONOR.  ALTHOUGH I DO

21   THINK THAT SECTION 1806(F) GIVES YOUR COURT -- GIVES YOUR

22   HONOR PERHAPS BROADER POWERS THAN YOU RECOGNIZE.

23        THE COURT:  I'M EXERCISING THEM TO THE FULLEST WITH

24   MY BRIEFING SCHEDULE.  I EXPECT TO GET WHAT I NEED IN TERMS OF

25   EVIDENCE.
```

1          **MR. WIEBE:**  OKAY.

2          **THE COURT:**  DO YOU HAVE ANYTHING TO SAY IN RESPONSE

3   TO THAT QUESTION -- OR THE ANSWER TO THAT QUESTION?

4          **MR. GILLIGAN:**  JUST A COUPLE OF POINTS, YOUR HONOR.

5   TO ECHO SOMETHING MR. WIEBE SAID JUST TO BE CLEAR, SECTION 702

6   COLLECTION IS CONTINUING UNDER THE CHANGES THAT WERE APPROVED

7   BY THE FISC IN ITS APRIL 26TH ORDER.  AND, YOU KNOW, WHAT

8   IMPACT THOSE CHANGES HAS ON PLAINTIFFS TO THEIR CASE I, OF

9   COURSE, WILL LEAD TO THE PLAINTIFFS TO DECIDE.

10         AND I THINK IN APPROACHING THE QUESTION OF, YOU KNOW, WHAT

11   DATA WE CAN PRESERVE AND WHAT WE CAN'T, WITHOUT GETTING TOO

12   DEEPLY INTO IT BECAUSE I WOULD HAVE TO EXAMINE THE VARIOUS

13   ORDERS MORE CLOSELY MYSELF, BEFORE GOING TOO FAR OUT ON A LIMB

14   HERE, BUT I THINK IT IS IMPORTANT TO DISTINGUISH BETWEEN DATA

15   THAT WAS COLLECTED IN THE PAST THAT THE GOVERNMENT HAS BEEN

16   ORDERED TO DESTROY AND THEN RETENTION REGARDING DATA GOING

17   FORWARD UNDER THE NEWLY APPROVED CHANGES BY THE FISC.

18         I DON'T KNOW WHAT MATERIAL DIFFERENCES THERE MAY BE THERE,

19   BUT I THINK THAT MAY BE A DISTINCTION WE NEED TO KEEP IN MIND

20   BEFORE MOVING FORWARD.

21         **THE COURT:**  ANYTHING YOU WANT TO SAY ON THIS POINT?

22         **MR. WIEBE:**  NO, YOUR HONOR.

23         **THE COURT:**  THE NEXT QUESTION I HAVE HERE IS, THE

24   COURT WENT BACK AND READ THE STATUTES INVOLVED HERE, 18

25   U.S.C., SECTION 2707(A) AND 18 U.S.C., SECTION 2525(A), A

```
1    PLAINTIFF MAY RECOVER DAMAGES FOR VIOLATIONS OF THE WIRETAP

2    ACT AND STORED COMMUNICATIONS ACT QUOTE "FROM ANY PERSON OR

3    ENTITY OTHER THAN THE UNITED STATES" UNQUOTE.

4        SO WHILE THE CLAIMS AGAINST INDIVIDUAL DEFENDANTS IN THEIR

5    INDIVIDUAL CAPACITIES ARE STAYED, ARE PLAINTIFFS ENTITLED TO

6    DAMAGES AGAINST THE REMAINING DEFENDANTS?  AND IF SO, ON WHAT

7    BASIS?

8            MR. WIEBE:  YES.  AND THAT IS SECTION 2712.  AND IF I

9    MAY, YOUR HONOR --

10           THE COURT:  I'M SURE BY THE WAY THIS WILL BE THE

11   SUBJECT -- I SHOULDN'T PREJUDGE IF IT WILL BE THE SUBJECT OF

12   ANYBODY'S MOTION, BUT I WAS JUST CURIOUS AS I WAS READING THE

13   STATUTE --

14           MR. WIEBE:  YES, IT DOES JUMP OUT.  AND THE WAY THAT

15   ALL CAME ABOUT IS PRIOR TO THE PATRIOT ACT IN YEAR 2000, ALL

16   LIABILITY, BOTH INDIVIDUAL AND ENTITY, WAS IN THE TWO STATUTES

17   YOU MENTIONED.

18       AND WHAT THE PATRIOT ACT DID WAS IT DISAGGREGATED THAT, IT

19   SEPARATED OUT INDIVIDUAL LIABILITY FROM THE LIABILITY OF THE

20   UNITED STATES.  AND SO WE DO FIND IN 2712, ANY PERSON WHO IS

21   AGGRIEVED BY A WILLFUL VIOLATION OF THIS CHAPTER, THAT IS THE

22   STORED COMMUNICATIONS ACT, OR CHAPTER 119, THAT'S THE WIRETAP

23   ACT, HAS AN ACTION AGAINST THE UNITED STATES TO RECOVER MONEY

24   DAMAGES.  AND THAT'S 2712(A).

25           THE COURT:  ALL RIGHT.  YOU AGREE WITH THAT?
```

1          **MR. GILLIGAN:**  YES, YOUR HONOR, WE AGREE THAT THE

2     STATUTORY CAUSE OF ACTION THAT THE PLAINTIFFS ARE BRINGING

3     THEIR STATUTORY CLAIMS UNDER IS 18 U.S.C., SECTION 2712.  OUR

4     POSITION, OF COURSE, IS THAT THE ALLEGED ONLINE COPYING AND

5     SCANNING WITHOUT ANY ACTUAL INGESTION INTO A GOVERNMENT

6     DATABASE THAT THEY ARE RELYING ON, DOESN'T CONSTITUTE A

7     VIOLATION OF THE --

8          **THE COURT:**  I UNDERSTAND THAT.  YOU ARE GETTING INTO

9     THE CAUSE OF ACTION.  I JUST READ THAT, AND IT DID JUMP OUT AT

10    ME.  I'M THINKING, WELL, THAT'S KIND OF IN CONFLICT WITH OTHER

11    PROVISIONS OF THE STATUTE.  NOW I UNDERSTAND CONGRESS DOESN'T

12    ALWAYS ATTEMPT TO, SHALL WE SAY, MELT TOGETHER OBVIOUSLY

13    CONFLICTING -- BUT I'M GLAD TO HEAR THE PARTIES SAY THAT AT

14    LEAST THE AVAILABILITY OF DAMAGES POTENTIALLY AGAINST THE

15    GOVERNMENT EXIST UNDER THE REMAINING CLAIMS.

16       YOU WOULD AGREE WITH THAT?

17          **MR. GILLIGAN:**  IN THEORY.  AS THE GOVERNMENT WILL SEE

18    IN OUR OMINOUS MOTION, WE DO NOT BELIEVE THAT THE COMPLAINT

19    ALLEGES NECESSARY ELEMENTS IN ORDER TO STATE A CAUSE OF ACTION

20    UNDER 2712.

21          **THE COURT:**  I UNDERSTAND THAT.

22       I HAVE A QUESTION FOR YOU THEN.  THIS IS A LITTLE BIT OF

23    A, KIND OF A TWEAK ADMITTEDLY.

24       WHY DIDN'T THE GOVERNMENT FILE ON THIS EARLIER?  THE

25    COURT'S BRINGING THIS UP -- I KNOW DEFENDANTS ALWAYS LIKE, YOU

1    KNOW, SINCE THEY ARE THE ONES AGAINST WHOM RELIEF IS BEING

2    SOUGHT TO HAVE MATTERS ADJUDICATED, IT'S UP TO THE PLAINTIFF,

3    WHY HASN'T THIS HAPPENED EARLIER IN THE CASE?  "THIS" BEING AN

4    ATTACK OF THE FOUR CORNERS OF THE COMPLAINT?

5         **MR. GILLIGAN:**  WELL, YOUR HONOR, AS YOU WILL RECALL,

6    OUR INITIAL ARGUMENTS PRECEDING MY INVOLVEMENT WITH THE CASE

7    EVEN, WERE FOCUSED ON THE FACT THAT THE PLAINTIFFS CANNOT

8    ESTABLISH THEIR STANDING TO PURSUE ANY OF THEIR CLAIMS,

9    WHETHER CONSTITUTIONAL OR STATUTORY IN NATURE, WITHOUT

10   REQUIRING DISCLOSURES OF CLASSIFIED INFORMATION THAT WOULD

11   PLACE NATIONAL SECURITY INFORMATION AT GREAT RISK.  THAT WAS

12   THE CROSS-CUTTING ISSUE THAT WE FOCUSED ON BECAUSE IT WOULD

13   DISPOSE OF THE ENTIRE CASE WHILE PROVIDING THE GREATEST

14   PROTECTION AGAINST DISCLOSURES OF NATIONAL SECURITY

15   INFORMATION.

16       YOUR HONOR, IN YOUR RULING OF JULY 2013, DECLINED TO

17   DISMISS THE CASE ON THAT BASIS, WHICH WE ACCEPT, AND AFTER

18   THAT, THE PARTIES' ENERGIES THEN TURNED AT THE PLAINTIFFS'

19   INITIATIVE TO LITIGATING THEIR FOURTH AMENDMENT CHALLENGE TO

20   UPSTREAM COLLECTION WHICH OCCUPIED US IN THIS COURT AND IN THE

21   COURT OF APPEALS UNTIL 2016.

22       NOW WE ARRIVE AT OUR CURRENT CIRCUMSTANCES.  THE

23   PLAINTIFFS HAVE NOW WITHDRAWN ALL THEIR CONSTITUTIONAL CLAIMS.

24   AND THE ONLY CLAIMS REMAINING, AS YOUR HONOR NOTED AT THE

25   BEGINNING OF THE CONFERENCE, THE ONLY CLAIMS REMAINING ARE THE

1   STATUTORY CLAIMS.

2       SO, YES, NOW THE OCCASION COMES TO FOCUS THE SPOTLIGHT ON

3   THOSE CLAIMS AND THERE ARE DEFECTS IN THOSE CLAIMS THAT RENDER

4   THEM SUBJECT TO DISMISSAL ON 12(B)(6) GROUNDS.

5          **THE COURT:**  ALL RIGHT.  IS THERE ANYTHING FURTHER YOU

6   WANT TO SAY ON THIS POINT?

7          **MR. WIEBE:**  JUST THAT I DO THINK IT SPEAKS TO THE

8   WEAKNESS OF THIS ARGUMENT.

9       THEY DID -- THEIR LEAD ARGUMENT IN THEIR INITIAL PLEADING

10  BEFORE YOU WAS NOT STATE SECRETS, IT WAS SOVEREIGN IMMUNITY.

11  AND CERTAINLY SOVEREIGN IMMUNITY IS A MUCH HEAVIER LIFT UNDER

12  2712 THAN FAILURE TO STATE A CLAIM.  SO I THINK IT JUST DOES

13  SPEAK TO THE WEAKNESS OF THE CLAIM.

14         **THE COURT:**  AS I REACH THE END OF MY QUESTIONS, I'M

15  GOING TO GIVE YOU AN OPPORTUNITY TO MENTION ANYTHING YOU THINK

16  THE COURT SHOULD HEAR, BUT UNDERSTAND THAT THE -- THIS CASE

17  HAS BEEN FOR THE LONGEST TIME, BELIEVE IT OR NOT, EVEN THOUGH

18  THERE HAVEN'T BEEN ORDERED -- ISSUED OR WHATEVER, HIGH ON THE

19  COURT'S RADAR SCREEN AND THE COURT IS VERY MINDFUL OF THE

20  NINTH CIRCUIT'S MANDATE.  AND ITS MANDATE IS TO ATTEMPT TO, IF

21  POSSIBLE AND IF APPROPRIATE AND SUPPORTABLE, TO RESOLVE ALL OF

22  THE CLAIMS IN THE CASE SO THAT THE CASE IS IN A POSITION FOR

23  APPELLATE REVIEW.

24      NOW, THAT SAID, WE GET INTO A VERY DIFFERENT SITUATION OR

25  A DIFFERENT SITUATION, IF, FOR EXAMPLE, THE GOVERNMENT DOESN'T

