CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
Senior Counsel

JULIA A. BERMAN
TIMOTHY A. JOHNSON
CAROLINE J. ANDERSON
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 5102
Washington, D.C. 20001
E-mail: julia.berman@usdoj.gov
Phone: (202) 616-8480
Fax: (202) 616-8470

*Attorneys for the Government Defendants
Sued in their Official Capacities*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, *et al.*, <br><br> Defendants. | Case No. 4:08-cv-04373-JSW <br><br> **STIPULATION AND [PROPOSED] ORDER TO RESET BRIEFING BRIEFING SCHEDULE REGARDING REQUIRED DESTRUCTION OF UPSTREAM COMMUNICATIONS PREVIOUSLY ACQUIRED BY BY DEFENDANT NSA** <br><br> Hon. Jeffrey S. White <br> Courtroom 5, 2nd Floor <br> Oakland Courthouse |

Stipulation and Proposed Order to Reset Briefing Schedule
Regarding Required Destruction of Upstream
Communications Previously Acquired by Defendant NSA,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

1.       Pursuant to Local Rule 6-2, the parties respectfully request a brief extension and revision of the briefing schedule set for the parties' submissions to be filed if the parties cannot reach agreement regarding the NSA's compliance with minimization procedures approved on April 26, 2017, by the Foreign Intelligence Surveillance Court (FISC), requiring the NSA to destroy, as quickly as practicable, all raw Upstream Internet communications data acquired on or before March 17, 2017, that exist in NSA's institutionally managed repositories.  *See* Apr. 26, 2017 FISC Mem. Op. and Order, ECF No. 358-1 at 23–24.  The Plaintiffs will also address the evidence preservation issues more generally, including specifically whether "factually or legally that the government is properly complying with preservation orders."  *See* Tr. of Further CMC (May 19, 2017), 23:5-7.

**RECITALS**

2.       On April 26, 2017, the FISC issued an order approving changes to the Section 702 Upstream program, including revised minimization procedures requiring that the NSA destroy, as quickly as practicable, all raw Upstream Internet communications data acquired on or before March 17, 2017, that exist in all of NSA's institutionally managed repositories.  *See* Mem. Op. and Order, ECF No. 358-1 at 23–24.

3.       The Government Defendants[1] filed a public version of their *ex parte*, *in camera* notice regarding the changes to the Section 702 Upstream Program in the instant case on April 28, 2017.  *See* ECF No. 350.  As explained in Government Defendants' notice, the NSA has not and will not subject raw Upstream Internet communications data in its central repository to the accelerated age off process until the Plaintiffs have had a reasonable opportunity, if they so wish, to challenge the intended destruction of the data before this Court, and the Court has resolved any such challenge made.  *See* ECF No. 350-1.

---

[1] The Government Defendants are the National Security Agency (NSA); the Department of Justice; the United States of America; Donald J. Trump, in his official capacity as President of the United States; Daniel Coats, in his official capacity as Director of National Intelligence; Admiral Michael S. Rogers, in his official capacity as Director of the NSA; and Jefferson B. Sessions, III, in his official capacity as Attorney General of the United States.

Stipulation and ~~Proposed~~ Order to Reset Briefing Schedule
Regarding Required Destruction of Upstream
Communications Previously Acquired by Defendant NSA,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

4.	At the May 19, 2017, status conference, this Court ordered that if, after the parties confer, the Plaintiffs object to the accelerated destruction of the raw data in the NSA's central repository, on the ground that the data should be preserved for purposes of this litigation, the parties should submit simultaneous briefing regarding that issue, beginning on June 9, 2017, followed by submissions on June 23, 2017, and June 30, 2017.  *See* Tr. of Further CMC (May 19, 2017), 23:22–25:24.

5.	Additionally, Plaintiffs believe that the Court authorized them to address the question of evidence preservation more generally, noting that this includes whether "factually or legally that the government is properly complying with preservation orders."  *See* Tr. of Further CMC (May 19, 2017), 23:5-7.  The parties briefed preservation issues extensively in 2014, but the Court did not rule on either this question or the question of any applicable remedies.  The Government does not understand the Court to have invited further briefing on the parties' broader preservation dispute at this time and submits that such briefing should await the resolution of the immediate preservation issue concerning Upstream Internet communications and of the pending discovery issues.

