CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
Senior Counsel

JULIA A. BERMAN
TIMOTHY A. JOHNSON
CAROLINE J. ANDERSON
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6102
Washington, D.C.  20001
E-mail:  james.gilligan@usdoj.gov
Phone:   (202) 514-3358
Fax:     (202) 616-8470

*Attorneys for the Government Defendants*
*Sued in their Official Capacities*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

|  |  |
|---|---|
| CAROLYN JEWEL, *et al.*, | ) Case No. 4:08-cv-04373-JSW |
| | ) |
| Plaintiffs, | ) **STIPULATION** |
| | ) **AND** ~~**PROPOSED**~~ **ORDER** |
| v. | ) **TO EXTEND TIME** |
| | ) **TO RESPOND TO DISCOVERY** |
| NATIONAL SECURITY AGENCY, *et al.*, | ) |
| | ) Hon. Jeffrey S. White |
| Defendants. | ) Courtroom 5, 2nd Floor |
| | ) Oakland Courthouse |

Pursuant to Civil Local Rule 6-2, the Government Defendants[1] request and the parties hereby stipulate that the Government Defendants' deadline to respond to Plaintiffs' discovery requests served on June 19, 2017, be extended from August 9 to October 6, 2017.

## RECITALS BY THE GOVERNMENT DEFENDANTS

1.      At the May 19, 2017, case management conference the Court directed Plaintiffs by June 19, 2017, to serve a narrowed set of discovery requests on the Government Defendants limited to the issue of standing. *See* Civil Min. Order, ECF No. 356.  Plaintiffs timely served their requests.

2.      The Court ordered the Government Defendants to provide objections and responses to Plaintiffs' discovery requests by August 9, 2017. *See id.*  At the time this deadline was set, however, the Plaintiffs had not yet served their revised discovery requests and the number and scope of their number and scope were unknown.  Given this uncertainty and the inherent complexity of the discovery at issue, the Court explicitly noted that the August 9 response deadline was "not set in stone," and that the Government Defendants could seek additional time to respond if it became necessary.  Transcript of Proceedings, Further Case Management Conference (May 19, 2017) at 76.  In particular, the Court stated that it would be "amenable" to granting an extension sought via stipulation. *Id.*

3.      In response to Plaintiffs' discovery requests, Government Defendants anticipate providing to the Court *ex parte* and *in camera* a substantial quantity of classified information regarding NSA intelligence-gathering activities conducted over the past fifteen years.  Although the Government Defendants intend to raise objections to Plaintiffs' discovery requests, the Government Defendants will nonetheless be providing the Court with a significant amount information relevant to whether Plaintiffs have standing to maintain their claims.

---

[1] The Government Defendants are the National Security Agency (NSA); the Department of Justice; the United States of America; Donald J. Trump, in his official capacity as President of the United States; Daniel Coats, in his official capacity as Director of National Intelligence; Admiral Michael S. Rogers, in his official capacity as Director of the NSA; and Jefferson B. Sessions, III, in his official capacity as Attorney General of the United States.

Stipulation and ~~Proposed~~ Order to Extend Time to Respond to Discovery,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

4.      Government Defendants have been working diligently to assemble the relevant information and otherwise respond to Plaintiffs' revised discovery requests, but a substantial amount of work remains to be done before the Government Defendants can complete this endeavor.  This is attributable to a number of factors.

5.      First, Plaintiffs' requests remain numerous, 160 in all, encompassing a large quantity of written and documentary discovery.  As ordered by the Court, the parties have met and conferred regarding these requests, and remain amenable to conferring further as may be conducive to narrowing their differences as issues arise, but the parties have not yet agreed on a way to significantly narrow Plaintiffs' requests.

6.      Second, Plaintiffs' discovery requests cover a wide variety of subject-matter areas, concerning the scope and operational details of a number of intelligence activities and methods, conducted pursuant to various different legal authorities, over a period of approximately fifteen years.

