CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
Senior Trial Counsel

JULIA A. BERMAN
TIMOTHY A. JOHNSON
OLIVIA HUSSEY-SCOTT
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6102
Washington, D.C.  20001

E-mail: james.gilligan@usdoj.gov
Phone:   (202) 514-3358
Fax:      (202) 616-8470

*Attorneys for the Government Defendants
Sued in their official Capacities*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CAROLYN JEWEL, *et al.*,<br><br>                           Plaintiffs,<br><br>     v.<br><br>NATIONAL SECURITY AGENCY, *et al.*,<br><br>                           Defendants. | Case No. 4:08-cv-04373-JSW<br><br>**THE GOVERNMENT DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE ON PLAINTIFFS' MOTION FOR ACCESS TO CLASSIFIED DISCOVERY MATERIALS PURSUANT TO 18 U.S.C. § 2712(b)(4)**<br><br>Hon. Jeffrey S. White |

Plaintiffs' Administrative Motion to Advance Hearing Date on Plaintiffs' Motion for Access to Classified Discovery Materials Pursuant to 18 U.S.C. § 2712(b)(4) (ECF No. 394) ("Pls.' Admin. Mot.") should be denied.  A hearing on Plaintiffs' underlying motion for access to the classified discovery responses the Government has lodged for *ex parte, in camera* review

Gov't Defs.' Opposition to Pls.' Motion to Advance Hearing Date
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)

would be premature, and likely wasteful of the Court's time and energies, before the Court has conducted an examination sufficient to assess the Government's claims of privilege over the extraordinarily sensitive national-security information at issue.

The Court's Civil Minute Order of May 22, 2017, ECF No. 356 ("May 22, 2017, Order"), set a schedule for "[s]taged [d]iscovery" under which Plaintiffs were permitted to serve revised discovery requests limited to the issue of standing, and the Government Defendants were required to respond to those requests by "marshal[ing] all evidence" pertaining to the standing issue. *Id.* The Court directed the Government to file its unclassified responses to Plaintiffs' revised discovery requests on the public record, *id.*, and to submit classified materials responsive to Plaintiffs' requests *ex parte* and *in camera*. *Id.* At the preceding case management conference, the Court explained that upon receiving the classified materials it would review them *ex parte* and *in camera* for purposes of ruling on the Government's objection that disclosing these materials would place national security at risk. *See* Reporter's Transcript of Proceedings, Further Case Management Conference, dated May 19, 2017, at 48:7-21, 73:8-24. Thereafter, the Court explained further, it would set a schedule for briefing on dispositive motions. *Id.* at 74:12-17; *see also* May 22, 2017, Order ("Briefing and hearing on omnibus motions shall be set in the Order on Discovery.").

In accordance with the Court's May 22, 2017, Order, Plaintiffs served on the Government Defendants 160 discovery requests on the issue of standing, to which the Government served its unclassified responses on February 16, 2018. *See* The Government Defendants' Notice of Submission of Their Classified and Unclassified Responses to the Court's May 22, 2017, Order & App. A, ECF No. 388. The Government Defendants also submitted classified responses to Plaintiffs' interrogatories and requests for admission, set forth in the Classified Declaration of Admiral Michael S. Rogers, Director of the National Security Agency ("NSA") ("Classified NSA Declaration"). *See id.* at 2. The Classified NSA Declaration, together with the classified documents responsive to Plaintiffs' requests for production, were lodged with the Court Information Security Officer also on February 16, 2018. *Id.* (An unclassified (redacted) version of the Classified NSA Declaration was filed on the public record on March 30, 2018. *See* Notice

of Filing of Redacted Version of the Classified Declaration the Government Defendants Lodged With the Court In Camera and Ex Parte on February 16, 2018 (ECF No. 389).)[1]

Also filed with the Government's classified discovery responses was the Public Declaration of the Principal Deputy Director of National Intelligence ("PDDNI"), dated February 16, 2018 ("Public PDDNI Declaration"). For the reasons explained in the Public PDDNI Declaration and the Classified NSA Declaration, the PDDNI, in her capacity as Acting Director of National Intelligence, has asserted the state secrets privilege, and the statutory privilege under 50 U.S.C. § 3024(i)(1), over the classified documents and information made available to the Court in response to Plaintiffs' revised discovery requests. For the same reasons, the Director of the NSA has also asserted the NSA's statutory privilege under section 6 of the National Security Agency Act of 1959, 50 U.S.C. § 3605(a), against disclosure of these materials. As explained by the PDDNI and the Director of the NSA, the Government's *ex parte, in camera* submissions concerning the sources, methods, and operational details of the classified NSA intelligence-gathering activities challenged by Plaintiffs are extraordinarily sensitive and detailed, and their disclosure would cause exceptionally grave damage to national security. Public PDDNI Decl. ¶¶ 7, 8, 10, 19, 36; Classified NSA Decl. ¶¶ 2, 11, 22, 324, 334, 383 (public version).

