IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CAROLYN JEWEL, ET AL.,

    Plaintiffs,

v.

NATIONAL SECURITY AGENCY, ET AL.,

    Defendants.

No. C 08-04373 JSW

**ORDER DENYING PLAINTIFFS' MOTION FOR ACCESS TO CLASSIFIED DISCOVERY MATERIALS AND REQUIRING ADDITIONAL BRIEFING**

At the case management conference held in this matter on May 19, 2017, the Court ordered the Government Defendants to marshal all of their evidence relating to Plaintiffs' standing and to present that evidence to the Court, making as much of it public as possible. The Court directed the Government to file its unclassified responses to Plaintiff's revised discovery requests on the public record and to submit classified materials responsive to Plaintiffs' requests *ex parte* and *in camera*.

On April 1, 2018, Defendants' production was complete. On May 7, 2018, Plaintiffs filed a motion to obtain access to the classified materials pursuant to 18 U.S.C. Section 2712(b)(4). The Government Defendants oppose Plaintiffs' request. The Court, having considered the parties' respective submissions, DENIES Plaintiffs' motion for access. The Court is tasked with review of the materials *ex parte* and *in camera* and shall conduct such a review. The hearing set for July 6, 2018 is HEREBY VACATED.

In aid of making a proper assessment of the materials submitted by the Government Defendants, however, the Court HEREBY ISSUES the following order to the parties. The parties shall submit simultaneous briefing not to exceed 20 pages by no later than July 6, 2018,

on the current state of law on the following issues to aid the Court's *ex parte* and *in camera* review:

    (1)    whether the disclosure of the classified materials could be reasonably expected to cause harm to national security;

    (2)    whether the scope of the classified materials, provided it indeed does disclose "a voluminous amount of exceptionally detailed information about sources, methods, and operations of six separate NSA surveillance programs conducted over a period of nearly 20 years" requires that the Court uphold the Government's assertions of privilege, and mandate removing the evidence from the case entirely; what effect this action would have on the remainder of the case;

    (3)    in what circumstances could Plaintiffs proceed on the merits of their claims without access to the evidence establishing whether or not they have standing to sue;

    (4)    are there any examples of similar cases where classified or confidential information is withdrawn from the case but the presumption of standing is asserted; how can Plaintiffs establish they may be aggrieved persons without access to the information;

    (5)    setting aside the issue of the classified nature of the documents at issue, address the current legal standard for asserting standing in these circumstances.

**IT IS SO ORDERED.**

Dated: June 13, 2018

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2