1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CAROLYN JEWEL, ET AL.,

      Plaintiffs,                       No. C 08-04373 JSW

   v.

NATIONAL SECURITY AGENCY, ET AL.,      **ORDER REQUIRING**
                                    **DISPOSITIVE MOTIONS**
      Defendants.                  **BRIEFING**

_____/

      The Court has reviewed the classified materials provided by the Government Defendants and the parties' most recent briefs in response to the Court's questions.  Mindful of the appellate court's admonition to address the parties' substantive claims in a comprehensive and expeditious fashion, the Court HEREBY ORDERS the parties file dispositive motions to resolve the threshold legal issues raised by the remaining statutory claims in this matter.

      The Government Defendants shall address why, assuming for the sake of argument only that the classified evidence could demonstrate that Plaintiffs have suffered an injury in fact as to their remaining statutory claims, the state secrets privilege nevertheless applies in this case and requires dismissal.

      In this matter, when addressing whether the state secrets doctrine effectively served to bar this litigation as a matter of law at the initial pleading stage, the Court found that it was tasked with the review and examination of classified documents under the procedural

**United States District Court**
For the Northern District of California

1    mechanism prescribed under the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. §

2    1806(f). *Jewel v. National Security Agency*, 965 F. Supp. 2d 1090, 1103 (N.D. Cal. July 23,

3    2013). After requiring the production of documents responsive to the Plaintiffs' discovery

4    requests relevant to the predicate issue of standing and having now reviewed the classified

5    materials regarding Plaintiffs' assertion of standing *in camera* and *ex parte* under the procedural

6    mechanism provided by FISA, the Court is now tasked with the broader substantive question of

7    whether "even if the claims and defenses might theoretically be established without relying on

8    privileged evidence, it may be impossible to proceed with the litigation because . . . litigating

9    the case to a judgment on the merits would present an unacceptable risk of disclosing state

10   secrets." *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1083 (9th Cir. 2010) (en banc).

11   Plaintiffs' position that once the procedures for the handling of materials and information set

12   forth in section 1806(f) have been invoked, the state secrets doctrine may not be a potential

13   substantive bar to the ongoing litigation is inaccurate. *Cf. In re National Security Agency*

14   *Telecommunications Records Litigation*, 564 F. Supp. 2d 1109, 1119 (N.D. Cal. July 2, 2008)

15   (differentiating the applicable "process[es]," "procedure[s]," and "protocol[s]" under section

16   1806(f) and under the state secrets privilege).

17          Plaintiffs shall address, using only available public evidence, whether they can meet

18   their burden to establish that they have standing as to each of their remaining statutory claims.

19   In their response, the Government Defendants shall substantively address the factual evidence

20   relating to Plaintiffs' standing or lack thereof relying on both the public and classified materials

21   submitted (any reference made to classified materials may be filed as a separate classified

22   submission).

23          The Government Defendants shall file an opening brief not to exceed 25 pages by no

24   later than September 7, 2018. Plaintiffs shall file a brief in opposition and cross-motion not to

25   exceed 25 pages by no later than September 28, 2018. The Government Defendants shall file

26   their reply and opposition to the cross-motion not to exceed 25 pages by no later than October

27   12, 2018. Plaintiffs shall file their reply in support of the cross-motion not to exceed 15 pages

28   by no later than October 26, 2018.

**United States District Court**
For the Northern District of California

1        The Court is also aware of the various delays and complex procedural course this case

2   has taken as well as the Ninth Circuit's mandate comprehensively and expeditiously to address

3   the threshold legal issues in this matter.  Without a persuasive showing of good cause, there will

4   be no extensions of this briefing schedule.  Plaintiffs' contentions about the Government

5   Defendants' alleged spoliation of evidence or sufficiency of their discovery responses are not

6   adequate bases for an extension of time.

7        The Court shall set a hearing on the cross-motions by separate order, if necessary.

8

9        **IT IS SO ORDERED.**



10  Dated:   August 17, 2018                                      JEFFREY S. WHITE
                                                   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28