JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

JAMES J. GILLIGAN
Special Litigation Counsel

RODNEY PATTON
Senior Trial Counsel

JULIA A. HEIMAN
Senior Counsel

OLIVIA HUSSEY-SCOTT
Trial Attorney

U.S. Department of Justice
20 Massachusetts Avenue. N.W.
Washington, D.C. 20530
Phone: 202-514-3358
E-mail: james.gilligan@usdoj.gov

*Counsel for the United States Government
Defendants Sued in Their Official Capacities*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| CAROLYN JEWEL, *et al.,* <br><br> Plaintiffs. <br><br> v. <br><br> NATIONAL SECURITY AGENCY. *et al.,* <br><br> Defendants. | Case No. 4:08:-cv-4373-JSW <br><br> **DECLARATION OF DR. MARK O███████ NATIONAL SECURITY AGENCY** <br><br> *IN CAMERA, EX PARTE* SUBMISSION <br><br> Hon. Jeffrey S. White <br> Courtroom 5, 2nd Floor <br> No hearing scheduled |

(U//FOUO) I. Mark O███████ for my declaration pursuant to 28 U.S.C. § 1746. depose and say as follows:

---

[1] (U//FOUO) In the public version of this declaration, the last names of Dr. Mark O███████ and of Elizabeth B███ are redacted pursuant to 50 U.S.C. § 3605.

*In Camera, Ex Parte* Declaration of Dr. Mark O███████, Chief. Office of Compliance for Capabilities, National Security Agency. *Jewel v. Nat'l Security Agency,* No. 4:08-cv-4373-JSW

## I.     (U) INTRODUCTION

1.      (U//FOUO) I am the Chief of the Office of Compliance for Capabilities within the Engagement and Policy Directorate for the National Security Agency ("NSA"). The Office of Compliance is responsible for developing strategies and directing the execution of activities focused on achieving compliance with the laws and regulations for protecting privacy during the conduct of NSA operations. As Chief of Capabilities Compliance, I coordinate with the Directorate of Capabilities with the goal of ensuring that NSA tools and infrastructure maintain NSA's Compliance with respect to such requirements.

2.      (U//FOUO) On January 18, 2018, the NSA submitted to the Court my declaration, ECF No. 386-2 (the "January 2018 Declaration"), apprising the Court of certain updates concerning the following issues: (1) the deletion during the pendency of this case of a portion of the communications data collected under the President's Surveillance Program ("PSP"), referred to herein as the "PSP Internet content data;" (2) the impact the loss of these data was expected to have on the NSA's ability to comply with its discovery obligations in this litigation; (3) the NSA's ongoing technical efforts to recover some or all of the lost data; (4) the NSA's ongoing inquiry into the circumstances surrounding this deletion; and (5) the NSA's ongoing inquiry into the basis for and accuracy of its prior representations to the Court concerning the continued preservation of this now-deleted data. The January 2018 Declaration itself served as an update to the October 4, 2017, Declaration of Elizabeth B████, Deputy Director of Capabilities, ECF No. 379 ("Elizabeth B. Declaration"), which first apprised the Court of these issues.

*In Camera, Ex Parte* Declaration of Dr. Mark C████, Chief, Office of Compliance for Capabilities, National Security Agency, *Jewel v. Nat'l Security Agency*, No. 4:08-cv-4373-JSW

2

3.      (U//FOUO) On June 13. 2018. the NSA submitted to the Court an update to the January Declaration. ECF No. 403-1 (the "June 2018 Declaration").[2] in order to provide the Court with additional information regarding the NSA's progress in addressing these issues. in particular concerning the recovery effort to retrieve the PSP Internet content data and efforts to determine the cause for the deletion of these data. At that time. all efforts described *supra* were complete. with the exception of the recovery. which. as detailed in the June 2018 Declaration. remained ongoing.  In the June 2018 Declaration. which included a discussion of the NSA's inquiry into the circumstances surrounding the deletion of these data. as well as the basis for prior representations regarding preservation. the NSA noted that it did not anticipate uncovering additional relevant information concerning these events.  Accordingly. the NSA confirms here that nothing additional has come to light concerning this issue since the June 2018 Declaration.

4.      (U) Further to the June 2018 Declaration. I submit the instant declaration to report to the Court concerning the conclusion of the NSA's recovery effort to retrieve the PSP Internet content data.

5.      (U) My statements herein are based upon my personal knowledge and information made available to me in the course of my duties as Chief of the Office of Compliance for Capabilities and in the context of this litigation.

---

[2] (U//FOUO) Declaration of Dr. Mark C███████. National Security Agency. *In Camera. Ex Parte* Submission. dated 11 June 2018.

*In Camera. Ex Parte* Declaration of Dr. Mark C██████ Chief. Office of Compliance for Capabilities. National Security Agency. *Jewel v. Nat'l Security Agency*. No. 4:08-cv-4373-JSW

3

**II.    (U) STATUS OF THE NSA'S EFFORTS TO RECOVER THE LOST PSP INTERNET CONTENT DATA AND RELATED EFFORTS TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS ON STANDING**

6.     (S//NF) As of the June 2018 Declaration, the NSA had recovered over ███ files of the approximately ████ deleted files of the PSP Internet content data that were deleted during the pendency of this litigation.

