CINDY COHN (SBN 145997)
cindy@eff.org
DAVID GREENE (SBN 160107)
LEE TIEN (SBN 148216)
KURT OPSAHL (SBN 191303)
JAMES S. TYRE (SBN 083117)
ANDREW CROCKER (SBN 291596)
JAMIE L. WILLIAMS (SBN 279046)
AARON MACKEY (SBN 286647)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Telephone:  (415) 436-9333
Fax:  (415) 436-9993

RICHARD R. WIEBE (SBN 121156)
wiebe@pacbell.net
LAW OFFICE OF RICHARD R. WIEBE
44 Montgomery Street, Suite 650
San Francisco, CA  94104
Telephone:  (415) 433-3200
Fax:  (415) 433-6382

RACHAEL E. MENY (SBN 178514)
rmeny@keker.com
BENJAMIN W. BERKOWITZ (SBN 244441)
PHILIP J. TASSIN (SBN 287787)
KEKER, VAN NEST & PETERS, LLP
633 Battery Street
San Francisco, CA  94111
Telephone:  (415) 391-5400
Fax:   (415) 397-7188

THOMAS E. MOORE III (SBN 115107)
tmoore@rroyselaw.com
ROYSE LAW FIRM, PC
149 Commonwealth Drive, Suite 1001
Menlo Park, CA  94025
Telephone:  (650) 813-9700
Fax:  (650) 813-9777

ARAM ANTARAMIAN (SBN 239070)
antaramian@sonic.net
LAW OFFICE OF ARAM ANTARAMIAN
1714 Blake Street
Berkeley, CA 94703
Telephone:  (510) 289-1626

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| CAROLYN JEWEL, TASH HEPTING, YOUNG BOON HICKS, as executrix of the estate of GREGORY HICKS, ERIK KNUTZEN and JOICE WALTON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SECURITY AGENCY, *et al.*, <br><br> Defendants. | CASE NO. 08-CV-4373-JSW <br><br> **PLAINTIFFS' BRIEF re *Fazaga v. FBI*** <br><br> Date:  March 29, 2019 <br> Time: 9:00 a.m. <br> Courtroom 5, Second Floor <br> The Honorable Jeffrey S. White |

Case No. 08-CV-4373-JSW

1    In *Fazaga v. FBI*, the Ninth Circuit has given this Court a clear command to decide

2    plaintiffs' claims on their merits using secret evidence under the protective procedures of section

3    1806(f), title 50 U.S.C.  *Fazaga v. FBI*, 2019 WL 961953, No. 12-56867 (9th Cir. Feb. 28, 2019)

4    (all further star page citations (e.g., "*27") are to the Westlaw version, which is attached to ECF

5    No. 450).  *Fazaga* provides the Court with the path forward to resolving this lawsuit, and disposes

6    of all of the government's objections to using section 1806(f) to decide all issues before the Court.

7    In summary, the Ninth Circuit held:  (1) The procedures of section 1806(f) displace the

8    state secrets privilege and preclude dismissal of unlawful surveillance claims on the basis of the

9    state secrets privilege (*Fazaga*, *22, *24); (2) section 1806(f)'s procedures, its displacement of the

10    state secrets privilege, and its preclusion of state-secrets dismissals applies to surveillance claims

11    brought under any statutory or constitutional provision (*id*. at *27); (3) section 1806(f) applies to

12    affirmative litigation brought by plaintiffs (*id*. at *25-*27); (4) the determination of whether a

13    plaintiff is an "aggrieved person" for purposes of using section 1806(f) is made based on the

14    allegations put forth by the plaintiff (*id*. at *9, *28); (5) once the Court receives evidence under the

15    procedures of section 1806(f), it must use the evidence to decide all statutory and constitutional

16    claims (*id*. at *27, *38-*39).  These points are addressed further in the sections that follow.

17    *Fazaga* is a carefully reasoned and deeply considered decision.  In reaching the conclusion

18    that section 1806(f) completely displaces the state secrets privilege in electronic surveillance cases

19    and requires the use of secret evidence to decide claims on their merits, the Ninth Circuit

20    considered and rejected a host of arguments raised by the government not only in *Fazaga* but also

21    in this case as well.  In support of its holding, the Ninth Circuit cited with approval this Court's

22    holding that section 1806(f) displaces the state secrets privilege.  *Fazaga*, *17 (quoting *Jewel v.*

23    *NSA*, 965 F. Supp. 2d 1090, 1105-06 (N.D. Cal. 2013)).

24    **I.    Section 1806(f) Displaces The State Secrets Privilege And Precludes Dismissal Of Unlawful Surveillance Claims On The Basis Of The State Secrets Privilege**

25

26    In its Order requiring the current round of dispositive briefing, the Court ruled that even in

27    cases to which section 1806(f) applies, a court may nonetheless dismiss the case on the basis of the

28    state secrets privilege:  "[T]he Court is now tasked with the broader substantive question of

1   whether 'even if the claims and defenses might theoretically be established without relying on

2   privileged evidence, it may be impossible to proceed with the litigation because . . . litigating the

3   case to a judgment on the merits would present an unacceptable risk of disclosing state secrets.'