```
 1    PREVAIL ON ITS -- THE ARGUMENTS IT'S MAKING.  LET'S ASSUME
 2    HYPOTHETICALLY THAT THE COURT FINDS THAT THERE IS STANDING AND
 3    THE COURT FINDS THAT THE DEFENDANTS -- PLAINTIFFS HAVE
 4    ADEQUATELY ALLEGED THEIR CLAIMS AND, THEREFORE, I'M NOT GOING
 5    TO DISMISS THE CASE ON SUMMARY JUDGMENT FOR THE DEFENDANTS,
 6    THE CASE GOES FORWARD PERHAPS, IN WHICH CASE IT WOULD NOT BE
 7    AN APPEALABLE ORDER, AND IN WHICH CASE AND ALMOST CERTAINLY
 8    GIVEN WHAT THE NINTH CIRCUIT HAS SAID, IT IS UNLIKELY THE
 9    COURT WILL CERTIFY ANY QUESTIONS BACK UP TO THE NINTH CIRCUIT
10    BECAUSE THAT MAY BE IN VIOLATION OF THE SPIRIT IF NOT THE
11    LETTER OF THE ORDER, I DON'T KNOW WHERE IT GOES AT THAT POINT.
12        BY SAYING THAT, I'M NOT SAYING THAT THERE'S ANY SORT OF
13    PRESSURE ON THE COURT TO RULE ONE WAY OR THE OTHER, JUST THAT
14    THE COURT'S THINKING HAS NOT PROGRESSED THAT FAR.  BECAUSE
15    OTHER CASES THAT THE COURT HAS BEEN AWARE OF FROM PUBLIC
16    FILINGS HAVE NOT GOTTEN TO THAT STAGE, AND I AM NOT SURE
17    EXACTLY WHERE WE GO FROM THERE, ESPECIALLY WHERE I TAKE IT
18    THAT MAYBE THE ANSWER WOULD BE, I'M JUST THINKING OUT LOUD
19    HERE, THAT THE COURT WOULD THEN HAVE TO VERY SPECIFICALLY AND
20    DIRECTLY FIGURE OUT A WAY TO ADJUDICATE THE DISCOVERY DISPUTE
21    AND DETERMINE A WAY THAT DISCOVERY CAN OCCUR IN SOME FASHION
22    TO THE PLAINTIFFS SO THE LAWSUIT CAN CONTINUE ON THE MERITS.
23        IF WE GET TO THAT, WE WILL GET TO THAT.  I JUST WANTED TO
24    SAY IT IS THE COURT'S CURRENT GOAL UNDER THE CURRENT PROCEDURE
25    AND ORDERS TO GET THE CASE AT LEAST TO THE POSITION WHERE THE
```

1    RECORD IS AS COMPLETELY AS POSSIBLE, WHETHER IT'S IN A

2    CLASSIFIED MODE OR OTHERWISE, CERTAINLY LEGALLY TO HAVE A

3    RECORD FOR REVIEW BY SOME OTHER COURT IF THAT IS APPROPRIATE.

4         SO WITH THAT SAID, THIS IS THE POINT WHERE I SAY DO THE

5    PARTIES HAVE ANYTHING FURTHER THEY WISH TO ADDRESS AT THIS

6    TIME?

7              **MR. WIEBE:**  YES, YOUR HONOR, IF I MAY SPEAK TO THE

8    PLAN THE COURT HAS LAID OUT?

9              **THE COURT:**  PLEASE DO.

10             **MR. WIEBE:**  FIRST OF ALL, I MUST SAY WE HAVE A

11   THRESHOLD OBJECTION HERE WHICH IS THAT THIS OMNIBUS MOTION IS

12   PREMATURE.  WE NEED DISCOVERY FIRST.  THAT'S THE ORDINARY

13   SEQUENCE OF AFFAIRS.  IT'S THE ONE THAT SHOULD HAPPEN HERE.

14   AND THERE ARE WAYS TO MAKE THAT HAPPEN IN A MANAGEABLE

15   FASHION.

16             **THE COURT:**  HOW?  TELL ME.  I MEAN WITHOUT BREACHING

17   NATIONAL SECURITY --

18             **MR. WIEBE:**  YES.

19             **THE COURT:**  -- CLASSIFICATION.

20             **MR. WIEBE:**  FORTUNATELY, THERE'S NOTHING I CAN SAY

21   THAT WOULD BREACH NATIONAL SECURITY, SO I CAN SPEAK FRANKLY.

22             **THE COURT:**  RIGHT.

23             **MR. WIEBE:**  THE FIRST STEP WOULD BE TO RULE ON THE

24   DISCOVERY DISPUTE THAT'S BEFORE YOUR HONOR.  THOSE RAISE

25   OBJECTIONS.  THOSE OBJECTIONS CAN BE RESOLVED ON THE PUBLIC

1   RECORD.  THERE'S NOTHING SECRET ABOUT THE OBJECTION ITSELF.

2   THE COURT CAN RULE ON THOSE.

3       IN LIGHT OF THAT RULING, THE NEXT STEP WOULD BE TO HAVE

4   THE DEFENDANTS RESPOND TO OUR DISCOVERY, AS WE HAVE NARROWED

5   IT SUBSTANTIALLY, AS YOUR HONOR KNOWS.

6       ONCE -- WHEN THEY RESPOND, HERE'S WHAT THEY CAN DO.  THEY

7   CAN, TO THE EXTENT THERE'S CLASSIFIED INFORMATION, THEY CAN

8   PROVIDE IT DIRECTLY TO YOUR HONOR UNDER SECTION 1806(F).  AND

9   THIS WOULD PERTAIN, FOR EXAMPLE, TO OUR REQUEST FOR

10  ADMISSIONS, INTERROGATORIES, DOCUMENT REQUESTS.

11      IF THE MATERIAL IS SECRET, THEY CAN GIVE IT TO YOUR HONOR.

12  BUT WHAT THEY SHOULD ALSO DO IS, AS THEY'VE DONE WITH THE

13  DECLARATIONS IN THIS CASE PREVIOUSLY, IS PROVIDE A

14  DECLASSIFIED VERSION OF THOSE RESPONSES TO US.

15      THAT WAY THE COURT IS NOT JUST GETTING WHAT THE GOVERNMENT

16  HAS CHERRY PICKED AND CHOSEN TO PUT BEFORE YOU IN SECRET.

17  IT'S GETTING WHAT WE THINK IS RELEVANT, ANSWERS TO QUESTIONS

18  WE THINK ARE RELEVANT, DOCUMENTS WE THINK ARE RELEVANT, AND WE

19  MAY -- IT MAY BE THAT WE NEVER SEE THAT, BUT AT LEAST IT IS

20  BEFORE THE COURT.

21      SO, AGAIN, OUR SUGGESTION IS RULE ON THE DISCOVERY

22  DISPUTE.  LET'S SEE WHAT THE GOVERNMENT RESPONDS TO AFTER

23  YOU'VE RULED ON IT.  THEN, ONCE THAT IS BEFORE YOU, IT MAY BE

24  THAT YOU HAVE FURTHER QUESTIONS THAT YOU WANT THE GOVERNMENT

25  TO ANSWER IN CAMERA, OR FURTHER INFORMATION TO PROVIDE.  IT

1    MAY BE BASED ON THE DECLASSIFIED VERSIONS THAT WE HAVE

2    FOLLOW-UP WE WANT TO DO.

3        ONCE THAT IS COMPLETED, THEN I THINK IT MAKES PERFECT

4    SENSE TO THEN HAVE MOTION PRACTICE OR EVEN -- IT'S IMPORTANT

5    TO REMEMBER THIS IS A CASE THAT WOULD BE TRIED TO THE COURT.

6    THAT IS ONE OF THE PROVISIONS UNDER 2712, NO JURY TRIAL.

7        I CAN SEE US HAVING NOT JUST SUMMARY JUDGMENT PROCEEDINGS,

8    BUT FULL PROCEEDINGS TO THE EXTENT POSSIBLE, YOU KNOW, ARGUING

9    WHATEVER IS PUBLIC, WHETHER IT'S QUESTIONS OF LAW OR ARGUING

10   PUBLIC FACTS BEFORE YOU IN A TRIAL SETTING.

11       THE OTHER POINT I WOULD MAKE IS, I THINK IT IS ALSO

12   PREMATURE -- I DON'T THINK IT'S APPROPRIATE FOR THERE TO BE A

13   STANDING MOTION BASED ON JUDGMENT ON THE PLEADINGS AT THIS

14   STAGE.  THAT'S EXACTLY WHAT YOU RULED ON IN 2013.  YOU SAID

15   WE'VE SHOWN OUR STANDING.  AT THIS POINT IT WOULD HAVE TO BE

16   BASED ON AN EVIDENTIARY RECORD, AS YOUR HONOR JUST AVERTED TO.

17       AND THE WAY TO GET THAT MOST COMPLETE EVIDENTIARY RECORD

18   THAT YOU WERE JUST REFERRING TO IS BY GOING THROUGH THE

19   DISCOVERY PROCESS FIRST AND THEN GETTING TO THE MOTION

20   PRACTICE OR, AGAIN, EVEN A COURT TRIAL.

21           **THE COURT:**  ALL RIGHT.

22           **MR. GILLIGAN:**  YOUR HONOR, LET ME BE VERY CLEAR.  WE

23   ARE NOT SUGGESTING ON THE STANDING ISSUE THAT THE COURT

24   DISMISS THE CASE ON THE BASIS OF THE PLEADINGS.

25       WHAT WE'RE SAYING IS, THAT AS THE COURT FOUND IN THE

1    COURSE OF ADJUDICATING THE PLAINTIFFS' FOURTH AMENDMENT

2    CHALLENGE TO UPSTREAM COLLECTION, THEY CANNOT PROVE THEIR

3    STANDING WITHOUT DISCLOSURES OF CLASSIFIED INFORMATION THAT

4    WOULD BE VERY DAMAGING TO NATIONAL SECURITY.

5        AND WE THINK THAT THE WAY TO -- IF THERE'S ANY DOUBT ABOUT

6    THAT, THE WAY TO ADDRESS THE ISSUE IN THE MOST RESPONSIBLE

7    FASHION POSSIBLE AND WITH THE LEAST BURDEN ON THE COURT IS TO

8    NARROW THE SCOPE OF THE CASE AND THEREBY THE SCOPE OF THE

9    POTENTIALLY RELEVANT EVIDENCE SO THE COURT CAN UNDERSTAND --

10   BECAUSE THE CASE DOES HAVE MANY TENTACLES.  FEWER NOW THAN AS

11   BEFORE, BUT STILL QUITE A FEW, SO IT BECOMES EASIER FOR

12   EVERYBODY TO WRAP THEIR HEADS AROUND, SO TO SPEAK, WHAT

13   EVIDENCE IS AT ISSUE HERE, WHAT CLAIMS ARE AT ISSUE, AND CAN

14   THE PLAINTIFFS PURSUE THESE CLAIMS IN LIGHT OF THE EVIDENCE

15   THAT'S IN PLAY WITHOUT CAUSING DAMAGE TO NATIONAL SECURITY.

16       THAT'S WHY WE PROPOSED SIMULTANEOUS, A PARING OF MOTIONS

17   BOTH FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT, IF

18   THE COURT WILL, AND A MOTION FOR A PROTECTIVE ORDER.

19       THE DISPOSITIVE MOTION COULD NARROW THE CASE DOWN TO THOSE

20   CLAIMS THAT ACTUALLY PRESENT LEGALLY VIABLE CAUSES OF ACTION.

21   BECAUSE THERE SHOULDN'T BE -- THE PLAINTIFFS HAVE NOT PLED A

22   WIRETAP ACT CLAIM, THEN THERE IS, TO OUR MIND, NO

23   JUSTIFICATION FOR DISCLOSURES OF CLASSIFIED INFORMATION SINCE

24   WE ARE TALKING ABOUT INFORMATION THAT HAS BEEN CLASSIFIED AS

25   EXCEPTIONALLY CONTROLLED INFORMATION THAT IS OF EXTRAORDINARY

1    SENSITIVITY.

2        THOSE KINDS OF DISCLOSURES SHOULD BE MINIMIZED.  AND THE

3    WAY TO DO THAT IS FIRST WINNOW THE CASE DOWN TO THOSE CLAIMS

4    THAT ARE LEGALLY VIABLE, AND THEN THE COURT CAN ADJUDICATE,

5    OKAY, WHICH OF THESE DISCOVERY REQUESTS -- THERE'S STILL 140

6    OF THEM SEEKING ENORMOUS AMOUNTS OF CLASSIFIED MATERIAL, WHICH

7    OF THESE REQUESTS ACTUALLY BEAR ON THE CLAIMS THAT ARE -- THAT

8    ACTUALLY PRESENT CLAIMS UPON WHICH RELIEF CAN BE GRANTED.

9    THAT WAS THE THINKING BEHIND OUR PROPOSAL.

10           **THE COURT:**  LET ME REACT TO EVERYTHING YOU BOTH SAID.

11   AND IT IS VERY HELPFUL BECAUSE YOU HAVE GIVEN ME SOME IDEAS

12   HERE.

13       SO IN NO PARTICULAR ORDER, MR. GILLIGAN, ON YOUR POINT, I

14   HAVE A -- ON THE STANDING POINT.  THE FIRST QUESTION, THE

15   ISSUE IS, THE COURT ARTICULATED AT THE BEGINNING OF THE

16   HEARING WHAT'S LEFT OF THIS CASE, AND THOSE ARE STATUTORY

17   CLAIMS.  AND THE QUESTION IS, INITIAL QUESTION IS WHAT DOES

18   THE PLAINTIFF NEED TO SHOW FOR STANDING ON THE STATUTORY

19   CLAIMS.

20       THE COURT HAS NOT RULED ON STANDING ON THE STATUTORY

21   CLAIMS.  I HAVEN'T EVEN RULED ON WHAT THE STANDARDS ARE FOR

22   STANDING UNDER THE STATUTORY CLAIMS.  SO THAT'S NUMBER ONE.

23       NUMBER TWO, I'M NOT GOING TO WANT FROM THE GOVERNMENT A

24   REHASH OF ANY MOTION FOR JUDGMENT ON THE PLEADING THAT'S BEEN

25   MADE BEFORE ON THE ISSUE OF STANDING AS IT RELATES TO THE

```
1    ALLEGATIONS BECAUSE THE NINTH CIRCUIT HAS SAID DON'T DO THAT.