6.	The parties are conferring regarding this matter, and it is not yet certain whether briefing will be necessary.  However, should briefing be needed, the parties respectfully request that the briefing schedule be adjusted to provide for staggered, rather than simultaneous briefing, with a two business day extension for the due date for opening brief.  Specifically, the parties seek the following schedule:

>	Government Defendants' opening brief: June 13
>
>	Plaintiffs' opening brief: June 20
>
>	Government Defendants' response: June 27
>
>	Plaintiffs' response: July 3

7.	In addition to providing the parties additional time to reach agreement regarding this matter without significantly extending the briefing schedule originally ordered by the Court,

Stipulation and ~~Proposed~~ Order to Reset Briefing Schedule
Regarding Required Destruction of Upstream
Communications Previously Acquired by Defendant NSA,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

the proposed schedule would conserve the Court's and the parties' resources, resulting in four total submissions regarding this matter, rather than the six originally contemplated.

8.  The parties have not previously requested extensions of the briefing schedule discussed herein, and the modifications proposed by the parties would not otherwise affect the schedule for this case.

**STIPULATION**

Pursuant to Local Rule 6-2 the parties hereby respectfully request that the Court enter the following revised briefing schedule for the parties' briefs to be submitted if they cannot reach agreement regarding the Government Defendants' accelerated age-off of all raw Upstream Internet communications data acquired on or before March 17, 2017, that exist in NSA's central repository or the more general issue of evidence preservation by the Government:

June 13: Government Defendants' opening brief

June 20: Plaintiffs' opening brief

June 27: Government Defendants' responsive submission

July 3: Plaintiffs' responsive submission

Dated: June 9, 2017

Respectfully submitted,

Cindy Cohn (SBN 145997)　　　　　　　　CHAD A. READLER
cindy@eff.org　　　　　　　　　　　　　　Acting Assistant Attorney General
David Greene (SBN 160107)
Lee Tien (SBN 148216)　　　　　　　　　 ANTHONY J. COPPOLINO
Kurt Opsahl (SBN 191303)　　　　　　　　Deputy Branch Director
Mark Rumold (SBN 279060)
Andrew Crocker (SBN 291596)　　　　　　JAMES J. GILLIGAN
Jamie L. Williams (SBN 279046)　　　　　Special Litigation Counsel
James S. Tyre (SBN 083117)
ELECTRONIC FRONTIER FOUNDATION


Richard R. Wiebe (SBN 121156)　　　　　RODNEY PATTON
wiebe@pacbell.net　　　　　　　　　　　　Senior Counsel
LAW OFFICE OF RICHARD R. WIEBE

Stipulation and ~~Proposed~~ Order to Reset Briefing Schedule
Regarding Required Destruction of Upstream
Communications Previously Acquired by Defendant NSA,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

| | |
|---|---|
| Rachael E. Meny (SBN 178514)<br>rmeny@keker.com<br>Michael S. Kwun (SBN 198945)<br>Benjamin W. Berkowitz (SBN 244441)<br>Philip J. Tassin (SBN 287787)<br>KEKER, VAN NEST & PETERS, LLP<br><br>Thomas E. Moore III (SBN 115107)<br>tmoore@rroyselaw.com<br>ROYSE LAW FIRM, PC<br><br>Aram Antaramian (SBN 239070)<br>antaramian@sonic.net<br>LAW OFFICE OF ARAM ANTARAMIAN | By: */s/ Julia A. Berman*<br>JULIA A. BERMAN<br>TIMOTHY A. JOHNSON<br>CAROLINE J. ANDERSON<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue, N.W., Room 5102<br>Washington, D.C. 20001<br>E-mail: julia.berman@usdoj.gov<br>Phone: (202) 616-8480<br>Fax: (202) 616-8470<br><br>*Attorneys for the Government Defendants Sued in their Official Capacities* |

## DECLARATION PURSUANT TO LOCAL RULE 5-1

I, Julia Berman, hereby declare pursuant to Local Rule 5-1 that I have obtained Plaintiffs' concurrence in the filing of this document from Cindy Cohn, counsel for Plaintiffs.

Executed on June 9, 2017, in Washington, D.C.

*/s/ Julia A. Berman*
JULIA A. BERMAN

*Counsel for the Government Defendants*

\* \* \* \* \*

Stipulation and ~~Proposed~~ Order to Reset Briefing Schedule
Regarding Required Destruction of Upstream
Communications Previously Acquired by Defendant NSA,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

5

PURSUANT TO STIPULATION, it is ORDERED that the briefing schedule regarding preservation of Upstream Internet communications subject to destruction requirements under NSA minimization procedures shall be in accordance with the parties' Stipulation. The briefing schedule ordered at the May 19, 2017, case management conference is vacated.

**IT IS SO ORDERED.**

Dated: June 12, 2017

_____
The Hon. Jeffrey S. White
United States District Judge

Stipulation and ~~Proposed~~ Order to Reset Briefing Schedule
Regarding Required Destruction of Upstream
Communications Previously Acquired by Defendant NSA,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

6