7.      Third, the volume of documents and electronic data that the Government Defendants must review for potentially responsive information is massive.  The Government Defendants have identified over 200 boxes and a dozen file cabinets of documents, and a large volume of electronic data potentially related to the intelligence activities that comprised the President's Surveillance Program ("PSP") alone.  These materials do not include raw communications data or documents and information pertaining to intelligence programs conducted under statutory authority, including the Foreign Intelligence Surveillance Act.  The task of sifting through this immense body of materials to identify relevant information is further complicated by the fact that many of the individuals who worked on the challenged intelligence programs and generated many of these records are no longer employed by the Government.

8.      Fourth, to ensure that the Government Defendants provide complete and accurate responses to Plaintiffs' interrogatories and requests for admissions also will require numerous and lengthy meetings between Government attorneys and NSA personnel responsible for conducting ongoing intelligence-gathering activities.  Preparing for and attending litigation-related meetings of this kind necessarily diverts these experts from their important duties,

requiring that these meetings be scheduled so as to minimize interference with the NSA's national security mission.

9. Fifth, responding to a significant number of Plaintiffs' discovery requests requires searches of stored communications data using identifiers (such as e-mail addresses) associated with Plaintiffs' electronic communications. Obtaining Plaintiffs' telecommunications identifiers first required the parties to negotiate a protective order to ensure the confidentiality of the identifiers provided by Plaintiffs to the Government. Reaching agreement on the terms of the protective order took several weeks' time, and the parties did not submit a proposed protective order for the Court's consideration until August 3, 2017. *See* ECF No. 375. The Court entered the parties' proposed protective order on August 4, 2017, ECF No. 376, and Plaintiffs have now provided certain of their communications identifiers to the Government Defendants for purposes of conducting the necessary searches. Plaintiffs have indicated that they may provide additional identifiers to the Government Defendants in the near future.

10. Sixth, the NSA is still in the process, begun more than a year ago, of developing and testing a system capable of restoring and searching preserved communications data for litigation purposes. The system is in the final stages of testing but not yet certified for operation. Even once this system is operational, unanticipated technical difficulties may delay the search process. Technical limitations in the NSA's ability to restore the large volume of PSP communications data that have been preserved for purposes of this case may also require sampling in order to complete searches of the data efficiently within a reasonable amount of time. The subject of sampling likely will require discussions between the parties to attempt to arrive at a mutually acceptable methodology.

11. In short, the Government Defendants anticipate that to complete responses to Plaintiffs' discovery requests within a reasonable time without undue burden and expense and diversion of resources from the NSA's critical national security mission, it will be necessary to identify and target for review the documents and electronic data most likely to contain responsive information, successfully complete the development of electronic systems capable of restoring and searching preserved communications data, and reach agreement with the Plaintiffs

Stipulation and ~~Proposed~~ Order to Extend Time to Respond to Discovery,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

3

regarding a sampling technique for searches of PSP communications data.  It will require at least two months' additional time to complete these tasks, even assuming that all of them proceed without unanticipated difficulties or delay.

12.     In light of these circumstances, the Government Defendants request until October 6, 2017, to complete their responses to Plaintiffs' discovery requests.

13.     The undersigned counsel for the Government Defendants has conferred with Plaintiffs' counsel, who state their position below on the Government Defendants' requested extension of time.

14.     Although the Court has made a number of time modifications previously in this case, neither party has previously asked to alter this deadline.  The Court has not yet set additional briefing or hearing dates, and thus the requested extension should not impact the case's schedule.

## RECITALS BY THE PLAINTIFFS

15.     The Court at the May 19, 2017 Case Management Conference ordered the Government Defendants to respond not just to Plaintiffs' discovery requests but to the Court's independent Order that the Government Defendants "marshal the evidence" relating to Plaintiffs' standing so that the Court has "all the evidence that I need to make the determination" of Plaintiffs' standing.  Transcript of Proceedings, Further Case Management Conference (May 19, 2017) at 49; ECF No. 356.

16.     Plaintiffs are disappointed that the Government Defendants have not proceeded with more alacrity to respond to the Court's Order and Plaintiffs' discovery requests.  The Government Defendants have known since May 19 that they must produce all of the evidence necessary to determine Plaintiffs' standing.  Moreover, the Court first ordered discovery to go forward a year and one-half ago in February 2016 (ECF No. 340), and Plaintiffs first served discovery requests over a year ago in June 2016.