Plaintiffs nevertheless seek access to these highly classified and extraordinarily sensitive materials, on the asserted grounds that access by their counsel is "necessary" for the Court "to accurately determine plaintiffs' standing," and is authorized for that purpose by 18 U.S.C. § 2712(b)(4) and 50 U.S.C. § 1806(f). Pls.' Mot. for Access to Classified Discovery Materials Pursuant to 18 U.S.C. § 2712(b)(4) (ECF No. 393) at 1, 6. As the Government Defendants will show in their forthcoming opposition to Plaintiffs' motion for access, Plaintiffs are mistaken on both counts. As most pertinent here, however, the Court made clear at the May 19, 2017, case

---

[1] Consistent with the Court's Order of January 19, 2018, the Government Defendants supplemented their classified *ex parte*, *in camera* submissions on April 2, 2018, with the results of searches of preserved communications data that could not be completed by February 16, 2018. *See* ECF No. 387 at 5; Notice of Filing of Classified Declaration of Dr. Mark O., National Security Agency, Filed by the Government Defendants for the Court's *In Camera* and *Ex Parte* Review (ECF No. 390). In addition, the NSA is still engaged in a significant technical effort to recover and search PSP Internet content data that had been stored for purposes of this litigation on magnetic tapes, but which were deleted in whole or in part at one or more points prior to 2017. *See* Classified NSA Declaration ¶ 83 (public version) (ECF No. 389-2). The NSA anticipates that it will next update the Court regarding this project in early June.

management conference, and in its ensuing Civil Minute Order, that it is not engaged at present in adjudicating Plaintiffs' standing. Rather, it will first rule on the Government's objection that the classified information Plaintiffs seek cannot be disclosed, directly or indirectly, without placing national security at grave risk. Only once it has settled this dispute will it set a schedule for briefing and a hearing on dispositive issues, such as standing. *See supra* at 2.

Thus, Plaintiffs' motion for access to the Government's classified *ex parte, in camera* submissions begs the very question now before the Court—whether this extremely sensitive information concerning the sources, methods, and operational details of NSA intelligence-gathering activities spanning more than a decade can be disclosed without placing national security at risk. As explained in the Classified NSA Declaration, the answer to that question is emphatically "no." For present purposes, however, the point is that the Court should not address the access issue without first conducting an examination that will permit it to assess the risks to national security (or, more precisely, to evaluate the Government's assessment of the risks) that would ensue from disclosure of this information.[2]

It would be premature, therefore, to hold a hearing on Plaintiffs' motion for access to the Government's classified discovery responses until the Court has conducted a review focused on the national-security consequences of disclosing those materials. Without the benefit of such a review, the Court will lack context highly pertinent to resolving Plaintiffs' request for access, whenever a hearing might be held. On the other hand, prior review of the Government's classified submissions in support of its privilege claims can only enhance the value of a hearing to the Court's resolution of this important issue, or, perhaps most efficient of all, render a hearing on Plaintiffs' motion for access unnecessary altogether.

---

[2] As the Government Defendants will explain at greater length in their opposition to Plaintiffs' motion for access, the Court's examination need only include, and, indeed, should only include, a review of the Classified NSA Declaration, wherein the NSA explains at length why disclosing the classified documents and information responsive to Plaintiffs' discovery requests would cause exceptionally grave damage to national security. *See, e.g., United States v. Reynolds*, 345 U.S. 1, 9-10 (1953) (Where the Government through its assertion of privilege has shown a reasonable danger that compulsion of evidence will place national security at risk, "the occasion for the privilege is appropriate, and the court should not jeopardize the security which the privilege is meant to protect by insisting upon an examination of the evidence, even by the judge alone, in chambers.").

Gov't Defs.' Opposition to Pls.' Motion to Advance Hearing Date
*Jewel v. National Security Agency* (4:08-cv-04373-JSW)                                                                 4

The classified documents and information assembled in response to Plaintiffs' discovery requests are now available to the Court for its *ex parte, in camera* review at a location, in close proximity to the Oakland, California, courthouse, with the facilities needed to ensure the proper storage and handling of the materials at issue.  The Government is also prepared, on request, and assuming satisfaction of the usual pre-requisites (including successful completion of an appropriate background investigation) to grant the Court's career law clerk access to certain categories of the classified information it has lodged, to assist the Court in conducting its review. *See* Gov't Defs.' Response to Court's Minute Order Re:  Law Clerk Access to Classified Information (ECF No. 361).  For these and all the reasons stated herein, Plaintiffs' request to advance the hearing on their motion for access to the Government's classified discovery responses should be denied.

Dated:  May 15, 2018

                                                        Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

 */s/ James J. Gilligan*
JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
Senior Trial Counsel

JULIA A. BERMAN
TIMOTHY A. JOHNSON
OLIVIA HUSSEY-SCOTT
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6102
Washington, D.C.  20001
E-mail:  james.gilligan@usdoj.gov
Phone:   (202) 514-3358
Fax:        (202) 616-8470

*Attorneys for the Government Defendants Sued in their official Capacities*