7.     (S//NF) The NSA has now completed its recovery efforts, recovering ███ files of the approximately ████ deleted files.

**A.     (U) The NSA's Recovery Efforts Regarding Data Deleted in 2016**

8.     (S//NF) As of the June 2018 Declaration, the NSA had recovered ███ large files[3] from the 2016 deletion. With respect to the small files from the 2016 deletion, the NSA had recovered approximately ████████ small files contained in the identified tapes concerning that deletion.

9.     (U//FOUO) At the time of the June 2018 Declaration, the NSA could not confirm that the ongoing effort to recover the remaining small files would result in the recovery of all deleted data. The NSA did, however, expect to recover additional small files, which it has since done.

10.     (S//NF) Specifically, the NSA recovered a total of ███ of the small files deleted in 2016, failing to recover only ██ of the small files deleted in 2016.

---

[3] (S//NF) As noted in the June 2018 Declaration, the size of the files reflects the manner in which the data was stored ████████████████

In Camera, Ex Parte Declaration of Dr. Mark O███ Chief, Office of Compliance for Capabilities, National Security Agency, *Jewel v. Nat'l Security Agency*, No. 4:08-cv-4373-JSW

4

11. (U//FOUO) Upon recovery, these data were migrated to the NSA system for follow-on preparation prior to searches, as discussed in detail in the June 2018 Declaration.[4]

**B. (U) The NSA Recovery Efforts Regarding Data Deleted in 2009 and 2011**

12. (U//FOUO) With respect to the PSP Internet content data deleted in 2009 and 2011, in the June 2018 Declaration the NSA reported that it expected that no data from these deletions would be recoverable. The NSA confirms that, as expected, it was unable to recover any data from these deletions.

13. (S//NF) Specifically, of the approximately ███ large files that were deleted in 2009 and 2011, as stated in the June 2018 Declaration, the NSA was not able to identify a workable recovery method. With respect to the approximately ███ small files deleted in 2009 and 2011 (approximately ███ files from 2009 and approximately ███ files from 2011), the NSA reported in the June 2018 Declaration that these files could only be recovered if the NSA was able to locate 2009 or 2011 data on the backup system that it has restored as part of the overarching recovery effort for the deleted data. However, the NSA was unable to locate any small files from the 2009 or 2011 deletions this way.

14. (S//NF) In sum, while the NSA was able to recover all but ███ of the files deleted in 2016, none of the files deleted in 2009 or 2011 proved recoverable.

**C. (U) Availability of Recovered Data for Searching**

15. (S//NF) At the time of the June 2018 Declaration, approximately ███ files had been migrated to the appropriate system for, and preparations were underway to support, the

---

[4] (U//FOUO) I will submit a separate declaration regarding the results of searches of these data as it relates to Plaintiffs.

*In Camera, Ex Parte* Declaration of Dr. Mark O██████, Chief, Office of Compliance for Capabilities, National Security Agency, *Jewel v. Nat'l Security Agency*, No. 4:08-cv-4373-JSW

5

search of the appropriate identifiers furnished by the Plaintiffs. At that juncture, however, the NSA did not have a good estimate on the time needed to complete preparations of those recovered files in order to support an effective search using the appropriate identifiers furnished by the Plaintiffs. Moreover, when the June 2018 Declaration was filed, certain recovered data (certain small files deleted in 2016) were still being recovered and had not yet been migrated to the system to support the search.

16.     (U//FOUO) In the period since the June 2018 Declaration, the NSA successfully migrated the remaining recovered files to the system for follow-on processing, completed the necessary preparations and verifications of all recovered data for searching, and conducted searches of the PSP Internet content data, using Plaintiffs' identifiers as appropriate. As noted above, I will submit a separate declaration regarding the results of searches of these data as it relates to Plaintiffs.

## III.     (U) CONCLUSION

17.     (S//NF) As described herein, the NSA has now completed its recovery efforts with respect to the deleted PSP Internet content data. Specifically, (i) all large files from the 2016 deletions were recovered; (ii) the NSA recovered ███████████ small files deleted in 2016; and (iii) the NSA was unsuccessful at recovering any of the files deleted in 2009 and 2011. In sum, even without recovering the data deleted in 2009 and 2011, the NSA recovered approximately ██████ files of the approximately ██████ files deleted.

18.     (U) As noted above, the NSA also confirms here that nothing additional has come to light concerning this issue since the June 2018 Declaration; moreover, the NSA reiterates that

*In Camera, Ex Parte* Declaration of Dr. Mark O███████ Chief, Office of Compliance for Capabilities, National Security Agency, *Jewel v. Nat'l Security Agency*, No. 4:08-cv-4373-JSW

6

SECRET//NOFORN

there is no indication that these data were targeted for deletion or that any representations to the Court were made in bad faith.

(U) I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 9, 2018



DR. MARK C⬛⬛⬛
Chief, Office of Compliance for
Capabilities National Security
Agency

*In Camera, Ex Parte* Declaration of Dr. Mark C⬛⬛ Chief, Office of Compliance for Capabilities, National Security Agency, *Jewel v. Nat'l Security Agency*, No. 4:08-cv-4373-JSW

7