4   *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1083 (9th Cir. 2010) (en banc).  Plaintiffs'

5   position that once the procedures for the handling of materials and information set forth in section

6   1806(f) have been invoked, the state secrets doctrine may not be a potential substantive bar to the

7   ongoing litigation is inaccurate."  ECF No. 410 at 2.

8        *Fagaza* has now made clear that the Court's ruling is error, and that Congress's

9   displacement of the state secrets privilege with the procedures of section 1806(f) forbids dismissal

10   on state secrets grounds.

11        *Fazaga* holds that section 1806(f) completely displaces the state secrets privilege in

12   electronic surveillance cases and precludes any state secrets dismissal.  *Fazaga*, *19 (quoting

13   *Mohamed*, 614 F.3d at 1083), *21-*24.  The Ninth Circuit held it was "Congress's intent to make

14   the *in camera* and *ex parte* procedure the exclusive procedure for evaluating evidence that

15   threatens national security in the context of electronic surveillance-related determinations.  *That*

16   *mandatory procedure necessarily overrides*, on the one hand, the usual procedural rules precluding

17   such severe compromises of the adversary process and, on the other, *the state secrets evidentiary*

18   *dismissal option*."  *Id*. at *22 (italics added, citation omitted).

19        "FISA displaces the dismissal remedy of the common law state secrets privilege as applied

20   to electronic surveillance generally."  *Fazaga*, *17.  "That § 1806(f) requires *in camera* and *ex*

21   *parte* review in the exact circumstance that could otherwise trigger dismissal of the case

22   demonstrates that § 1806(f) supplies an alternative mechanism for the consideration of electronic

23   state secrets evidence.  Section 1806(f) therefore eliminates the need to dismiss the case entirely . .

24   . ."  *Id*. at *23.  "The legislative history of FISA confirms Congress's intent to displace the remedy

25   of dismissal for the common law state secrets privilege."  *Id*.

26        Accordingly, plaintiffs' claims cannot be dismissed on state-secrets grounds.

27

28

**II.      Section 1806(f) Applies To All Statutory And Constitutional Claims Challenging The Lawfulness Of Surveillance, Not Just Claims Under Section 1810 Of FISA**

Section 1806(f)'s procedures, its displacement of the state secrets privilege, and its preclusion of state-secrets dismissals applies to surveillance claims brought under any statutory or constitutional provision, not just claims under FISA's civil cause of action in 50 U.S.C. § 1810. *Fazaga*, *24-*27.  And it applies to plaintiffs prosecuting affirmative civil claims against the government and seeking evidence to prove their case, not just to the government's defensive use of surveillance-related evidence (*id*.):

"Congress intended FISA to displace the state secrets privilege and its dismissal remedy with respect to electronic surveillance.  Contrary to the Government's contention, FISA's § 1806(f) procedures are to be used when an aggrieved person affirmatively challenges, in any civil case, the legality of electronic surveillance or its use in litigation, whether the challenge is under FISA itself, the Constitution, or any other law." *Fazaga*, *27.

Section 1806(f) thus requires a court to use the secret evidence it receives to decide the merits of all surveillance-related statutory and constitutional claims.  *Id*. at *27, *38-*39.  *Fazaga* concluded that section 1806(f) applies to all claims arising out of "electronic surveillance" as defined by section 1801(f) of FISA.  *Fazaga*, *9-*10, *27.  *Fazaga* calls this "FISA-covered electronic surveillance."  *Id* at *40; *see also id*. at *10 ("the applicability of FISA's alternative procedures for reviewing state secrets evidence turns on whether the surveillance at issue constitutes 'electronic surveillance' within the meaning of FISA").

Plaintiffs' Internet interception claims challenge FISA-covered electronic surveillance, i.e., the acquisition in the U.S. of plaintiffs' wire communications, and so fall squarely within section 1806(f).  50 U.S.C. § 1801(f)(2).  But in this lawsuit, by virtue of section 2712 of title 18 U.S.C., section 1806(f) sweeps even more broadly than it does in *Fazaga*.  As the Court has repeatedly held and as plaintiffs discuss in their briefing on the pending cross-motions, section 2712(b)(4) broadens the scope of section 1806(f)'s application from electronic surveillance as defined in FISA (50 U.S.C. § 1801(f)) to include as well interceptions of communications under the Wiretap Act and the acquisition of communications records under the Stored Communications Act.  ECF No. 347 at 1-2; ECF No. 340 at 2; *Jewel*, 965 F. Supp. 2d at 1105; ECF No. 417 at 23-24, 28-29.

**III.     "Aggrieved Person" Status Is Determined By Plaintiffs' Well-Pleaded Allegations**

*Fazaga* also holds that the determination of whether a plaintiff is an "aggrieved person" entitled to use section 1806(f) is made based on the plaintiff's allegations. *Fazaga*, *9, *28.