2              MR. GILLIGAN:  WE'RE NOT.

3              THE COURT:  IN FACT, WHAT I WOULD MAYBE -- WHAT I

4    WOULD CONTEMPLATE IS THAT THE NINTH CIRCUIT WANTS THE COURT TO

5    PEEL BACK THE CURTAIN AND SAY, OKAY, YEAH, MAYBE THERE'S A

6    THEORETICAL POSSIBILITY THAT IF THE ALLEGATIONS ARE TRUE, AND

7    THEY MUST BE TAKEN AS TRUE FROM THE PLEADINGS, THAT THE

8    PLAINTIFFS CAN SHOW STANDING.

9         WHAT I AM ASKING IS, WHAT I AM ORDERING IS TO GO BEHIND

10   THAT CURTAIN AND DRILL DOWN.  AND SAY, OKAY, YES, IT'S

11   POSSIBLE.  GIVEN THE ALLEGATIONS, WHAT IS THE REALITY?

12        AND SO I'M GOING -- I WANT TO KNOW -- I ALLUDED TO THIS IN

13   THE COURT'S ORDER WITH RESPECT TO THE FOURTH AMENDMENT.  I

14   SAID I LOOKED AT CERTAIN DOCUMENTS, AND BASED ON THAT, I

15   CONCLUDE THE FOLLOWING LEGAL AND FACTUAL CONCLUSIONS.  THAT'S

16   WHAT I WANT TO DO ON STANDING.

17        I WANT ALL OF THE DOCUMENTS THAT -- FROM THE GOVERNMENT

18   THAT ARE CLASSIFIED -- OR I ASSUME THEY ARE ALL CLASSIFIED IN

19   THE FIRST INSTANCE, THAT BEAR ON THE ISSUE OF STATUTORY

20   STANDING.  THEN I'M GOING TO LOOK AT THOSE AND I'M GOING TO

21   SAY THERE IS OR ISN'T STANDING, OR I WANT MORE.

22        NOW, IN RESPONSE TO THAT, THE PLAINTIFFS CAN COME BACK AND

23   SAY, YOU KNOW WHAT?  AND THIS IS SORT OF -- I WAS ALLUDING TO

24   THIS MAYBE NOT AS ARTFULLY AS I WANTED TO, WHERE I SAID I

25   WANTED TO GIVE THE PLAINTIFF INPUT.
```

1           MR. WIEBE, IF YOUR ARGUMENT IS CORRECT, YOU CAN COME BACK

2     AND SAY, YEAH, THEY SAID THIS, THEY SUBMITTED THESE MATERIALS,

3     AND YOU COULD ASK UNDER RULE 56 TO SAY WE WANT DISCOVERY ON

4     THAT ISSUE.  WE DON'T -- YOU KNOW, WE THINK THAT IS NOT

5     ENOUGH.  WE DON'T BELIEVE IT.  WE OBJECT TO THE COURT

6     ADJUDICATING ON THIS RECORD AND WE WANT ADDITIONAL DISCOVERY

7     ON THE FOLLOWING ISSUES, WHICH IS WHAT WOULD HAPPEN IN A, I

8     WANT TO SAY NORMAL, IN A MORE TYPICAL CASE.  THE GOVERNMENT

9     WOULD PRESENT CERTAIN MATERIALS, DECLARATIONS, THE OTHER SIDE

10    WOULD COME BACK AND SAY, WAIT, WE HAVEN'T HAD DISCOVERY ON

11    THESE ISSUES, WE NEED MORE INFORMATION, AND THEN YOU WILL BE

12    ABLE TO DO THAT.

13          NOW, BEFORE YOU RESPOND, SINCE I THINK I'M ON A ROLL HERE,

14    I WANT TO ASK THE FOLLOWING QUESTION.  MR. WIEBE JUST RAISED A

15    REALLY INTERESTING POINT, WHICH IS THIS.  AND I THINK IT'S

16    UNDER THE RUBRIC OF WHAT THE COURT STATED ABOUT I WANT THE

17    PLAINTIFFS TO SEE AS MUCH AS POSSIBLE THAT'S NOT CLASSIFIED,

18    TO THE EXTENT THAT THE GOVERNMENT PROVIDES DECLARATIONS TO THE

19    COURT, WHY COULD THEY NOT BE REDACTED TO TAKE OUT THE

20    CLASSIFIED INFORMATION AND THEN THE REDACTED VERSIONS GIVEN TO

21    THE PLAINTIFFS?

22          **MR. GILLIGAN:**  IN THEORY THAT'S POSSIBLE, YOUR HONOR,

23    BUT I WOULD NOT WANT TO RAISE ANY EXPECTATIONS ABOUT HOW MUCH

24    CONTENT AS OPPOSED TO, YOU KNOW, BLACK PAGES WOULD ACTUALLY

25    APPEAR.

1    BECAUSE WE SIMPLY CONFIRMING OR DENYING WHETHER THESE

2    INDIVIDUALS OR ANY INDIVIDUALS WERE SUBJECTED TO GOVERNMENT

3    SURVEILLANCE PROGRAMS WOULD TEND TO REVEAL CLASSIFIED

4    INFORMATION, THE DISCLOSURE OF WHICH WOULD BE POTENTIALLY

5    HARMFUL TO NATIONAL SECURITY.

6        SO I UNDERSTAND YOUR HONOR'S DIRECTIVE THAT WE PROVIDE ANY

7    UNCLASSIFIED INFORMATION THAT WE HAVE ABOUT STANDING TO THE

8    PLAINTIFFS' COUNSEL, BUT TO BE HONEST, YOUR HONOR, I'M AT A

9    LOSS TO CONJURE IN MY OWN MIND WHAT THAT WOULD BE.

10       **THE COURT:**  WELL, THE FIRST THING TO DO IS DRAFT IT,

11   WHICH IS WHAT YOU WOULD TYPICALLY DO, YOU AND I GUESS THE

12   AGENCY HERE WITH THE CLASSIFICATION AS NSA, THEY WOULD LOOK AT

13   IT AND THEY WOULD SAY THIS CAN'T BE REVEALED, OR WE ARE NOT

14   UNCOMFORTABLE REVEALING THIS GIVEN THE COURT'S SHALL WE SAY

15   NOT ORDER, BUT EXHORTATION, IF YOU WILL, THAT AS MUCH AS CAN

16   BE SUBMITTED TO THE COURT AND PLAINTIFFS' COUNSEL UNCLASSIFIED

17   BE DONE AT LEAST -- BE DONE SO THAT THE PLAINTIFFS CAN FRAME

18   THEIR ARGUMENTS AND MAKE THEIR RECORD TO THIS COURT AND TO ANY

19   OTHER COURT.

20       **MR. GILLIGAN:**  UNDERSTOOD, YOUR HONOR.  WE WILL

21   COMPLY TO THE EXTENT POSSIBLE WITH THAT.  IF I CAN MAKE TWO

22   POINTS.

23       COMING BACK TO THE PLAINTIFFS' OWN GRAPHIC OF THEIR CLAIM,

24   THE COURT HAS ALREADY RULED THAT THE PLAINTIFFS CANNOT

25   ESTABLISH THEIR STANDING TO CHALLENGE THESE ALLEGED ACTIVITIES

1    WITHOUT RISK OF EXCEPTIONALLY GREAT DAMAGE TO NATIONAL

2    SECURITY.  THEY ARE NOW CHALLENGING THE SAME ACTIVITY JUST

3    UNDER A DIFFERENT LEGAL THEORY THAT IT VIOLATES THE WIRETAP

4    ACT AND COMMUNICATIONS ACT RATHER THAN THE FOURTH AMENDMENT.

5         OUR POSITION, AND WE WILL MAKE THIS -- SPELL THIS OUT IN

6    OUR BRIEFING, OUR POSITION IS THAT THE EXACT SAME REASONING

7    APPLIES TO THE STATUTORY CLAIMS AS THE COURT FOUND IT DID TO

8    THEIR FOURTH AMENDMENT CLAIM BECAUSE IT'S THE SAME ACTIVITY.

9         **THE COURT:**  I UNDERSTAND THAT.

10        BUT -- AND MAYBE THIS IS NOT EVEN SEMANTICS, THE ISSUE OF

11   STANDING HAS BEEN RAISED BEFORE THE NINTH CIRCUIT AS AN

12   ALLEGATION MATTER, AS A PLEADINGS MATTER, AND THEY HAVE SAID

13   IN NO UNCERTAIN TERMS THAT THE COURT SHOULD NOT RESOLVE THIS

14   ISSUE BY RELYING ON ALLEGATIONS IN THE PLEADINGS.  AND THE

15   IMPLICATION, IF NOT EXPLICIT DIRECTIVE OF THE NINTH CIRCUIT

16   WAS TO PEEL BACK THE ONION AND FIND OUT IF, IN FACT, FACTUALLY

17   THE PLAINTIFFS DO HAVE STANDING UNDER THE STANDARD FOR

18   STANDING THAT IS APPROPRIATE IN THE CASE, AND THEN THE SECOND

19   ONE, A COROLLARY OF IT IS COULD THEY EVEN, EVEN ASSUMING THERE

20   WASN'T ANY FACTUALLY THERE WAS NO STANDING, THE PLAINTIFFS

21   CAN'T PROVE IT WITHOUT DOING VIOLENCE TO THE NATIONAL

22   SECURITY.

23        **MR. GILLIGAN:**  CORRECT, YOUR HONOR.  I CAN ASSURE

24   YOU, WE ARE NOT GOING TO FILE A BRIEF THAT SAID THEY HAVE

25   FAILED TO ALLEGE STANDING.  WE MAY HAVE OUR VIEWS ON THAT, BUT

1    THAT IS NOT AN ISSUE WE WILL CONTEND.  THE NINTH CIRCUIT HAS

2    RULED.  OKAY.

3        BUT WE WILL SAY IS THAT THEY CAN'T PROVE IT, JUST LIKE

4    THEY COULDN'T PROVE IT WITH RESPECT TO UPSTREAM BECAUSE THAT

5    WOULD REQUIRE DISCLOSURES THAT WOULD BE HARMFUL TO NATIONAL

6    SECURITY.

7            THE COURT:  BUT I'M ASKING YOU TO GO ONE STEP -- YOU

8    CAN MAKE THAT ARGUMENT, AND I'M NOT GOING TO HELP WRITE THE

9    BRIEFS RIGHT HERE AND NOW, BUT I EXPECT TO BE ABLE TO, AT

10   LEAST IF IT'S POSSIBLE AND IF IT'S FACTUALLY SUPPORTABLE, TO

11   BE ABLE TO SAY YES OR NO ABOUT THE ARGUMENT THEY CAN'T PROVE

12   IT WITHOUT DOING DAMAGE TO THE NATIONAL -- GRAVE DAMAGE TO THE

13   NATIONAL SECURITY, BUT IN FACT THE -- SO THE COURT -- IF THE

14   COURT COULD FIND THAT WITHOUT VIOLATING CLASSIFICATION LAWS

15   THAT THEY DO OR DON'T AS A MATTER OF FACT THEY DON'T HAVE

16   STANDING OR AS A MATTER OF FACT THE COURT FINDS CONTRARY TO

17   THE GOVERNMENT'S POSITION THAT THEY CAN PROVE STANDING, AND

18   LET'S COME UP WITH A WAY NOW TO GET THE DISCOVERY OUT TO

19   ENABLE THEM TO DO THAT, IF POSSIBLE.

20       SO I'M GOING TO EXPECT YOU TO GO FURTHER THAN WHAT YOU ARE

21   PROPOSING.

22           MR. GILLIGAN:  YOUR HONOR, WE WILL DO THAT.  I CAN

23   SAY THAT WE HAVE IN THE PAST PROVIDED THE COURT EVIDENCE ON

24   WHY WE CAN'T CONFIRM OR DENY WHETHER THE PLAINTIFFS HAVE

25   STANDING.  AND THAT --

1          **THE COURT:**  LET ME INTERRUPT YOU RIGHT THERE.  THAT'S

2   A VERY GOOD POINT.  THAT IS WHY I WAS VERY CAREFUL IN MY ORAL

3   ORDER TO SAY "MARSHAL THE EVIDENCE".

4       THE PROBLEM IS, AND I DON'T THINK I'M TELLING ANY TALES

5   OUT OF SCHOOL HERE, I'M NOT.  PROCEDURALLY, WHAT HAPPENS IS, I

6   ASSUME THE NAME OF THE GUY WHO COMES WITH THE DOCUMENTS IS NOT

7   CLASSIFIED.  HIS NAME IS SCOOTER BELIEVE IT OR NOT.  HE COMES,

8   YOU KNOW, NOT FIGURATIVELY WITH HIS HANDCUFFS ON, PRESENTS THE

9   COURT WITH THE DOCUMENTS IN A SECURE FACILITY, EITHER A SCIF

10  OR SOME OTHER FACILITY WITH THE BLINDS CLOSED, AND THE CELL

11  PHONES TURNED OFF AND THE ALUMINUM HATS TURNED OFF OR TAKEN

12  OFF, AND THEN SAYS, OKAY, GO AT IT.

13      I REVIEW THIS MASSIVE AMOUNT OF DOCUMENTS.  I TAKE NOTES.

14  HE THEN PROMPTLY TAKES MY NOTES AND CLASSIFIES THOSE, AND THEN

15  HE COMES BACK, WHICH HE DID RECENTLY WHEN THERE WAS A

16  SUBMISSION, I LOOK AT MY NOTES, OH, YEAH, I REMEMBER THAT NOW.

17       SO THERE'S SO MUCH OF IT THAT IT NEEDS TO BE MARSHALED NOW

18  UNDER THE EXPLICIT DIRECTIVE OF THE COURT SO THAT I HAVE IN

19  ONE PLACE AND AT ONE TIME OR ONE SERIES OF TIMES ALL THE

20  EVIDENCE THAT I NEED TO MAKE THE DETERMINATION.

21          **MR. GILLIGAN:**  YOUR HONOR, THAT GOES TO THE CORE OF

22  OUR CONCERN OR AT LEAST MY LACK OF CLARITY ON WHAT IT IS THAT

23  THE COURT IS EXPECTING US TO PROVIDE.

24      AND THIS IS NOT TO RESIST THE NOTION BUT TO UNDERSTAND IT.

25  BECAUSE THE COURT SAYS, PROVIDE ALL THE EVIDENCE ON STANDING