17.     At the May 19, 2017 Case Management Conference, the Court made clear it intends to resolve the case on the merits as expeditiously as possible.  Plaintiffs are concerned

Stipulation and ~~Proposed~~ Order to Extend Time to Respond to Discovery,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

that the urgency to resolve this case expressed by the Court not dissipate.  Plaintiffs are also concerned by the length of the requested extension.  They thus agree to this stipulation with extreme reluctance, and with the expectation that it will not need to be further extended.

18.     Plaintiffs enter into this stipulation in reliance on the Government Defendants' representation above and to Plaintiffs' counsel that they will be providing the Court with substantive information responsive to Plaintiffs' discovery requests and the Court's Order to produce standing-related information, and not merely objecting to Plaintiffs' requests.

## STIPULATION

Pursuant to Civil Local Rule 6-2, the parties, though their undersigned counsel, hereby stipulate and agree that the Government Defendants' deadline to respond to Plaintiffs' discovery requests and the Court's Order to produce standing-related information should be extended until October 6, 2017.

DATE:  August 8, 2017

Respectfully submitted,

**COUNSEL FOR PLAINTIFFS:**

_s/_     _Richard R. Wiebe_
Richard R. Wiebe

Cindy Cohn (SBN 145997)
cindy@eff.org
David Greene (SBN 160107)
Lee Tien (SBN 148216)
Kurt Opsahl (SBN 191303)
Mark Rumold (SBN 279060)
Andrew Crocker (SBN 291596)
Jamie L. Williams (SBN 279046)
James S. Tyre (SBN 083117)
ELECTRONIC FRONTIER
FOUNDATION

Richard R. Wiebe (SBN 121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R.
WIEBE

**COUNSEL FOR THE
GOVERNMENT DEFENDANTS:**

_s/ James J. Gilligan_
James J. Gilligan

Chad A. Readler
Acting Assistant Attorney General

Anthony J. Coppolino
Deputy Branch Director

James J. Gilligan
Special Litigation Counsel

Rodney Patton
Senior Counsel

Julia A. Berman
Timothy A. Johnson
Caroline J. Anderson
Trial Attorneys

Stipulation and ~~Proposed~~ Order to Extend Time to Respond to Discovery,
_Jewel v. National Security Agency_ (4:08-cv-04373-JSW)

Rachael E. Meny (SBN 178514)
rmeny@keker.com
Michael S. Kwun (SBN 198945)
Benjamin W. Berkowitz (SBN 244441)
Audrey Walton-Hadlock (SBN 250574)
Justina K. Sessions (SBN 270914)
Philip J. Tassin (SBN 287787)
KEKER, VAN NEST & PETERS, LLP

Thomas E. Moore III (SBN 115107)
tmoore@rrayselaw.com
ROYSE LAW FIRM, PC

Aram Antaramian (SBN 239070)
antaramian@sonic.net
LAW OFFICE OF ARAM
ANTARAMIAN

U.S. DEPARTMENT OF JUSTICE,
CIVIL DIVISION
20 Massachusetts Avenue, N.W.,
Room 6102
Washington, D.C. 20001
Telephone: (202) 514-3358
Fax: (202) 616-8470
james.gilligan@usdoj.gov

## CIVIL L.R. 5-1(i)(3) CERTIFICATION

I attest that I have obtained the concurrence of Richard R. Wiebe (counsel for the Plaintiffs) in the filing of this document.

*/s/ James J. Gilligan*
JAMES J. GILLIGAN

Stipulation and ~~Proposed~~ Order to Extend Time to Respond to Discovery,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

6

1

**[PROPOSED] ORDER**

2      Pursuant to the foregoing Stipulation, and good cause appearing, the Court hereby

3  extends the Government Defendants' deadline for responding to Plaintiffs' discovery requests

4  and the Court's Order to produce standing-related information until October 6, 2017.

5

6      **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

7

8      Dated: August __10__, 2017

9

10

11

12  _____
   HON. JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation and ~~Proposed~~ Order to Extend Time to Respond to Discovery,
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

7