The Ninth Circuit held in *Fazaga* that the plaintiffs adequately alleged they were "aggrieved persons" under section 1801(k) by alleging in detail that they were subjected to surveillance. *Fazaga*, *9. It next addressed "whether FISA's § 1806(f) procedures may be used in this case," holding that "Plaintiffs must satisfy the definition of an 'aggrieved person,' *see id.* § 1801(k)." *Fazaga*, *28. Citing its earlier conclusion that the plaintiffs had adequately alleged they were "aggrieved persons," the Ninth Circuit held on the basis of their allegations alone that "Plaintiffs are properly considered 'aggrieved' for purposes of FISA." *Id.*

The Ninth Circuit's remand order further confirms that no additional proof of aggrieved-person status beyond well-pleaded allegations is required. The Ninth Circuit instructed the district court on remand to proceed directly to using section 1806(f) and reviewing the secret evidence to determine whether the surveillance of the plaintiffs was lawfully authorized and conducted:

"In light of our conclusion regarding the reach of FISA § 1806(f), the district court should, using § 1806(f)'s *ex parte* and *in camera* procedures, review any 'materials relating to the surveillance as may be necessary,' 50 U.S.C. § 1806(f), including the evidence over which the Attorney General asserted the state secrets privilege, to determine whether the electronic surveillance was lawfully authorized and conducted. That determination will include, to the extent we have concluded that the complaint states a claim regarding each such provision, whether Defendants violated any of the constitutional and statutory provisions asserted by Plaintiffs in their complaint." *Fazaga*, *38.

The Ninth Circuit did *not* require that the plaintiffs make any further showing or proof that they were aggrieved persons before the district court used section 1806(f) to review secret evidence in deciding their claims on the merits.

*Fazaga* thus forecloses any requirement that a plaintiff who has adequately alleged surveillance claims (as the Ninth Circuit has already held plaintiffs here have done, *Jewel v. NSA*, 673 F.3d 902, 908-10 (9th Cir. 2011)) must further prove "aggrieved person" status before the use

1    of section 1806(f) is triggered.

2          In any event, as plaintiffs have demonstrated, they have not only pleaded but have proven

3    that they are "aggrieved persons" under section 1806(f), under section 2712, under the

4    government's proffered "zone of interests" standard, or any other possible standard.  ECF No. 417

5    at 23-28; ECF No. 429-3 at 18-20.

6    **IV.     The Court Must Use Section 1806(f) To Decide Plaintiffs' Claims On The Merits**

7          In obedience to the Ninth Circuit's holdings in *Fazaga*, and for all the reasons stated in

8    plaintiffs' briefing on the pending cross-motions, the Court should grant plaintiffs' cross-motion

9    and proceed forward using the procedures of section 1806(f) to receive state-secrets evidence.  It

10   must use all the relevant secret evidence, together with the public evidence, in deciding whether a

11   reasonable trier of fact could conclude that plaintiffs have suffered an injury-in-fact—the issue of

12   standing tendered by the government's summary judgment motion.  The Court must then use the

13   secret evidence in deciding the merits of plaintiffs' claims.  Any other course would defy the

14   commands of Congress and the Ninth Circuit.

15   **V.      The Court Must Reconsider Its Ruling On Plaintiffs' Fourth Amendment Claims**

16         Finally, the Ninth Circuit's *Fazaga* decision will require the Court to revisit its ruling on

17   plaintiffs' Fourth Amendment Internet interception claims.  ECF No. 321; *see* N.D. Cal.

18   L. R. 7-9(b)(2) (reconsideration merited by a change in law).  The Court granted summary

19   judgment on the Fourth Amendment claims for lack of standing, but without using the procedures

20   of section 1806(f) to compel all of the relevant secret evidence and apply that evidence along with

21   the public evidence to the determination of plaintiffs' standing.  ECF No. 321 at 9 (excluding

22   evidence under the state secrets privilege).  *Fazaga* makes clear that the Court's exclusion of secret

23   evidence and failure to use section 1806(f) was erroneous.  *Fazaga* requires that section 1806(f) be

24   used for constitutional as well as statutory claims of unlawful surveillance, and that those

25   constitutional claims be decided on the merits using any relevant secret evidence.  *Fazaga*, *27,

26   *38-*39; *see also* ECF No. 417 at 17-21.

27

28

1

DATE:  March 11, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

 *s/ Richard R. Wiebe*
     Richard R. Wiebe

CINDY COHN
DAVID GREENE
LEE TIEN
KURT OPSAHL
JAMES S. TYRE
ANDREW CROCKER
JAMIE L. WILLIAMS
AARON MACKEY
ELECTRONIC FRONTIER FOUNDATION

RICHARD R. WIEBE
LAW OFFICE OF RICHARD R. WIEBE

THOMAS E. MOORE III
ROYSE LAW FIRM, PC

RACHAEL E. MENY
BENJAMIN W. BERKOWITZ
PHILIP J. TASSIN
KEKER, VAN NEST & PETERS LLP

ARAM ANTARAMIAN
LAW OFFICE OF ARAM ANTARAMIAN

Attorneys for Plaintiffs