```
1    TO THE COURT.  THAT COULD IN THEORY BE, I CAN'T SAY FOR SURE,

2    I WOULD HAVE TO CONFER WITH MY CLIENT, THAT COULD BE IN THEORY

3    A VOLUMINOUS AMOUNT OF INFORMATION, ESPECIALLY GIVEN THE WIDE

4    RANGE OF THE DISCOVERY REQUESTS.  SO WE --

5         THE COURT:  WELL, LOOK, LET ME JUST SAY THIS.  YOU

6    FOLKS HAVE BEEN AT THIS A LOT LONGER THAN THE COURT, ALTHOUGH

7    IT SEEMS FOREVER THE COURT HAS BEEN AT THIS, YOU NEED TO

8    FIGURE IT OUT.

9       AGAIN, I'M NOT GOING TO DRILL DOWN OR GET DOWN TO THE

10   WEEDS, OR WHATEVER EXPRESSION YOU WANT TO TELL YOU HOW TO DO

11   IT.  BUT IF YOU SAY, IF YOU SAY, WELL, IF THE STANDARD WERE X,

12   THEN WE'RE TALKING ABOUT GOING THROUGH 10 BILLION DOCUMENTS OR

13   10 BILLION PIECES OF DATA, IT'S PHYSICALLY IMPOSSIBLE TO DO

14   THAT.  THAT WOULD BE ONE THING.

15      BUT IF THE ISSUE WAS, FOR EXAMPLE, I'M MAKING THIS UP NOW

16   BECAUSE I DON'T REMEMBER WHAT THE CLASSIFIED MATERIALS SAY, WE

17   LOOKED THROUGH AND NO PLAINTIFF IN THIS CASE WAS EVER PICKED

18   UP.  NO PLAINTIFF WAS EVER TARGETED.  YOU KNOW, IN AS MUCH

19   DETAIL AS YOU CAN GIVE WITH THE HIGH POWERED COMPUTERS THAT

20   THE NSA HAS, AS YOU WOULD URGE THE STANDARD FOR THAT -- YOU

21   MAY SAY WE'RE NOT GOING TO LOOK AT, YOU KNOW, THE METADATA, WE

22   ARE NOT GOING TO DO EXACTLY WHAT THE PLAINTIFFS ARE CONCERNED

23   WE DO NOW AND TRY TO INGEST THAT INFORMATION, BECAUSE NUMBER

24   ONE, THAT'S NOT THE PROPER STANDARD AND NUMBER TWO, THAT IS

25   NOT POSSIBLE.  AND YOU MAY URGE THAT AND SAY THAT TO THE
```

1    COURT.

2        I'M ASKING YOU TO DO WHATEVER IS POSSIBLE SO I FULFILL THE

3    MANDATE OF THE COURT TO SAY YOU NEED TO DETERMINE WHETHER OR

4    NOT YOU, THE COURT, THERE IS STANDING.  PERIOD.  YES, YOU

5    SHOULD ALSO DETERMINE WHETHER THEY CAN PROVE IT UNDER, YOU

6    KNOW, UNDER THE *CLAPPER* FOOTNOTE IN THE SUPREME COURT

7    DECISION.

8        SO YOU GUYS, I'M SORRY, I DON'T MEAN THIS GENERICALLY, MEN

9    AND WOMEN, NEED TO FIGURE THIS OUT BECAUSE I FEEL LIKE I NEED

10   TO DISCHARGE MY OBLIGATION AS BEST AS I CAN AND YOU COME BACK

11   WITH YOUR COMPLIANCE, AND THEN I WILL DETERMINE WHAT LEGAL

12   CONSEQUENCE IT IS.  SO THAT'S ALL I CAN SAY.  I CAN'T GIVE YOU

13   ANY MORE GUIDANCE.

14       **MR. GILLIGAN:**  I APPRECIATE THAT GUIDANCE, YOUR

15   HONOR, BECAUSE THERE IS A VERY LARGE DIFFERENCE BETWEEN THE

16   COURT'S EXPLANATION JUST NOW WHICH I VERY MUCH APPRECIATE AND

17   THE EARLIER REFERENCES TO PRODUCING ALL THE EVIDENCE.

18       I HAVE BEEN IN FRONT OF JUDGES WHO, WHEN THEY SAY "ALL",

19   THEY MEAN ALL, AND THAT WOULD HAVE BEEN AN EXTRAORDINARILY

20   BURDENSOME --

21       **THE COURT:**  JUST A SECOND.  I DON'T WANT TO BE PUT IN

22   A CORNER HERE.

23       WHEN I SAY "ALL", I MEAN ALL.  NOW, WHEN A COURT SAYS

24   "ALL" AND A PARTY AGAINST WHOM THAT ORDER IS ISSUED SAYS, IT

25   IS PHYSICALLY IMPOSSIBLE TO PRODUCE ALL, THIS IS ALL -- THIS

1    IS QUOTE-UNQUOTE ALL WE CAN PRODUCE THAT MAY BE RELEVANT TO

2    THE ISSUE OF STANDING AS WE BELIEVE THE ISSUE IS ARTICULATED.

3        BUT I'M NOT GOING TO GIVE THE GOVERNMENT A LICENSE,

4    ESPECIALLY WHEN THE PLAINTIFF HAS LITTLE INPUT ON THIS, TO

5    SAY, YEAH, I'M GOING TO INTERPRET WHAT THE COURT SAYS TO BE AS

6    NARROW AS POSSIBLE.  BUT I EXPECT THAT TO BE EXPLICATED; THE

7    PROBLEMS, THE QUANTITY, ET CETERA.  BUT THEN TO COME BACK WITH

8    SOMETHING WHERE THE COURT CAN SAY ON THE PUBLIC RECORD OR THE

9    COURT HAS THE OPPORTUNITY TO, AS YOU KNOW, TO FILE A

10   CLASSIFIED OPINION OR ORDER SO THAT ONLY THE CIRCUIT SEES IT.

11       **MR. GILLIGAN:**  I COMPLETELY AGREE WITH WHAT YOUR

12   HONOR JUST SAID.  WE UNDERSTAND OUR SPECIAL OBLIGATIONS AND

13   CIRCUMSTANCES LIKE THIS TO TURN SQUARE CORNERS AND PLAY FAIR

14   AND SQUARE.

15       SO TO THE EXTENT -- I THINK AT LEAST IN PRINCIPLE.  TO THE

16   EXTENT THAT WE DETERMINE THAT THERE MAY BE SOME LARGE BODY OF

17   EVIDENCE THAT CANNOT BE PRODUCED OR CANNOT BE EVEN THOROUGHLY

18   EXAMINED IN ORDER TO RESPOND TO THE COURT'S MANDATE, WE WOULD

19   MAKE THAT CLEAR IN WHATEVER SUBMISSION WE MAKE.

20       ONE THING THAT OCCURS TO ME, ONE WAY THE CAT CAN BE

21   SKINNED PERHAPS IS REPORT THROUGH SOME SORT OF DECLARATION OR

22   OTHER WRITTEN RESPONSE THE RESULTS OF SOME SEARCH OF ONE

23   DATABASE OR ANOTHER WITHOUT, OF COURSE, TURNING OVER THE

24   ENTIRE DATABASE TO THE COURT.

25       **THE COURT:**  AND THAT, FROM AN EVIDENTIARY

1    PERSPECTIVE, THAT MAY OR MAY NOT BE APPROPRIATE.

2        LET ME JUST SAY, I HAVE BEEN THINKING ABOUT WHAT YOU SAID,

3    MR. WIEBE, AND I WANT TO GO BACK TO SOMETHING I SAID AT THE

4    VERY BEGINNING OF THESE PROCEEDINGS.  AND THAT IS, I USED THE

5    TERM "DISCOVERY" ADVISEDLY AT THE BEGINNING, NOT IN THE

6    CONTEXT OF A MOTION FOR A PROTECTIVE ORDER.  I SAID THERE

7    SHALL BE DISCOVERY.  THERE SHALL BE STAGED DISCOVERY.  THERE

8    SHALL BE STAGED DISCOVERY TO THE COURT.

9        SO WHAT THE COURT CONTEMPLATES, IT MAY VERY WELL BE THE

10   CASE THAT DEPENDING UPON THE RULING ON THE MOTIONS AS

11   PRESENTED, THE COURT MAY COME BACK AND SAY, NO, WE NEED TO

12   OPEN UP DISCOVERY WIDER.  AND WE NEED TO FIGURE OUT A PROCESS

13   BY WHICH WE CAN DO THAT IN ACCORDANCE WITH THE PROPOSAL YOU

14   JUST OUTLINED FOR THE COURT.

15       THIS IS GOING TO BE STAGED DISCOVERY PRINCIPALLY ON THE

16   ISSUE OF STANDING.  AND, YOU KNOW, WHEN I THOUGHT OF THESE

17   WORDS, "DISCOVERY", DOES IT REALLY APPLY WHEN IT'S GOING TO

18   THE COURT?  MAYBE NOT.  BUT IT'S SORT OF ANALOGOUS TO WHEN

19   THERE IS AN ISSUE OF PRIVILEGE OR SOME -- I HAVE ANOTHER CASE

20   INVOLVING -- THAT THE CIRCUIT JUST SENT BACK DEALING WITH

21   *BRADY* MATERIAL, WHERE THE COURT IS GOING TO SUBMIT -- REVIEW

22   NOTES.

23       YOU CAN CALL THAT DISCOVERY.  YOU CAN CALL THAT, YOU KNOW,

24   JUST AN IN CAMERA REVIEW.  THAT'S WHAT THE COURT HAD IN MIND.

25   IT IS WITHOUT -- I DON'T BELIEVE IT'S APPROPRIATE OR NECESSARY

1    UNDER THE CIRCUMSTANCE, AND YOU MAY HAVE THE ABILITY TO ARGUE

2    THAT TO ANOTHER COURT AT ANOTHER TIME, EVEN TO THIS COURT, I

3    DON'T THINK IT'S APPROPRIATE TO OPEN THE DISCOVERY PROCESS UP

4    TO THE EXTENT YOU PROPOSE, MR. WIEBE.

5        I THINK THE WAY THE COURT HAS ARTICULATED THIS PROCESS IS

6    THE WAY TO GO BECAUSE IT LEAVES THE COURT AND THE PARTIES THE

7    OPPORTUNITY, ESPECIALLY THE PLAINTIFFS, TO GO FURTHER AT A

8    LATER TIME.  I FEEL LIKE I NEED TO DO THIS IN A WAY THAT IS

9    DIGESTIBLE TO THE COURT.

10       GO AHEAD.

11           **MR. WIEBE:**  MAY I RESPOND?

12           **THE COURT:**  PLEASE.

13           **MR. WIEBE:**  THANK YOU.

14       FIRST OF ALL, WE HAVE HEARD A LOT ABOUT THE FOURTH

15   AMENDMENT RULING OVER AND OVER AGAIN TODAY.  THE BIG KEY

16   DIFFERENCE IS, IN THE FOURTH AMENDMENT BRIEFING YOU DIDN'T

17   HAVE THE BENEFIT OF SECTION 1806(F).  HERE YOU'VE GOT SECTION

18   2712 TELLING YOU TO APPLY 1806(F).

19       AND THE FIRST STAGE OF APPLYING IT IS GIVE US

20   OPPORTUNITIES TO PROPOUND DISCOVERY AND TO HAVE THE DISCOVERY

21   RESPONDED TO.  TO THE EXTENT IT'S SECRET, GOES TO YOU THROUGH

22   1806(F).

23       THIS WILL ACTUALLY BE EASIER FOR THE COURT.  THE COURT IS

24   FACED WITH THE DAUNTING PROSPECT OF TRYING TO DIGEST ON YOUR

25   OWN HUNDREDS, THOUSANDS, WHATEVER DOCUMENTS.  AND IT'S MUCH

1    EASIER TO DIGEST THE ANSWERS TO RFA'S AND INTERROGATORIES THAT

2    WE HAVE ALREADY PROPOUNDED AND HAVE ALREADY NARROWED DOWN.

3    THOSE ANSWERS, YOU KNOW, CAN BE EASILY READ AND COMPREHENDED

4    BY THE COURT AS OPPOSED TO TAKING A DOCUMENT YOU HAVE NO IDEA

5    WHERE IT CAME FROM, WHAT IT MEANS, AND TRYING TO DIGEST IT.

6         SO WRITTEN RESPONSES FROM THE GOVERNMENT TO OUR WRITTEN

7    DISCOVERY REQUESTS, THE RFA'S AND INTERROGATORIES, I THINK ARE

8    ABSOLUTELY ESSENTIAL TO GOING FORWARD.  AND, AGAIN,

9    DECLASSIFIED TO THE EXTENT POSSIBLE AND PROVIDED TO US.

10        THE OTHER REASON WHY IT'S ESSENTIAL TO DO IT THAT WAY IS

11   IT GIVES US AN OPPORTUNITY TO RAISE THE FACTUAL ISSUES WE

12   THINK ARE IMPORTANT.  OTHERWISE YOU'RE JUST GETTING A

13   ONE-SIDED VIEW OF THE MATTERS.

14        THERE ARE ABLE LAWYERS ON THE OTHER SIDE.  THEY ARE GOING

15   TO DRAFT DECLARATIONS THAT PRESENT THE FACTS THAT THEY THINK

16   SUPPORT THEIR CASE.  AND, YOU KNOW, YOU MAY GET A DECLARATION

17   AND HAVE NO IDEA WHAT THE ENTIRE UNIVERSE OF FACTS OUT THERE

18   THAT'S NOT IN THE DECLARATION IS.  BY GETTING RESPONSES TO OUR

19   DISCOVERY, THE DISCOVERY WE'VE IDENTIFIED AS BEING RELEVANT,

20   THAT WILL GIVE YOU OUR PERSPECTIVE ON THE CASE.

21             **THE COURT:**  ALL RIGHT.  WHAT'S YOUR RESPONSE?

22             **MR. GILLIGAN:**  YOUR HONOR, THE PROBLEM IS, IS THAT

23   THEIR DISCOVERY REQUESTS SEEK ENORMOUS VOLUMES OF INFORMATION

24   THAT CERTAINLY HAVE NOTHING TO DO WITH THE STANDING ISSUE

25   AND -- AND DON'T EVEN HAVE TO DO REALLY WITH THE MERITS --

1          **THE COURT:**  COULD THERE BE A PROCESS WHEREBY -- AND

2     I'M THINKING OUT LOUD HERE, I'M NOT ACCEPTING ONE POSITION

3     RATHER THAN THE OTHER.  WE DON'T ALLOW MOTIONS FOR PROTECTIVE

4     ORDERS IN THIS COURT.  THEY ARE LETTER BRIEFS.  YOU SUBMITTED

5     A LETTER.  TO BE QUITE HONEST WITH YOU, THAT FAILED.

6          THAT EVIDENCED -- AND I'M NOT ASCRIBING -- I OFTEN ASCRIBE

7     BAD FAITH MOTIVES TO CIVIL ATTORNEYS, NOT CRIMINAL ATTORNEYS,

8     BUT CIVIL ATTORNEYS, BUT NOT IN THIS CASE.  THERE ARE HUGE

9     ISSUES AT STAKE.  I'M NOT IMPUGNING COUNSEL AT ALL.

10          WHAT I GOT WAS, YOU KNOW, A HUGE NUMBER OF BROAD REQUESTS

11     BY THE PLAINTIFF, PERHAPS NECESSARILY BECAUSE THEY DON'T KNOW

12     WHAT'S OUT THERE, AND THEN THE GOVERNMENT'S RESPONSE SAYING,

13     WELL, NOT ONLY ARE THEY OVERBROAD ON A PURE PERHAPS RULE 26

14     STANDPOINT, BUT ALSO WOULD DO GRAVE INJURY TO THE NATIONAL

15     SECURITY, GRAVE HARM TO NATIONAL SECURITY.

16          AND SO IS THERE A PROCESS WHERE YOU COULD HAVE A MEET AND

17     CONFER AND TRY TO AT LEAST NARROW DOWN THE REQUEST FOR

18     ADMISSIONS, INTERROGATORIES, ET CETERA THAT ARE AT LEAST

19     RELEVANT AS THAT TERM IS NOW DEFINED.  THIS CASE HAS GONE ON

20     SO LONG THAT RULE 26 HAS CHANGED, AND THEN THE GOVERNMENT

21     COULD COME BACK AND SAY, YOU KNOW, YEAH, THESE ARE THE

22     RELEVANT -- NOW WE AGREE THAT THESE ARE THE RELEVANT

23     QUESTIONS.  WE CAN'T ANSWER ANY OF THEM BECAUSE THEY WOULD

24     HURT -- THEY WOULD DO GRAVE HARM, ET CETERA, TO NATIONAL

25     SECURITY.

1       SO COMING TO THE COURT NOW AND SAYING, WELL, IT'S TOO

2   BROAD, THEY HAVE ASKED TOO MUCH, ET CETERA, YES, THAT'S A

3   PROBLEM WE FACE ALL THE TIME BUT WE ALSO RESOLVE THOSE

4   PROBLEMS.

5       COULD WE DO THAT TO PERHAPS CLARIFY THE RECORD IN ADVANCE

6   OF SOME MOTION, THE OMNIBUS MOTION THAT THE COURT HAS

7   CONTEMPLATED?

8           MR. GILLIGAN:   YOUR HONOR HAS ALREADY GIVEN US A

9   MANDATE.  WE WOULD HAVE PREFERRED TO DEAL WITH THE ISSUE OF

10  KIND OF WINNOWING DOWN THE BODY OF EVIDENCE THAT NEEDS TO BE

11  LOOKED AT THROUGH THE DUAL MOTIONS PROCESS THAT WE SUGGESTED.

12      BUT TO CONTINUE WITH WHAT THE COURT DESIRES, YOU KNOW,

13  WE -- YOU'VE GIVEN US A MANDATE TO MARSHAL THE EVIDENCE ONE

14  WAY OR THE OTHER ON STANDING, AND THEN TO PRESENT IT TO THE

15  COURT IN A FASHION THAT THE COURT WILL BE ABLE TO DIGEST AND

16  WITH EXPLANATIONS OF WHERE WE HAD TO DO THINGS, PROVIDE THE

17  COURT WITH RESULTS OF DATABASE SEARCHES IN A DECLARATION AS

18  BEING THE MOST EFFICIENT WAY OF PRODUCING THE MATERIAL

19  EVIDENCE.

20      THAT SEEMS TO US, ESPECIALLY IF WE ARE TO DO THIS ON A

21  SHORT TIMELINE WITH SIMULTANEOUS BRIEFING OF SOME COMPLICATED

22  LEGAL ISSUES TO GET TO WHERE THE COURT WANTS TO GO ON THE

23  TIMELINE THAT WE HAVE SUGGESTED, IF WE HAVE TO DIVERT OUR

24  ENERGIES TO, YOU KNOW, HUNTING DOWN -- JUST ONE OF THEIR

25  DOCUMENT REQUESTS, YOUR HONOR, ASKS US TO -- NO, CREDIT WHERE

CREDIT IS DUE, FOUR TOTAL DOCUMENT REQUESTS, FOUR OF THE 40,

ASKS US TO PRODUCE ALL DOCUMENTS THAT WOULD SUPPORT OUR

RESPONSES TO THEIR 52 RFA'S AND THEIR 43 INTERROGATORIES.

THAT'S CLEARLY NOT AN EFFICIENT WAY TO GO ABOUT GETTING TO

THE GIST OF THE STANDING ISSUE AND IT'S ALSO GRATUITOUSLY, WE

SUBMIT, PLACING LARGE VOLUMES OF CLASSIFIED INFORMATION AT

RISK THROUGH UNNECESSARY DISCLOSURE.

SO IT SEEMS TO US THE MOST EFFICIENT WAY, THE WAY IT'S

MOST PROTECTIVE OF NATIONAL SECURITY IS FOR US TO TAKE THE

COURT'S MANDATE THIS AFTERNOON AND TO PROCEED IN THE MANNER

THE COURT HAS SUGGESTED.

**THE COURT:**  ALL RIGHT.  ANYTHING FURTHER YOU WANT TO

SAY?

**MR. WIEBE:**  I'M GOING TO JUST COME BACK TO VERY BASIC

DUE PROCESS.

ONE-SIDED SECRET EVIDENCE IS NOT DUE PROCESS.  AND

CONGRESS HAS SOLVED THE CONUNDRUM FOR THE COURT.  AS THE COURT

SAID IN IT'S 2013 ORDER, SECTION 1806(F) QUOTE:

"STRIKES A BALANCE BETWEEN EXECUTIVE ACTION AND

JUDICIAL OVERSIGHT.  THE LEGISLATIVE HISTORY MAKES

CLEAR THAT CONGRESS INTENDED TO FORMULATE A BALANCE

LEGISLATIVE SOLUTION TO THE NATIONAL SECURITY

PROBLEMS RAISED IN LITIGATION OVER POSSIBLE UNLAWFUL

EXECUTIVE SURVEILLANCE PROGRAMS."

THAT'S EXACTLY WHERE WE ARE NOW HERE TODAY.  BUT THE FIRST

1    STEP OF THAT 1806(F) PROCESS PROPERLY HAS TO BE GIVING US

2    DISCOVERY RIGHTS.  WE CAN MEET AND CONFER AND ARGUE AND WINNOW

3    DOWN AND GET -- DECIDE WHAT THAT PROPER SCOPE OF DISCOVERY IS,

4    BUT, YOUR HONOR, WE'VE GOT TO HAVE SOME DISCOVERY.

5        IF WE GO BACK TO THE NINTH CIRCUIT AND THE FIRST THINGS

6    OUT OF MY MOUTH ARE, WE NEVER GOT ANY DISCOVERY RESPONDED TO,

7    I DON'T THINK THEY ARE GOING TO THINK THAT IS A COMPLETE

8    RECORD FOR THEM TO DECIDE THE CASE ON.

9        THE COURT:  I'LL GIVE YOU ONE LAST CHANCE.  I WANT TO

10   TAKE A RECESS -- WE HAVE BEEN GOING A LONG TIME -- FOR

11   EVERYBODY'S BENEFIT AND ALSO TO KIND OF INGEST, DIGEST WHAT

12   YOU ALL HAVE PUT FORTH AND SEE HOW I WANT TO PROCEED.

13       YES, GO AHEAD.

14       MR. GILLIGAN:  OBVIOUSLY, YOUR HONOR, MUCH OF THE

15   INFORMATION --

16       THE COURT:  HOW ARE YOU GOING TO ANSWER THE QUESTION

17   WHEN ONE OF MY ESTEEMED COLLEAGUES ON THE NINTH CIRCUIT SAYS,

18   WELL, HOW CAN WE LET THIS CASE PROCEED WHEN THE PLAINTIFFS

19   HAVE NEVER HAD -- PUTTING ASIDE THE ISSUE, THE WHOLE *CLAPPER*

20   ARGUMENT, THEY HAVE NEVER REALLY TESTED THE GOVERNMENT'S

21   POSITION BECAUSE THE DISTRICT COURT NEVER GAVE THEM DISCOVERY?

22       HOW ARE YOU GOING TO RESPOND TO THAT?

23       MR. GILLIGAN:  YOUR HONOR, I WAS GOING TO ADDRESS

24   THAT ONE FIRST, WHICH IS THAT OBVIOUSLY THE INFORMATION THAT

25   WE PROVIDE TO YOUR HONOR UNDER THE COURT'S MANDATE, WOULD

1    OBVIOUSLY BE INFORMATION THAT WOULD BE RESPONSIVE TO DISCOVERY

2    REQUESTS OF THE PLAINTIFFS.

3        I THINK WHAT THE PLAINTIFFS NEED TO DO HERE IS DECIDE

4    WHICH THEY ARE GOING TO RELY ON, THE RULES OF CIVIL PROCEDURE

5    OR 1806(F).  IF IT'S THE RULES OF CIVIL PROCEDURE, THEN IT'S

6    THEIR OBLIGATION TO MOVE TO COMPEL.  AND -- IF THEY BELIEVE

7    OUR OBJECTIONS ARE NOT WELL-TAKEN.

8        IF IT'S 1806(F), THEN IT IS THEIR OBLIGATION, AS WE HAVE

9    BRIEFED BEFORE, THIS IS AN ISSUE THAT THE COURT WILL PROBABLY

10   SEE AGAIN IN THE MOTIONS TO COME, IT'S THEIR OBLIGATION BEFORE

11   THEY INVOKE 1806(F) TO PROVE THAT THEY ARE AGGRIEVED PERSONS

12   WITHOUT FIRST RELYING ON CLASSIFIED EVIDENCE.

13       SO WHAT THEY ARE ATTEMPTING TO DO IS TO USE THE STATUTE TO

14   DETERMINE WHETHER THEY ARE AGGRIEVED PERSONS ENTITLED TO

15   INVOKE THE STATUTE IN THE FIRST PLACE.

16           **THE COURT:**  IT'S A LITTLE BIT OF A CHICKEN AND EGG.

17   HOW DO THEY KNOW IF THEY'RE AGGRIEVED -- HOW DO THEY PROVE

18   THAT IF THEY DON'T EVER GET DISCOVERY?

19           **MR. GILLIGAN:**  WELL, THERE'S NOTHING IN 1806(F) THAT

20   SAYS THEY ARE ENTITLED TO DISCOVERY.

21       AND IF -- ANTECEDENT TO THEM BEING ABLE TO PROVE THAT, THE

22   RULES OF DISCOVERY INCLUDE THE GOVERNMENT'S ABILITY TO

23   WITHHOLD CLASSIFIED INFORMATION ON THE BASIS OF, AMONG OTHER

24   THINGS, STATE'S SECRET PRIVILEGES AS WELL SECTION 6 OF THE

25   NATIONAL SECURITY AGENCY ACT.

1          **THE COURT:**  ALL RIGHT.

2          **MR. WIEBE:**  THE RULES OF CIVIL PROCEDURE AND 1806(F)

3    WORK IN TANDEM.  UNDER THE RULES OF CIVIL PROCEDURE, FOLLOWING

4    THIS COURT'S STANDING ORDERS, WE DID BRING A MOTION TO COMPEL

5    IN THE FORM OF THE JOINT DISCOVERY LETTER BRIEF.  THAT'S WHAT

6    THAT IS ALL ABOUT.  THEY MADE OBJECTIONS.  WE SAID THESE

7    OBJECTIONS ARE NOT FOUNDED, PLEASE RULE ON BY THE COURT.

8          ON 1806(F) THIS AGGRIEVED PERSON ARGUMENT, WE BATTED THAT

9    DOWN TIME AND TIME AGAIN.  AS JUDGE WALKER SAID IN THE MDL,

10   FOR PURPOSES OF THIS, PROOF OF PLAINTIFFS' CLAIM IS NOT

11   NECESSARY AT THE AGGRIEVED PERSONS STAGE.  INSTEAD, ALL THAT

12   IS REQUIRED IS QUOTE "ALLEGATIONS THAT ARE SUFFICIENTLY

13   DEFINITE, SPECIFIC, DETAILED, AND NONCONTEXTUAL TO ENABLE THE

14   COURT TO CONCLUDE THAT A SUBSTANTIAL CLAIM IS PRESENTED.

15         AND WE'RE WAY PASSED THAT IN THIS LITIGATION.  THIS

16   AGGRIEVED PERSON ARGUMENT CAME UP IN THE 2013 BRIEFING, CAME

17   UP IN 2009, CAME UP BEFORE JUDGE WALKER.  THAT IS WATER UNDER

18   THE BRIDGE.

19         **THE COURT:**  I'M JUST GOING TO SAY, COUNSEL ARE

20   EXPECTED TO SCOUR THE ORDERS OF THE COURT IN THIS CASE AND NOT

21   MAKE THE SAME ARGUMENTS AGAIN THAT HAVE ALREADY BEEN RULED ON

22   IN THE PROPER CONTEXT.  IF IT WAS MADE IN A DIFFERENT CONTEXT

23   THAT DOESN'T APPLY NOW, THAT'S ONE THING.

24         I'M GOING TO TAKE A SHORT RECESS, GIVE EVERYBODY A CHANCE

25   TO CATCH THEIR BREATH, AND I WANT TO CONTEMPLATE THIS A LITTLE

```
1    FURTHER BECAUSE YOU HAVE CERTAINLY GIVEN THE COURT GOOD INPUT,

2    AND I WANT TO THINK ABOUT IT AND GET BACK TO YOU IN A FEW

3    MINUTES.

4         MR. WIEBE:  THANK YOU, YOUR HONOR.  APPRECIATE YOUR

5    PATIENCE.

6         THE COURT:  THANK YOU.

7         (RECESS TAKEN AT 12:45 P.M.; RESUMED AT 1:20 P.M.)

8         THE COURT:  COUNSEL CAN STAY SEATED.

9       ONE, I'M GOING TO ASK PERHAPS PLAINTIFFS' COUNSEL, THE

10   DOCUMENT THAT -- THIS IS JUST A HOUSEKEEPING MATTER.

11      THE DOCUMENT SHOWING THE SURVEILLANCE PROCESS WHICH WAS

12   IN -- HAVING TO DO WITH THE PURPORTED STAGES OF SURVEILLANCE,

13   CAN YOU STATE FOR THE RECORD WHERE THIS PARTICULAR DOCUMENT

14   CAN BE FOUND IN THE RECORD?

15      IT'S ALSO IN DOCUMENT 261 FILED ON JULY 25TH, 2014, BUT I

16   WANTED THE RECORD TO BE CLEAR WHERE THE ACTUAL DOCUMENT OR AT

17   LEAST WHAT THIS IS A COPY OF.

18        MR. WIEBE:  THIS IS AN ILLUSTRATION WE CREATED FOR

19   PURPOSES OF THE FOURTH AMENDMENT BRIEFING.  AND IT'S IN OUR

20   FOURTH AMENDMENT BRIEF.  SO THAT IS --

21        THE COURT:  ALL RIGHT.

22        MR. WIEBE:  -- HOW CAME TO BE.  THIS IS NOT A

23   GOVERNMENT DOCUMENT.  THIS IS WHAT WE CREATED TO ILLUSTRATE

24   OUR FOURTH AMENDMENT --

25        THE COURT:  SO IT'S IN THE FOURTH AMENDMENT BRIEF.
```

1    SO THE RECORD WILL SO STATE.

2        LET ME ASK, MR. GILLIGAN, I HAD ONE QUESTION THAT THE

3    GOVERNMENT ALLUDED TO IN ITS RESPONSE TO THE COURT'S QUESTION,

4    THIS IS SOMEWHAT OFF OF THE TOPIC, BUT I WANT TO MAYBE PURSUE

5    IT A LITTLE BIT.

6        IN REVIEWING CERTAIN -- WHAT OTHER COURTS HAVE DONE OR

7    PROCEDURALLY, I MEAN, IN THESE KINDS OF CASES, THERE HAVE BEEN

8    OCCASIONS WHERE -- AND THIS IS ALLUDED TO IN THE COURT'S

9    QUESTIONS -- WHERE CAREER LAW CLERKS HAVE BEEN GIVEN SECURITY

10   CLEARANCE SO THEY CAN ASSIST THE COURT WITH DOCUMENT REVIEW.

11       ARE YOU AWARE THAT THAT'S BEEN DONE AND IS THERE ANY WAY

12   THAT THAT CAN BE DONE IN THIS CASE?

13           MR. GILLIGAN:  WE HAVE LOOKED INTO THIS, YOUR HONOR,

14   AND THERE HAVE BEEN CASES WHERE IT HAS OCCURRED.

15       USUALLY IN CASES INVOLVING VOLUMINOUS AMOUNTS OF MATERIAL

16   WHERE THE COURT REQUIRED THE ASSISTANCE OF THE COURT PERSONNEL

17   IN ORDER TO COMPLETE THE REVIEW.

18       I CAN'T SAY FOR CERTAIN, I WOULD HAVE TO DOUBLE-CHECK

19   WHETHER THAT INVOLVED MATERIAL THAT HAD BEEN DESIGNATED AS

20   EXCEPTIONALLY CONTROLLED INFORMATION SUCH AS SOME OF THE

21   MATERIAL WE TALKED ABOUT HERE TODAY WOULD INVOLVE.

22       THIS IS SOMETHING WE DON'T WANT TO TAKE OFF THE TABLE, BUT

23   IT IS A DECISION THAT WE WOULD ASK THAT WE RETURN TO, AN ISSUE

24   THAT WE RETURN TO ONCE WE SEE WHAT VOLUME OF INFORMATION IT IS

25   THAT WE WOULD BE PROVIDING TO THE COURT.

```
1          THE COURT:  WHY CAN'T WE DO IT THE OTHER WAY AROUND

2    WITHOUT COMMITTING OR ACTUALLY CLEARING ANYBODY TO FIND OUT

3    WHAT WOULD BE INVOLVED.

4        I DON'T WANT TO DELAY THIS CASE BECAUSE I KNOW IT TAKES

5    QUITE A WHILE TO GET SOMEBODY CLEARED, AND IT MAY NOT BE

6    PRACTICABLE.  IT WAS IN THE COURT'S REQUEST, SO I WOULD LIKE

7    TO GET A RESPONSE WITHIN TWO WEEKS FROM TODAY, DEFINITIVE

8    FILED ECF DOCUMENT SAYING IT CAN BE DONE, IT CAN'T BE DONE, TO

9    WHAT LEVEL IT CAN BE DONE, AND ON WHAT TIME FRAME IT CAN BE

10   DONE.

11       WITHOUT COMMITTING ANYBODY, THE COURT MAY NOT EVEN TAKE

12   YOU UP ON THE OFFER, BUT AT LEAST I WILL KNOW WHAT THE ANSWER

13   IS IF IT SHOULD COME UP.

14       ALL RIGHT?

15         MR. GILLIGAN:  IN OTHER WORDS, WHETHER IT WOULD BE --

16   IS IT SIMPLY A MATTER OF GETTING -- DID YOUR HONOR SAY A

17   PERMANENT LAW CLERK?

18         THE COURT:  YES.  WE DON'T --

19              (SIMULTANEOUS COLLOQUY.)

20         THE COURT:  -- FOR EMPLOYMENT LAW REASONS, WE NEVER

21   SAY PERMANENT, WE SAY CAREER.

22         MR. GILLIGAN:  CAREER.  OKAY.  I APPRECIATE THAT.

23       SO WE WOULD BE ADDRESSING THE QUESTION IN THE CONTEXT OF A

24   CAREER LAW CLERK AND IT WOULD BE SIMPLY WHETHER A SECURITY

25   CLEARANCE, NECESSARY SECURITY CLEARANCE WOULD BE POSSIBLE,
```

```
1    SETTING ASIDE THE QUESTION OF WHETHER THERE WOULD BE A
2    DETERMINATION THAT A CAREER LAW CLERK COULD HAVE ACCESS TO THE
3    PARTICULAR --
4              THE COURT:  WELL --
5              MR. GILLIGAN:  -- MATERIALS YOU ARE TALKING ABOUT?
6              THE COURT:  SORRY TO INTERRUPT.  THE QUESTION IS
7    WHETHER OR NOT A HYPOTHETICAL CAREER LAW CLERK.  I'M NOT
8    ASKING PEOPLE TO COMMIT THAT ANY ONE WE CALL A CAREER LAW
9    CLERK CAN BE CLEARED, ASSUMING THEY CAN MEET THE BACKGROUND
10   CHECK.
11             MR. GILLIGAN:  RIGHT.
12             THE COURT:  TO REVIEW THE DOCUMENTS, SUBSTANTIAL
13   PORTION, ANY OF THE DOCUMENTS, WHATEVER, THAT ARE INVOLVED IN
14   THOSE THINGS THAT THE COURT WILL BE, AND COULD BE ASKED TO
15   REVIEW IN THIS CASE.  THAT WOULD BE THE QUESTION.
16             MR. GILLIGAN:  THAT'S ACTUALLY TWO QUESTIONS, YOUR
17   HONOR.  THAT'S MY POINT.
18        THERE'S A QUESTION OF WHETHER A CAREER LAW CLERK CAN BE
19   GRANTED WHAT WE WOULD CALL A TSSCI SECURITY CLEARANCE AND THEN
20   WHETHER -- WHETHER THEN THERE CAN BE A DETERMINATION THAT THAT
21   INDIVIDUAL HAS A NEED TO KNOW THE INFORMATION AT ISSUE.
22        I'VE HAD A TSSCI SECURITY CLEARANCE FOR SOMETHING ON THE
23   MATTER OF -- ON THE ORDER OF EIGHT YEARS, BUT I WOULD NEVER
24   HAVE BEEN GRANTED ACCESS TO THE KIND OF MATERIALS THAT ARE
25   INVOLVED IN THIS LITIGATION UNTIL I ACTUALLY STARTED WORKING
```

ON THE CASE.

       **THE COURT:**  WELL, ON THE ASSUMPTION THAT THIS PERSON, SHE, NEEDS TO KNOW.  SO ASSUMING THAT DETERMINATION CAN BE MADE, AND I'M SAYING THAT IF I WOULD NOT BE ASKING FOR THIS HAVING REVIEWED THESE DOCUMENTS AND THE PROCEDURES WE REVIEWED, WE HAVE BEEN FOLLOWING IN THIS CASE, IF I DIDN'T BELIEVE THAT THERE IS A NEED FOR THAT PERSON TO KNOW.

    I DON'T KNOW WHAT YOUR DEFINITION IS "NEED TO KNOW".  MY DEFINITION IS I NEED HER TO KNOW BECAUSE IT WILL HELP ME.

    NOW, THAT MAY BE SOME NATIONAL SECURITY QUESTION WHEREBY THE AGENCY CAN MAKE ITS OWN DETERMINATION ABOUT -- GIVEN WHAT'S INVOLVED IN THE CASE, SO -- THERE'S NO BENEFIT TO THE COURT FOR YOU TO COME BACK AND SAY, YES, YOUR CAREER LAW CLERK CAN RECEIVE THIS CLEARANCE BUT SHE CAN'T SEE THE DOCUMENTS FOR SOME OTHER REASON.

    I JUST WANT TO MAKE IT SO IF THERE IS ANY WAY SHE CAN LEGALLY SEE THE DOCUMENTS IS THAT POSSIBLE AND ON WHAT TIME FRAME.  THAT'S ALL I AM ASKING FOR.

       **MR. GILLIGAN:**  WE WILL DO OUR BEST, YOUR HONOR.

    TO BE CANDID WITH YOU, "NEED TO KNOW" IS A TERM OF ART IN THE INTELLIGENCE COMMUNITY THAT REFERS TO CERTAIN STANDARDS THAT ARE SET FORTH IN GOVERNING EXECUTIVE ORDERS, AND IT MAY DIFFER FROM A COURT'S INTERPRETATION OF NEED TO KNOW AND --

       **THE COURT:**  I UNDERSTAND THAT.  BUT I'M ASKING FOR THE AGENCY'S POSITION.  YOU'VE HEARD WHAT THE COURT'S POSITION

```
1    IS AND THE COURT'S WISHES ARE AND WHY.  IF THAT DOESN'T MESH

2    WITH THE AGENCY'S VIEW AND THE AGENCY'S VIEW IS THE ONE THAT

3    PREVAILS, THEN THAT'S THE END OF THE STORY.

4          MR. GILLIGAN:  ALL I WILL SAY, YOUR HONOR, IS I WILL

5    GIVE YOU THE BEST ANSWER THAT WE CAN IN TWO WEEKS GIVEN THAT

6    MUCH OF THIS WILL STILL REMAIN IN THE REALM OF THE

7    HYPOTHETICAL AT THAT POINT.

8          THE COURT:  I AGREE.

9          MR. GILLIGAN:  THANK YOU, YOUR HONOR.

10         THE COURT:  AT LEAST WE WILL GET OVER THE PLENARY

11   HURDLE.

12       SO BACK TO THE MATTERS WE TALKED ABOUT BEFORE.  I WILL SAY

13   THAT THAT'S WHY I THINK IT WAS HELPFUL TO HAVE THIS HEARING

14   BECAUSE I THINK THE INPUT OF THE PARTIES HAS HELPED THE COURT

15   TO COME UP WITH A PROCEDURE THAT I THINK COMPLIES WITH DUE

16   PROCESS, COMPLIES WITH THE STATUTES AT ISSUE, IS IN CONFORMITY

17   WITH THE SPIRIT OF THE DISCOVERY STATUTES AND GETS TO A POINT

18   WHERE I THINK WE HAVE A BETTER RECORD.

19       SO, HERE'S WHAT WE ARE GOING TO DO.  AND BY THE WAY, THIS

20   IS THE END OF THE FUNNEL.  SO UNLESS THE COURT TOTALLY MISSED

21   SOMETHING, THIS IS NOT UP FOR ARGUMENT.  THIS IS BASED UPON

22   YOUR INPUT.  THIS IS WHAT I HAVE DECIDED TO DO.

23       SO THE FIRST IS, THE COURT IS HEREBY ORDERING THAT

24   DISCOVERY IN THIS CASE BE STAGED.  NOW, BOTH PARTIES KNOW, IS

25   EXPERIENCED LITIGATORS, THE COURT HAS THE AUTHORITY, IN FACT,
```

1   THE MANDATE FROM RULE 26 WHERE POSSIBLE IN MANAGING LITIGATION

2   TO STAGED DISCOVERY WITHOUT DOING HARM TO ANYBODY'S DUE

3   PROCESS.  BECAUSE IT'S ONLY STAGING IT, IT IS NOT PREJUDGING

4   ALL OF THE DISCOVERY OR WHAT MAY OCCUR DOWN THE ROAD IN THE

5   CASE.

6       SO -- AND MORE SPECIFICALLY, THE COURT IS GOING TO STAGE

7   THE DISCOVERY SUCH THAT THE FIRST DISCOVERY THAT WILL BE MADE

8   AVAILABLE IN THE MANNER THAT THE COURT WILL NOW ORDER WILL

9   RELATE ONLY TO STANDING ON THE REMAINING CLAIMS IN THIS

10  LAWSUIT, WHICH ARE THE STATUTORY CLAIMS.

11      NOW, THE NEXT QUESTION IS, HOW DO WE EFFECTUATE THIS

12  STAGING WITH DUE REGARD TO DUE PROCESS AND THE ARGUMENTS --

13  AND THE MATTERS THAT COUNSEL HAS BROUGHT TO THE COURT'S

14  ATTENTION.

15      SO I'M GOING TO ORDER THAT THE PLAINTIFFS SHALL LIMIT

16  THEIR DISCOVERY ONLY TO ISSUES OF STANDING TO BRING THE

17  REMAINING CLAIMS, AND SO THAT -- THAT WOULD ESSENTIALLY BE A

18  TWO-STEP PROCESS.  THE FIRST WOULD BE, WHAT I WOULD CALL THE

19  LOW-HANGING FRUIT TO SIMPLY SAY THESE REQUESTS DON'T RELATE TO

20  STANDING.  THEY ARE GOING TO BE PUT IN ABEYANCE UNTIL, IF

21  EVER, THERE NEEDS TO BE A NEXT STAGE OF DISCOVERY.

22      AND THE PLAINTIFFS WILL BE ORDERED TO LIMIT THEIR -- THEN

23  TO GO FORWARD WITH THE SECOND PIECE OF THAT AND TO LIMIT THOSE

24  REQUESTS NOW THAT WE ARE, YOU KNOW, IN, SHALL WE SAY, CRUNCH

25  TIME BASED UPON RULE 26 AND ITS DEFINITION OF RELEVANCE, ITS

```
 1   DEFINITION -- ITS POLICY WITH RESPECT TO NOT BEING OVERBROAD
 2   AND NOT CALCULATED TO BE SOMETHING THAT IS DOABLE FOR THE
 3   DEFENDANTS IN THIS CASE.
 4        SO IT'S WITH AN EYE TOWARDS SIGNIFICANTLY NARROWING THE
 5   REQUESTS.  AND WE'LL GET INTO HOW THAT GETS ADJUDICATED AND
 6   PROCESSED DOWN THE ROAD.
 7        SO, FIRST THING, I'M GOING TO SAY THAT THE -- FIRST
 8   THING -- I SHOULD HAVE DONE THIS IN THE BEGINNING -- IT GOES
 9   WITHOUT SAYING, THE COURT IS GOING TO VACATE THE BRIEFING
10   SCHEDULE THAT THE COURT HAS ORDERED AT THE BEGINNING OF THESE
11   PROCEEDINGS BECAUSE I THINK THE COURT'S THINKING IS MOVED BY
12   THE ARGUMENTS OF COUNSEL.
13        SO, THE PLAINTIFF SHALL SERVE THEIR NARROWED REQUESTS ON
14   THE DEFENDANTS WITHIN 30 DAYS FROM TODAY.
15        MS. OTTOLINI?
16             THE CLERK:  JUNE 19TH.
17             THE COURT:  ALL RIGHT.  THEN I'M GOING TO ORDER THAT
18   IN THE THREE WEEKS THAT FOLLOWS THAT DATE, THE PARTIES SHALL
19   MEET AND CONFER, PREFERABLY IN PERSON, BUT I UNDERSTAND
20   GOVERNMENT COUNSEL IS IN WASHINGTON AND I AM NOT GOING TO
21   REQUIRE THAT --
22             MR. GILLIGAN:  THANK YOU, YOUR HONOR.
23             THE COURT:  BUT I DON'T WANT EMAILS GOING BACK AND
24   FORTH AND THE TYPICAL THING THAT GOES ON BECAUSE THEN IT
25   IMPELS US TO POSTURE AND ADVOCATE RATHER THAN TO REALLY TALK
```

1    TO EACH OTHER.

2           **MR. WIEBE:**  I CAN ASSURE YOUR HONOR WE HAVE A GOOD

3    WORKING RELATIONSHIP.

4           **MR. GILLIGAN:**  BELIEVE IT OR NOT, WE DID THAT WITH

5    THE FIRST SET OF DISCOVERY.

6           **THE COURT:**  I'LL OPT TO THE NOT, BUT NOT THAT I DON'T

7    BELIEVE YOU DID IT, BUT YOU DIDN'T GET TO YES.

8        SO THE MEET AND CONFER TO ATTEMPT TO AGREE ON, IN A NORMAL

9    RULE 26 DISTRICT COURT MEET AND CONFER IN AN ATTEMPT TO AT

10   LEAST AGREE UPON A NARROWED, MORE NARROWED UNIVERSE OF

11   MATERIALS THAT ARE WITHIN THE DISCOVERY REQUESTS.

12       I CAN FEEL THE GOVERNMENT'S CONCERN ABOUT, WELL, WHAT

13   ABOUT NATIONAL SECURITY?  WE'RE NOT THERE YET.  THIS IS JUST

14   STRAIGHT RULE 26 AND THE WAY WE DEAL WITH CIVIL CASES.

15       I'M GIVING YOU THREE WEEKS.  HOPEFULLY YOU WON'T NEED IT

16   ALL, BUT THEY MAY NEED TO GO BACK TO CLIENTS, ESPECIALLY WITH

17   THE GOVERNMENT, AND SEE WHAT'S EVEN DOABLE BASED UPON THE

18   DISCUSSION.

19          MS. OTTOLINI, WHAT WOULD BE, THE THREE WEEKS AFTER THE 30

20   DAYS?

21          **THE CLERK:**  WOULD BE JULY 10TH.

22          **THE COURT:**  JULY 10TH.

23       NOW, THEREAFTER, THE GOVERNMENT, 30 DAYS AFTER THAT --

24   AFTER THAT THREE-WEEK DATE, SHALL FILE THEIR USUAL RULE 26

25   RESPONSES.  THAT IS TO SAY, RESPONSES, SUBSTANTIVE RESPONSES,

1    AND WE WILL GET INTO THE ISSUE OF CLASSIFICATION AND ALL THAT,

2    SUBSTANTIVE RESPONSES, LEGAL RESPONSES -- AND I DON'T THINK I

3    WILL GET FROM THE QUALITY OF COUNSEL I HAVE HERE, IT'S

4    OVERBROAD -- THE USUAL -- THE REASON I HATED DOING CIVIL

5    LITIGATION WHEN I DID IT, THE USUAL BOILERPLATE REAL

6    SUBSTANTIVE OBJECTIONS.

7        THE OBJECTION MAY BE -- I'M NOT MAKING THIS UP OFF THE TOP

8    OF MY HEAD, STATE SECRETS.  IT MAY BE GRAVE NATIONAL SECURITY.

9    IT MAY BE IT'S OVERBROAD, IT'S BURDENSOME AND OPPRESSIVE, BUT

10   REALLY MEAN IT AS OPPOSED TO MOST CIVIL LITIGATORS I GET.

11       AND I WANT AS MUCH AS POSSIBLE AND PRESUMPTIVELY I WANT AS

12   MUCH OF THAT RESPONSE FILED IN THE PUBLIC RECORD.  UNLIKE

13   NORMAL DISCOVERY RESPONSES, I DON'T WANT -- I WANT IT SERVED

14   ON THE OTHER SIDE, THE PLAINTIFFS, BUT I WANT IT FILED IN THE

15   PUBLIC RECORD.  SO I WANT THERE TO BE A PUBLIC RECORD OF THE

16   GOVERNMENT'S POSITION, THE LEGAL POSITION WITH RESPECT TO THE

17   RESPONSES BEING MADE, EVEN AS NARROWED BY THE PLAINTIFFS.

18       TO THE EXTENT THAT THE GOVERNMENT NEEDS, AND I WOULD

19   PROBABLY EXPECT THIS WILL HAPPEN, TO FILE AN IN CAMERA OR

20   CLASSIFIED RESPONSES ON THE MERITS.  SAY, YEAH, THIS IS

21   RELEVANT, WE CAN DO THIS, BUT THIS WOULD DO GRAVE HARM TO

22   NATIONAL SECURITY FOR THE FOLLOWING REASONS.

23       THAT CAN BE FILED, IF IT IS PROPERLY CLASSIFIED, OF

24   COURSE, THE GOVERNMENT DOESN'T HAVE CARTE BLANCHE, IT'S THE

25   AGENCY, THEN THAT SHALL BE FILED, THAT PORTION WILL BE FILED

1    IN THE EX PARTE IN CAMERA.

2        BUT, AGAIN, THE DEFAULT IS AS MUCH AS POSSIBLE IN THE

3    PUBLIC RECORD SO THERE'S A RECORD OF WHAT THE PLAINTIFF IS

4    ASKING FOR, WHAT THE GOVERNMENT IS WILLING TO PROVIDE BOTH IN

5    TERMS OF THE COURT FILING, IN CAMERA EX PARTE, AND IN THE

6    PUBLIC FILING.

7        AND SO THEY WILL INCLUDE IN THE PUBLIC FILING A REFERENCE

8    TO THE FACT THAT THE RESPONSE TO THIS REQUEST WOULD BE

9    CLASSIFIED OR IS CLASSIFIED, AND THEN IT WOULD BE SUBMITTED TO

10   THE COURT.  SO AT LEAST THERE IS A RECORD ON THE GROUNDS UPON

11   WHICH THE GOVERNMENT HAS OBJECTED TO EACH OF THE REQUESTS.

12       THE REMAINDER OF THE DISCOVERY RESPONSES, AS I MENTIONED

13   BEFORE, WILL BE FILED IN CAMERA EX PARTE, TO THE EXTENT THEY

14   ARE CLASSIFIED.

15       AND THIS UNIVERSE OF MATERIALS I WOULD IMAGINE WOULD BE

16   LEGAL RESPONSES MEANING OBJECTIONS, ET CETERA, THAT THE MERE

17   MAKING OF THE OBJECTIONS THEMSELVES WOULD BE INAPPROPRIATE AND

18   SHOULD BE CLASSIFIED, BUT ALSO THE DOCUMENTS RESPONSIVE TO THE

19   REQUESTS, AND INCLUDING BUT NOT LIMITED TO THE BREADTH OF

20   DOCUMENTS THAT THE COURT ORDERED THE GOVERNMENT TO PRODUCE AT

21   THE BEGINNING OF THIS HEARING.

22       I WANT THOSE DOCUMENTS AND I ALSO WANT RESPONSES TO THE

23   PLAINTIFFS' REQUEST TO BE FILED WITH THE COURT.  SO, IN OTHER

24   WORDS, WHAT I AM DOING THAT'S DIFFERENT THAN BEFORE IS, I'M

25   NOT ALLOWING THE GOVERNMENT TO UNILATERALLY DEFINE WHAT THEY

1    BELIEVE IS RELEVANT AND WHAT THEY BELIEVE IS PERTINENT TO THE

2    ISSUE OF STANDING.

3        I WANT EVERYTHING THAT THEY CONTEND IS -- COMES --

4    UNDERSTANDING BECAUSE THERE MAY BE THINGS THAT THE, UNLIKELY,

5    THAT THE PLAINTIFFS DIDN'T ASK FOR WHICH THE GOVERNMENT SAYS,

6    NO, JUDGE, THEY DIDN'T ASK FOR THIS BUT YOU'VE GOT TO SEE THIS

7    BECAUSE THIS BEARS ON THAT ISSUE.  I WANT THAT TO BE SUBMITTED

8    TO THE COURT.  THEN THE COURT WILL THEN, AS IN ANY OTHER CASE,

9    THE COURT IS GOING TO RULE ON ANY REMAINING DISPUTES.

10       SO, IN EFFECT, THE -- THERE WILL BE TRANSPARENCY TO A

11   LARGE EXTENT AS POSSIBLE IN THAT THE COURT WILL ISSUE AN ORDER

12   RESOLVING ANY DISPUTES AND SAY THE OBJECTION IS SUSTAINED, THE

13   OBJECTION IS OVERRULED.

14       IN THAT CONTEXT, IT IS POSSIBLE THAT, FOR EXAMPLE, IF

15   HYPOTHETICALLY THERE WAS AN OBJECTION WITH RESPECT TO THE

16   STATE SECRETS DOCTRINE OR GRAVE NATIONAL SECURITY, AND THE

17   GOVERNMENT SAYS, WE CAN'T PRODUCE THAT OR WE CAN'T EVEN ANSWER

18   THAT, I MAY -- OR THEY MAY SAY IT'S NOT RELEVANT TO STANDING,

19   I MAY SAY THE OBJECTION IS OVERRULED, PRODUCE EITHER TO THE

20   PLAINTIFFS OR TO THE COURT, MOST LIKELY IT WILL BE TO THE

21   COURT GIVEN THE REPRESENTATIONS THAT HAVE BEEN MADE, BUT I AM

22   NOT GOING TO PREJUDGE THAT, SO THERE WILL BE A RECORD OF THE

23   REQUESTS, OF THE RESPONSES, AND A RECORD OF THE COURT'S

24   RULING.

25       TO THE EXTENT THE COURT NEEDS TO HAVE PART OF ITS RULING

```
1    ITSELF BE CLASSIFIED, I WILL SUBMIT THAT IN ADVANCE TO THE

2    AGENCY, AND THEY CAN MAKE THE DETERMINATION WHETHER THEY

3    BELIEVE IT SHOULD BE.  BUT I'M GOING TO TRY TO DO THIS AS MUCH

4    AS POSSIBLE IN A TRANSPARENT PUBLIC FILING WITHOUT DOING ANY

5    DAMAGE TO THE NATIONAL SECURITY ISSUES.

6         SO DID I GIVE THE DATE, MS. OTTOLINI, FOR THE LAST DATE

7    THERE?

8              THE CLERK:  FOR DEFENDANTS' RESPONSE?

9              THE COURT:  YES.

10             THE CLERK:  NO.  THAT WOULD BE AUGUST 9TH.

11             THE COURT:  ALL RIGHT.

12        IN THE RULING ON THE OUTSTANDING DISCOVERY REQUESTS, I

13   WILL GIVE A TIMETABLE FOR PRODUCTION TO WHOEVER, WHETHER IT'S

14   THE PLAINTIFFS OR THE COURT, AND THEN I WILL ISSUE A BRIEFING

15   SCHEDULE ON SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS,

16   WHICH I ASSUME, AS I MENTIONED EARLIER ON, WILL BE FILED

17   SIMULTANEOUSLY WITH THE SUMMARY JUDGMENT MOTION.

18        SO, AGAIN, I DON'T WANT TO HEAR ARGUMENT ABOUT WHY I

19   SHOULDN'T DO THIS.  THIS IS WHAT I AM GOING TO DO.  IF THERE

20   ARE CLARIFYING QUESTIONS, YOU CAN ASK THEM.  I TRIED TO MAKE

21   IT AS CLEAR AS POSSIBLE WITH DUE REGARD TO THE ARGUMENTS AND

22   THE CONCERNS THAT COUNSEL EXPRESSED.

23        I WILL START WITH YOU, MR. WIEBE.

24             MR. WIEBE:  ONE POINT OF CLARIFICATION.  SO THE

25   GOVERNMENT, AFTER THE MEET AND CONFER PROCESS, WILL BE FILING
```

1    ITS RESPONSES TO DISCOVERY, SUBSTANTIVE RESPONSES ON

2    AUGUST 9TH?

3         **THE COURT:**  CORRECT.

4         **MR. WIEBE:**  TO THE EXTENT THEY WILL STILL CONTAIN

5    OBJECTIONS, WILL THE COURT BE GOING THROUGH THOSE

6    AUTOMATICALLY?  DO WE HAVE TO RAISE OR PRESENT THOSE TO THE

7    COURT?

8         **THE COURT:**  NO.  I WILL THEN DEEM THE MATTER AS BEING

9    SUBMITTED, AND I AM GOING TO RULE ON THEM.

10        **MR. WIEBE:**  I THINK THAT'S FINE.

11        **THE COURT:**  ANY QUESTIONS?

12        **MR. GILLIGAN:**  YOUR HONOR, IF MAY CONFER WITH

13   CO-COUNSEL?

14        **THE COURT:**  PLEASE DO.

15        **MR. GILLIGAN:**  BECAUSE THE CHANGE IN SCHEDULE SORT

16   OF -- IT NECESSARILY IMPLICATES PEOPLE'S OTHER

17   RESPONSIBILITIES AS WELL AS SUMMER VACATIONS.  WE HADN'T

18   CONTEMPLATED DOCUMENT PROPOSAL WE MADE A DEADLINE IN AUGUST,

19   SO IF I MAY JUST CONFER WITH COUNSEL.

20        **THE COURT:**  SURE.  GO AHEAD.

21              (PAUSE IN THE PROCEEDINGS.)

22        **THE COURT:**  HAVE YOU REACHED A VERDICT?

23        **MR. GILLIGAN:**  YES, WE HAVE, YOUR HONOR.

24     REGARDING THE AUGUST 9TH DATE, WE WOULD PROPOSE, YOUR

25   HONOR, TO LEAVE THAT ON THE CALENDAR NOW BUT TO LEAVE THE DOOR

1    OPEN FOR US TO COME BACK TO THE COURT AND MAYBE ASK FOR AN

2    EXTENSION OF A WEEK OR TWO --

3          **THE COURT:**  I'M ALWAYS WILLING TO DO THAT.  OBVIOUSLY

4    YOU SHOULD CONFER WITH OPPOSING COUNSEL ON THAT.  THERE'S

5    NOTHING -- ON THIS THERE'S NOTHING SET IN STONE.  I AM TRYING

6    TO DO IT EXPEDITIOUSLY, YES, THIS DOES TAKE SEVERAL MONTHS,

7    BUT I THINK IT'S REQUIRED.

8        ABSOLUTELY, FOR EITHER SIDE.  IF THERE NEEDS TO BE AN

9    ADJUSTMENT, I PREFER THAT YOU MEET AND CONFER AND COME UP WITH

10   A STIPULATION AND, OF COURSE, I WILL BE AMENABLE TO THAT.

11         **MR. GILLIGAN:**  AND THE OTHER QUESTION WE HAD IS, IF

12   NOTWITHSTANDING THE PARTIES' BEST EFFORTS, AND I AGREE WITH

13   MR. WIEBE WE HAVE A GOOD WORKING RELATIONSHIP, BUT IF THE

14   PARTIES ARE MAKING THEIR BEST EFFORTS NEVERTHELESS THERE IS A

15   DISPUTE OVER WHETHER CERTAIN DOCUMENTS, IF THEY STILL WANT US

16   TO PRODUCE OR PROVIDE TO THE COURT ARE IRRELEVANT, IS IT THE

17   COURT'S EXPECTATION THAT THE IRRELEVANT DOCUMENTS WOULD BE

18   PROVIDED TO THE COURT PENDING THE --

19         **THE COURT:**  NO, NO.  I'M GOING TO RULE.

20       SO, IN OTHER WORDS, YOU ARE GOING TO SAY -- MR. WIEBE AND

21   HIS COLLEAGUES ARE GOING TO SAY, I WANT X.  YOU'RE GOING TO

22   SAY, NO, NO, THAT'S IRRELEVANT.  I AM THEN GOING TO SAY

23   OBJECTION SUSTAINED THEY ARE IRRELEVANT OR OBJECTION OVERRULED

24   PRODUCE THEM, EITHER TO THE COURT OR PLAINTIFFS.  IT WILL BE

25   LIKE A NORMAL DISCOVERY DISPUTE, BUT I'M TRYING TO CUT OUT THE

1    UNNECESSARY -- I KNOW THE LAW, YOU ALL KNOW THE LAW, I DON'T

2    NEED PROTECTIVE ORDERS.  THIS GETS TO THE SAME POINT.

3          MR. GILLIGAN:  THANK YOU, YOUR HONOR.  THANK YOU FOR

4    THIS CLARIFICATION.

5          THE COURT:  LET ME ASK YOU, MAYBE THIS IS PUTTING YOU

6    ON THE SPOT, SO YOU RAISED AN OBJECTION TO THE PROCEEDING AND

7    I HAVE ADDRESSED THE OBJECTION, DO YOU STILL HAVE AN

8    OBJECTION?  I JUST WANT TO MAKE SURE THAT I'VE GIVEN --

9    OBVIOUSLY YOU'RE NOT GOING TO BUY A PIG IN A POKE BECAUSE YOU

10   MAY NOT LIKE WHAT THE ULTIMATE RULING IS ON THE DISCOVERY

11   DISPUTES, AND THAT'S CERTAINLY YOUR RIGHT TO DO AND YOU WILL

12   HAVE YOUR RECORD JUST BY THE SUBMISSIONS THAT ARE MADE YOU

13   WILL HAVE PRESERVED YOUR RECORD FOR APPEAL, BUT IN TERMS OF

14   THE APPROACH, DO THE PLAINTIFFS HAVE THE SAME OBJECTION TO THE

15   PROCEDURE?

16         MR. WIEBE:  CERTAINLY, YOUR HONOR, WE GREATLY

17   APPRECIATE THE COURT LISTENING TO US AND TAKING IT INTO

18   ACCOUNT AND ADAPTING THE PRIOR THING.

19      I THINK THIS DOES CERTAINLY GO A LONG WAY TOWARDS STAGING

20   THINGS AS WE SUGGESTED, THAT IS, LET'S GET SOME DISCOVERY

21   GOING FIRST AND SEE WHERE THAT LEADS AND THEN TAKE THINGS STEP

22   BY STEP DOWN THE ROAD ONCE WE SEE WHERE THAT PROCESS HAS GONE.

23   AND --

24         THE COURT:  YOU'RE A VERY CLEVER LAWYER WITH VERY

25   GOOD USE OF THE ENGLISH LANGUAGE.  YOU DIDN'T -- I DIDN'T HEAR

1    A YES OR NO OUT OF THAT, BUT I UNDERSTAND YOUR POSITION.

2            **MR. WIEBE:**  YEAH.  ONE THING IF I MAY ASK JUST

3    ANOTHER POINT OF CLARIFICATION.

4        LO THESE VERY MANY HOURS AGO WE TALKED ABOUT THE EVIDENCE

5    PRESERVATION ISSUE.

6            **THE COURT:**  THAT STILL STANDS.  ABSOLUTELY.

7            **MR. WIEBE:**  THAT WAS OUR EXPECTATION, BUT WE JUST

8    WANTED --

9            **THE COURT:**  I APPRECIATE IT.  IN FACT, MY WONDERFUL

10   COURTROOM DEPUTY CAME UP AND SAID DOES THAT STILL GO?  I SAID,

11   YES, IT STILL GOES BECAUSE I DIDN'T VACATE EVERYTHING I SAID

12   BEFORE.  YES, THANK YOU.

13       THE GOVERNMENT IS RIGHT.  YOU ARE GOING TO GIVE YOUR

14   POSITION, AND YOU WILL HAVE SIMULTANEOUS BRIEFINGS, AND I WILL

15   DECIDE THAT ISSUE EXPEDITIOUSLY.

16       ALL RIGHT?

17           **MR. WIEBE:**  THANK YOU, YOUR HONOR.

18           **THE COURT:**  THANK YOU VERY MUCH EVERYBODY --

19           **MR. GILLIGAN:**  YOUR HONOR, I KNOW IT HAS BEEN A LONG

20   DAY, MAY I JUST ADDRESS ONE HOUSEKEEPING MATTER?

21           **THE COURT:**  YES.

22           **MR. GILLIGAN:**  I HAVE SPOKEN TO MR. WIEBE HOPEFULLY

23   IT WILL NOT BE CONTROVERSIAL.

24       THE PLAINTIFF STATE IN THEIR SECTION OF THE CASE

25   MANAGEMENT REPORT THEY ARE NO LONGER PURSUING THEIR

1  CONSTITUTIONAL CLAIMS AGAINST THE GOVERNMENT DEFENDANTS.

2      WE SUBMIT THAT A DETERMINATION OF THAT NATURE SHOULD

3  PROBABLY BE FORMALIZED ON THE RECORD IN A MANNER OTHER THAN

4  SIMPLY A STATEMENT IN A CASE MANAGEMENT REPORT.

5      SO WHAT WE HAVE PROPOSED TO THE PLAINTIFFS IS WE WORK OUT

6  SOME SORT OF STIPULATION OF DISMISSAL OR SOME SORT OF SIMILAR

7  VEHICLE FOR MAKING THAT EVENT MORE FORMAL ON THE RECORD.

8          **THE COURT:**  DO YOU AGREE TO THAT?

9          **MR. WIEBE:**  YES.  WE DISCUSSED THIS BEFORE THE

10  HEARING, AND WE ARE GOING TO MEET AND CONFER AND COME UP WITH

11  SOME APPROPRIATE VEHICLE.

12          **THE COURT:**  I THINK THAT IS A GOOD POINT.  BECAUSE

13  ALTHOUGH A CMC STATEMENT IS CERTAINLY BINDING, IT IS NOT --

14  DOESN'T HAVE THE SAME MAJESTY AS A STIPULATION AND ORDER.

15          **MR. WIEBE:**  IT IS CLEARER FOR THE RECORD.

16          **THE COURT:**  THANK YOU VERY MUCH EVERYBODY.  HAVE A

17  GOOD WEEKEND.

18          **MR. GILLIGAN:**  THANK YOU, YOUR HONOR.

19          **MR. WIEBE:**  THANK YOU.

20          **MR. MOORE:**  THANK YOU, YOUR HONOR.

21              (PROCEEDINGS CONCLUDED AT 1:47 P.M.)

22

23

24

25

1

2                    **CERTIFICATE OF REPORTER**

3            I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

4    UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

5    CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

6    RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

7

8                        *Diane E. Skillman*

9            DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

10                   WEDNESDAY, MAY 31, 2017

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25